```
 1  HARVEY SISKIND LLP
    IAN K. BOYD (State Bar No. 191434)
 2  Iboyd@harveysiskind.com
    SETH I. APPEL (State Bar No. 233421)
 3  Sappel@harveysiskind.com
    Four Embarcadero Center, 39th Floor
 4  San Francisco, California  94111
 5  Telephone:  (415) 354-0100
    Facsimile:   (415) 391-7124
 6
 7  Attorneys for Plaintiff
    Mark Lillge d/b/a Creative Marketing Concepts
 8
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>　　　　　Defendants. | Case No.  C 07-02748 MHP<br><br>**DECLARATION OF DR. RICHARD BEERY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

I, Dr. Richard Beery, declare as follows:

1.　　I am over the age of eighteen years and not a party to the within cause.  I make this declaration freely and of my own personal knowledge.  If I were called as a witness, I could and would competently testify to the matters set forth.

2.　　I serve as an information technology consultant for the plaintiff in this action, Creative Marketing Concepts ("CMC"), in addition to other clients.  I have served as CMC's information technology consultant for approximately 12 years, ever since I assisted them in implementing their

---

–1–

DECLARATION OF DR. RICHARD BEERY IN SUPPORT OF　　　　　CASE NO. C 07-02748 MHP
PLAINTIFF'S EX PARTE APPLICATION FOR TRO

1  first computer system. The scope of my contracting duties with CMC essentially covers everything
2  having to do with computers.
3      3.   The computers at CMC are backed up on a server computer so that the company is
4  able to preserve a back-up of all data and transactions from its desktop computers assigned to, and
5  used by, CMC's employees. The backup server computer produces a list of employee-assigned
6  computers that are backed up each week.
7      4.   On or about April 5, 2007, during a routine maintenance check, I discovered that
8  employee computer that CMC had assigned to Andrew Verity was not on the list of computers
9  currently being backed up. His computer, however, was still connected to the main server, and still
10 able to transmit, download, save, and print data and other information. All other employee-assigned
11 computers were still connected to the backup program. During my check the previous week, all
12 employee-assigned computers, including Mr. Verity's computer, were connected to the backup
13 program.
14     5.   The only way to remove an employee-assigned computer from the backup program is
15 to go into the backup program on the server computer and specifically delete that employee-assigned
16 computer from the list of machines to be backed up. At no time did I remove Mr. Verity's computer
17 from the backup system.
18     6.   I advised Mark Lillge of my findings. He instructed me to immediately re-connect
19 Mr. Verity's computer to the backup program, and I did so.
20     I declare under penalty of perjury under the laws of the State of California that the foregoing
21 is true and correct and that this declaration was executed this 28th day of May, 2007, in
22 __Berkeley__, California.

_____
Dr. Richard Beery

-2-