1  HARVEY SISKIND LLP
   IAN K. BOYD (State Bar No. 191434)
2  Email: iboyd@harveysiskind.com
   SETH I. APPEL (State Bar No. 233421)
3  Email: sappel@harveysiskind.com
   Four Embarcadero Center, 39th Floor
4  San Francisco, California 94111
5  Telephone: 415.354.0100
   Facsimile:  415.391.7124
6
7  Attorneys for Plaintiff
   Mark Lillge d/b/a Creative Marketing Concepts
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Hon. Marilyn Hall Patel<br>Date:<br>Time:<br>Courtroom 15 |
|---|---|

   This matter came on for determination before the Honorable Marilyn Hall Patel, on May __, 2007, upon the application of plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("CMC") for a temporary restraining order and Order to Show Cause Why a Preliminary Injunction Should Not Issue against defendants Andrew Verity and Christina Chang (collectively, "Defendants"). After hearing the evidence and argument of counsel, the Court finds that:

   a)   CMC has demonstrated a strong likelihood of success on the merits;
   b)   CMC will be irreparably harmed in the absence of the requested relief;
   c)   The requested relief will not cause disproportionate hardship to Defendants or others; and

–1–

      d)     The public interest favors granting the requested relief.

Accordingly, the Court hereby grants Plaintiff's application for a temporary restraining order.

For good cause therefor appearing, it is **ORDERED** as follows:

1.     Defendants, and any person or entity acting in concert with them, are hereby temporarily restrained and enjoined from:

    (a)     Accepting employment, or offering for sale any goods or services, which would in any way involve calling on, soliciting, attempting to sell, or actually selling any products to the CMC customer list to be submitted by Plaintiff. Plaintiff shall file this customer list under seal, and serve it on Defendants by hand, within twenty-four hours of the Court's entry of this Order;

    (b)     Disclosing, copying, distributing, exploiting, disseminating or otherwise misappropriating for their own use or benefit, or the benefit or use of any third party who is not authorized to receive or have access to, the CMC Confidential Information;[1]

2.     Defendants are required to return to Plaintiff's counsel, within forty-eight hours, all property, documents, files, reports, and/or other CMC proprietary materials, if any, that Defendants have in their possession, custody or control, that were obtained from CMC, properly or improperly, in connection with Defendants' work and employment for CMC.

---

[1] CMC Confidential Information includes, but is not limited to, "the pricing which CMC charges its customers and CMC's actual and desired profit margin for each customer; CMC's strategic plans regarding which customers it wishes to target, and those that it does not wish to target; the purchasing history of CMC's customers, including the knowledge of when a customer will be due for replenishment/re-order based upon its prior transactions with CMC; the knowledge of CMC's customers' particular buying habits, needs and dislikes; specific customer requirements, preferences, and limitations; negative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase; confidential information about actual or prospective customers, suppliers and business partners; and CMC's confidential business, sales, marketing, technical and financial plans, proposals and projections."

–2–

–3–

1    3.    Defendants are enjoined from destroying any documents or files of any kind, actively or passively, whether in written or electronic form, that relate in any way to CMC's employment of Defendants, the CMC Confidential Information, and/or CMC's actual or prospective customers.  To the extent that any such documents or files have been destroyed by Defendants, they are to provide Plaintiff with an itemized list of such documents or files.

4.    Defendants are hereby ORDERED TO SHOW CAUSE why they should not be preliminarily enjoined in the manner set forth above.  A hearing on CMC's motion for preliminary injunction is scheduled for _____.  CMC's opening brief on its motion for a preliminary injunction shall be filed and served by hand or fax, with overnight delivery, by no later than _____; any opposition by Defendants to the motion for preliminary injunction shall be filed and served by hand or fax, with overnight delivery, by no later than _____; CMC's reply brief shall be filed and served by hand or fax, with overnight delivery, by no later than _____.

5.    This Order shall be effective immediately upon CMC posting a bond for $100,000 with the Clerk of the Court.

Dated: May ___, 2007.                             _____
                                                               Honorably Marilyn Hall Patel
                                                               United States District Court