HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
Email: iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
Email: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: 415.354.0100
Facsimile: 415.391.7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Hon. Marilyn Hall Patel<br>Date: May 31, 2007<br>Time: 2:00 p.m.<br>Courtroom 15 |
|---|---|

This matter came on for determination before the Honorable Marilyn Hall Patel on May 31, 2007, upon the application of plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("CMC") for a temporary restraining order and order to show cause why a preliminary injunction should not issue against defendants Andrew Verity and Christina Chang (collectively, "Defendants"). After hearing the evidence and argument of counsel, the Court finds that:

    (a)    CMC has demonstrated a strong likelihood of success on the merits;

    (b)    CMC will be irreparably harmed in the absence of the requested relief;

    (c)    The requested relief will not cause disproportionate hardship to Defendants or others; and

–1–

(d) The public interest favors granting the requested relief.

Accordingly, the Court hereby grants Plaintiff's application for a temporary restraining order.

For good cause therefor appearing, it is **ORDERED** as follows:

1. Defendants, and any person or entity acting in concert with them, are hereby temporarily restrained and enjoined from:

   (a) Disclosing, copying, distributing, exploiting, disseminating or otherwise misappropriating for their own use or benefit, or the benefit or use of any third party who is not authorized to receive or have access to, CMC's Trade Secrets;[1]

   (b) Soliciting any entities that were customers of Plaintiff as of May 11, 2007;

   (c) Doing business with any entities that were customers of Plaintiff as of May 11, 2007, whom Defendants solicited on behalf of any party other than CMC after they initiated their employment with CMC, whether such solicitation occurred before or after the effective date of this Order;

   (d) Destroying any documents or files of any kind, actively or passively, whether in written or electronic form, that relate in any way to CMC's employment of Defendants, or CMC's Trade Secrets. To the extent that any such documents or files have been destroyed by Defendants, they are to provide Plaintiff with an itemized list of such documents or files within seventy-two hours of this Order.

2. Defendants are required to return to Plaintiff's counsel, within seventy-two hours of this Order, all property, documents, files, reports, and/or other CMC proprietary materials, if any, that Defendants have in their possession, custody or control, that were obtained from CMC, properly or improperly, in connection with Defendants' work and employment for CMC.

3. Within seventy-two hours of this Order, Defendants are required to furnish Plaintiff with a list of CMC customers whom Defendants have solicited on their own behalf, or on behalf of any party other than CMC, after they initiated their employment with CMC.

---

[1] CMC's Trade Secrets are described with reasonable particularity on CMC's Identification of Trade Secrets, filed on June 1, 2007.

–2–

–3–

1  4. Defendants are hereby ORDERED TO SHOW CAUSE why they should not be preliminarily enjoined in the manner set forth above. A hearing on CMC's motion for preliminary injunction is set for Monday, July 9, 2007. Defendants' opposition brief, if any, shall be filed and served by hand delivery, no later than Monday, June 11, 2007. CMC's reply brief, if any, shall be filed and served by hand delivery, no later than Monday, June 18, 2007.

5. Each party shall be permitted to take two depositions between now and the hearing date noted above. The scope of these depositions shall be limited to the subject matter of this Temporary Restraining Order.

6. This Order shall be effective immediately upon CMC posting a bond for $100,000 with the Clerk of the Court. This Order will remain in effect until the Court rules on CMC's motion for preliminary injunction, at or following the hearing on July 9, 2007, in accordance with the parties' stipulation on the record at the May 31 hearing to extend this Temporary Restraining Order until that time, pursuant to F.R.C.P. 65(b).

Dated: June ___, 2007.

_____
Honorable Marilyn Hall Patel
United States District Court