CHANDLER, WOODS, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com

Attorneys for Defendants and Counterclaimants
ANDREW VERITY and CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>Counter-Claimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10,<br><br>Counter-Defendants. | |

1. Defendants Andrew Verity ("Verity") and Christina Chang ("Chang") answer the complaint of Mark Lillge d/b/a Creative Marketing Concepts as follows:

## JURISDICTION AND VENUE

2. Defendants deny that Plaintiff is entitled to pursue the causes of action identified in this paragraph.

3. Defendants admit that this Court has subject matter jurisdiction over the claims in this action.

## INTRADISTRICT ASSIGNMENT

4. Defendants admit that this case has received the appropriate intradistrict assignment.

## PARTIES

5. Defendants admit that CMC's principal place of business is in San Francisco and that CMC is a successful advertising specialty and corporate apparel firm.

6. Defendants admit that diversity of citizenship exists but otherwise refuse to respond as to their immigration status as such allegations are not material. These allegations are subject to a pending motion to strike. Defendants deny all other allegations in this paragraph.

## FACTUAL BACKGROUND

7. Defendants admit the allegations in this paragraph.

8. Defendants admit the approximate sales information in this paragraph for year 2006 and deny for lack for information and belief all other allegations in this paragraph.

9. Defendants admit the allegations in this paragraph.

10. Defendants deny the allegations in this paragraph.

11. Defendants deny the allegations in this paragraph.

12. Defendants deny the allegations in this paragraph.

13. Defendants deny the allegations in this paragraph.

14. Defendants refuse to respond as to their immigration status as such allegations are not material. These allegations are subject to a pending motion to strike. Defendants deny all other allegations in this paragraph.

Shartsis Friese LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111

15. Defendants admit that Verity was CMC's sales manager reporting only to Mark Lillge, and Verity had access to all CMC information and had keys to the company safe and was a signatory on CMC's checking account. Defendants deny all other allegations in this paragraph.

16. Defendants admit that Chang is the wife of Verity and is Taiwanese. Defendants refuse to respond as to their immigration status as such allegations are not material. These allegations are subject to a pending motion to strike. Defendants deny all other allegations in this paragraph.

17. Defendants admit that Chang started in accounting for CMC and later moved to sales. Defendants also admit that Chang became responsible for a significant component of CMC's sales efforts. Defendants deny all other allegations in this paragraph.

18. Defendants admit that CMC asked Verity to obtain nondisclosure agreements for company employees. Defendants admit that they themselves did not sign nondisclosure agreements. Defendants admit that the executed nondisclosure agreements were kept in a file cabinet at CMC. Defendants admit that the quoted paragraphs were contained in the aforementioned bond disclosure agreement. Defendants deny all other allegations contained in this paragraph.

19. Defendants deny the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants deny the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

**CLAIM ONE**
**[MISAPPROPRIATION OF TRADE SECRETS]**
**(Against all Defendants)**

27. Defendants incorporate by reference the allegations of paragraph 1 through 26 above.

1  28.  Defendants admit that CMC terminated Verity on April 27, 2007 and Chang on May 11, 2007. Defendants deny all other allegations in paragraph 28 of the complaint.

29.  Defendants deny the allegations in this paragraph.

30.  Defendants deny the allegations in this paragraph.

31.  Defendants deny the allegations in this paragraph.

32.  Defendants deny the allegations in this paragraph.

33.  Defendants deny the allegations in this paragraph.

34.  Defendants deny the allegations in this paragraph.

35.  Defendants deny the allegations in this paragraph.

**CLAIM TWO**
**[CALIFORNIA STATUTORY UNFAIR COMPETITION]**
**(Against all Defendants)**

36.  Defendants incorporate by reference the allegations in paragraphs 1 through 35 above. Defendants deny all other allegations in this paragraph.

37.  Defendants deny the allegations in this paragraph.

38.  Defendants deny the allegations in this paragraph.

39.  Defendants deny the allegations in this paragraph.

**CLAIM THREE**
**[UNJUST ENRICHMENT]**
**(Against all Defendants)**

40.  Defendants incorporate by reference the allegations in paragraphs 1 through 39.

41.  Defendants deny the allegations in this paragraph.

**CLAIM FOUR**
**[INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE]**
**(Against all Defendants)**

42.  Defendants incorporate by reference the allegations in paragraphs 1 through 41.

43.  Defendants deny the allegations in this paragraph.

44.  Defendants deny the allegations in this paragraph.

45.  Defendants deny the allegations in this paragraph.

46.  Defendants deny the allegations in this paragraph.

47.  Defendants deny the allegations in this paragraph.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**AFFIRMATIVE DEFENSES**

48. CMC's claim for equitable relief is barred by its unclean hands.

49. CMC's claims are barred, in whole or in part, for failure to mitigate its damages, if any.

50. CMC's claim for relief is barred by the doctrine of waiver.

51. CMC's claim for relief is barred by the doctrine of estoppel.

52. CMC's claim for misappropriation of trade secret fails to state a claim upon which relief can be granted.

53. CMC's claim under the Stored Communications Act, 18 U.S.C. §§ 2701 et seq., is barred by 18 U.S.C. § 2701(c)(2), and because it fails to state a claim upon which relief can be granted.

