CHANDLER, WOODS, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com

Attorneys for Defendants
ANDREW VERITY and CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**DECLARATION OF CHRISTINA CHANG IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:    August 27, 2007<br>Time:    2:00 p.m.<br>Dept:    15, Hon. Marilyn Hall Patel |

I, CHRISTINA CHANG, declare as follows:

1. My name is Christina Chang.

2. I was a sales representative for Creative Marketing Concepts ("CMC") until I was fired. I learned much about the promotional products industry and became one of CMC's top sales representatives. My employment was terminated on May 11, 2007 because I refused to sign a non-competition agreement. The original draft of the non-disclosure agreement that CMC presented to me included provisions that would have prevented me from competing with CMC should my employment by CMC terminate. Attached hereto as Exhibit A are the pages

containing the provisions restricting post-employment competition that I refused. I refused to condition my employment with CMC on giving up the right to work in the promotional products industry should I quit or be fired. I was informed by Bruce Molloy that I was fired because I would not sign a non-disclosure agreement. At the time I left CMC, I sent to my customer contracts a neutrally worded email notifying them of my departure and providing new contract information.

3. I took no CMC property with me when I left CMC. I did not take a copy of CMC's customer list or copies, in either paper or electronic form, of any other information that I understand CMC to be claiming are trade secrets.

4. After being fired, I went to work for my husband's new business, which started in business on May 14, 2007. I have learned much about the promotional products industry and my best prospects for earning income are in that industry.

5. I have not used CMC's customer list to solicit business of any customers of CMC since I was fired by that company. Some of CMC's customers have contacted me. On behalf of our new business, I have not solicited any customer of CMC that did not contact me first. For example, Chevron Federal Credit Union contacted my after I was fired by CMC. In response to that contact, I offered to sell products to Chevron Federal Credit Union. They declined to buy.

I declare under penalty of perjury that the statements in the foregoing declaration are true and correct and that I am competent to testify to them.

Executed this 27th day of June 2007 at Berkeley, California.

*/s/ Christina Chang*
CHRISTINA CHANG

7475\001\RWARD\1443439.1

- 2 -

| Case No. | DECLARATION OF CHRISTINA CHANG IN OPPOSITION TO |
| C 07-02748 | MOTION FOR TEMPORARY RESTRAINING ORDER |