CHANDLER, WOODS, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com

Attorneys for Defendants
ANDREW VERITY and CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No.  C 07-02748 MHP<br><br>**DECLARATION OF ANDREW VERITY IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:      August 27, 2007<br>Time:     2:00 p.m.<br>Dept:     15, Hon. Marilyn Hall Patel |

I, ANDREW VERITY, declare as follows:

1. My name is Andrew Verity.

2. For several years beginning in April 2001, I was employed by plaintiff Mark Lillge for his business, Creative Marketing Concepts ("CMC"). CMC was and is a distributor of promotional products. While employed by CMC, I learned much about the promotional products industry and helped grow the business of CMC. In 2007, I was fired by Mr. Lillge and given a last date of employment of April 27, 2007.

3. While employed by CMC, I never signed nor agreed to refrain from competition

- 1 -

| Case No.<br>C 07-02748 | DECLARATION OF ANDREW VERITY IN OPPOSITION TO<br>MOTION FOR TEMPORARY RESTRAINING ORDER |
|---|---|

with or solicitation of customers of CMC. At the time I was fired, I sent a neutrally worded email to my customer contacts, informing them of my departure and providing new contact information.

4. I took no CMC property with me when I left CMC. I did not take a copy of CMC's customer list or copies in either paper or electronic form, of any other information that I understand CMC to be claiming are trade secrets. I was asked to delete all CMC information on my home computer and I did so.

5. Plaintiff has submitted a declaration from Dr. Beery making reference to my computer being disconnected from CMC's weekly automated backup system. First, I did not disconnect my computer from the backup system. Once my computer was reconnected, any computer activity during the supposed "missing week" would then have been backed up. Furthermore, any email communication goes through an email server for the company, so all of my electronic communications were available to CMC and never at any time hidden. I hid nothing on my computer from CMC and there would have been no way for me to do so.

6. Having spent six years learning and succeeding in the promotional products industry, my best prospects for earning a living are in that industry. I formed Verity Marketing Corporation by filing with the Secretary of State on May 1, 2007. The corporation started business on May 14, 2007 under the name of Branding Boulevard. I have reviewed Plaintiff's Identification of Trade Secrets ("Identification") submitted by Plaintiff in this action. I have not used any of the purported trade secrets identified in my new business.

7. One of Plaintiff's claimed trade secrets is CMC's customer list. Since founding my new business, I have not used CMC's customer list in order to solicit the business of any customers of CMC. Some of CMC's customers have contacted us. For example, Chevron Federal Credit Union contacted my wife, Christina Chang after she was fired by CMC. In response to that contact, Ms. Chang offered to sell products to Chevron Federal Credit Union. They declined to buy. We have not solicited any CMC customer who did not first contact us. Also, I have purchased mailing lists from third parties and have generically marketed my new business through methods such as setting up a website. I have not solicited CMC's existing customer contacts or used any information from CMC's files.

- 2 -

| Case No. C 07-02748 | DECLARATION OF ANDREW VERITY IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER |
|---|---|

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

8. The noncompetition agreements I obtained from other employees of CMC are in the file drawers where I kept them during my employment. If Mr. Lillge has not found these agreements then he didn't look or someone else removed them.

9. There is nothing secret about pricing. The suppliers issue catalogs. For example, attached as Exhibit A is the cover and page 106 of the 2007 Bullet Line catalog. For each item the catalog lists the supplier's suggested sale price plus a code (*e.g.* 5C) which shows the discount available to the distributor. I estimate that 80% of all sales are made at the supplier's suggested retail price. The other 20% involve discounts. As in every business, some customers demand discounts. It is a matter of sound business judgment whether to grant a discount and if so how much. A number of customers buy promotional product from several different distributors. Again, it is a matter of sound business judgment whether to believe the customer's representation of the lower price allegedly available, and if so whether the distributor is willing to match the alleged lower price.

10. The desired profit margin for any distributor is not a secret. Every distributor wants the largest profit margin that the market will provide. The prevailing profit margin is the supplier's normal discount to distributors. Additionally, CMC did not have target profit margins for each customer. Nor did they measure actual profit margin by customer.

11. In the course of performing my ordinary duties at CMC, I learned the names of customers and many other things. I cannot force myself to forget my contacts in the promotional products industry or the training I have in that industry. Notwithstanding my knowledge in the industry, I have not targeted CMC customers on behalf of my new business. CMC's marketing strategies and business plans were not secret. I wrote the CMC business plans. The information we discussed at CMC with regard to marketing strategies and target customers was at a generic level. For example, we would talk about a catalog mailer and telephone calls to hospitals. The top market segments are public information available from the industry associations to any distributor and are therefore not secret.

12. The purchasing history of CMC customers is hardly a secret. Since I was sales manager, there is no way I can make myself forget what in fact I remember. What a customer

- 3 -

| Case No. | DECLARATION OF ANDREW VERITY IN OPPOSITION TO |
| C 07-02748 | MOTION FOR TEMPORARY RESTRAINING ORDER |

1 bought in the past is irrelevant anyhow.  Anyone can walk into a retail outlet and see what fountain pens, cups and other giveaway promotional items are on display.  Additionally, clients frequently want new items so purchasing history quickly becomes irrelevant.

13. The knowledge when a customer will be on the market to purchase promotional items is no secret.  All any distributor has to do is ask.  The customers freely disclose if they have enough of the items in question in inventory, and when they will be on the market for more.

14. There is nothing secret about specific customer requirements, preferences and limitations, including particular buying habits, needs and dislikes.  The purchasing agents for customers freely disclose all of the foregoing whenever a distributor contacts a customer.

15. There is nothing confidential regarding goods that certain customers have refused to purchase.  If a customer does not want to purchase an item, the purchasing agent will simply say "I'm not interested."  A good salesperson will then offer alternative items to fill the same promotional niche.

16. I wrote CMC's marketing and financial plans, proposals and projects.  Such plans were of a generic nature.  My new business does not rely on any CMC business plan.  Rather, my new business is substantially more computerized, less labor-intensive, largely paperless, and bears no resemblance to CMC's operation.

I declare under penalty of perjury that the statements in the foregoing declaration are true and correct and that I am competent to testify to them.

Executed this 27th day of June 2007 at Berkeley, California.

*/s/ Andrew Verity*
                    ANDREW VERITY

7475\001\RWARD\1443435.1

- 4 -

| Case No. C 07-02748 | DECLARATION OF ANDREW VERITY IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER |
|---|---|

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111