CHANDLER, WOODS, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com

Attorneys for Defendants and Counterclaimants
ANDREW VERITY and CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No.  C 07-02748 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**<br><br>Date:      August 27, 2007<br>Time:     2:00 p.m.<br>Dept:      15, Hon. Marilyn Hall Patel |

A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Insurance Company*, 814 F.Supp. 820, 830 (N.D.CA 1992).  The allegations in Complaint with regard to the immigration status of Defendants Andrew Verity ("Verity") and Christina Chang ("Chang") simply are not relevant to any cause of action stated by Plaintiff.  Plaintiff's causes of action arise out of the purported misappropriation of trade secrets.  Defendants' immigration status, what type of visa they might have, or any allegations along those lines, have no bearing on whether Defendants misappropriated trade secrets.  In order to establish diversity jurisdiction,

Plaintiff need only allege that Defendants are foreign nationals. 28 U.S.C. § 1332(a)(2) (diversity jurisdiction for "citizens or subjects of a foreign state"). Immigration status has no bearing on diversity jurisdiction. *See De Carvalhosa v. Lindgren,* 546 F.Supp. 228, 230 (S.D.N.Y. 1982).

Rather, the allegations with regard to Defendants' visas appear to be in the Complaint as a threat of possible deportation. The allegation itself may run afoul of California Rule of Professional Conduct 5-100(A) ("member shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil suit"). Such a threat is not material to a trade secrets case and are certainly not appropriate allegations in the Complaint. Immigration status cannot be relevant to liability. *See Sure-Tan, Inc. v. NLRB,* 467 U.S. 883, 895 (1984) (employee's undocumented alien status not relevant to claim of retaliatory termination). The court should strike allegations that serve no purpose other than to convey a threat not allowed under the Rules of Professional Conduct.

The specific portions of the Complaint that Defendants ask the Court to strike are as follows:

Page 1, lines 21-22: "with a Canadian passport illegally residing in California as a result of a withdrawn H1B Visa, who is not admitted for permanent residence in the United States."

Page 1, lines 23-24: "with a Canadian passport illegally residing in California as a result of a withdrawn H1B Visa, who is not admitted for permanent residence in the United States."

Page 4, lines 2-3: "and accordingly, CMC sponsored an H1B Visa for Verity so that he could legally reside in the United States provided that he was employed."

Page 4, lines 11-12: "and CMC similarly arranged for an H1B Visa for Chang so that she could legally reside in the United States while working for CMC."

Defendants respectfully request that the Court strike the foregoing allegations from Plaintiff's Complaint.


- 3 -

| | | |
|---|---|---|
| DATED: | July 5, 2007 | SHARTSIS FRIESE LLP |

By: */s/ Robert Charles Ward*
ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY and CHRISTINA CHANG

7475\001\RWARD\1444476.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No. C 07-02748

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE