HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
Iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
Sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**SUPPLEMENTAL DECLARATION OF MARK LILLGE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: August 27, 2007<br>Time: 2:00 p.m.<br>Court: Honorable Marilyn Hall Patel |

I, Mark Lillge, declare as follows:

1. I am over the age of eighteen years. I make this declaration freely and of my own personal knowledge. If I were called as a witness, I could and would competently testify to the matters set forth.

2. I am the owner of Creative Marketing Concepts ("CMC"), a California sole proprietorship with its principal place of business in San Francisco, California.

3. Attached hereto as Exhibit A is an e-mail that I received from Christina Chang on or about January 31, 2007. Ms. Chang's beliefs as stated in her e-mail, including her statement that "it

is mandatory to shred all outdated artwork & paper containing client info" accurately recounts CMC's policies regarding how CMC employees are to handle client information.

4. CMC not only instructs its own employees regarding the importance of maintaining this client information as confidential, it also takes steps with its suppliers to ensure that CMC's competitors do not learn what type of projects CMC has worked on for various clients. For example, CMC does not permit its suppliers to use samples from CMC customer orders at industry trade shows. I have discussed this issue with various suppliers on multiple occasions. For example, attached hereto as Exhibit B is certain correspondence addressed to me from a supplier, dated February 24, 2004, where the supplier complies with my request that it cease using CMC samples at industry trade shows. In addition, both Mr. Verity and I have removed CMC samples from supplier booths at trade shows in the past due to these concerns.

5. CMC also does not permit its suppliers to produce any overruns so as to ensure that such products are not improperly displayed to third parties. Our purchase orders to these suppliers expressly state: "Client does not want over-run pieces to be used and/or distributed as samples nor shown in any printed materials, such as catalogs or flyers without prior written consent." A true and correct copy of CMC's purchase order is attached hereto as Exhibit C.

6. CMC has conducted a thorough and exhaustive search for the signed nondisclosure agreements that went missing. We have been unable to locate these documents.

7. I have reviewed the list of art files found by Jon Berryhill, the computer forensic expert. All of these art files are proprietary to CMC, these art files pertain to past or existing customer projects, and as Mr. Verity's supervisor I can confirm that there is absolutely no legitimate business reason why Mr. Verity should have been accessing such artwork on April 11, 2007, just before he left CMC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 30th day of July, 2007, in San Francisco, California.

_____
Mark Lillge