HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
Iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
Sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile:   (415) 391-7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>              Plaintiff,<br><br>      vs.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>              Defendants. | Case No. C 07-02748 MHP<br><br>**SUPPLEMENTAL DECLARATION OF IAN K. BOYD IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: August 27, 2007<br>Time: 2:00 p.m.<br>Court: Hon. Marilyn Hall Patel |

I, Ian K. Boyd, declare as follows:

1.     I am a member of the law firm of Harvey Siskind LLP, counsel of record for plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("CMC"). I have personal knowledge of the matters stated herein, and, if called as a witness, I could and would testify competently thereto.

2.     On Tuesday, May 31, 2007, I attended the Court's hearing on Plaintiff's Ex Parte Application for a Temporary Restraining Order in this matter. Attached hereto as Exhibit A are certain portions of the transcript of that hearing.

–1–

1       3.     Attached hereto as Exhibit B is Plaintiff's allegation in Paragraph 9 of its filed Complaint, and the portion of Defendants' filed Answer which admits this allegation.

2       4.     On July 17, 2007 and July 24, 2007, I took the deposition of Defendant Andrew Verity. On July 24, 2007, I took the deposition of Defendant Christina Chang. Attached hereto as Exhibit C are certain portions of Mr. Verity's testimony. Attached hereto as Exhibit D are certain portions of Ms. Chang's testimony.

3       5.     At their respective depositions, Defendants refused to testify regarding their own customer information without a protective order in place. Defendants only agreed to discuss those CMC customers who were now doing business with Defendants if CMC would "agree that they cannot contact these people." In short, Defendants demanded a non-solicit from CMC before they would disclose this confidential information. In addition, Defendants refused to testify regarding their own "non-CMC" customers without designating this testimony as Attorneys' Eyes Only.

4       6.     Attached hereto as Exhibit E is a copy of Ms. Chang's original declaration that Mr. Harrington provided to me at the May 31, 2007 hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 30th day of July 2007, in San Francisco, California.

/s/
———————————————
Ian K. Boyd

–2–