# Exhibit B to
# Supplemental Declaration of Ian K. Boyd in Support of Plaintiff's Motion for Preliminary Injunction

# Case No. C 07-02748 MHP

1  HARVEY SISKIND LLP
   IAN K. BOYD (SBN 191434)
2  Email: iboyd@harveysiskind.com
   SETH I. APPEL (SBN 233421)
3  Email: sappel@harveysiskind.com
   Four Embarcadero Center, 39th Floor
4  San Francisco, CA 94111
5  Telephone: (415) 354-0100
   Facsimile: (415) 391-7124
6
7  Attorneys for Plaintiff
   Mark Lillge d/b/a Creative Marketing Concepts
8
9            IN THE UNITED STATES DISTRICT COURT
10           FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                     SAN FRANCISCO DIVISION
12
13  MARK LILLGE d/b/a CREATIVE                Case No. C 07 2748
14  MARKETING CONCEPTS
                                              COMPLAINT FOR
15           Plaintiff,                       MISAPPROPRIATION OF TRADE
                                              SECRETS; CALIFORNIA UNFAIR
16   v.                                       COMPETITION; UNJUST ENRICHMENT;
                                              INTENTIONAL INTERFERENCE WITH
17  ANDREW VERITY and CHRISTINA CHANG         PROSPECTIVE ECONOMIC
                                              ADVANTAGE
18           Defendants.
                                              JURY TRIAL DEMANDED
19

COMPLAINT

## FACTUAL BACKGROUND

7. CMC sells custom branded products to its customers, who use their company's logo on the goods. CMC has over 500,000 types of such products that it sells to its customers.

8. CMC was founded in January 1992 by Mark Lillge. In 2006, it realized approximately $4,000,000 in gross revenue, selling to over 300 top clients and over 1200 clients total.

9. While the fact that any of CMC's actual customers might be willing to purchase promotional goods is information possibly available to CMC's competitors, there are many details regarding CMC's relationships with its customers which are not generally known to the public or CMC's competitors, and CMC derives independent economic value from this information which it has developed through substantial time, effort and expense.

10. CMC takes reasonable efforts to maintain the secrecy of this proprietary information, including restricting access to, and distribution of, this confidential information and generally marking such information as "PRIVATE" and/or "CONFIDENTIAL." CMC also maintains separate shredding bins and shreds proprietary documents, including the envelopes in which this information arrives, and converses with its employees about the need for this information to be confidential, in addition to distributing employee handbooks and nondisclosure agreements which reiterate that such information is to be kept secret.

11. This confidential information includes, but is not limited to, the pricing which CMC charges its customers; CMC's desired profit margin for each customer; CMC's strategic plans regarding which customers it wishes to target; CMC's marketing plans; the sales volume of the customer's business, including the knowledge of when a customer will be due for replenishment/re-order based upon its prior transactions with CMC; the knowledge of their customers' particular buying habits, needs and dislikes; specific customer requirements, preferences, and limitations; the customer's purchasing history; negative knowledge regarding goods that certain customers were not interested in or no longer wish to purchase; and key managerial contacts at the customers regarding the ultimate decision maker (collectively, the "CMC Confidential Information"). The CMC Confidential Information is not generally known, and is maintained in confidence by CMC, with limited access provided to sales personnel on a

5. For an award of punitive damages, according to proof;

6. An award of CMC's reasonable attorneys' fees and costs (including expert costs) pursuant to Civil Code Section 3426.4; and

7. Such other and further relief as the Court deems just and proper.

Dated: May 25, 2007

Respectfully submitted,

HARVEY SISKIND LLP
IAN K. BOYD
SETH I. APPEL

By: _____
Ian K. Boyd

Attorneys for Plaintiff
MARK LILLGE d/b/a CREATIVE
MARKETING CONCEPTS

## JURY TRIAL DEMAND

Plaintiff Mark Lillge d/b/a Creative Marketing Concepts hereby demands trial by jury of all issues so triable.

Dated: May 25, 2007

Respectfully submitted,

HARVEY SISKIND LLP
IAN K. BOYD
SETH I. APPEL

By: _____
Ian K. Boyd

Attorneys for Plaintiff
MARK LILLGE d/b/a CREATIVE
MARKETING CONCEPTS

-13-
COMPLAINT

1  CHANDLER, WOODS, HARRINGTON & MAFFLY
   RICHARD HARRINGTON (Bar #28099)
2  One Maritime Plaza, 4th Floor
   San Francisco, CA 94111
3  Telephone: (415) 421-5484
   Facsimile: (415) 986-4874
4
   SHARTSIS FRIESE LLP
5  ROBERT CHARLES WARD (Bar #160824)
   One Maritime Plaza, Eighteenth Floor
6  San Francisco, CA 94111
   Telephone: (415) 421-6500
7  Facsimile: (415) 421-2922
   Email: rward@sflaw.com
8
   Attorneys for Defendants and Counterclaimants
9  ANDREW VERITY and CHRISTINA CHANG

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

14
15  MARK LILLGE d/b/a CREATIVE           Case No. C 07-02748 MHP
    MARKETING CONCEPTS,
16                                       **ANSWER TO COMPLAINT AND
                 Plaintiff,              COUNTERCLAIM**
17
    v.                                   **JURY TRIAL DEMANDED**
18
    ANDREW VERITY and CHRISTINA
19  CHANG,

20               Defendants.

21  ANDREW VERITY and CHRISTINA
    CHANG,
22
                 Counter-Claimants,
23
         v.
24
    MARK LILLGE d/b/a CREATIVE
25  MARKETING CONCEPTS, and DOES 1 -
    10,
26
                 Counter-Defendants.
27

28

- 1 -

Case No.           ANSWER TO COMPLAINT AND COUNTERCLAIM
C 07-02748

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1.  Defendants Andrew Verity ("Verity") and Christina Chang ("Chang") answer the complaint of Mark Lillge d/b/a Creative Marketing Concepts as follows:

### JURISDICTION AND VENUE

2.  Defendants deny that Plaintiff is entitled to pursue the causes of action identified in this paragraph.

3.  Defendants admit that this Court has subject matter jurisdiction over the claims in this action.

### INTRADISTRICT ASSIGNMENT

4.  Defendants admit that this case has received the appropriate intradistrict assignment.

### PARTIES

5.  Defendants admit that CMC's principal place of business is in San Francisco and that CMC is a successful advertising specialty and corporate apparel firm.

6.  Defendants admit that diversity of citizenship exists but otherwise refuse to respond as to their immigration status as such allegations are not material. These allegations are subject to a pending motion to strike. Defendants deny all other allegations in this paragraph.

### FACTUAL BACKGROUND

7.  Defendants admit the allegations in this paragraph.

8.  Defendants admit the approximate sales information in this paragraph for year 2006 and deny for lack for information and belief all other allegations in this paragraph.

9.  Defendants admit the allegations in this paragraph.

10. Defendants deny the allegations in this paragraph.

11. Defendants deny the allegations in this paragraph.

12. Defendants deny the allegations in this paragraph.

13. Defendants deny the allegations in this paragraph.

14. Defendants refuse to respond as to their immigration status as such allegations are not material. These allegations are subject to a pending motion to strike. Defendants deny all other allegations in this paragraph.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

| | | |
|---|---|---|
| DATED: | July 5, 2007 | SHARTSIS FRIESE LLP |

By: /s/ Robert Charles Ward
    ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY AND CHRISTINA CHANG

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 11 -

Case No.
C 07-02748                ANSWER TO COMPLAINT AND COUNTERCLAIM