1  HARVEY SISKIND LLP
   IAN K. BOYD (State Bar No. 191434)
2  iboyd@harveysiskind.com
   SETH I. APPEL (State Bar No. 233421)
3  sappel@harveysiskind.com
   Four Embarcadero Center, 39th Floor
4  San Francisco, California  94111
   Telephone:  (415) 354-0100
5  Facsimile:    (415) 391-7124
6
7  Attorneys for Plaintiff
   Mark Lillge d/b/a Creative Marketing Concepts
8
9                IN THE UNITED STATES DISTRICT COURT
10           FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                    SAN FRANCISCO DIVISION
12
13  MARK LILLGE d/b/a CREATIVE          Case No.  C 07-02748 MHP
    MARKETING CONCEPTS,
14                                       PLAINTIFF'S OPPOSITION TO
15                 Plaintiff,            DEFENDANTS' MOTION TO STRIKE
16       vs.
17  ANDREW VERITY and CHRISTINA         Date:    August 27, 2007
    CHANG.                              Time:    2:00 p.m.
18                                       Court:  Honorable Marilyn Hall Patel
                  Defendants.
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE          C 07-02748 MHP

Defendants Andrew Verity and Christina Chang ("Defendants") move to strike certain portions of the complaint of Plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("Plaintiff") regarding the immigration status of Defendants. Defendants' motion falls for two reasons. First, Defendants' cited authority is out of date, as the allegations regarding Defendants' citizenship are material to establish subject matter jurisdiction. Second, Defendants' immigration status is relevant to the terms of certain alleged agreements which Defendants contend in their own counterclaims that Plaintiff breached.

## OPPOSITION

**1.    Diversity Jurisdiction Exists Between Citizens of a State and Citizens of a Foreign State Who Have Not Been Admitted to the United States for Permanent Residence.**

In ruling on a Motion to Strike, the Court is to view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC,* 195 FRD 665, 669 (C.D. Cal. 2000). Moreover, "[m]otions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Defendants contend that their immigration status is irrelevant because to establish diversity jurisdiction, "Plaintiff need only allege that Defendants are foreign nationals. … Immigration status has no bearing on diversity jurisdiction." (Mot., 2:1-3) This is simply not true. Under the current state of the law, "it is an individual's immigration status, not his or her contacts with the United States, which determines 'citizenship' for diversity purposes." *Velazquez v. Broesche*, Case No. SA-06-CA-144-FB, 2006 U.S. Dist. LEXIS 59400 (W.D. Tex. June 13, 2006).

The U.S. Code provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> . . .

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE                    C 07-02748 MHP

> For purposes of this section, … an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 USC §1332(a).  Plaintiff is domiciled in California.  Upon information and belief, Defendants are also domiciled in California, but are citizens of foreign states.  Accordingly, the existence of diversity jurisdiction turns on whether Defendants are "admitted to the United States for permanent residence."

Thus Plaintiff's allegations concerning Defendants' immigration status are critical.  They are necessary to establish diversity jurisdiction.[1]

The last sentence of 28 USC §1332(a) ("For purposes of this section . . . .") was added by Congress as part of the Judicial Improvements and Access to Justice Act of 1988.  Pub. L. No. 100-702, § 203, 102 Stat. 4642, 4646 (2006).  While immigration status may have been irrelevant to diversity jurisdiction prior to 1988, it is indisputably relevant now.

*Kato v. County of Westchester*, 927 F. Supp. 714 (S.D.N.Y. 1996) is illustrative.  In that case, the court denied defendant's motion to dismiss for lack of diversity subject matter jurisdiction.  Defendant was a citizen of New York, and Plaintiff was a Japanese citizen who had been residing in New York for 27 years on an E-2 visa.  The court found diversity jurisdiction because "[a]s a Japanese citizen present in the United States on an E-2 visa, Isao Kato is not admitted for permanent residence in the United States."  *Id*. at 716.[2]

The court explained that for purposes of 28 USC §1332(a), "aliens who have been accorded lawful permanent resident status under the immigration laws are considered aliens 'admitted for permanent residence,' while aliens admitted to the United States on temporary nonimmigrant visas are not."  *Id.  See also Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir.

---

[1] Plaintiff *has to* allege that Defendants are residing in the United States pursuant to visas that do not allow for permanent residence (*e.g.*, H-1B visas), or pursuant to no visas at all.  Alleging that Defendants are residing in the U.S. pursuant to no visas at all would be misleading.  Alleging that Defendants are residing here pursuant to (non-expired) H1-B visas would be incorrect.

