1  CHANDLER, WOODS, HARRINGTON & MAFFLY
   RICHARD HARRINGTON (Bar #28099)
2  One Maritime Plaza, 4th Floor
   San Francisco, CA 94111
3  Telephone:  (415) 421-5484
   Facsimile:  (415) 986-4874
4
5  SHARTSIS FRIESE LLP
   ROBERT CHARLES WARD (Bar #160824)
6  One Maritime Plaza, Eighteenth Floor
   San Francisco, CA  94111
7  Telephone:  (415) 421-6500
   Facsimile:  (415) 421-2922
8  Email:  rward@sflaw.com

9  Attorneys for Defendants
   ANDREW VERITY and CHRISTINA CHANG

10

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  MARK LILLGE d/b/a CREATIVE          Case No.  C 07-02748 MHP
    MARKETING CONCEPTS,
16                                      **SUPPLEMENTAL DECLARATION OF
                Plaintiff,              ROBERT CHARLES WARD IN
17                                      OPPOSITION TO MOTION FOR
    v.                                  TEMPORARY RESTRAINING ORDER**
18
    ANDREW VERITY and CHRISTINA         Date:      August 27, 2007
19  CHANG,                              Time:      2:00 p.m.
                                        Dept:      15, Hon. Marilyn Hall Patel
20              Defendants.

21        I, ROBERT CHARLES WARD, declare as follows:

22        1.      I am an attorney admitted to practice before all courts of the State of California.  I

23  am a member of the firm of Shartsis Friese LLP, co-counsel of record for Defendants Andrew

24  Verity and Christina Chang ("Defendants") in the above-referenced action.  I have personal

25  knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto

26  under oath.

27        2.      At the deposition of Defendant Andrew Verity, counsel for Plaintiff asked Mr.

28  Verity to identify the customers of his new business, Branding Boulevard.  Mr. Boyd has

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

characterized my request in this declaration without attaching pages from the deposition transcript where my request was made. Those pages are attached hereto as Exhibit A.

3. My request for a protective order on behalf of Branding Boulevard was not in any way motivated by the belief that such a customer list could constitute a trade secret. Rather, as is clear from reviewing the attached transcript, I made the request on behalf of my clients as a matter of fairness. My clients are burdened with a temporary restraining order at this time that prevents them from initiating contacting with any CMC customers. CMC is not similarly burdened. Given that my clients' new business has only around 30 customers, they are very vulnerable to CMC under the circumstances. That was why I stated: "What I have a problem with is CMC is selling to a large part of the businesses that are all around us in the Bay Area. There is a pool of potential customers for everyone in this business. If CMC is armed with the knowledge of whom in this pool has decided that they don't like doing business with CMC, they prefer doing business with Verity, that gives him [Lillge] an advantage in terms of trying to do whatever it takes to get those customers back. That's, to my mind, information that wouldn't be appropriate - - -appropriately obtained in this [context]. This is a new business, there is only a limited number of customers. It seems to me that it's - - just as we have an order in place that while there has been no finding as to there being trade secrets, there has been an agreement on our part that we are not going to go out and deliberate poach existing CMC customers. It needs to go both ways to preserve the status quo. In other words, there has to be an understanding that CMC cannot go and poach away the limited amount of customers of this fledgling business."

4. Thus, my request is not in any way an admission that the customer list a trade secret. Rather, my request for a protective order was made as a matter of fairness to prevent a substantial unilateral disadvantage to my clients.

5. Attached hereto as Exhibit B and incorporated by this reference herein are true and correct pages from Volume II of the transcript of deposition of Andrew Verity. These pages transcribe Plaintiff's agreement not to use information obtained through civil discovery for competitive advantage - - a stipulation Plaintiff has already violated.

6. Attached hereto as Exhibit C and incorporated by this reference herein are true and

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    correct pages from Volume II of the transcript of the deposition of Mark Lillge.  These pages

2    transcribe Plaintiff's admission that any harm being suffered by CMC at this time is

3    "speculative."  "Speculative" harm hardly equates to "irreparable injury."

4        I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct and that this declaration was executed on August 10, 2007, at San

6    Francisco, California.

7                              */s/ Robert Charles Ward*
                              ROBERT CHARLES WARD

8    7475\001\RWARD\1451724.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C 07-02748          SUPPLEMENTAL DECLARATION OF ROBERT CHARLES
                    WARD IN OPPOSITION TO MOTION FOR TRO