**EXHIBIT C**

CONFIDENTIAL TESTIMONY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---oOo---

MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,

    Plaintiff,

vs.

ANDREW VERITY and CHRISTINA CHANG,

    Defendants.

No. C 07-02748 MHP

**CERTIFIED COPY**

**CONFIDENTIAL**

VOLUME II

DESIGNATED CONFIDENTIAL

Deposition of

MARK RAYMOND LILLGE

FRIDAY, JUNE 22, 2007

THE SOUZA GROUP

Certified Shorthand Reporters

4615 First Street, Suite 200

Pleasanton, California 94566

925-846-8831

Reported by:

DENISE WHEELER, CSR NO. 8254

143

```
 1                      MARK LILLGE,
 2      having been duly sworn, testified as follows:
 3                     EXAMINATION BY:
 4         MR. WARD:  Q.   Good morning, Mr. Lillge.
 5         A.   Good morning.
 6         Q.   Are you aware of any sales that Creative Marketing
 7    Concept would have obtained from customers because of
 8    anything done by Andrew Verity or Christina Chang?
 9         A.   Can you clarify as to timeframe?
10         Q.   Since they left employment of your company?
11         A.   I can only speculate at this point.
12         Q.   Okay.  So any observations that you would have
13    about potential lost sales to Christina Chang or Andrew
14    Verity would be speculation?
15         A.   Correct.
16         Q.   So as far as you know your business has not lost
17    any money because of the competitive efforts of Christina
18    Chang and Andrew Verity; is that correct?
19         A.   Perhaps.  By deduction I might be able to take
20    exception to that.  But as far as evidence as of right this
21    moment while we're here, no.
22         Q.   In the past month -- let's take May 2007, which
23    would be the last complete month -- has there been any
24    discernible drop-off of sales volume for your business in
25    the prior month?
```

```
 1         A.  Yes.
 2         Q.  By how much?
 3         A.  I'd have to look at the records, but it's
 4   noticeable.
 5         Q.  Have you replaced Christina Chang as a salesperson?
 6         A.  We're working on that as we speak.  We have brought
 7   on a new person, and we're also transitioning her accounts.
 8         Q.  Have the persons who have filled Ms. Chang's role
 9   in the company achieved the same level of sales that she was
10   achieving prior to departing employment of Creative
11   Marketing Concepts?
12         A.  The accounts have not been fully transitioned at
13   this point, so that's impossible to answer.  I'm actually
14   trying to take the lead in following up with many of those
15   clients.
16             And due to the extraordinary circumstances of what
17   we're dealing with at this time, I have not had a chance to
18   contact all of them.
19         Q.  Okay.  And among the extraordinary circumstances
20   your company is dealing with at this time include that you
21   have lost one of your top salespeople and your former
22   operations manager; is that correct?
23             MR. BOYD:  Clarify who you're referring to as top
24   salespeople.
25             MR. WARD:  Q.  By that would you acknowledge that
```

```
 1    Christina Chang was one of the top salespeople as Creative
 2    Marketing Concepts?
 3        A.   Yes.  Yes.
 4        Q.   So one of the circumstances your business has had
 5    to deal with over the last couple of months is the loss of a
 6    top salesperson in Christina Chang and the loss of your
 7    operations manager Andy Verity?
 8        A.   Correct.
 9        Q.   And can you attribute, in your mind, what among the
10    discernible drop in sales since their departure is
11    attributable to competitive loss in the marketplace versus
12    simply having lost two key employees who you haven't
13    replaced yet?
14        A.   No -- no way to measure that.
15        Q.   Okay.  Now, I want to turn specifically to
16    something you told me about in terms of when you identify a
17    product out of one of these catalogs for your customers.
18             And one of the things that you told me in the first
19    session of your deposition is that when you write the
20    invoice for that client, you do not identify specifically
21    the type of merchandise.
22             And by that I mean when we went through the example
23    of the Calder mug, you would not identify to the client that
24    it is a Calder mug from the Bullet Line catalog; is that
25    correct?
```