```
 1  HARVEY SISKIND LLP
    IAN K. BOYD (State Bar No. 191434)
 2  Iboyd@harveysiskind.com
    SETH I. APPEL (State Bar No. 233421)
 3  Sappel@harveysiskind.com
    Four Embarcadero Center, 39th Floor
 4  San Francisco, California 94111
 5  Telephone: (415) 354-0100
    Facsimile:  (415) 391-7124
 6
 7  Attorneys for Plaintiff
    Mark Lillge d/b/a Creative Marketing Concepts
 8
```

FILED
SEP 2 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>　　　　　Plaintiff,<br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>　　　　　Defendants.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br>　　　　　Counterclaimants,<br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>　　　　　Counterdefendants | Case No. C 07-02748 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　September 17, 2007<br>Time:　4:00 p.m.<br>Court:　Honorable Marilyn Hall Patel |

1. **Jurisdiction and Service**

   The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(2), as the amount in controversy exceeds $75,000, and Plaintiff and Defendants are citizens of different states. The Court has supplemental subject matter jurisdiction over Defendants' counterclaims under 28 U.S.C. §1367(a).

2. **Facts**

   Plaintiff is in the business of offering branded promotional products to various businesses. Defendants were employees of Plaintiff. After leaving Plaintiff's employ, Defendants opened a competing promotional products company.

   The following factual issues are in dispute:

   - Whether Defendants have used Plaintiff's trade secrets to solicit and/or do business with CMC's customers for Defendants' new business;
   - Whether Plaintiff has lost sales or incurred other damages as a result of Defendants' alleged misappropriation of Plaintiff's trade secrets; and
   - Whether Plaintiff fully compensated Defendants for all that they are entitled to as a result of their employment with Plaintiff.

3. **Legal Issues**

   The following legal issues are in dispute:

   - Whether certain information pertaining to Plaintiff and its customers constitutes Plaintiff's trade secrets under Cal. Civ. Code §§3426, *et seq.*;
   - Whether Defendants have misappropriated or threatened to misappropriate any of Plaintiff's alleged trade secrets under Cal. Civ. Code §§3426, *et seq.* ;
   - Whether any such alleged misappropriation has resulted in lost sales or other damages to Plaintiff;
   - Whether Plaintiff breached any employment agreement with Defendant Andrew Verity; and
   - Whether Defendant Chang was terminated in violation of the public policy of Cal. Bus & Prof. Code Section 16600.

4. **Motions**

Plaintiff sought and obtained a temporary restraining order on May 31, 2007. Plaintiff then moved to convert the TRO into a preliminary injunction. The Court heard Plaintiff's motion on August 27, 2007. The Court has not yet ruled on the motion, and the TRO remains in effect. Defendants filed a Motion to Strike with their Answer and Counterclaim but withdrew the Motion prior to hearing.

5. **Amendment of Pleadings**

The parties propose November 1, 2007, as the deadline for adding new parties, claims or counterclaims.

6. **Evidence Preservation**

The parties will not delete any relevant e-mails or destroy any relevant documents, electronic or otherwise, or any other relevant electronically-recorded material, until this dispute is resolved.

7. **Disclosures**

The parties have not yet exchanged initial disclosures. The parties plan to exchange initial disclosures in accordance with FRCP 26 on October 1, 2007.

8. **Discovery**

Plaintiff has taken the depositions of Defendants Andrew Verity and Christina Chang. Defendants have taken the deposition of Plaintiff Mark Lillge. The parties have submitted a stipulated protective order to protect their respective asserted trade secrets and other confidential/proprietary information. At this time, neither party is aware of any changes that should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, or of any additional limitations that should be imposed. Plaintiff may require the ability to take more than ten depositions depending upon the number of its former or current customers who have been contacted and/or solicited by Defendant, but it will be in a better position to assess its needs as discovery progresses.

9. **Class Actions**

Not applicable.

1  **10.   Related Cases**

2     The parties are unaware of any related cases.

3  **11.   Relief**

4     Plaintiff seeks injunctive and monetary relief. Plaintiff believes it is entitled to damages in an amount equal to its injuries (*e.g.*, injuries to its business, reputation and goodwill, including lost sales and customer opportunities) and Defendants' profits, as well as punitive damages and attorney's fees, pursuant to CUTSA and its common law claims for unjust enrichment and intentional interference with prospective economic advantage. Plaintiff alleges that it is already aware of one sale for approximately $20,000 that did not occur because of Defendants' alleged unlawful interference.

