HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
Iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
Sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>ANDREW VERITY and CHRISTINA CHANG.<br>　　　　　　Defendants. | Case No. C 07-02748 MHP<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PRELIMINARY INJUNCTION** |

At the May 31, 2007 hearing on Plaintiff's application for a Temporary Restraining Order, the Court enjoined Defendants and ruled that Defendants were not to "initiate contact" with CMC's clients until further order of the Court.[1]

Plaintiff confirmed the Court's Order in its Reply Brief in Support of Motion for Preliminary Injunction, filed and served on July 30, 2001. At the August 27 hearing on Plaintiff's Motion for Preliminary Injunction, the Court ruled that the TRO remained in effect pending the Court's Order on Preliminary Injunction.

It has just come to Plaintiff's attention that Defendants have surreptitiously disobeyed the Court's May 31 ruling.

This week Plaintiff learned that on June 5, 2007, within a week of the Court's Order, Defendant Andrew Verity sent an email blind copied to at least one of Plaintiff's clients, and presumably many more. This email initiated contact with Plaintiff's existing client and stated: "Please find attached my new contact details." Underneath, it stated the name of Defendants' new company, Branding Boulevard, and its address, telephone numbers, and fax number. The email concluded: "Visit us online www.brandingblvd.com." A true and correct copy of Mr. Verity's June 5 email is attached as Exhibit A to the declaration of Mark Lillge, filed concurrently with this supplemental brief. Tellingly, in their July 2007 deposition testimony, both Mr. Verity and Ms. Chang failed to identify this customer as one that Defendants had contacted just the month before.

On September 17, 2007, the Court notified the parties' counsel at the Case Management Conference that a preliminary injunction order would be forthcoming shortly. The very next day, Defendants rushed out a second e-mail. A true and correct copy of this email is attached as Exhibit B to the declaration of Mark Lillge.

Mr. Verity's September 18 email is purportedly from Mr. Verity to Defendant Christina Chang, his wife, at her former CMC e-mail address, inviting her to join his "professional network on

---

[1] May 31, 2007, Transcript of Proceedings, 16:5-17:15, attached as Exhibit A to Supplemental Declaration of Ian K. Boyd in Support of Plaintiff's Motion for Preliminary Injunction, previously filed on July 7, 2007.

–1–

PLAINTIFF'S SUPPLEMENTAL BRIEF    CASE NO. C 07-02748 MHP
IN SUPPORT OF PRELIMINARY INJUNCTION

1  LinkedIn and update your info." There can be little doubt that Mr. Verity blind copied Plaintiff's
2  clients on this email, as well.

3      LinkedIn, according to its website, is "an online network of more than 14 million
4  experienced professionals from around the world." Its purpose is to facilitate the formation of
5  professional relationships by sharing contact information. For example, it helps businesses "find
6  potential clients." A true and correct copy of a webpage from www.linkedin.com, describing
7  LinkedIn's services, is attached as Exhibit A to the declaration of Seth I. Appel, filed concurrently
8  with this supplemental brief.

9      There is no logical reason for Mr. Verity to invite Ms. Chang, his wife, to join his
10 professional network on LinkedIn and update her contact information. Rather, this email was an
11 attempt to covertly invite those CMC contacts in Mr. Verity's email folder, primarily <u>Plaintiff's
12 clients</u>, to join his professional network and to update their contact information.

13     These repeated appropriations of Plaintiff's trade secrets have caused and continue to cause
14 irreparable harm to Plaintiff. As noted at the TRO hearing, the toothpaste is now out of the tube,
15 and once Defendants make these improper contacts, the damage to Plaintiff is severe.

16     Defendants have acted with impunity in violating the Court's Order. They have also
17 solicited Plaintiff's clients by providing them with Defendants' contact information on multiple
18 occasions. Repeated attempts to contact Plaintiff's clients at this point could only have the purpose
19 of solicitation. *See American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622, 637 (1989)
20 (defendant's follow up telephone calls after initial notification letter supported finding of
21 solicitation).

22     In light of Defendants' repeated violations of the Court's Order, any preliminary injunction
23 issued by the Court should not only prohibit Defendants from soliciting Plaintiff's clients, but should
24 further maintain the status quo of the TRO and preclude Defendants from initiating any further

–2–

PLAINTIFF'S SUPPLEMENTAL BRIEF                                          CASE NO. C 07-02748 MHP
IN SUPPORT OF PRELIMINARY INJUNCTION

1  contact whatsoever with Plaintiff's clients.  Plaintiff will file shortly an application for an Order to
2  Show Cause why Defendants should not be held in contempt.[2]

3  Dated:  September 21, 2007

Respectfully submitted,
HARVEY SISKIND LLP
IAN K. BOYD
SETH I. APPEL


By:  _____/s/_____
                Seth I. Appel

Attorneys for Plaintiff,
MARK LILLGE d/b/a
CREATIVE MARKETING CONCEPTS

---

[2]  In Plaintiff's Reply Brief, Plaintiff noted that it would take third-party discovery regarding Defendants' contacts with CMC's customers to confirm the extent of Defendants' conduct, and that "[s]hould Plaintiff confirm that Defendants have been soliciting CMC's customers, despite their representations to the contrary, then Plaintiff will seek appropriate relief, including sanctions for contempt."  Pl.'s Reply in Supp. of Mot. for Prelim, Inj., 11:25-28.

–3–