1  HARVEY SISKIND LLP
   IAN K. BOYD (State Bar No. 191434)
2  iboyd@harveysiskind.com
   SETH I. APPEL (State Bar No. 233421)
3  sappel@harveysiskind.com
   Four Embarcadero Center, 39th Floor
4  San Francisco, California 94111
5  Telephone:  (415) 354-0100
   Facsimile:    (415) 391-7124
6
7  Attorneys for Plaintiff
   Mark Lillge d/b/a Creative Marketing Concepts
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>             Plaintiff,<br><br>     v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>             Defendants. | Case No.  C 07-02748 MHP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE** |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>             Counterclaimants,<br><br>     v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>             Counterdefendants. | |

1  Plaintiff/Counterclaimant Mark Lillge d/b/a Creative Marketing Concepts ("CMC") opposes the
2  Motion to Strike of Defendants/Counterclaimants Andrew Verity and Christina Chang ("Defendants") as
3  both procedurally deficient and moot.

4  In its supplemental brief, CMC pointedly did not move the Court to hold Defendants in
5  contempt. Rather, CMC submitted just-discovered evidence that Defendants had willfully violated
6  the Court's Temporary Restraining Order. CMC believed it appropriate for the Court to have this
7  information before it in fashioning its Preliminary Injunction Order. However, the Preliminary
8  Injunction Order, issued October 2, 2007, does not reference Plaintiff's supplemental filing.
9  Accordingly, Defendants' request is moot.

10  As noted in its supplemental filing, CMC will initiate contempt proceedings once it has
11  engaged in certain third-party discovery and unearthed the scope of Defendants' violations. Tellingly,
12  despite an ample opportunity to provide the Court with at least a cursory justification for their
13  conduct, Defendants chose to not respond to CMC's charge, formally or informally.

14  Finally, Defendants appear to contend that they cannot be held in contempt of a Court Order
15  which is, at least in part, issued verbally. This is incorrect. It is well-established that violation of a
16  verbal order is grounds for a finding of contempt. *See Chapman v. Pacific Telephone & Telegraph*
17  *Co.*, 613 F.2d 193, 194 (9th 1979).

Respectfully submitted,

DATED: October 5, 2007        HARVEY SISKIND LLP

By _____/s/_____
    Seth I. Appel

Attorneys for Plaintiff
Mark Lillge d/b/a/ Creative Marketing Concepts

–2–
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE            Case No. C 07-02748 MHP