CHANDLER, WOOD, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com
Attorneys for Defendants and Counterclaimants
ANDREW VERITY, CHRISTINA CHANG and

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748 MHP |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>Counterclaimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10,<br><br>Counterdefendants. | **AMENDED AND SUPPLEMENTAL COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

1. Pursuant to Fed. R. Civ. P. 13, for their Counterclaim against Mark Lillge dba Creative Marketing Concepts ("CMC") Verity ("Verity" and Christina Chang ("Chang" allege as follows:

### JURISDICTION AND INTRADISTRICT ASSIGNMENT

2. This Court has jurisdiction over the counterclaims of Verity and Chang and against CMC pursuant to 28 U.S.C. § 1367, and pursuant to Fed. R. Civ. P. 13. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Pursuant to Local Rule 3-2, assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate because a substantial part of the events or omissions which give rise to these claims occurred in the City and County of San Francisco.

3. Verity agreed to accept employment with as sales manager for Counter-Defendant Mark Lillge dba Creative Marketing Concepts ("CMC") on certain agreed terms. Those terms were partly written and partly oral. The memorandum reflecting the agreed terms of compensation for employment between Verity and CMC is attached hereto as Exhibit A to the Counterclaim and incorporated by this reference herein.

4. As part of his compensation, Verity received an ownership interest in the business of CMC. Pursuant to the agreement between Verity and CMC, CMC was obligated to buy back Verity's ownership interest in CMC should Verity leave the employment of CMC.

5. In January 2007, Lillge informed Verity that he would be fired. Lillge and Verity agreed that in exchange for Verity's continued services, CMC would employ Verity through the end of year 2007. In breach of this oral promise, CMC instead terminated Verity effective April 27, 2007.

6. CMC is obligated to repurchase Verity's ownership interest in CMC. CMC has not repurchased Verity's ownership interest nor paid Verity any consideration to repurchase Verity's interest in CMC.

7. Prior to being fired by CMC, CMC demanded that Chang sign a non-competition agreement as a condition of continued employment. CMC engaged in a practice of presenting its employees with non-competition agreements as a condition of employment. Because she would not sign such an agreement, CMC terminated Chang on May 11, 2007.

8. CMC also continues to hold pension funds that belong to Verity and Chang. CMC did not pay

**2**
**Amended and Supplemental Counterclaim - Jury Trial Demanded**

Verity for all accrued vacation at the time of his termination.

**FIRST COUNT**
**(Breach of Contract)**
**(Verity Against CMC)**

9.  Counterclaimants incorporate herein by reference as though fully set forth herein the allegations of paragraphs 1 through 8 above.

10. Verity has performed or satisfied all conditions, covenants or obligations owed by him pursuant to the agreement between Verity and CMC.

11. CMC is in breach of the written agreement with Verity, attached hereto as Exhibit A, because CMC did not Verity's ownership interest in CMC upon CMC's termination of Verity. Until CMC buys back Verity's interest, Verity also remains entitled to 35% of CMC's profits which have not yet been paid for the calendar year.

12. CMC is also in breach by not having paid to Verity part of his bonus owed for year 2006.

13. As a direct and proximate result of CMC's breaches of contract, Verity has been damaged in an amount equal to his ownership interest in CMC, which is estimated to be not less than $200,000 and is likely to be substantially higher.

**SECOND COUNT**
**(Non-Payment of Wages)**
**(Verity Against CMC)**

14. Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 13 above.

15. Pursuant to the policies and practices of CMC, Verity accrued vacation time during the course of his employment by CMC. On April 27, 2007, the date on which CMC terminated Verity, Verity had accrued five days of paid vacation time pursuant to CMC's policies, and was therefore owed prorated salary for a period of five days for this accrued vacation.

16. Verity's unpaid wages also include the quarterly payments of his bonuses for the first two quarters of 2007. Those wages also have not been paid.

17. Pursuant to Labor Code section 218.5, Verity requests that the Court award to Verity reasonable attorneys' fees and costs incurred by him in this action.

**3**

**Amended and Supplemental Counterclaim - Jury Trial Demanded**

**THIRD COUNT**
**(Waiting Time Penalties)**
**(Verity Against CMC)**

18.  Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 17 above.

19.  CMC's failure to pay for accrued vacation, as alleged above, was willful in that the withheld pay was part of a larger pattern of withholding accrued compensation from Verity in the hope of forcing Verity to execute a non-competition agreement.  Verity is therefore entitled to penalties under Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to 30 days from the time they were due, whichever period of shorter.

20.  Verity is entitled to a penalty based on a prorated portion of his salary for the waiting time resulting from CMC's failure to pay for accrued vacation.

**FOURTH COUNT**
**(Breach of Oral Contract)**
**(Verity Against CMC)**

21.  Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 20 above.

22.  CMC and Verity, in January 2007, entered into an oral agreement, by which CMC would employ Verity through the end of calendar year 2007, in exchange for Verity's continuing services as a manger for CMC.

23.  Verity performed all obligations pursuant to the oral agreement.

24.  CMC breached the oral agreement by terminating Verity effective April 27, 2007.

25.  As a direct and proximate result of CMC's breach of contract, Verity has suffered damages equal to his salary for the period from April 27, 2007 to December 31, 2007.

**FIFTH COUNT**
**(Termination in Violation of Public Policy)**
**(Chang Against CMC)**

26.  Counterclaimants incorporate herein by reference as though fully set forth herein the allegations in paragraphs 1 through 25 above.

27.  Pursuant to Business and Professions Code section 16600, it is not lawful for an employer to

4

**Amended and Supplemental Counterclaim - Jury Trial Demanded**

1  demand that an employee agree to covenant not to compete as a condition of employment.

2  28.  Chang was terminated by CMC in retaliation for her refusal to sign a non-competition agreement.

3  29.  As a proximate result of CMC's conduct, Chang has suffered harm, including lost earnings and
4  other employment benefits, all to her damage in an amount to be established at trial.

5  30.  In doing the acts set forth above, CMC knew that demanding a non-competition agreement from
6  Chang was unlawful and required Chang to choose between violating the law and losing her job.  As
7  such, CMC's conduct was willful and oppressive and warrants the assessment of exemplary and punitive
8  damages.  [insert on tape]

**SIXTH COUNT**
**(Non-Payment of Wages)**
**(Chang Against CMC)**

11  31.  Counterclaimants incorporate herein by reference as though fully set forth herein the allegations
12  in paragraphs 1 through 30 above.

13  32.  Pursuant to the policies and practices of CMC, Chang accrued vacation time during the course of
14  her employment by CMC.  On May 11, 2007, the date on which CMC terminated Chang, Chang had
15  accrued five days of paid vacation time pursuant to CMC's policies, and was therefore owed prorated
16  salary for a period of five days for this accrued vacation.

17  33.  Chang worked more than 8 hours per day while employed by CMC, but was not compensated for
18  her overtime hours.  The unpaid overtime amounts to approximately $83,733 in unpaid wages as of the
19  date that CMC terminated Chang's employment.

20  34.  Pursuant to Labor Code section 218.5, Chang requests that the Court award to Chang reasonable
21  attorneys' fees and costs incurred by her in this action.

**SEVENTH COUNT**
**(Waiting Time Penalties)**
**(Chang Against CMC)**

24  35.  Counterclaimants incorporate herein by reference as though fully set forth herein the allegations
25  in paragraphs 1 through 34 above.

26  36.  CMC's failure to pay for accrued overtime wages and vacation time, as alleged above, was
27  willful in that the withheld pay was part of a larger pattern of withholding accrued compensation from

**5**

**Amended and Supplemental Counterclaim - Jury Trial Demanded**

1  Chang in the hope of forcing Chang to execute a non-competition agreement. Chang is therefore entitled
2  to penalties under Labor Code section 203, which provides that an employee's wages shall continue as a
3  penalty until paid for a period of up to 30 days from the time they were due, whichever period of shorter.
4  37.     Chang is entitled to a penalty based on a prorated portion of her salary for the waiting time
5  resulting from CMC's failure to pay for accrued vacation.

### EIGHTH COUNT
### (Business and Professions Code Section 17200)
### (Chang Against CMC)

8  38.     Counterclaimants incorporate herein by reference as though fully set forth herein the allegations
9  in paragraphs 1 through 37 above.
10 39.     CMC has engaged in an unlawful business practice by demanding that its employees as a
11 condition of continued employment agree to covenants not to compete.
12 40.     CMC's unlawful business practice warrants injunctive and other relief pursuant to California
13 Business and Professions Code section 17200, et seq.

### NINTH COUNT
### (Breach of Trust)
### (Verity and Chang Against CMC)

16 41.     Counterclaimants incorporate by reference as though fully set forth herein the allegations of
17 paragraphs 1 through 40 above.
18 42.     CMC holds in trust certain funds beneficially owned by Verity and Chang as part of a pension
19 plan. Verity and Chang are entitled to their funds held in the pension plan established by CMC.
20 43.     CMC has breached its fiduciary duty as trustee of the pension funds of Verity and Chang by not
21 allowing them to transfer their pension funds to another pension plan.

### TENTH COUNT
### (Defamation)
### (Verity and Chang Against CMC)

24 44.     Counterclaimants incorporate by reference as though fully set forth herein the allegations of
25 paragraphs 1 through 43 above.
26 45.     CMC has made, and continues to make false and misleading statements to potential suppliers and
27 customers in the promotional products industry. These false and misleading statements include:

**6**

**Amended and Supplemental Counterclaim - Jury Trial Demanded**

a. Verity and/or Chang are not legally resident in the United States.

b. Verity and/or Chang cannot legally do business in the United States.

c. Verity and/ or Chang are subject to a court order that prevents them from doing business with CMC's suppliers and/or customers.

46. CMC has made the foregoing statement with knowledge of their falsity and with the intent of harming Verity and Chang.

47. CMC has made false statements maliciously and oppressively, entitling counterclaimants to an award of exemplary and punitive damages.

**ELEVENTH COUNT**
**(Intentional Interference with Prospective Economic Advantage)**
**(Verity and Chang against CMC)**

48. Counterclaimants incorporate by reference as though fully set forth herein the allegations of paragraphs 1 through 47 above.

49. Counterdefendant CMC has used the pending litigation to obtain the identities of customers of . CMC has contract those customers and falsely informed them that there is a court order forbidding them to do business with .

50. As a direct and proximate result of CMC's interference with Verity and Chang's relations with its customers,  has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaimants pray for judgment against CMC as follows:

1. The CMC take nothing by way of its complaint;

2. For damages according to proof;

3. For an injunction against CMC's unlawful business practices;

4. For punitive and exemplary damages;

5. For an accounting as to counterclaimant's funds held in trust by CMC;

6. For reasonable attorneys' fees and costs of suit; and

7. For such other and further relief that the Court deems just and proper.

7

**Amended and Supplemental Counterclaim - Jury Trial Demanded**

DATED: 1 November 2007

CHANDLER, WOOD, HARRINGTON & MAFFLY

By:
RICHARD HARRINGTON
Attorneys for Defendants and Counterclaimants
ANDREW VERITY and CHRISTINA CHANG

**DEMAND FOR JURY TRIAL**

Counterclaimants Verity and Chang hereby demand a jury pursuant to Rule 38 of Federal Rules of Civil Procedure.

DATED: 1 November 2007

CHANDLER, WOOD, HARRINGTON & MAFFLY

By:
RICHARD HARRINGTON
Attorneys for Defendants and Counterclaimants
ANDREW VERITY and CHRISTINA CHANG

**8**

**Amended and Supplemental Counterclaim - Jury Trial Demanded**