HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**[PROPOSED] ORDER CONFIRMING SCOPE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

On May 31, 2007, the Court heard the application for a Temporary Restraining Order filed by plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("CMC") against CMC's former employees, defendants Andrew Verity and Christina Chang. At that time, the Court granted the Temporary Restraining Order. It ruled that "there is to be no transmission or use of – and defining these terms as broadly as possible – of trade secret information in the pursuing of [Defendants'] own business and in pursuing clients and so forth." The Court further held that Defendants were not to "initiate contact"

1   with CMC's clients until further order of the Court, and that "they are not to solicit customers of
2   CMC" during this time.

3   Pursuant to the stipulation of the parties, that Temporary Restraining Order remained in effect
4   until the Court ruled on CMC's request to convert the Temporary Restraining Order into a
5   Preliminary Injunction to enjoin defendants in this regard until a full trial on the merits. At the
6   August 27, 2007 preliminary injunction hearing, the Court reminded the parties that the Temporary
7   Restraining Order remained in effect until the Court's ruling on the preliminary injunction.

8   On October 1, 2007, the Court granted plaintiff's motion, and converted the Temporary
9   Restraining Order into a Preliminary Injunction. The Court's Preliminary Injunction Order
10  confirmed that while defendants were "barred from *initiating contact with*" CMC's customers,
11  defendants remained free to do business with those customers that contacted them (emphasis in
12  original).

13  This addendum confirms that more than one notification from defendants to CMC's
14  customers regarding their new business is not permitted under either the Temporary Restraining
15  Order or the Preliminary Injunction Order (even when such notification in isolation may not be
16  viewed as a solicitation). As confirmed by both Orders, repeated notifications to a customer
17  constitute a solicitation and improper initiation of contact violating the injunctions which have been
18  and are currently in force. *See American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622, 637
19  (1989).

20  **IT IS SO ORDERED.**

21  Dated: November ___, 2007

22                                                    The Honorable Marilyn Hall Patel
                                                      United States District Court Judge

23

24

25

26

27

28

–2–

[PROPOSED] ORDER                                              CASE NO. C 07-02748 MHP
CONFIRMING SCOPE OF TRO AND PRELIMINARY INJUNCTION