| | |
|---|---|
| 1 | HARVEY SISKIND LLP |
| | IAN K. BOYD (State Bar No. 191434) |
| 2 | iboyd@harveysiskind.com |
| | SETH I. APPEL (State Bar No. 233421) |
| 3 | sappel@harveysiskind.com |
| 4 | Four Embarcadero Center, 39th Floor |
| | San Francisco, California 94111 |
| 5 | Telephone: (415) 354-0100 |
| | Facsimile:  (415) 391-7124 |
| 6 | |
| 7 | Attorneys for Plaintiff |
| | Mark Lillge d/b/a Creative Marketing Concepts |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, | Case No. C 07-02748 MHP |
| Plaintiff, | **[PROPOSED] ORDER CONFIRMING SCOPE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| vs. | |
| ANDREW VERITY and CHRISTINA CHANG, | |
| Defendants. | |

On May 31, 2007, the Court heard the application for a Temporary Restraining Order filed by plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("CMC") against CMC's former employees, defendants Andrew Verity and Christina Chang. At that time, the Court granted the Temporary Restraining Order. It ruled that "there is to be no transmission or use of – and defining these terms as broadly as possible – of trade secret information in the pursuing of [Defendants'] own business and in pursuing clients and so forth." The Court further held that Defendants were not to "initiate contact"

with CMC's clients until further order of the Court, and that "they are not to solicit customers of CMC" during this time.

Pursuant to the stipulation of the parties, that Temporary Restraining Order remained in effect until the Court ruled on CMC's request to convert the Temporary Restraining Order into a Preliminary Injunction to enjoin defendants in this regard until a full trial on the merits. At the August 27, 2007 preliminary injunction hearing, the Court reminded the parties that the Temporary Restraining Order remained in effect until the Court's ruling on the preliminary injunction.

On October 1, 2007, the Court granted plaintiff's motion, and converted the Temporary Restraining Order into a Preliminary Injunction. The Court's Preliminary Injunction Order confirmed that while defendants were "barred from *initiating contact with*" CMC's customers, defendants remained free to do business with those customers that contacted them (emphasis in original).

This addendum confirms that more than one notification from defendants to CMC's customers regarding their new business is not permitted under either the Temporary Restraining Order or the Preliminary Injunction Order (even when such notification in isolation may not be viewed as a solicitation). As confirmed by both Orders, repeated notifications to a customer constitute a solicitation and improper initiation of contact violating the injunctions which have been and are currently in force. *See American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622, 637 (1989).

**IT IS SO ORDERED.**

Dated: November _9_, 2007

_____
The Honorable Marilyn H. Patel
United States District Court Judge

*IT IS SO ORDERED*
Judge Marilyn H. Patel
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA