HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California  94111
Telephone:  (415) 354-0100
Facsimile:    (415) 391-7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No.  C 07-02748 MHP<br><br>**REPLY TO AMENDED AND SUPPLEMENTAL COUNTERCLAIM** |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>Counterclaimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>Counterdefendants. | |

1.    Plaintiff/Counterdefendant Mark Lillge d/b/a Creative Marketing Concepts ("Plaintiff"), for its Reply to the Amended and Supplemental Counterclaim ("Counterclaim") filed by Defendants/Counterclaimants Andrew Verity and Christina Chang ("Defendants"), responds as follows:

2.    Answering the allegations of Paragraph 2 of the Counterclaim, Plaintiff admits that the Court has jurisdiction over this matter, venue is proper in this District and assignment to the San Francisco Division is proper pursuant to Local Rule 3-2.  Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 2.

3.    Answering the allegations of Paragraph 3 of the Counterclaim, Plaintiff admits that Verity agreed to accept employment as sales manager for Plaintiff on certain agreed terms.  Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 3.

4.    Answering the allegations of Paragraph 4 of the Counterclaim, Plaintiff denies each and every such allegation.

5.    Answering the allegations of Paragraph 5 of the Counterclaim, Plaintiff denies each and every such allegation.

6.    Answering the allegations of Paragraph 6 of the Counterclaim, Plaintiff admits that it has not paid Verity any consideration to repurchase any alleged interest of Verity in Plaintiff.  Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 6.

7.    Answering the allegations of Paragraph 7 of the Counterclaim, Plaintiff admits that it requested all of its employees, including Chang, to sign an agreement to ensure the protection of the company's trade secrets, and Plaintiff further admits that it terminated Defendant Chang's employment.  Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 7.

8.    Answering the allegations of Paragraph 8 of the Counterclaim, Plaintiff admits that Chang and Verity, while employed by Plaintiff, participated in a pension administered by a third party.  Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 8.

9.    Answering the allegations of Paragraph 9 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-8, inclusive, as though fully set forth herein.

10.     Answering the allegations of Paragraph 10 of the Counterclaim, Plaintiff denies each and every such allegation.

11.     Answering the allegations of Paragraph 11 of the Counterclaim, Plaintiff denies each and every such allegation.

12.     Answering the allegations of Paragraph 12 of the Counterclaim, Plaintiff denies each and every such allegation.

13.     Answering the allegations of Paragraph 13 of the Counterclaim, Plaintiff denies each and every such allegation.

14.     Answering the allegations of Paragraph 14 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-13, inclusive, as though fully set forth herein.

15.     Answering the allegations of Paragraph 15 of the Counterclaim, Plaintiff admits that Verity accrued vacation time during the course of his employment by Plaintiff.  Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 15.

16.     Answering the allegations of Paragraph 16 of the Counterclaim, Plaintiff denies each and every such allegation.

17.     Answering the allegations of Paragraph 17 of the Counterclaim, Plaintiff denies that Verity is entitled to the award he requests.

18.     Answering the allegations of Paragraph 18 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-17, inclusive, as though fully set forth herein.

19.     Answering the allegations of Paragraph 19 of the Counterclaim, Plaintiff denies each and every such allegation.

20.     Answering the allegations of Paragraph 20 of the Counterclaim, Plaintiff denies each and every such allegation.

21.     Answering the allegations of Paragraph 21 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-20, inclusive, as though fully set forth herein.

–2–

22.     Answering the allegations of Paragraph 22 of the Counterclaim, Plaintiff denies each and every such allegation.

23.     Answering the allegations of Paragraph 23 of the Counterclaim, Plaintiff denies each and every such allegation.

24.     Answering the allegations of Paragraph 24 of the Counterclaim, Plaintiff denies each and every such allegation.

25.     Answering the allegations of Paragraph 25 of the Counterclaim, Plaintiff denies each and every such allegation.

26.     Answering the allegations of Paragraph 26 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-25, inclusive, as though fully set forth herein.

27.     Answering the allegations of Paragraph 27 of the Counterclaim, Plaintiff denies each and every such allegation.

28.     Answering the allegations of Paragraph 28 of the Counterclaim, Plaintiff denies each and every such allegation.

29.     Answering the allegations of Paragraph 29 of the Counterclaim, Plaintiff denies each and every such allegation.

30.     Answering the allegations of Paragraph 30 of the Counterclaim, Plaintiff denies each and every such allegation.

31.     Answering the allegations of Paragraph 31 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-30, inclusive, as though fully set forth herein.

32.     Answering the allegations of Paragraph 32 of the Counterclaim, Plaintiff admits that Chang accrued vacation time during the course of her employment by Plaintiff.  Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 32.

33.     Answering the allegations of Paragraph 33 of the Counterclaim, Plaintiff denies each and every such allegation.

–3–

34.     Answering the allegations of Paragraph 34 of the Counterclaim, Plaintiff denies that Chang is entitled to the award she requests.

35.     Answering the allegations of Paragraph 35 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-34, inclusive, as though fully set forth herein.

36.     Answering the allegations of Paragraph 36 of the Counterclaim, Plaintiff denies each and every such allegation.

37.     Answering the allegations of Paragraph 37 of the Counterclaim, Plaintiff denies each and every such allegation.

38.     Answering the allegations of Paragraph 38 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-37, inclusive, as though fully set forth herein.

39.     Answering the allegations of Paragraph 39 of the Counterclaim, Plaintiff denies each and every such allegation.

40.     Answering the allegations of Paragraph 40 of the Counterclaim, Plaintiff denies each and every such allegation.

41.     Answering the allegations of Paragraph 41 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-40, inclusive, as though fully set forth herein.

42.      Answering the allegations of Paragraph 42 of the Counterclaim, Plaintiff admits that Chang and Verity, while employed by Plaintiff, participated in a pension which was administered by a third party.   Except as expressly admitted herein, Plaintiff denies the remaining allegations of Paragraph 42.

43.     Answering the allegations of Paragraph 43 of the Counterclaim, Plaintiff denies each and every such allegation.

44.     Answering the allegations of Paragraph 44 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-43, inclusive, as though fully set forth herein.

–4–

45.     Answering the allegations of Paragraph 45 of the Counterclaim, Plaintiff denies each and every such allegation.

46.     Answering the allegations of Paragraph 46 of the Counterclaim, Plaintiff denies each and every such allegation.

47.     Answering the allegations of Paragraph 47 of the Counterclaim, Plaintiff denies each and every such allegation.

48.     Answering the allegations of Paragraph 48 of the Counterclaim, Plaintiff incorporates by this reference each and every response set forth above in paragraphs 1-47, inclusive, as though fully set forth herein.

49.     Answering the allegations of Paragraph 49 of the Counterclaim, Plaintiff notes that the first sentence of this Paragraph is unintelligible, and on that basis denies any intended allegations therein.  Plaintiff also denies the remaining allegations of Paragraph 49.

50.     Answering the allegations of Paragraph 50 of the Counterclaim, Plaintiff again notes that the first sentence of this Paragraph is unintelligible, and on that basis denies any intended allegations therein.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

51.     The Counterclaim, and each purported cause of action therein, fails to state a claim upon which relief may be granted against Plaintiff.

### **SECOND AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

52.     Defendants' own conduct bars the Counterclaim through the doctrine of unclean hands.

### **THIRD AFFIRMATIVE DEFENSE**
**(Estoppel)**

53.     Defendants are estopped from asserting the causes of action asserted in the Counterclaim.

### **FOURTH AFFIRMATIVE DEFENSE**
**(Waiver)**

54.     Defendants have waived each cause of action asserted in the Counterclaim.

–5–

**FIFTH AFFIRMATIVE DEFENSE**
**(Offset)**

55.     Any claim for damages by Defendants should be offset by the damages Plaintiff has sustained as a result of Defendants' conduct, acts or omissions.

**SIXTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

56.     Defendants cannot prevail on several of the causes of action in the Counterclaim because of an accord and satisfaction.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure of Consideration)**

57.     Defendants cannot prevail on several of the causes of action in the Counterclaim because of failure of consideration.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Trade Secrets)**

58.     Defendants cannot prevail on several of the causes of action in the Counterclaim because of the existence of Plaintiff's trade secrets.

**NINTH AFFIRMATIVE DEFENSE**
**(Truth/Absence of Malice)**

59.     Defendants cannot prevail on several of the causes of action in the Counterclaim because of the truth of the statements at issue, or where any such statements were made without the requisite malice.

**TENTH AFFIRMATIVE DEFENSE**
**(Privilege)**

60.     Defendants cannot prevail on several of the causes of action in the Counterclaim because the statements at issue were privileged.

///

///

///

///

///

REPLY TO AMENDED AND SUPPLEMENTAL                    Case No. C 07-02748 MHP
COUNTERCLAIM

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That Defendants take nothing by way of the Counterclaim;

2.    That judgment be entered in favor of Plaintiff;

3.    For reasonable attorneys' fees and costs of suit as incurred; and

4.    For such other and further relief as the Court may deem just and proper.


DATED:  November 19, 2007              Respectfully submitted,

                                       HARVEY SISKIND LLP


                                       By: _____/s/_____
                                                    Seth I. Appel

                                       Attorneys for Plaintiff
                                       Mark Lillge d/b/a/ Creative Marketing Concepts