HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
sappel@harveysiskind.com
RAFFI V. ZEROUNIAN (State Bar No. 236388)
rzerounian@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone:  415.354.0100
Facsimile:   415.391.7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hon. Marilyn Hall Patel<br>Date:  March 3, 2008<br>Time:  2:00 p.m.<br>Courtroom 15 |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>Counterclaimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>Counterdefendants. | |

1   This matter came on for determination before the Honorable Marilyn Hall Patel, on March 3, 2008, upon the motion of plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("CMC") for partial summary judgment as to the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh causes of action filed by defendants and counterclaimants Andrew Verity and Christina Chang (collectively, "Defendants"). After hearing the evidence and argument of counsel, and reviewing the papers, the Court finds as follows:

    1.  Defendants' admission in their Answer confirms that CMC's confidential information derives independent economic value from not being generally known to the public or other persons who can obtain economic value from its disclosure or use. *See F.R.C.P. 8(d)*; *Lockwood v. Wolf Corp.*, 629 F.2d 603, 611 (9th Cir. 1980). In addition, CMC has confirmed that there is no genuine issue of material fact as to whether CMC makes reasonable efforts under the circumstances to maintain the secrecy of this information. *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514 (Ct. App. 1997); *American Credit Indemnity Company v. Sacks*, 213 Cal. App. 3d. 622, 631 (Ct. App. 1989). Accordingly, CMC's termination of Christina Chang for her refusal to sign the confidentiality agreement does not conflict with Business and Professions Code Section 16600. Similarly, an employer's termination of an employee who refuse to sign such agreements, where trade secrets are present, is not a violation of Business and Professions Code Section 17200.

    2.  There is no genuine issue of material fact as to whether Defendant Chang had any expectation, nor as to whether she provided any consideration, for any additional vacation pay beyond that which accrued to her pursuant to CMC's employment policies, and for which she was compensated. At best, CMC's purported statement to "throw in" five additional days of vacation pay was a mere promise to make a gift, and is not enforceable. *Dow v. River Farms Co.*, 110 Cal. App. 2d 403 (1952); *Passante v. McWilliam*, 53 Cal. App. 4th 1240, 1249 (1997). Accordingly, she fails to meet the necessary burden of proof for her vacation pay claim and related waiting time penalties.

    3.  Defendants further fail to meet their burden of proof regarding the purported defamatory statements made by Plaintiff. Both the June 27, 2007 letter and September 7, 2007 e-mail accurately reflect the Orders of this Court. *See Smith v. Maldonado*, 72 Cal. App. 4th 637, 646 (Ct. App. 1999). The alleged verbal misrepresentations constitute hearsay and are inadmissible for purposes of a Motion for

–1–

1   Summary Judgment.  *See Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845 (9th Cir.
2   1990); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177 (C.D. Cal. 2002).

3       4.   There is no genuine issue of material fact with respect to Defendants' tortious
4   interference counterclaim.  Defendants have failed to meet their burden to prove an economic
5   relationship between themselves and a third party, for which they had a protectable expectancy, and
6   which was subsequently and knowingly disrupted by Plaintiff, giving rise to actual economic harm to
7   Defendants.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-54, 1164-65
8   (2003); *Blank v. Kirwan*, 39 Cal. 3d 311, 330-31 (1985).  In addition, Defendants have failed to establish
9   a genuine issue of material fact as to any independent wrong by Plaintiff, beyond some measure of the
10  purported interference itself.  *See Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-
11  93.

12      Thus, for good cause therefor appearing, it is **ORDERED** as follows:

13      The Court hereby enters judgment for Plaintiff/Counterclaim Defendant with respect to
14  Defendants' Fifth Count (Termination in Violation of Public Policy); Eight Count (Business and
15  Professions Code Section 17200); Tenth Count (Defamation); and Eleventh Count (Intentional
16  Interference with Prospective Economic Advantage).  In addition, the Court hereby enters judgment
17  for Plaintiff/Counterclaim Defendant with respect to Defendants' Sixth Count (Non-Payment of
18  Wages) and Seventh Count (Waiting Time Penalties) to the extent that they arise from Defendants'
19  allegations regarding vacation pay for Christina Chang.

Dated:  March ___, 2008.        _____
                                The Honorable Marilyn Hall Patel
                                United States District Court