# Exhibit E to Declaration of Ian K. Boyd in Support of Plaintiff's Motion For Partial Summary Judgment

# Case No. C 07-2748

Case 3:07-cv-02748-MHP   Document 82-6   Filed 01/28/2008   Page 1 of 3

```
 1  HARVEY SISKIND LLP
    IAN K. BOYD (State Bar No. 191434)
 2  iboyd@harveysiskind.com
    SETH I. APPEL (State Bar No. 233421)
 3  sappel@harveysiskind.com
    Four Embarcadero Center, 39th Floor
 4  San Francisco, California  94111
 5  Telephone:  (415) 354-0100
    Facsimile:   (415) 391-7124
 6
 7  Attorneys for Plaintiff
    Mark Lillge d/b/a Creative Marketing Concepts
 8
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No.  C 07-02748 MHP<br><br>[~~PROPOSED~~] ORDER CONFIRMING SCOPE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

On May 31, 2007, the Court heard the application for a Temporary Restraining Order filed by plaintiff Mark Lillge d/b/a Creative Marketing Concepts ("CMC") against CMC's former employees, defendants Andrew Verity and Christina Chang. At that time, the Court granted the Temporary Restraining Order. It ruled that "there is to be no transmission or use of – and defining these terms as broadly as possible – of trade secret information in the pursuing of [Defendants'] own business and in pursuing clients and so forth." The Court further held that Defendants were not to "initiate contact"

–1–

1  with CMC's clients until further order of the Court, and that "they are not to solicit customers of
2  CMC" during this time.

3  Pursuant to the stipulation of the parties, that Temporary Restraining Order remained in effect
4  until the Court ruled on CMC's request to convert the Temporary Restraining Order into a
5  Preliminary Injunction to enjoin defendants in this regard until a full trial on the merits. At the
6  August 27, 2007 preliminary injunction hearing, the Court reminded the parties that the Temporary
7  Restraining Order remained in effect until the Court's ruling on the preliminary injunction.

8  On October 1, 2007, the Court granted plaintiff's motion, and converted the Temporary
9  Restraining Order into a Preliminary Injunction. The Court's Preliminary Injunction Order
10 confirmed that while defendants were "barred from *initiating contact with*" CMC's customers,
11 defendants remained free to do business with those customers that contacted them (emphasis in
12 original).

13 This addendum confirms that more than one notification from defendants to CMC's
14 customers regarding their new business is not permitted under either the Temporary Restraining
15 Order or the Preliminary Injunction Order (even when such notification in isolation may not be
16 viewed as a solicitation). As confirmed by both Orders, repeated notifications to a customer
17 constitute a solicitation and improper initiation of contact violating the injunctions which have been
18 and are currently in force. *See American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622, 637
19 (1989).

20 **IT IS SO ORDERED.**

21 Dated: November 9, 2007



_____
The Honorable Marilyn H. Patel

-2-

[PROPOSED] ORDER
CONFIRMING SCOPE OF TRO AND PRELIMINARY INJUNCTION

CASE NO. C 07-02748 MHP