# Exhibit F to Declaration of Ian K. Boyd in Support of Plaintiff's Motion For Partial Summary Judgment

# Case No. C 07-2748



## SHARTSIS FRIESE LLP
One Maritime Plaza • Eighteenth Floor
San Francisco, California 94111-3598

JUL 0 6 2007

**FILE COPY**

July 6, 2007

**VIA HAND DELIVERY**

Ian K. Boyd, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

Re:   *Mark Lillge v. Verity and Chang*

Dear Ian:

It has come to our clients' attention that Mark Lillge is sending the attached letter to various suppliers used by those in the promotional products industry.

To whom has Creative Marketing Concepts sent this letter?

Did CMC apply to Judge Patel for authority to send this letter?

Did Rich Harrington or I miss notice of such an application to Judge Patel?

Is there is a transcript or written order upon which CMC relied in characterizing Judge Patel's order? We do not think that the letter accurately characterizes Judge Patel's statements at the hearing.

To whom does CMC intend to send this letter or similar communication in the future?

Also, I cannot help but point out the inherent inconcinnity of broadcasting a letter to several suppliers in the marketplace to ask those various participants in the market to help safeguard certain supposed trade secrets.

Tel: 415-421-6500 • www.sflaw.com • Fax: 415-421-2922

Ian Boyd, Esq.
July 6, 2007
Page 2

    Please answer the questions above and provide whatever further elaboration your client thinks is appropriate to justify what appears to have been a misrepresentation of Judge Patel's actions as well as an attempt to undermine our clients' efforts to establish a new business to earn their livelihood.

                                      Very truly yours,

                                      Robert Charles Ward

RCW:jli
Attachment
cc:    Richard Harrington, Esq.

7475\001\RWARD\1445257.1



572 MARKET STREET • SAN FRANCISCO, CA 94104

☎ 800.686.6462 • WWW.CMCPROMOS.COM

June 27, 2007

Dear President,

This is to put you on notice that on June 1, 2007, Judge Marilyn Hall Patel, of the United States District Court for the Northern District of California, San Francisco Division, granted a Temporary Restraining Order to prevent Andrew Verity and Christina Chang, former employees of Creative Marketing Concepts, from soliciting our clients or misappropriating any of CMC's trade secrets.

As you may be aware, Mr. Verity and Ms. Chang, have established their own promotional products business, which they have every right to do. We believe the name of the company is Branding Boulevard. However, CMC filed a lawsuit against Mr. Verity and Ms. Chang because we have reason to believe that they have used or threatened to use CMC trade secret information to solicit CMC's clients and acquire information about jobs that CMC has done in the past.

Accordingly, we ask that you inform the appropriate people in your organization that: 1) Mr. Verity and Ms. Chang are no longer employees of CMC and do not represent CMC in any way; 2) Mr. Verity and Ms. Chang are non entitled to any information regarding CMC clients, including products, pricing, artwork, etc.; and 3) please inform me directly if either Mr. Verity or Ms. Chang request any information about or relating to CMC's current or past clients.

CMC considers your company an important supplier and we have enjoyed the business relationship we have had with your company. As I trust you can appreciate, we must protect our mutual business interests and we will continue to pursue whatever legal actions are appropriate to preserve our valued client base and proprietary company information, which benefits your business as well as CMC's. I thank you for your cooperation.

Please contact me directly if you have any questions or need additional information.

Sincerely,

Mark Lillge
President

*Our mission is to provide the most suitable promotions for our clients with the best service at most competitive rates.*



# SHARTSIS FRIESE LLP
One Maritime Plaza • Eighteenth Floor
San Francisco, California 94111-3598

JUL 2 0 2007

**FILE COPY**

July 19, 2007

**<u>VIA FACSIMILE AND MAIL</u>**

Ian K. Boyd, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

    Re:    *Mark Lillge v. Verity and Chang*

Dear Ian:

    We are still waiting for a response to my letter of July 6, 2007, in which we made a number of inquiries in connection with a letter that Mr. Lillge appears to have sent to a number of suppliers. As we made clear in the letter, we believe that Mr. Lillge's letter misrepresents the Court's order and was an extremely bad idea for a number of other reasons. We need to hear back from your client on this immediately, or we will have no choice but to raise this matter with Judge Patel at the next hearing. In the alternative, your client can propose an appropriate retraction to avoid or to mitigate the consequences of the inappropriate letter to the suppliers.

                                   Very truly yours,

                                   Robert Charles Ward

RCW:jli
cc:    Richard Harrington, Esq.
7475\001\RWARD\1447839.1

Tel: 415-421-6500 • www.sflaw.com • Fax: 415-421-2922

# HARVEY ■ SISKIND LLP

August 1, 2007

Ian K. Boyd

**VIA FACSIMILE & U.S. MAIL**

Richard Harrington, Esq.
Chandler, Wood, Harrington & Maffly LLP
One Maritime Plaza, Fourth Floor
San Francisco, CA 94111

**FILE COPY**

Re:  *Creative Marketing Concepts v. Verity & Chang*
     Case No. C 07-2748 MHP

Dear Rich:

I am in receipt of your July 27, 2007 letter regarding the requested retraction. Upon receipt of your letter, I again reviewed the May 31 hearing transcript and I trust that you did the same prior to sending me your letter. We do not believe that Creative Marketing Concepts' June 27, 2007 letter in any way mischaracterizes Judge Patel's findings. Accordingly, we do not believe it appropriate for CMC to retract any portion of its June 27 letter.

At the hearing, Judge Patel ordered "there is to be no transmission or use of – and defining these terms as broadly as possible – of trade secret information in the pursuing of [Defendants'] own business and in pursuing clients and so forth; furthermore, that they are not to pursue or initiate contact with – on their own initiate contact or through their corporation initiate contact" with "clients ... of their former employer, CMC, until further order of the Court." The first paragraph of CMC's June 27, 2007 accurately reflects the Court's findings.

The second paragraph accurately reflects CMC's contentions regarding this matter. The third paragraph is a request from CMC which suppliers are free to comply with or reject. I do not believe that you take any issue with the remainder of CMC's letter.

I note here that your request for a retraction only further confirms CMC's suspicions and allegations in this matter. CMC has just sent the June 27 letter to its own suppliers. Your July 27 letter would have only been sent to me if Defendants were attempting to work with these very same suppliers for Defendants' own directly competitive business. Yet as his deposition, Defendant

FOUR EMBARCADERO CENTER    39TH FLOOR    SAN FRANCISCO    CALIFORNIA    94111
TELEPHONE 415.354.0100           FACSIMILE 415.391.7124           WWW.HARVEYSISKIND.COM

**INTERROGATORY NO. 6:**

State all grounds on which the following statement is false or misleading, as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim: Verity and/or Chang are not legally resident in the United States.

**RESPONSE TO INTERROGATORY NO. 6:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds: The statement is false simply because it is Lillge who had no lawful basis to tell people otherwise.

**INTERROGATORY NO. 7:**

State all grounds on which the following statement is false or misleading, as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim: Verity and/or Chang cannot legally do business in the United States.

**RESPONSE TO INTERROGATORY NO. 7:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds: The statement is false simply because it is Lillge who had no lawful basis to tell people otherwise.

**INTERROGATORY NO. 8:**

State all grounds on which the following statement is false or misleading, as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim: Verity and/or Chang are subject to a court order that prevents them from doing business with CMC's suppliers and/or customers.

**RESPONSE TO INTERROGATORY NO. 8:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds: The order does not state this.

**INTERROGATORY NO. 9:**

State the legal basis on which you are currently residing in the United States.

**RESPONSE TO INTERROGATORY NO. 9:**

Verity objects on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his objections, Verity is

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Richard Harrington, Esq.
August 1, 2007
Page 2

Andrew Verity testified "I think that there are three to four to five thousand vendors" available to service companies like CMC or Defendants [93:13-14]. That Defendants are attempting to work with these same suppliers (who have such intimate knowledge of CMC's business practices and customer orders), out of all of the vendors available to Defendants, only further evidences the need for injunctive relief.

    I invite you to contact me if you wish to discuss this matter further.

                      Sincerely,

                       Ian K. Boyd

IKB:cl

## VERIFICATION

I, ANDREW VERITY, declare:

I am one of the defendants and counterclaimants in this action. I have read the foregoing RESPONSE TO PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS' SECOND SET OF INTERROGATORIES TO DEFENDANT/COUNTERCLAIMANT ANDREW VERITY (FRCP 36) and know the contents thereof. I am informed and believe that the matters therein stated are true and on that ground allege that the matters stated there are true and on that basis provide this verification.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 21, 2007 at BERKELEY, California.

_____
ANDREW VERITY

1 them that there is a court order forbidding them to do business with [sic]," including but not
2 limited to the individual(s) you allege has contacted Defendants' "customers," the individuals
3 contacted, what was specifically said to these customers, when the communication was made, and
4 the manner of communication.

5 **RESPONSE TO INTERROGATORY NO. 21:**

6 Chang objects on the grounds that the request is overbroad and unduly burdensome.
7 Subject to and without waiving her objections, Chang responds that this interrogatory is wholly
8 redundant of other interrogatories answered above.

9 **INTERROGATORY NO. 22:**

10 Identify with precision, including by category, amount, customer and transaction, all
11 damages suffered by you as a result of CMC's alleged "false and misleading statements to
12 potential suppliers and customers," as alleged in Paragraph 50 of the Amended and Supplemental
13 Counterclaim.

14 **RESPONSE TO INTERROGATORY NO. 22:**

15 Chang objects on the grounds that the interrogatory may seek premature disclosure of
16 expert testimony. Chang objects on the grounds that the request is overbroad and unduly
17 burdensome. Subject to and without waiving her objections, Chang responds: Chang cannot
18 identify "with precision" her damages as this time because they are increasing in large measure
19 because of the wrongfully obtained preliminary injunction. Chang estimates that her damages
20 exceed the amount of Plaintiff's undertaking.

21
22 DATED:    November 21, 2007        SHARTSIS FRIESE LLP
23
24                                    By /s/ Robert C. Ward
                                       ROBERT CHARLES WARD
25
26                                    Attorneys for Defendants and
                                       Counterclaimants ANDREW VERITY and
                                       CHRISTINA CHANG
27
28

- 11 -