# Exhibit G to Declaration of Ian K. Boyd in Support of Plaintiff's Motion For Partial Summary Judgment

# Case No. C 07-2748

```
CHANDLER, WOOD, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com

Attorneys for Defendants and Counterclaimants
ANDREW VERITY and CHRISTINA CHANG
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748<br><br>**RESPONSE TO PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS' SECOND SET OF INTERROGATORIES TO DEFENDANT/COUNTERCLAIMANT CHRISTINA CHANG (FRCP 36)** |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>Counter-Claimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10,<br><br>Counter-Defendants. | |

- 1 -

Case No. C 07-02748     RESPONSE TO SECOND SET OF INTERROGATORIES

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff/Counterdefendant MARK LILLGE, d/b/a CREATIVE MARKETING CONCEPTS |
| RESPONDING PARTY: | Defendant/Counterclaimant CHRISTINA CHANG |
| SET NUMBER: | TWO |

## GENERAL OBJECTIONS

1. Responding party objects to each and every requests to the extent that any such request seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege. To the extent that any such information is inadvertently provided, such response shall not be a waiver of responding party's claim to the attorney-client privilege, work product doctrine or any other applicable privilege with respect to the subject matter of that response.

2. Responding party objects to each and every request to the extent it purports to require responding party to disclosure, trade secret or other confidential research, development or commercial information about its business or operations, or the business or operations of its affiliates.

3. Responding party objects on the grounds that discovery is continuing and responding party reserves the right to supplement these responses until a reasonable period of time after discovery has closed in this case.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all dates on which you worked more than 8 hours but were not compensated for overtime hours, as alleged in Paragraph 33 of the Amended and Supplemental Counterclaim.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving her objections, Chang responds: A calculation of the dates and hours of overtime is attached as Exhibit A to these interrogatory responses.

**INTERROGATORY NO. 2:**

Identify with precision the basis of your allegation in Paragraph 33 of the Amended and Supplemental Counterclaim that your unpaid wages resulting from unpaid overtime total

approximately $83,733, including how you arrived at this figure.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving her objections, Chang responds: A calculation of the dates and hours of overtime is attached as Exhibit A to these interrogatory responses.

**INTERROGATORY NO. 3:**

Describe with particularity all tasks you performed on days that you worked more than 8 hours but were not compensated for overtime hours, as alleged in Paragraph 33 of the Amended and Supplemental Counterclaim, including the amount of time you spent in connection with each task.

**RESPONSE TO INTERROGATORY NO. 3:**

Chang objects on the grounds that the request is overbroad and unduly burdensome in asking Chang to describe "with particularity all tasks" that she performed on the many days she worked more than 8 hours. Subject to and without waiving her objections, Chang responds: Chang performed her usual tasks as a sales representative for CMC while working more than 8 hours a day.

**INTERROGATORY NO. 4:**

With respect to each "false and misleading statement[] to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify the date of such statement.

**RESPONSE TO INTERROGATORY NO. 4:**

Chang objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving her objections, Chang responds: On or about June 27, 2007, Lillge sent a letter to industry suppliers that was false and misleading. On or about September 7, 2007, Lillge sent an email to customers, suppliers and industry contacts that was false and misleading. From the filing of the lawsuit to the present, Lillge has contact several customers of Branding Boulevard.

**INTERROGATORY NO. 5:**

With respect to each "false and misleading statement[] to potential suppliers and

customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify who made the statement and the person to whom the statement was made.

**RESPONSE TO INTERROGATORY NO. 5:**

Chang objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving her objections, Chang responds that most such statements were made by Lillge and were made to Branding Boulevard customers, many of whom were identified on defendants' potential witness disclosure, which Verity and Chang expect to supplement as they discover more information. The June 27, 2007 letter to suppliers was sent to an unknown list of suppliers. Plaintiff would know to whom this letter was sent. The September 7, 2007 email also was sent to an unknown list of recipients, and such list would be known to plaintiff. However, such list included customers, suppliers and even personal acquaintances of Verity and Chang. Among those who definitely received the September 7 email were Yolanda Reeves, Elana Mendivil and Michelle Chan. Bruce Malloy of CMC also made false and misleading statements to CMC sales personnel with the intent that such statements would be passed on by sales personnel to customers and contacts in the industry. Malloy's false and misleading statements included stating that Verity and Chang were in the United States illegally.

**INTERROGATORY NO. 6:**

With respect to each "false and misleading statement [] to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify whether the statement was written or oral.

**RESPONSE TO INTERROGATORY NO. 6:**

Chang objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving her objections, Chang responds: The June 27, 2007 letter was written. The September 7, 2007 email was written. The contact with Branding Boulevard customers was oral.

**INTERROGATORY NO. 7:**

With respect to each "false and misleading statement[] to potential suppliers and customers," as alleged in Paragraph 45 to the Amended and Supplemental Counterclaim, identify:

- 4 -
Case No. C 07-02748    RESPONSE TO SECOND SET OF INTERROGATORIES

the exact language of the statement.

**RESPONSE TO INTERROGATORY NO. 7:**

Chang objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving her objections, Chang responds: The letter to suppliers is in Plaintiff's possession. As to the contacts with Branding Boulevard customers, Chang cannot provide the "exact language" of the statements. The statements included the following:

Lillge called Heidi Hua of Federal Occupational Health during the week of July 30 and told her that Chang and Verity were not allowed to be in contact with her because of a court order that he had obtained. Lillge also proceeded at that time to solicit her for new business. He asked Hua if she had been in contact with Verity or Chang, to which Hua said no. Lillge interrogated Hua as to why she liked Verity and Chang and asked how he could earn business back from her.

Lillge called Celine Rose of Delta Dental in September 2007. Lillge learned that she was a customer of Branding Boulevard from the depositions in this case.

In July 2007, Lillge called Robert Lee of GC America and suggested to him that Chang had quit CMC and stolen trade secrets from CMC, both of which were untrue.

Lillge contacted Curshandra Cusseaux Woods at Kaiser Permanente. Lillge told her that she was not suppose to be contact with Chang because of a court order. Lillge learned of Woods through Chang's deposition.

In or around mid-September Lillge contacted Doug DiFranco of Kaiser Permanente to see if he was in receipt of an email referring to Verity and Chang, to which DiFranco said we was not. Lillge then resent the email to DiFranco several times that day and called back, asking "what do you think of that?" Lillge's tone and manner was clearly intended for DiFranco to derive a negative inference from the repeatedly sent message and Lillge has continued to call DiFranco on an almost weekly basis to solicit business and remind DiFranco that there is a court order against Chang.

Lillge repeatedly called Tess Pasqual of Bingham McCutchen in June and early July and made multiple statements that Chang had left the country and gone back to Canada. Lillge also called Pasqual after his September 7 email and told Pasqual that Chang was not allowed to do

business with her and that there was a restraining order against Chang. Lillge went on to solicit business from her and asked her how he could win her back.

In October 2007, Bruce Malloy told Brenda Jones of Taylor Made that Chang had left the company and the industry in order to spend more time with her family, statements which he knew to be untrue.

Lillge called Lynn King of Delta Dental of California, after learning that she was a customer contact of Branding Boulevard through discovery. Lillge called King to ask for business and to discuss the court order against Chang. Lillge was aggressive in manner on the phone with King.

In August and September 2007, Lillge called Lauren Sigurdson of Immigration Tracker and told her that she was not suppose to be in contact with Verity or Chang pursuant to a court order. Lillge's was aggressive and offensive in telling Sigurdson about the court order and yet solicited Sigurdson for business.

**INTERROGATORY NO. 8:**

With respect to each "false and misleading statement[] to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify with precision the grounds on which the statement was false and misleading.

**RESPONSE TO INTERROGATORY NO. 8:**

Chang objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving her objections, Chang responds: With regard to the letter to suppliers, the letter falsely characterized the temporary restraining order. As to many of the contacts with Branding Boulevard customers or potential customers Lillge misleadingly described the status and significance of the litigation. Lillge also falsely suggested that Chang could not lawfully do business in the United States.

**INTERROGATORY NO. 9:**

State all grounds on which the following statement is false or misleading, as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim: Verity and/or Chang are not legally resident in the United States.

- 6 -
Case No. C 07-02748    RESPONSE TO SECOND SET OF INTERROGATORIES

## VERIFICATION

I, CHRISTINA CHANG, declare:

I am one of the defendants and counterclaimants in this action. I have read the foregoing RESPONSE TO PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS' SECOND SET OF INTERROGATORIES TO DEFENDANT/COUNTERCLAIMANT CHRISTINA CHANG (FRCP 36) and know the contents thereof. I am informed and believe that the matters therein stated are true and on that ground allege that the matters stated there are true and on that basis provide this verification.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 21st, 2007 at BERKELEY, California.

_/s/ Christina Chang_
CHRISTINA CHANG

7475\001\RWARD\1472882.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  CHANDLER, WOOD, HARRINGTON & MAFFLY
   RICHARD HARRINGTON (Bar #28099)
2  One Maritime Plaza, 4th Floor
   San Francisco, CA 94111
3  Telephone: (415) 421-5484
   Facsimile: (415) 986-4874
4
   SHARTSIS FRIESE LLP
5  ROBERT CHARLES WARD (Bar #160824)
   One Maritime Plaza, Eighteenth Floor
6  San Francisco, CA 94111
   Telephone: (415) 421-6500
7  Facsimile: (415) 421-2922
   Email: rward@sflaw.com
8
   Attorneys for Defendants and Counterclaimants
9  ANDREW VERITY and CHRISTINA CHANG

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14

| | |
|---|---|
| 15  MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, | Case No. C 07-02748 |
| 16        Plaintiff, | **RESPONSE TO PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS'** |
| 17  v. | **SECOND SET OF INTERROGATORIES TO DEFENDANT/COUNTERCLAIMANT** |
| 18  ANDREW VERITY and CHRISTINA CHANG, | **ANDREW VERITY (FRCP 36)** |
| 19        Defendants. | |
| 20 | |
| 21  ANDREW VERITY and CHRISTINA CHANG, | |
| 22        Counter-Claimants, | |
| 23  v. | |
| 24  MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10, | |
| 25 | |
| 26        Counter-Defendants. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff/Counterdefendant MARK LILLGE, d/b/a CREATIVE MARKETING CONCEPTS |
| RESPONDING PARTY: | Defendant/Counterclaimant ANDREW VERITY |
| SET NUMBER: | TWO |

## GENERAL OBJECTIONS

1. Responding party objects to each and every requests to the extent that any such request seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege. To the extent that any such information is inadvertently provided, such response shall not be a waiver of responding party's claim to the attorney-client privilege, work product doctrine or any other applicable privilege with respect to the subject matter of that response.

2. Responding party objects to each and every request to the extent it purports to require responding party to disclosure, trade secret or other confidential research, development or commercial information about its business or operations, or the business or operations of its affiliates.

3. Responding party objects on the grounds that discovery is continuing and responding party reserves the right to supplement these responses until a reasonable period of time after discovery has closed in this case.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

With respect to each "false and misleading statement[] to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify the date of such statement.

**RESPONSE TO INTERROGATORY NO. 1:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds: On or about June 27, 2007, Lillge sent a letter to industry suppliers that was false and misleading. On or about September 7, 2007, Lillge sent an email to customers, suppliers and industry contacts that was false and misleading.

From the filing of the lawsuit to the present, Lillge has contact several customers of Branding Boulevard.

**INTERROGATORY NO. 2:**

With respect to each "false and misleading statement[] to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify who made the statement and the person to whom the statement was made.

**RESPONSE TO INTERROGATORY NO. 2:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds that most such statements were made by Lillge and were made to Branding Boulevard customers, many of whom were identified on defendants' potential witness disclosure, which Verity and Chang expect to supplement as they discover more information. The June 27, 2007 letter to suppliers was sent to an unknown list of suppliers. Plaintiff would know to whom this letter was sent. The September 7, 2007 email also was sent to an unknown list of recipients, and such list would be known to plaintiff. However, such list included customers, suppliers and even personal acquaintances of Verity and Chang. Among those who definitely received the September 7 email were Yolanda Reeves, Elana Mendivil and Michelle Chan. Bruce Malloy of CMC also made false and misleading statements to CMC sales personnel with the intent that such statements would be passed on by sales personnel to customers and contacts in the industry. Malloy's false and misleading statements included stating that Verity and Chang were in the United States illegally.

**INTERROGATORY NO. 3:**

With respect to each "false and misleading statement[] to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify whether tile statement was written or oral.

**RESPONSE TO INTERROGATORY NO. 3:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds: The June 27, 2007 letter was written. The September 7, 2007 email was written. The contact with Branding Boulevard

- 3 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

customers was oral.

**INTERROGATORY NO. 4:**

With respect to each "false and misleading statement[]" to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify the exact language of the statement.

**RESPONSE TO INTERROGATORY NO. 4:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds: The letter to suppliers is in Plaintiff's possession. As to the contacts with Branding Boulevard customers, Verity cannot provide the "exact language" of the statements. The statements included the following:

Lillge called Heidi Hua of Federal Occupational Health during the week of July 30 and told her that Chang and Verity were not allowed to be in contact with her because of a court order that he had obtained. Lillge also proceeded at that time to solicit her for new business. He asked Hua if she had been in contact with Verity or Chang, to which Hua said no. Lillge interrogated Hua as to why she liked Verity and Chang and asked how he could earn business back from her.

Lillge called Celine Rose of Delta Dental in September 2007. Lillge learned that she was a customer of Branding Boulevard from the depositions in this case.

In July 2007, Lillge called Robert Lee of GC America and suggested to him that Chang had quit CMC and stolen trade secrets from CMC, both of which were untrue.

Lillge contacted Curshandra Cusseaux Woods at Kaiser Permanente. Lillge told her that she was not suppose to be contact with Chang because of a court order. Lillge learned of Woods through Chang's deposition.

In or around mid-September Lillge contacted Doug DiFranco of Kaiser Permanente to see if he was in receipt of an email referring to Verity and Chang, to which DiFranco said we was not. Lillge then resent the email to DiFranco several times that day and called back, asking "what do you think of that?" Lillge's tone and manner was clearly intended for DiFranco to derive a negative inference from the repeatedly sent message and Lillge has continued to call DiFranco on an almost weekly basis to solicit business and remind DiFranco that there is a court order against

- 4 -

Case No. C 07-02748     RESPONSE TO SECOND SET OF INTERROGATORIES

Chang.

Lillge repeatedly called Tess Pasqual of Bingham McCutchen in June and early July and made multiple statements that Chang had left the country and gone back to Canada. Lillge also called Pasqual after his September 7 email and told Pasqual that Chang was not allowed to do business with her and that there was a restraining order against Chang. Lillge went on to solicit business from her and asked her how he could win her back.

In October 2007, Bruce Malloy told Brenda Jones of Taylor Made that Chang had left the company and the industry in order to spend more time with her family, statements which he knew to be untrue.

Lillge called Lynn King of Delta Dental of California, after learning that she was a customer contact of Branding Boulevard through discovery. Lillge called King to ask for business and to discuss the court order against Chang. Lillge was aggressive in manner on the phone with King.

In August and September 2007, Lillge called Lauren Sigurdson of Immigration Tracker and told her that she was not suppose to be in contact with Verity or Chang pursuant to a court order. Lillge's was aggressive and offensive in telling Sigurdson about the court order and yet solicited Sigurdson for business.

**INTERROGATORY NO. 5:**

With respect to each "false and misleading statement" to potential suppliers and customers," as alleged in Paragraph 45 of the Amended and Supplemental Counterclaim, identify with precision the grounds on which the statement was false and misleading.

**RESPONSE TO INTERROGATORY NO. 5:**

Verity objects on the grounds that the request is overbroad and unduly burdensome. Subject to and without waiving his objections, Verity responds: With regard to the letter to suppliers, the letter falsely characterized the temporary restraining order. As to many of the contacts with Branding Boulevard customers or potential customers Lillge misleadingly described the status and significance of the litigation. Lillge also falsely suggested that Verity could not lawfully do business in the United States.