1  CHANDLER, WOOD, HARRINGTON & MAFFLY
   RICHARD HARRINGTON (Bar #28099)
2  One Maritime Plaza, 4th Floor
   San Francisco, CA 94111
3  Telephone: (415) 421-5484
   Facsimile: (415) 986-4874
4
5  SHARTSIS FRIESE LLP
   ROBERT CHARLES WARD (Bar #160824)
6  One Maritime Plaza, Eighteenth Floor
   San Francisco, CA 94111
7  Telephone: (415) 421-6500
   Facsimile: (415) 421-2922
8  Email: rward@sflaw.com

9  Attorneys for Defendants and Counterclaimants
   ANDREW VERITY and CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>    Defendants. | Case No. C 07-02748<br><br>**DECLARATION OF CHRISTINA CHANG IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF CHANG'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   March 3, 2008<br>Time:   2:00 p.m.<br>Dept:   15, Hon. Marilyn Hall Patel |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>    Counter-Claimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10,<br><br>    Counter-Defendants. | |

- 1 -

Case No. C 07-02748    DECL CHANG IN OPP TO PLAINTIFF'S MOT PARTIAL SJ AND ISO CHANG'S CROSS-MOT PARTIAL SJ

I, CHRISTINA CHANG, declare as follows:

1. I am a defendant in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto under oath.

2. I was employed as a sales representative by Plaintiff Mark Lillge ("Lillge") dba Creative Marketing Concepts ("CMC"). I was one of the top sales people at CMC.

3. I was not asked to sign a confidentiality agreement until May 2007. The agreement I was asked to sign included the restrictive covenant that said I could not work in the business for two years after termination. I refused to sign the agreement because of the restrictive covenant. My husband Andrew Verity had just been fired by Lillge and I suspected that I could be fired as well. I did not feel that I could sign an agreement that would limit my ability to compete in the industry in which I had been working.

4. After I was fired, I communicated with Bruce Molloy of CMC as to paid time off to which I was entitled. Attached hereto as Exhibit 1 and incorporated by this reference herein is a true and correct copy of an email from Molloy to me promising the additional five days.

5. When I was fired by Lillge, MY HUSBAND AND I had an immediate immigration crisis. I did not want to be deported with my son. My husband and I had chosen the Bay Area as our home. When Andy was filed by Lillge, I was to continue working at CMC, both because we need the income and to preserve my visa. When Lillge fired me, Andy and I had to go with our backup plan, and we began the process of establishing Branding Boulevard. Neither of us had done anything to get Branding Boulevard into operation until after Lillge fired me.

6. When I began trying to sell products on behalf of Branding Boulevard a few of my customer contacts said that they had been contacted by Lillge and that Lillge had told them that I had moved to Canada because I had lost my visa. Lillge clearly made these statements to discourage people from contacting me to do business.

7. Many of my customer contacts at CMC clearly wanted to continue their relationship with me and do business with me at whatever company I might be. Attached hereto as Exhibit 2 are true and correct copies of emails from customer contacts, providing a sample of the response to my announcement that it was my last day at CMC.

- 2 -

Case No.
C 07-02748

DECL CHANG IN OPP TO PLAINTIFF'S MOT PARTIAL SJ
AND ISO CHANG'S CROSS-MOT PARTIAL SJ

8. Later, customers called me and said that Lillge had told them that they could not do business with us. For example, one of my clients was Wells Fargo. My customer contact at Wells Fargo, Michelle Chan, asked where I was going when she got my announcement of my last day at CMC. That email is attached hereto as Exhibit 3. Because Michelle responded, I called her to let her know of my new position at Branding Boulevard. We spoke a couple of times during the summer of 2007, during which she said that Wells Fargo had no orders for promotional products but that if she needed anything in the future she would think of me. On November 5, 2007, I got the email that is attached as Exhibit 4 hereto. Branding Boulevard lost potential business from Michelle Chan as a result of Lillge's misleading communications to her regarding the lawsuit.

Executed this 11th day of February 2008 at San Francisco, California.

*/s/ Christina Chang*
CHRISTINA CHANG

7475\001\RWARD\1490450.1

- 3 -
Case No. C 07-02748 — DECL CHANG IN OPP TO PLAINTIFF'S MOT PARTIAL SJ AND ISO CHANG'S CROSS-MOT PARTIAL SJ