CHANDLER, WOOD, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com

Attorneys for Defendants and Counterclaimants
ANDREW VERITY and CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>    Defendants. | Case No.  C 07-02748<br><br>**DECLARATION OF ANDREW VERITY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF CHANG'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:     March 3, 2008<br>Time:     2:00 p.m.<br>Dept:     15, Hon. Marilyn Hall Patel |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>    Counter-Claimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10,<br><br>    Counter-Defendants. | |

- 1 -

Case No. C 07-02748      DECL VERITY IN OPP TO PLAINTIFF'S MOT PARTIAL SJ AND ISO CHANG'S CROSS-MOT PARTIAL SJ

I, ANDREW VERITY, declare as follows:

1. I am a defendant in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto under oath.

2. From 2001 through 2006, I was the sales manager of Creative Marketing Concepts ("CMC"), a sole proprietorship of Plaintiff Mark Lillge ("Lillge"). Among the things I was asked to do by Lillge while serving as his manager was to obtain confidentiality agreements from employees. I was directed by Lillge to work with John Marlow, one of Lillge's attorneys. Mr. Marlow provided the draft confidentiality agreement that I was to present to employees for signature in early 2006. I asked Mr. Marlow about a number of the provisions in the draft confidentiality agreement, including a restrictive covenant that forbids employees, for a period of two years after termination, from competing with CMC. That provision is paragraph 10(b) in Exhibit B to the Declaration of Mark Lillge. Mr. Marlow told me that non-competes clauses were not enforceable yet the draft agreement included such a clause. Attached hereto as Exhibit 1 is a true and correct copy of an email from Mr. Marlow, admitting that non-competes are not enforceable. Mr. Marlow nonetheless recommended the agreement as is because the restrictive covenant, even if it was not enforceable, might "deter" former employees from working for competitors.

3. At Lillge's instruction, despite my misgivings, I presented the confidentiality agreement to current employees and got signatures from most of them. Because my wife Chang was on maternity leave, I did not present it to her.

4. After getting the confidentiality agreements signed, I filed them at CMC's office. Those agreements should still be there. I did not remove them.

5. Lillge fired me in April 2007. My termination was not voluntary. When Lillge filed me, he refused to pay the bonuses and other deferred compensation that I was owed. Lillge demanded a three year non-competition covenant as a condition of any payment of my deferred compensation.

6. At the time I was fired, I was in the United States on a visa sponsored by CMC. By firing me, Lillge forced me to find the fastest way to remain in the U.S. with my wife and son.

- 2 -

| Case No. C 07-02748 | DECL VERITY IN OPP TO PLAINTIFF'S MOT PARTIAL SJ AND ISO CHANG'S CROSS-MOT PARTIAL SJ |

Our plan was for Christina to remain at CMC, because we needed the income, while I tried to find another job and transfer my visa. Based on advice from my immigration lawyer, as a backup plan I created a corporation. If I could not find another employer to sponsor my visa, I could try to get a visa as a business owner. I took no steps to found Branding Boulevard until after I had been fired and had been advised that starting a business was one of the best alternatives to preserve my immigration status. When Lillge fired my wife that changed everything. Now both of us (and our young son) had an immigration crisis. We consider California our home and intend to raise our son here. To do so, we had little choice after Christina's firing but to proceed with our Plan B, founding our business as a basis to obtain a replacement visa.

7. My skills are focused in marketing and the industry I know best is promotional products, having worked in that industry for approximately the last seven years. There is no other business I could have founded shortly after my termination that would have had any realistic hope for success. Therefore, when Christina and I were forced to establish our own business (as the only way to stay in the U.S., that was within our control); we founded Branding Boulevard, a promotional products business. I intended Branding Boulevard to be a very different business than CMC - more efficient, less overhead, making better use of technology - - but competing against CMC in the same pool of customers primarily in the San Francisco Bay Area. I had built strong relationships with a number of customers and suppliers in the industry and understood that I was entitled to try to earn a living competing for business with my former customers.

8. Attached hereto as Exhibit 2 are a true and correct copies of examples of emails that I received when I announced my departure from CMC. These communications evidence my strong customer relationships and the desire of many of these customers to continue to do business with me. At the time we were fired, Christina Chang and I were personally responsible for approximately $1.65 million in CMC annual sales. Branding Boulevard has achieved sales of only $600,000 in the more than nine months since I started the company.

1     Executed this 11th day of February 2008 at Berkeley, California.

                                            */s/ Andrew Verity*
                                                        ANDREW VERITY

7475\001\RWARD\1490147.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

Case No. C 07-02748     DECL VERITY IN OPP TO PLAINTIFF'S MOT PARTIAL SJ AND ISO CHANG'S CROSS-MOT PARTIAL SJ