# EXHIBIT 1

VERITY DECLARATION IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF CHANG'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

REDACTED

**From:** Mark Lillge <mlillge@cmcpromos.com>
**Subject: Fwd: CMC - IP and Non-Solicitation**
**Date:** January 16, 2006 3:38:03 PM PST
**To:** Andy Verity <andy@cmcpromos.com>
1 Attachment, 76.0 KB

let's discuss asap. i like his approach & idea to put confidential header on all of our stuff. this is one of the things that is easy to put off or overlook & then you damn yourself when you need to have done it

Begin forwarded message:

**From:** "John Marlow" <jmarlow@elawgrp.com>
**Date:** January 15, 2006 7:15:48 PM PST
**To:** <andy@cmcpromos.com>
**Cc:** "'Mark Lillge'" <mlillge@cmcpromos.com>
**Subject: CMC - IP and Non-Solicitation**

Hi Andy:

I took another look at the Confidentiality and Non-Solicitation Agreement and made a few additional changes / revisions to try to highlight that CMC customer lists are confidential information.

As we discussed, to strengthen this position, I think client, vendor and supplier information (to the extent possible) should be available only on a need-to-know basis. You can/should have a computer password to protect access to this information and, if it is printed out, put Confidential Information in the Header or Footer of the document.

All of this said, there is a fine line between a non-Solicitation Clause and a Non-Compete Clause. Non-compete provisions are not enforceable in California, while non-solicitation clauses are often enforceable. I say "often" because the case law is not completely consistent on the enforceability of non-solicitation clauses, but they are the best you can do. I always recommend them because, at a minimum, they generally deter former employees from soliciting current customers and employees and, if push comes to shove, the clause is in the agreement and must be addressed/overcome by the former employee in a dispute (i.e., the fact that the employee agreed to the restriction can always be raised before the court / arbitrator).

Please discuss this with Mark and let me know if you have any questions.

Regards,
John


John Marlow
Partner
Entrepreneurs Law Group, LLP
388 Market Street, Suite 400
San Francisco, CA 94111

AV0128