1. Attached hereto as Exhibit 2 is a copy of a September 7, 2007 email that Lillge sent to customer contacts. These Lillge communications suggest that people should not do business with us. Because of the Court order, I was powerless to respond, despite how grossly unfair it was for Lillge to take uncontested potshots at us in the marketplace. In response to these communications, as well as telephone conversations with Lillge in which he also tried to discourage people from doing business with Branding Boulevard some of our customers asked Christina or me if they were allowed to do business with us. For those who asked, we reassured them that they were allowed to buy from us. What I do not know is how many people never asked and decided not to buy from us because they accepted Lillge's statements that a Court order forbade it.

8. Gina Lee is one of the customer contracts who responded to Christina's departure announcement. Because she responded and asked where Christina was going, we considered her to be someone that we were allowed to solicit. There was already dialogue ongoing with her at the time the Court issued the TRO. We would not have tried to get business from her if she had not responded to Christina's email announcement.

Executed this 15 day of February 2008 at Berkeley, California.

ANDREW VERITY

7475\001\RWARD\1491770.1

- 4 -
Case No.
C 07-02748
DECL OF ANDREW VERITY IN OPP TO APPLICATION FOR
OSC RE: CONTEMPT