HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
sappel@harveysiskind.com
RAFFI V. ZEROUNIAN (State Bar No. 236388)
rzerounian@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California  94111
Telephone:  (415) 354-0100
Facsimile:    (415) 391-7124

Attorneys for Plaintiff and Counterdefendant
Mark Lillge d/b/a Creative Marketing Concepts

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>             Plaintiff,<br><br>     vs.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>             Defendants. | Case No.  C 07-02748 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JEFFRY C. MEYER**<br><br>Date:   March 31, 2008<br>Time:   2:00 p.m.<br>Court:  Hon. Marilyn Hall Patel |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>             Counterclaimants,<br><br>     v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>             Counterdefendants. | |

I.  INTRODUCTION

The Court should strike a portion of the report of Andrew Verity and Christina Chang's expert, Jeffry C. Meyer. His report inappropriately makes generalized legal conclusions concerning the existence of trade secrets in Plaintiff's specific company. Such legal speculation and conclusions are not a permissible form of expert testimony. The report seeks to usurp both the role of the Court in determining the applicable law and the role of the jury in applying the facts to the law.

Federal Rule of Evidence 702 permits the admission of expert testimony only if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Instead, Mr. Meyer offers blanket statements concerning whether it is possible for any part of a promotional product provider's business to constitute a trade secret. Putting aside Defendants' own admission in their Answer, such a legal inquiry is solely the province of the Court and jury—not Mr. Meyer.

Further, Mr. Meyer has absolutely no basis upon which to speculate about the existence of trade secrets in the promotional products industry. He is a certified public accountant. Indeed, even assuming that a legal opinion was a proper basis of expert testimony (which it is not), Mr. Meyer admits that he is "not qualified to render a legal opinion" – and then promptly offers one.

The Court and jury do not need the assistance of a CPA to determine whether trade secrets exist or not in this particular case. For the reasons above, the Court should strike the portions of Mr. Meyer's report that concern trade secrets.

II.  STATEMENT OF FACTS

On February 8, 2008, Jeffry C. Meyer, MAS, CPA submitted an expert witness report ("Meyer Report") on behalf of defendants Andrew Verity and Christina Chang ("Defendants").[1] Mr. Meyer is a certified public accountant. [Meyer Report, "Qualifications of Jeffry C. Meyer"]. Beyond his accounting experience, he also has general management experience in the promotional products

---

[1] A true and correct copy of Mr. Meyer's report is attached as Exhibit A to the Declaration of Ian K. Boyd in Support of Motion to Strike Expert Report of Jeffry Meyer.

–1–

1  industry. *Id.*  Mr. Meyer, however, is not an attorney and claims no legal education or training. *Id.*
2  He is paid $2,000 per day for his "expert" services.  [Meyer Report, 5].

3  The Meyer Report has a section entitled "Trade Secrets."  [Meyer Report, 3].  In it, Mr.
4  Meyer, draws three legal conclusions on the existence of trade secrets in general in the promotional
5  products industry.  Specifically, he opines (argues) that (1) the personal factors that successful
6  promotional products salespeople exhibit "are not trade secrets," (2) "[n]othing about a distributor's
7  operation is a trade secret," and (3), "there are no trade secrets within a promotional product
8  distributor." *Id.*

9  **III.    ARGUMENT**

10        **A.    Expert Witness Testimony May Not Offer Legal Conclusions.**

11  The role of an expert witness does not include the proffering of legal conclusions.  As a
12  general rule:

13  > the use of expert testimony is not permitted if it will "usurp either the role of the
> trial judge in instructing the jury as to the applicable law or the role of the jury
14  > in applying that law to the facts before it." […]  When an expert undertakes to
> tell the jury what result to reach, this does not aid the jury in making a decision,
15  > but rather attempts to substitute the expert's judgment for the jury's. When this
> occurs, the expert acts outside of his limited role of providing the groundwork in
16  > the form of an opinion to enable the jury to make its own informed
> determination. In evaluating the admissibility of expert testimony, this Court
17  > requires the exclusion of testimony which states a legal conclusion.
18  

19  *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994).  This rule is well-established in the Ninth
20  Circuit and throughout the country. *See*, *e.g.*, *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 (9th
21  Cir. 2002) ("[A]n expert witness cannot give an opinion as to her *legal conclusion, i.e.*, an opinion on
22  an ultimate issue of law"); *Nieves-Villanueva v. Sota-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("The
23  judge's expert knowledge of the law makes any assistance at best cumulative and at worst
24  prejudicial"); *United States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988) ("because [the expert's]
25  opinions were calculated to invade the province of the court to determine applicable law and to
26  instruct the jury as to that law, they could not have been helpful to the jury in carrying out its
27  legitimate functions."); *Sprecht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) ("There being only one
28  

–2–

1  applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of
2  course is the judge …To allow anyone other than the judge to state the law would violate the basic
3  concept"); *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986) ("From beginning to
4  end, it is obvious that Appellants proffered [the person] as an expert witness to testify in substantial
5  part to the meaning and applicability of [law]. This flies squarely in the face of precedent – and the
6  logic of that precedent."). Consequently, expert witness testimony that advocates legal conclusions is
7  impermissible and must be excluded from the proceedings.

8       **B.    The Meyer Report Includes Impermissible Legal Conclusions That Must Be Excluded.**
9

10      The Court has the power to exclude all evidence that is inadmissible. "The admissibility of
11  opinion evidence by experts is a matter within the discretion of the trial court …. The district court
12  has broad discretion to decide whether evidence should be excluded under Rule 403." *Newell P.R. v.*
13  *Rubbermaid Inc.*, 20 F.3d 15, 20-21 (1st Cir. 1994). This includes the power to exclude expert
14  testimony that inappropriately advocates legal conclusions. *See, e.g., Montgomery v. Aetna Casualty &*
15  *Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal
16  implications of conduct; the court must be the jury's only source of law.").

17      Mr. Meyer's blanket opinion that there are not any promotional products companies that have
18  any information whatsoever qualifying as trade secrets under the California Uniform Trade Secrets Act
19  (Cal. Civ. Code §3426.1, *et seq.*) attempts to supplant the role of the Court as the sole source of law for
20  the jury.

21      These statements are impermissible legal conclusions and should be excluded.

22       **C.    The Meyer Report Should Be Excluded as Improper, Unnecessary, and Unhelpful Pursuant to Federal Rule of Evidence 702.**
23

24      Rule 702 of the Federal Rules of Evidence only permits the admission of expert testimony that is
25  "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand
26  the evidence or to determine a fact in issue." In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509
27  U.S. 579, 597 (1993), the Supreme Court held that Rule 702 imposes upon the trial court the duty to
28

–3–

1  ensure that scientific expert testimony is "relevant to the task at hand" and has a reliable basis in the
2  knowledge and experience of the relevant discipline.  In *Kumho Tire Co., Ltd. v. Carmichael*, 526
3  U.S. 137, 147 (1999), the Supreme Court extended *Daubert* principles to the testimony of technical
4  experts who are not scientists.  Therefore, this Court is entrusted with the obligation to ensure the
5  admissibility of all alleged expert testimony, whether that testimony is based upon scientific,
6  technical, or other principles.

7  Among the key issues in this case is the existence of Plaintiff's trade secrets, and the extent to
8  which Defendants have actually or threatened to misappropriate such trade secrets.  The only way to
9  determine whether trade secrets exist is to determine the applicable law and then apply it to the
10 relevant facts.

11 Such legal and factual analysis is the province of the Court and jury.  *See United States v.*
12 *Duncan*, 42 F.3d at 101.  There is no scientific, technical or other specialized knowledge offered by
13 Mr. Meyer that can, according to Federal Rule of Evidence 702, "assist the trier of fact to understand
14 the evidence or to determine a fact in issue."  Rather, the Meyer Report proffers several legal
15 conclusions on trade secrets unsupported by any real—let alone legal—analysis.  Neither the Court
16 nor the jury requires the assistance of a CPA when inquiring into the trade secret status of Plaintiff's
17 trade secrets.

18 Even if the Meyer Report's legal conclusions were admissible, they are certainly not helpful.
19 Mr. Meyer openly states that he is "not qualified to render a legal opinion," but nonetheless does so.
20 [Meyer Report, 3].  He claims that "it is his understanding that customer names may be considered
21 trade secrets in the State of California to the extent that they are not 'generally known to the public.'"
22 *Id.*  His "understanding" is, however, totally unsubstantiated by any statutory references, case law, or
23 other legal authority.  Indeed, all of Mr. Meyer's legal conclusions are uncluttered by outside
24 authority, meaningful analysis, or even much discussion.  His conclusion, for example, that
25 "[n]othing about a distributor's operation is a trade secret" is preceded by just one sentence, about the
26 "education opportunities" available to prospective promotional products distributors.  *Id.*

27
28

-4-

1     Ultimately, the opinions proffered by Mr. Meyer are either inappropriate or unhelpful. The
2 Court should strike the entire section of the Meyer Report entitled "Trade Secrets."

**CONCLUSION**

4     Mr. Meyer does not provide any "scientific, technical, or other specialized knowledge"
5 concerning the existence of Plaintiff's trade secrets that will assist the trier of fact in understanding
6 evidence or determining facts. He is not authorized to offer legal opinions, and moreover, such legal
7 opinions cannot be cloaked in the guise of an "expert report." The jurors will have ample opportunity
8 to receive the facts from the witnesses and the law from the Court. They do not need the
9 unsubstantiated legal opinion of a CPA.

10     As one court noted: "Each courtroom comes equipped with a 'legal expert,' called a judge.'"
11 *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F. 3d 1207, 1213 (D.C. Cir. 1997).
12 The Court should completely strike the Meyer Report's section entitled "Trade Secrets."

14 DATED: February 25, 2008            Respectfully submitted,

15                                   HARVEY SISKIND LLP

17                                   By:      /s/
                                        Ian K. Boyd

19                                   Attorneys for Plaintiff and Counterdefendant
                                  Mark Lillge d/b/a/ Creative Marketing Concepts