1  HARVEY SISKIND LLP
   IAN K. BOYD (State Bar No. 191434)
2  iboyd@harveysiskind.com
   SETH I. APPEL (State Bar No. 233421)
3  sappel@harveysiskind.com
   RAFFI V. ZEROUNIAN (State Bar No. 236388)
4  rzerounian@harveysiskind.com
   Four Embarcadero Center, 39th Floor
5  San Francisco, California  94111
   Telephone:  (415) 354-0100
6  Facsimile:    (415) 391-7124
7
8  Attorneys for Plaintiff
   Mark Lillge d/b/a Creative Marketing Concepts
9

10              **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN FRANCISCO DIVISION**

13
   MARK LILLGE d/b/a CREATIVE              Case No.  C 07-02748 MHP
14 MARKETING CONCEPTS,

15                  Plaintiff,            **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT OF**
16        vs.                             **PLAINTIFF'S MOTION TO STRIKE THE**
                                          **EXPERT REPORT OF MILES E.**
17 ANDREW VERITY and CHRISTINA            **LOCKER, ESQ.**
   CHANG,
18                                        **Date:  March 31, 2008**
                                          **Time:  2:00 p.m.**
19                                        **Court:  Hon. Marilyn Hall Patel**
                  Defendants.
20

21 ANDREW VERITY and CHRISTINA
   CHANG,
22                  Counterclaimants,
23
        v.
24
   MARK LILLGE d/b/a CREATIVE
25 MARKETING CONCEPTS, and DOES 1-10,
26
                  Counterdefendants.
27

28

1    The Court should strike the report of Andrew Verity and Christina Chang's "expert," Miles E.

2    Locker, Esq.  As one would expect from an attorney, his report consists almost entirely of legal

3    conclusions.  These conclusions are supported by the very backbone of any legal brief – statutory

4    interpretation, legislative history, citations to favorable caselaw (and the attempt to distinguish

5    unfavorable case law), and further legal analysis.  Such legal argument and conclusions may result in a

6    well-tailored memoranda, but they are not a permissible form of expert testimony.  Mr. Locker cannot

7    usurp both the role of the Court in determining the applicable law and the role of the jury in applying the

8    facts to the law.

9    Federal Rule of Evidence 702 permits the admission of expert testimony only if "scientific,

10   technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to

11   determine a fact in issue."  Mr. Locker is as a labor and employment lawyer who analyzes various

12   federal and California employment laws and applies them to Ms. Chang.  Yet it is solely the province of

13   the Court and jury to determine, for example, whether Ms. Chang is "entitled to waiting time penalties

14   under Labor Code section 203" or "owed liquidated damages under the FLSA"—not Mr. Locker.

15   When the report is not making legal arguments and conclusions, it merely completes elementary

16   arithmetic.  Specifically, Mr. Locker alleges that various amounts of unpaid wages and penalties are due

17   to Ms. Chang (the result of his prior legal analysis) by simply multiplying hours worked by an hourly

18   rate.  He then adds these various amounts together for a final sum allegedly owed.  The Court and jury

19   do not need the assistance of a labor and employment attorney to complete such basic calculations.

20   There is nothing in Mr. Locker's report that cannot be achieved through sufficient legal

21   representation on behalf of the Defendants.  If the Defendants are concerned about the ability of their

22   three law firms to sufficiently represent them concerning their overtime claim, they may seek to bring on

23   Mr. Locker as co-counsel.  But for the reasons above, the Court should not permit Mr. Locker to utilize

24   his legal skills to advocate for Defendants under the veil of an "expert."

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          C 07-02748 MHP
MOTION TO STRIKE EXPERT REPORT OF MILES E. LOCKER, ESQ.

1

**STATEMENT OF FACTS**

2      On February 8, 2008, Miles E. Locker, Esq. submitted an expert witness report ("Locker

3   Report") on behalf of defendants Andrew Verity and Christina Chang ("Defendants") that opined on

4   the legal applicability of various California and federal employment laws to Christina Chang.[1]

5      Mr. Locker admits that he is a legal advocate.  He has "practiced exclusively in the area of

6   labor and employment law since 1984."  [Locker Report, 1].  Like most lawyers, he is currently

7   engaged in the "drafting of memos and law and motion and appellate briefs."  [Locker Report, 1-2].

8   He is paid $450 per hour for his time to advocate for his clients.  [Locker Report, 4].

9      The Locker Report offers his legal opinion on the applicability to Christina Chang of various

10   California and federal employment laws.    Specifically, Mr. Locker offers his opinion on the

11   following issues:

12
- "Determining Whether Christina Chang Was Entitled to Overtime Compensation During her Employment at Creative Marketing Concepts" [Locker Report, 5]
13

14
- "Calculating the Amount of Overtime Compensation Owed to Christina Chang" [Locker Report, 6]

15
16
- "Determining Whether Christina Chang Is Owed Additional Wages for Missed Meal Breaks Under Labor Code section 226.7" [Locker Report, 15]

17
18
- "Calculating the Amount of Wages Owed to Christina Chang for Missed Meal Breaks Under Labor Code section 226.7" [Locker Report, 26]

19
20
- Determining Whether Christina Chang Is Entitled to Waiting Time Penalties Under :Labor [sic] Code section 203" [Locker Report, 28]

21
- "Calculating the Amount of Waiting Time Penalties Owed to Christina Chang Under Labor Code section 203" [Locker Report, 28]

22
23
- "Determining Whether Christina Chang is Owed Liquidated Damages Under the FLSA" [Locker Report, 29]

24
- "Calculating the Amount of Liquidated Damages Owed to Christina Chang Under the FLSA" [Locker Report, 29]
25

26

27

[1] A true and correct copy of Mr. Locker's report is attached as Exhibit A to the Declaration of Ian K.
28   Boyd.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                    C 07-02748 MHP
MOTION TO STRIKE EXPERT REPORT OF MILES E. LOCKER, ESQ.

1    Mr. Locker's conclusions are all based on information or legal authority either already before

2 the Court, or which Defendants' counsel can provide.  Specifically, Mr. Locker considered the

3 following sources when preparing his report: the pleadings; deposition excerpts; conversations with

4 the Defendants and counsel.  The review of such case materials and evidence is already conducted by

5 Defendants' counsel in the preparation of their case.

6    Mr. Locker also considered California and federal statutes and regulations; court decisions;

7 and Labor Commission opinion letters, hearing transcripts, policies, interpretations, and Wage

8 Orders.  [Locker Report, 31].  Again, all of these research materials are readily available to any

9 attorney retained by Defendants (especially one with a LEXIS password).

10                                **ARGUMENT**

11    **A.    Expert Witness Testimony May Not Offer Legal Conclusions.**

12    The role of an expert witness does not include the proffering of legal conclusions.  As a

13 general rule:

14    > the use of expert testimony is not permitted if it will "usurp either the role of the trial
   > judge in instructing the jury as to the applicable law or the role of the jury in applying
   > that law to the facts before it." […]  When an expert undertakes to tell the jury what
   > result to reach, this does not aid the jury in making a decision, but rather attempts to
   > substitute the expert's judgment for the jury's. When this occurs, the expert acts
   > outside of his limited role of providing the groundwork in the form of an opinion to
   > enable the jury to make its own informed determination. *In evaluating the
   > admissibility of expert testimony, this Court requires the exclusion of testimony which
   > states a legal conclusion.*

19

20 *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (emphasis added).

21    This rule is well-established in the Ninth Circuit and throughout the country.  *See*, *e.g.*,

22 *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 (9th Cir. 2002) ("[A]n expert witness cannot give

23 an opinion as to her *legal conclusion, i.e.*, an opinion on an ultimate issue of law"); *Nieves-*

24 *Villanueva v. Sota-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("The judge's expert knowledge of the law

25 makes any assistance at best cumulative and at worst prejudicial"); *United States v. Scop*, 846 F.2d

26 135, 140 (2d Cir. 1988) ("because [the expert's] opinions were calculated to invade the province of

27 the court to determine applicable law and to instruct the jury as to that law, they could not have been

28 helpful to the jury in carrying out its legitimate functions."); *Sprecht v. Jensen*, 853 F.2d 805, 807

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          C 07-02748 MHP
MOTION TO STRIKE EXPERT REPORT OF MILES E. LOCKER, ESQ.

(10th Cir. 1988) ("There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge…To allow anyone other than the judge to state the law would violate the basic concept"); *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986) ("From beginning to end, it is obvious that Appellants proffered [the person] as an expert witness to testify in substantial part to the meaning and applicability of [law].  This flies squarely in the face of precedent – and the logic of that precedent.").

Black letter law under the Federal Rules of Evidence requires that expert witness testimony advocating legal conclusions is impermissible and must be excluded from the proceedings.

### B.     The Locker Report Consists of Impermissible Legal Conclusions and Therefore Must Be Excluded.

The Court has the power to exclude all evidence that is inadmissible.  "The admissibility of opinion evidence by experts is a matter within the discretion of the trial court . . . The district court has broad discretion to decide whether evidence should be excluded under Rule 403." *Newell P.R. v. Rubbermaid Inc.*, 20 F.3d 15, 20-21 (1st Cir. 1994).  This includes the power to exclude expert testimony that inappropriately advocates legal conclusions.  *See, e.g., Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law.").

The Locker Report is the paradigm of legal advocacy.  Mr. Locker makes no effort to cloak his report's legal conclusions; even his opinion summaries are all, on their face, legal conclusions.  These include:

- "Opinion – Under both federal and state law, Ms. Chang was not exempt from the payment of overtime compensation for overtime hours worked, and was therefore entitled to payment of overtime compensation for all overtime hours worked." [Locker Report, 5]

- "Opinion – Ms. Chang is owed a total of $85,245.43 for overtime owed pursuant to Labor Code §510 … plus $12,789.60 in interest … pursuant to Labor Code §218.6 …" [Locker Report, 6]

–4–

- "Opinion – For almost her entire employment from January 1, 2005 until her discharge on May 11, 2007, the defendant failed to comply with the meal provisions" requirements of California law [Locker Report, 15]

- "Opinion – Ms. Chang is owed waiting time penalties under Labor Code §203 as a result of the defendant's willful failure to pay all of her unpaid earned wages immediately at the time of her termination, as required under Labor Code §201." [Locker Report, 28]

- "Opinion – Ms. Chang is entitled to liquidated damages under 29 USC §216(b) equal to the amount of the unpaid overtime compensation owned under the FLSA, with the imposition of such damages mandatory under controlling Ninth Circuit precedent…" [Locker Report, 29]

The analysis Mr. Locker uses to support his conclusions is indistinguishable from a legal brief. This is because Mr. Locker's report is in fact a legal brief.

He declares which laws and legal presumptions govern the present facts ("Under both federal and state law, there is a presumption that every employee is non-exempt. The employer has the burden of disproving this presumption. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-197 (1974). Exemptions are narrowly construed against the employer and their application is limited to those employees plainly and unmistakably within their terms. *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990); *Nordquist v. McGraw-Hill Broadcasting*, 32 Cal. App. 4th 555, 562 (1995)"). [Locker Report, 5].

He offers commentary on prior judicial opinions when announcing the applicable law and distinguishes cases which do not support his client or his legal conclusions ("The *Starbucks* decision is infected with flawed reasoning. Judge Walker's assertion that a violation does not exist unless the employee was required to work during a mandated meal period reflects the standard under subsection (a) of Labor Code §226.7; and completely ignores the stricter requirement under subsection (b) of that statute"). [Locker Report, 25].

He takes the facts supplied by the pleadings and depositions and applies it to the statute or regulation he has selected ("Considering the nature of the work performed by Ms. Chang, it is virtually inconceivable that the defendant can meet this burden of proving that he had 'objectively reasonable

grounds for believing that his conduct did not violate the FLSA.' *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 920 (9th Cir .2003)").  [Locker Report, 29].

One can readily envision Defendants' counsel lifting the parenthetical language from each of the three aforementioned paragraphs for their trial, or appeal, brief.  Put simply, in perhaps the best litmus test of all, one cannot determine where the expert report ends, and the legal brief begins.

Such detailed legal analysis is wholly inappropriate—and inadmissible—from an expert witness.

### C.    The Locker Report Should Be Excluded as Improper, Unnecessary, and Unhelpful Pursuant to Federal Rule of Evidence 702.

Rule 702 of the Federal Rules of Evidence only permits the admission of expert testimony that is "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue."  In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the Supreme Court held that Rule 702 imposes upon the trial court the duty to ensure that scientific expert testimony is "relevant to the task at hand" and has a reliable basis in the knowledge and experience of the relevant discipline.  In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999), the Supreme Court extended *Daubert* principles to the testimony of technical experts who are not scientists.  Therefore, this Court is entrusted with the obligation to ensure the admissibility of all alleged expert testimony, whether that testimony is based upon scientific, technical, or other principles.

Among the key issues in this case is whether Christina Chang was properly compensated during the course of her employment at Creative Marketing Concepts.  Defendants argue that Ms. Chang is due unpaid overtime and other compensation pursuant to various California and federal employment statutes and regulations.  This is far from an atypical claim.  The only way to determine whether she was properly compensated, and if not, to what compensation she is entitled, is of course to apply the laws to the relevant facts.  Presenting these facts and argument is the job of Defendants' counsel, not an expert.

The ultimate analysis of the law and facts is the province of the Court and jury, respectively. *See United States v. Duncan*, 42 F.3d at 101.  There is no scientific, technical or other specialized knowledge offered by Mr. Locker that can, according to Federal Rule of Evidence 702, "assist the

1  trier of fact to understand the evidence or to determine a fact in issue." Rather, the Locker Report

2  proffers a series of legal arguments and conclusions that are duplicative of those already advocated

3  by Defendants' counsel. Neither the Court nor the jury requires the interpretation of such

4  information by a third party legal "expert."

5        Nor is the Locker Report helpful. After the inadmissible legal conclusions have been stripped

6  from the report, all that remains are basic mathematical calculations. For example, to calculate the

7  amount of unpaid overtime pay Ms. Chang is allegedly due, Mr. Locker adds Ms. Chang's salary and

8  bonus and divides it by the number of (claimed) hours worked to obtain an hourly rate. He then

9  divides the hourly rate in half to determine the bonus rate, and then adds it to the standard hourly rate

10  to determine her overtime rate. Lastly, he multiplies the number of overtime hours by her overtime

11  rate to determine an amount of overtime pay owed. [Locker Report, 10-15]. Only a rudimentary

12  understanding of addition, multiplication, and division is required to complete them. There are no

13  novel calculations or formulae applied here. The Court and jury are equally capable of doing such

14  calculations without the assistance of a labor and employment lawyer advocating on behalf of

15  Defendants' labor and employment claims.

16        Further, the Locker Report adds nothing to the body of information already available to the

17  Court and jury. His report is derived from the pleadings, depositions, other trial documents, as well

18  as employment statutes, regulations, and caselaw that one would find in any law library. Once the

19  Court determines the applicable law and the jury applies it to the relevant facts, the remaining task, if

20  Defendants are correct, will be the aforementioned wage and hour calculations. As the Ninth Circuit

21  noted previously: "A party is not entitled to have an expert testify solely because that witness can

22  eloquently summarize the evidence. That job belongs to counsel." *Rogers v. Raymark Indus.*, 922

23  F.2d 1426, 1431 (9th Cir. 1991).

24        Ultimately, the opinions proffered by Mr. Locker are either inappropriate or unhelpful. This

25  case already features enough attorneys making legal arguments; neither the Court nor the jury

26  requires the assistance of another legal brief cloaked in the form of an "expert report." The Court

27  should strike the Locker Report in its entirety.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          C 07-02748 MHP
MOTION TO STRIKE EXPERT REPORT OF MILES E. LOCKER, ESQ.

**CONCLUSION**

Mr. Locker is a labor and employment attorney.  His "expert" report is a thinly veiled legal brief:  he identifies and interprets the applicable law, selectively applies it to favorable facts, and then argues legal conclusions consistent with the interests of his client.  Where the authority does not support his position, he applies that fundamental rule taught in any first-year legal writing class of attempting to distinguish such authority.

Mr. Locker does not provide any "scientific, technical, or other specialized knowledge" that will assist the trier of fact in understanding evidence or determining facts.  The Court and the jurors will have ample opportunities to hear the parties' attorneys argue the law and attempt to establish the facts.  The jurors will be provided clear jury instructions to guide them as necessary.  They do not need another advocate, falsely bathed in the aura of an unbiased expert, to parrot the arguments of Defendants' counsel in prejudice to Plaintiff.

The thrust of Mr. Locker's report is a series of inappropriate—and inadmissible—legal conclusions.  There is nothing contained within Mr. Locker's report which should not be within the purview of Defendants' lawyers.  If Mr. Locker wants to make such arguments at trial, he is free to do so, but he must make them from the counsel table, not the witness stand.

The Court should strike the Locker Report in its entirety.

Respectfully submitted,

DATED:  February 25, 2008          HARVEY SISKIND LLP


By: _____/s/_____
          Ian K. Boyd

Attorneys for Plaintiff and Counterdefendant
Mark Lillge d/b/a/ Creative Marketing Concepts