54. CMC's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, fails to state a claim upon which relief can be granted and is barred by 18 U.S.C. § 1030(g).

55. CMC's claims for conversion and unfair competition fail to state claims upon which relief can be granted.

56. CMC's claims are vague and ambiguous and do not describe the claims with sufficient particularity, particularly in failing to identify the purported trade secrets, such as to permit Verity and Chang to ascertain what other defenses may exist, and therefore, Verity and Chang reserve their right to assert all defenses which may pertain to the Complaint once the precise nature of such claims or causes or action are ascertained.

57. CMC's claims are barred because they violate California statute and public policy, including California Business and Professions Code section 16600.

**COUNTERCLAIM**

58. Pursuant to Fed. R. Civ. P. 13, for their Counterclaim against Mark Lillge dba Creative Marketing Concepts ("CMC") Verity and Chang allege as follows:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

59. This Court has jurisdiction over Verity and Chang's counterclaims against CMC pursuant to 28 U.S.C. § 1367, and pursuant to Fed. R. Civ. P. 13. Venue is proper in this District

1  pursuant to 28 U.S.C. § 1391.  Pursuant to Local Rule 3-2, assignment to the San Francisco
2  Division of the United States District Court for the Northern District of California is appropriate
3  because a substantial part of the events or omissions which give rise to these claims occurred in
4  the City and County of San Francisco.

5       60.   Verity agreed to accept employment with as sales manager for Counter-Defendant
6  Mark Lillge dba Creative Marketing Concepts ("CMC") on certain agreed terms.  Those terms
7  were reduced to writing.  The memorandum reflecting the agreed terms of compensation for
8  employment between Verity and CMC is attached hereto as Exhibit A to the Counterclaim and
9  incorporated by this reference herein.

10      61.   As part of his compensation, Verity received an ownership interest in the business
11 of CMC.  Pursuant to the agreement between Verity and CMC, CMC was obligated to buy back
12 Verity's ownership interest in CMC should Verity leave the employment of CMC.

13      62.   In January 2007, Lillge informed Verity that he would be fired.  Lillge and Verity
14 agreed that in exchange for Verity's continued services, CMC would employ Verity through the
15 end of year 2007.  In breach of this oral promise, CMC instead terminated Verity effective April
16 27, 2007.

17      63.   CMC is obligated to repurchase Verity's ownership interest in CMC.  CMC has
18 not paid Verity any consideration to repurchase Verity's interest in CMC.

19      64.   Prior to being fired by CMC, CMC demanded that Chang sign a non-competition
20 agreement as a condition of continued employment.  CMC engaged in a practice of presenting its
21 employees with non-competition agreements as a condition of employment.  Because she would
22 not sign such an agreement, CMC terminated Chang on May 11, 2007.

23      65.   CMC also continues to hold pension funds that belong to Verity and Chang.  CMC
24 did not pay Verity for all accrued vacation at the time of his termination.

**FIRST COUNT**
**(Breach of Written Contract)**
**(Verity Against CMC)**

27      66.   Counterclaimants incorporate herein by reference as though fully set forth herein
28 the allegations of paragraphs 1 through 65 above.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

67. Verity has performed or satisfied all conditions, covenants or obligations owed by him pursuant to the written agreement between Verity and CMC.

68. CMC is in breach of the written agreement with Verity, attached hereto as Exhibit A, as a result of CMC not having repurchased Verity's ownership interest in CMC upon CMC's termination of Verity. Until CMC buys back Verity's interest, Verity also remains entitled to 35% of CMC's profits which have not yet been paid for the calendar year.

69. CMC is also in breach by not having paid to Verity his entire bonus owed for year 2006.

70. As a direct and proximate result of CMC's breaches of contract, Verity has been damaged in an amount equal to his ownership interest in CMC, which is estimated to be not less than $200,000 and is likely to be substantially higher.

**SECOND COUNT**
**(Non-Payment of Wages)**
**(Verity Against CMC)**

71. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 70 above.

72. Pursuant to the policies and practices of CMC, Verity accrued vacation time during the course of his employment by CMC. On April 27, 2007, the date on which CMC terminated Verity, Verity had accrued five days of paid vacation time pursuant to CMC's policies, and was therefore owed prorated salary for a period of five days for this accrued vacation.

73. Verity's unpaid wages also include the quarterly payments of his bonuses for the first two quarters of 2007. Those wages also have not been paid.

74. Pursuant to Labor Code section 218.5, Verity requests that the Court award to Verity reasonable attorneys' fees and costs incurred by him in this action.

**THIRD COUNT**
**(Waiting Time Penalties)**
**(Verity Against CMC)**

75. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 74 above.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

76. CMC's failure to pay for accrued vacation, as alleged above, was willful in that the withheld pay was part of a larger pattern of withholding accrued compensation from Verity in the hope of forcing Verity to execute a non-competition agreement. Verity is therefore entitled to penalties under Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to 30 days from the time they were due, whichever period of shorter.

77. Verity is entitled to a penalty based on a prorated portion of his salary for the waiting time resulting from CMC's failure to pay for accrued vacation.

**FOURTH COUNT**
**(Breach of Oral Contract)**
**(Verity Against CMC)**

78. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 77 above.

79. CMC and Verity, in January 2007, entered into an oral agreement, by which CMC would employ Verity through the end of calendar year 2007, in exchange for Verity's continuing services as a manger for CMC.

80. Verity performed all obligations pursuant to the oral agreement.

81. CMC breached the oral agreement by terminating Verity effective April 27, 2007.

82. As a direct and proximate result of CMC's breach of contract, Verity has suffered damages equal to his salary for the period from April 27, 2007 to December 31, 2007.

**FIFTH COUNT**
**(Termination in Violation of Public Policy)**
**(Chang Against CMC)**

83. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 81 above.

84. Pursuant to Business and Professions Code section 16600, it is not lawful for an employer to demand that an employee agree to covenant not to compete as a condition of employment.

85. Chang was terminated by CMC in retaliation for her refusal to sign a non-competition agreement.

86. As a proximate result of CMC's conduct, Chang has suffered harm, including lost earnings and other employment benefits, all to her damage in an amount to be established at trial.

87. In doing the acts set forth above, CMC knew that demanding a non-competition agreement from Chang was unlawful and required Chang to choose between violating the law and losing her job. As such, CMC's conduct was willful and oppressive and warrants the assessment of exemplary and punitive damages. [insert on tape]

### SIXTH COUNT
### (Non-Payment of Wages)
### (Chang Against CMC)

88. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 87 above.

89. Pursuant to the policies and practices of CMC, Chang accrued vacation time during the course of her employment by CMC. On May 11, 2007, the date on which CMC terminated Chang, Chang had accrued five days of paid vacation time pursuant to CMC's policies, and was therefore owed prorated salary for a period of five days for this accrued vacation.

90. Pursuant to Labor Code section 218.5, Chang requests that the Court award to Chang reasonable attorneys' fees and costs incurred by her in this action.

### SEVENTH COUNT
### (Waiting Time Penalties)
### (Chang Against CMC)

91. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 90 above.

92. CMC's failure to pay for accrued vacation, as alleged above, was willful in that the withheld pay was part of a larger pattern of withholding accrued compensation from Chang in the hope of forcing Chang to execute a non-competition agreement. Chang is therefore entitled to penalties under Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to 30 days from the time they were due, whichever period of shorter.

93. Chang is entitled to a penalty based on a prorated portion of her salary for the

waiting time resulting from CMC's failure to pay for accrued vacation.

**EIGHTH COUNT**
**(Business and Professions Code Section 17200)**
**(Chang Against CMC)**

94. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 93 above.

95. CMC has engaged in an unlawful business practice by demanding that its employees as a condition of continued employment agree to covenants not to compete.

96. CMC's unlawful business practice warrants injunctive and other relief pursuant to California Business and Professions Code section 17200, *et seq.*

**NINTH COUNT**
**(Breach of Trust)**
**(Verity and Chang Against CMC)**

97. Counterclaimants incorporate by reference as though fully set forth herein the allegations of paragraphs 1 through 96 above.

98. CMC holds in trust certain funds beneficially owned by Verity and Chang as part of a pension plan. Verity and Chang are entitled to their funds held in the pension plan established by CMC.

99. CMC has breached its fiduciary duty as trustee of the pension funds of Verity and Chang by not allowing them to transfer their pension funds to another pension plan.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants pray for judgment against CMC as follows:

1. The CMC take nothing by way of its complaint;

2. For damages according to proof;

3. For an injunction against CMC's unlawful business practices;

4. For punitive and exemplary damages;

5. For an accounting as to counterclaimant's funds held in trust by CMC;

6. For reasonable attorneys' fees and costs of suit; and

7. For such other and further relief that the Court deems just and proper.

| | | | |
|---|---|---|---|
| 1 | DATED: | July 5, 2007 | SHARTSIS FRIESE LLP |

By: */s/ Robert Charles Ward*
      ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY AND CHRISTINA CHANG

**DEMAND FOR JURY TRIAL**

Counterclaimant Verity hereby demands a jury pursuant to Rule 38 of Federal Rules of Civil Procedure.

DATED:   July 5, 2007                SHARTSIS FRIESE LLP

By: */s/ Robert Charles Ward*
        ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY AND CHRISTINA CHANG

7475\001\RWARD\1444053.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 12 -
Case No.
C 07-02748
ANSWER TO COMPLAINT AND COUNTERCLAIM