[2] Similarly, in *Velazquez*, the court denied defendants' motion to dismiss for lack of subject matter jurisdiction because "as Mexican citizens not admitted for permanent residence in the United States, the decedents and their representatives are treated as aliens and, therefore, diversity jurisdiction exists under section 1332(a)."  *Velazquez*, 2006 U.S. Dist. LEXIS 59400, at *9.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE                    C 07-02748 MHP

1    1997) ("[I]n accord with every other district court that has specifically addressed this issue, we hold

2    that the permanent resident alien provision of § 1332(a) applies only to aliens who have received

3    permission from the INS to remain permanently in this country."); *Funygin v. Yukos Oil Co.*, Case

4    No. H-04-4821, 2005 U.S. Dist. LEXIS 43352, at *5 (S.D. Tex. July 28, 2005).

5    In support of their position that "immigration status has no bearing on diversity jurisdiction,"

6    Defendants cite one case, *De Carvalhosa v. Lindgren*, 546 F. Supp. 228 (S.D.N.Y. 1982).  This case,

7    insofar as it pertains to diversity jurisdiction, was superseded six years later by the 1988 Judicial

8    Improvements and Access to Justice Act.

9    **2.    Defendants' Immigration Status Pertains to Defendants' Own Counterclaims**

10    Defendants' only contention regarding its Motion to Strike is that the subject matter is

11    irrelevant.  [Mot., 1].  This is incorrect, as noted above, for Plaintiff must satisfy the jurisdictional

12    requirements of this Court.  In addition, Defendants' immigration status is relevant to substantive

13    elements of this case.

14    Defendants have brought counterclaims against Plaintiff alleging breach of contract and

15    wrongful termination.  Defendants testified that one of the terms offered by Plaintiff when it provided

16    employment to Defendants was to sponsor H-1B visas for Defendants.  [Verity Depo. Vol. I, 45:6-

17    12].  In addition, Defendant Verity testified to the existence of a second oral agreement with Plaintiff,

18    wherein Plaintiff allegedly agreed to sponsor a green card for Defendant Verity.  Mr. Verity testified:

19
20
21
> Mr. Lillge committed that he would employ me through that term, however long
> it took, on many occasions, witnessed by many people, he said, "I would employ
> Andy through the time it takes him to get his green card." . . . . That was the
> commitment that he made.

22    [Verity Depo., Vol. I, 84:12 – 85:14].  In his Counterclaim, Mr. Verity now contends that Mr. Lillge

23    breached this purported commitment.

24    In addition, Defendant Verity testified that he had difficulty finding employment after

25    separating from CMC because "the immigration was an issue" due to Plaintiff's withdrawal of the

26    HI-B visa for Mr. Verity.  [Verity Depo., Vol. I, 97:18 – 98:21].  This may affect, among other issues,

27    Defendants' ability to mitigate any claimed damages.  Finally, Defendants have since formed their

28

own California corporation and are doing business in California. The ability of Defendants to conduct this activity legally is also germane to the injunctive relief sought by Plaintiff.[3]

### 3. Plaintiff Does Not Emphasize Defendants' Immigration Status or Otherwise Seek to Improperly Prejudice the Court.

By now the parties have extensively briefed Plaintiff's application for a Temporary Restraining Order and Preliminary Injunction. As should be clear from these papers, Plaintiff is not, and has no interest, in playing the "immigration card" or otherwise referencing Defendants' immigration status except where appropriate. Plaintiff alleges only <u>once</u> in the complaint that that each Defendant is illegally residing in the United States as a result of a withdrawn H-1B visa. (Compl., ¶6). Plaintiff does not and has not emphasized this fact any more than is necessary to prove its case.[4]

"[A]llegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). By virtue of Defendants' own Counterclaims, this evidentiary matter is not unduly prejudicial to Defendants.[5]

///
///
///
///
///
///

---

[3] The Court itself inquired into Defendants' visa status at the May 31, 2007 TRO hearing, deeming it "not irrelevant." Transcript, 7:21 – 9:24.

[4] Defendant moves to strike not only the allegations of Paragraph 6, but also the allegations that Plaintiff sponsored H-1B visas for Defendants so that they could legally reside in the United States while working for Plaintiff. (Compl., ¶¶14, 16)  As noted *supra,* these allegations are, among other things, some of the terms of an alleged agreement which Defendants contend Plaintiff breached.

[5] Defendants, of course, are free to bring a *Motion in Limine* prior to trial if they believe that the full evidentiary record supports their claim of undue prejudice before a jury.

–4–

**CONCLUSION**

For the reasons stated above, the Court should deny Defendants' motion in its entirety.

Dated: August 6, 2007

Respectfully submitted,

HARVEY SISKIND LLP
IAN K. BOYD
SETH I. APPEL

By: _____/s/_____
         Seth I. Appel

Attorneys for Plaintiff,
MARK LILLGE d/b/a CREATIVE
MARKETING CONCEPTS

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE                    C 07-02748 MHP