10    Defendants also seek injunctive and monetary relief. Defendants believe they are entitled to damages in an amount equal to moneys owed to them by Plaintiff as a result of their employment, as well as punitive damages and attorney's fees.

13    Both parties believe that they will be in a better position to give precise estimates regarding their damages subject to the progression of discovery.

15  **12.   Settlement and ADR**

16    The parties have each made settlement proposals to date without success. The parties have complied with ADR L.R. 3-5 and have agreed to participate in a private mediation. Pursuant to the Court's ADR Order, they will do so before November 29, 2007. The parties are currently exchanging names of proposed mediators and hope to engage in the mediation sometime in October.

20  **13.   Consent to Magistrate Judge for All Purposes**

21    The parties do not consent to a magistrate judge.

22  **14.   Other References**

23    This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

25  **15.   Narrowing of Issues**

26    The parties are open to narrowing certain issues via stipulated facts, subject to the progression of discovery. At this time the parties do not foresee bifurcating any issues, claims or defenses.

28

16. **Expedited Schedule**

The parties believe that this case can be handled without significant delay, subject only to the need to take discovery from the aforementioned third parties. Depending on the Court's ruling on the pending motion for preliminary injunction, one or both parties may request expedited trial setting.

17. **Scheduling**

~~Plaintiff proposes the following schedule:~~

| | |
|---|---|
| ~~Designation of Experts:~~ | ~~February 1, 2008~~ |
| ~~Discovery Cutoff:~~ | ~~February 1, 2008~~ |
| ~~Expert rebuttal:~~ | ~~February 22, 2008~~ |
| ~~Last Day to Hear Dispositive Motions:~~ | ~~March 10, 2008~~ |
| ~~Pretrial Conference:~~ | ~~May 19, 2008~~ |
| ~~Trial:~~ | ~~June 23, 2008~~ |

Defendants concur in Plaintiff's proposed schedule, unless the Court issues a preliminary injunction that Defendants believes is substantially injurious to their nascent business. If that occurs, Defendants propose the following schedule:

| | |
|---|---|
| Date for Designation of Witnesses in C vs. + final reports case-in-chief | November 5, 2007 |
| Designation of Experts | December 3, 2007 |
| Discovery Cutoff | December 3, 2007 |
| Expert Discovery Cutoff | January 14, 2008 |
| Expert Rebuttal | December 28, 2007 |
| Hearing of Dispositive Motions | January 14, 2008 |
| Pretrial Conference | February 20, 2008 |
| Trial | March 4, 2008 |

Plaintiff has no objection to the schedule proposed above.

18. **Trial**

The parties expect the trial to last three to five days. Both parties have demanded a trial by jury.

19. **Disclosure of Non-Party Interested Entities or Persons**

Plaintiff has filed its Certification of Interested Entities or Persons. Neither party is aware of any interested entities or persons.

| | | |
|---|---|---|
| 1 | DATED: September 10, 2007 | HARVEY SISKIND LLP |
| 2 | | IAN K. BOYD |
| 3 | | SETH I. APPEL |
| 4 | | |
| 5 | | By  /s/ Ian K. Boyd |
| 6 | | Ian K. Boyd |
| | | Attorneys for Plaintiff/Counterdefendant |
| 7 | | Mark Lillge d/b/a/ Creative Marketing Concepts |
| 8 | DATED: September 10, 2007 | SHARTSIS FRIESE LLP |
| 9 | | ROBERT CHARLES WARD |
| 10 | | By  /s/ Robert Charles Ward |
| 11 | | Robert Charles Ward |
| | | Attorneys for Defendants/Counterclaimants |
| 12 | | Andrew Verity and Christina Chang |



-5-

JOINT CASE MANAGEMENT STATEMENT                                   CASE NO. C 07-02748 MHP

**PRETRIAL AND TRIAL SCHEDULE:**

Designation of Witnesses (Case-in-chief)....................................................................November 5, 2007
Designation of Expert Witnesses ...............................................................................December 3, 2007
Non-Expert Discovery Deadline..................................................................................December 3, 2007
Expert Discovery Deadline ..........................................................................................January 14, 2008
Final Date to Hear Dispositive Motions ................................................January 14, 2008 at 2:00 p.m.
Pretrial Submissions Deadline......................................................................................February 11, 2008
Pretrial Conference...................................................................................February 20, 2008 at 3:00 p.m.
Jury Trial .................................................................................................... March 4, 2008 at 8:30 a.m.

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

Date: 9/17/07

_____
Marilyn Hall Patel,
United States District Judge

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER