# EXHIBIT B

1   CHANDLER, WOOD, HARRINGTON & MAFFLY
    RICHARD HARRINGTON (Bar #28099)
2   One Maritime Plaza, 4th Floor
    San Francisco, CA 94111
3   Telephone: (415) 421-5484
    Facsimile: (415) 986-4874
4
    SHARTSIS FRIESE LLP
5   ROBERT CHARLES WARD (Bar #160824)
    One Maritime Plaza, Eighteenth Floor
6   San Francisco, CA 94111
    Telephone: (415) 421-6500
7   Facsimile: (415) 421-2922
    Email: rward@sflaw.com
8
    Attorneys for Defendants and Counterclaimants
9   ANDREW VERITY and CHRISTINA CHANG

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14

15  MARK LILLGE d/b/a CREATIVE          Case No. C 07-02748 MHP
    MARKETING CONCEPTS,
                                        **DEFENDANT ANDREW VERITY'S FIRST**
16                                      **SET OF SPECIALLY PREPARED**
              Plaintiff,                **INTERROGATORIES TO PLAINTIFF**
17
    v.
18
    ANDREW VERITY and CHRISTINA
19  CHANG,

20            Defendants.

21  ANDREW VERITY,

22            Counter-Claimant,

23       v.

24  MARK LILLGE d/b/a CREATIVE
    MARKETING CONCEPTS, and DOES 1 -
25  10,

26            Counter-Defendants.

27

28
                                       - 1 -

    Case No.        DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY
    C 07-02748         PREPARED INTERROGATORIES TO PLAINTIFF

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

DOCKET
OCT - 4 2007

1

2  PROPOUNDING PARTY:       Defendant Andrew Verity

3  RESPONDING PARTY:        Plaintiff Mark Lillge d/b/a Creative Marketing Concepts

4  SET NO.:                 One

5      Defendant Andrew Verity hereby requests that Plaintiff answer under oath in accordance

6  with Federal Rules of Civil Procedure Rule 33(b)(3) the following interrogatories within 30 days

7  of service of the interrogatories.  In answering the interrogatories, Plaintiff is required to furnish

8  all information available to him, including information in the possession of his agents, employees

9  and attorneys.

10      To the extent that a full and complete response to any interrogatory requires the

11  identification of a writing, oral statement or other communication which you contend is

12  privileged, you are nonetheless required to:

13      (a)    Provide information necessary to identify the writing, oral statement or

14  communication to the extent that this does not require you to reveal privileged information;

15      (b)    State that you are claiming a privilege against disclosure of the writing, oral

16  statement or communication;

17      (c)    Describe the basis of your claim of privilege.

18                              **DEFINITIONS**

19      1.     The term "VERITY" shall mean and refer to Defendant Andrew Verity.

20      2.     The term "YOU" and "YOUR" shall mean and refer to Plaintiff Mark Lillge d/b/a

21  Creative Marketing Concepts and include its agents, employees, representatives, attorneys, or any

22  other person or entity acting on its behalf.

23      3.     The term "DOCUMENT" means and refers to any and all writings (handwritten,

24  printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter

25  of any kind or nature, however produced or reproduced (including photographs, x-rays, files

26  and/or video tapes), sound recordings and all other data compilation from which information can

27  be obtained or translated whether electronic or mechanical, however produced or reproduced,

28  whether draft or final, whether signed or unsigned, whether or not sent or received, private or

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 2 -

1    confidential, wherever located, that is now or was previously in your possession, custody or

2    control, or that comes into your possession, custody or control, up to and including the date of

3    actual production. "DOCUMENT" as defined herein shall be deemed to include file folders or

4    file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing

5    notations or marks not found in the original or other copies and includes, without limitation, all

6    notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test

7    data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts,

8    graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche,

9    forms, diaries, time calendars (including appointment calendars, day calendars, day timers),

10   appointment books, logs, bank records (including monthly or other periodic statements, checks,

11   deposit slips, wire transfer documentation), financial records (including books of account,

12   ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited

13   and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams,

14   telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars,

15   specifications, instructions, notices, comparisons and surveys.

16          4.      The term "IDENTIFY" when used in reference to a writing means that you shall

17   state:

18          (a)     The identity and position or capacity of the person or persons who prepared it and

19   the person over whose signature it was issued, if other than the preparer;

20          (b)     The identity of each person to whom it was transmitted or distributed;

21          (c)     Its nature and substance and the subject matter with which it deals;

22          (d)     Its date or, if it bears no date, the date when it was first transmitted to an addressee

23   or distributee;

24          (e)     Its present physical location and the identity of its custodian.

25          5.      The term "IDENTIFY" or when used in reference to a person means that you shall

26   state:

27          (a)     The full name of the individual or business entity;

28          (b)     The person's last known business and residence addresses and respective telephone

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 3 -

1  numbers.

2                           **INTERROGATORIES**

3  **INTERROGATORY NO. 1:**

4        IDENTIFY each person with whom YOU have communicated with regard to VERITY

5  since VERITY's termination of employment with Creative Marketing Concepts.

6  **INTERROGATORY NO. 2:**

7        IDENTIFY all customers (including contact information and location) whose identity  and

8  contact information YOU contend are trade secrets.

9  **INTERROGATORY NO. 3:**

10       For each customer identified in response to Interrogatory No. 2, specify with particularity

11  how Creative Marketing Concepts first came into contract with that customer, including but not

12  limited to the individuals that participated in that first communication, the method of

13  communication, and what was communicated by each party.

14  **INTERROGATORY NO. 4:**

15       For each customer identified in response to Interrogatory No. 2, state the most recent date

16  on which YOU sold merchandise to that customer.

17  **INTERROGATORY NO. 5:**

18       For each customer identified in response to Interrogatory No. 2, state the total gross dollar

19  value of sales to that customer.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

1    **INTERROGATORY NO. 6:**

2        State all with particularity all damages, including by category and dollar amount, that

3   YOU contend YOU are entitled to as a result of your allegations in the Complaint.

4

5   DATED:       October $3$ , 2007        SHARTSIS FRIESE LLP

6

7                             By: _____
                                 ROBERT CHARLES WARD

8                           Attorneys for Defendants

9                           ANDREW VERITY and CHRISTINA
                          CHANG

10

   7475\001\RWARD\1445085.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
C 07-02748        DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY
                   PREPARED INTERROGATORIES TO PLAINTIFF

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**PROOF OF SERVICE**

I, Janis L. Ing, declare:

1.     I am employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, 18th Floor, San Francisco, California 94111.

2.     I am over the age of eighteen years and am not a party to the within cause.

3.     I am readily familiar with Shartsis Friese LLP's practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing.

4.     On October 3, 2007, at Shartsis Friese LLP located at the above-referenced address, I served the attached **DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** on the interested parties in said cause by

\_\_\_   personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

\_\_\_   placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below:

\_\_\_   facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

_x_   consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

\_\_\_   electronically delivering the document(s) listed above pursuant to federal and local rules of the court on this date from electronic address sflaw.com, and which transmission was reported as complete and without error, to electronic mail address(es) set forth below:

Ian K. Boyd, Esq.
Seth I. Appel, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

PROOF OF SERVICE

Case No.
C 07-02748 MHP

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on October 3, 2007 in San Francisco, California.

3    _____

4    Janis L. Ing

5    7475\001\JING\1462659.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
C 07-02748 MHP

SHARTSIS FRIESE LLP
EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

1  CHANDLER, WOODS, HARRINGTON & MAFFLY
   RICHARD HARRINGTON (Bar #28099)
2  One Maritime Plaza, 4th Floor
   San Francisco, CA 94111
3  Telephone: (415) 421-5484
   Facsimile: (415) 986-4874
4
   SHARTSIS FRIESE LLP
5  ROBERT CHARLES WARD (Bar #160824)
   One Maritime Plaza, Eighteenth Floor
6  San Francisco, CA 94111
   Telephone: (415) 421-6500
7  Facsimile: (415) 421-2922
   Email: rward@sflaw.com
8
   Attorneys for Defendants and Counterclaimants
9  ANDREW VERITY and CHRISTINA CHANG

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14

15  MARK LILLGE d/b/a CREATIVE          Case No.  C 07-02748 MHP
    MARKETING CONCEPTS,
16                                      **DEFENDANT CHRISTINA CHANG'S**
                   Plaintiff,           **FIRST SET OF SPECIALLY PREPARED**
17                                      **INTERROGATORIES TO PLAINTIFF**
    v.
18
    ANDREW VERITY and CHRISTINA
19  CHANG,

20                 Defendants.

21  ANDREW VERITY,

22                 Counter-Claimant,

23       v.

24  MARK LILLGE d/b/a CREATIVE
    MARKETING CONCEPTS, and DOES 1 -
25  10,

26                 Counter-Defendants.

27

28

DOCKET

OCT - 4 2007

- 1 -

Case No.          DEFENDANT CHRISTINA CHANG'S FIRST SET OF
C 07-02748        SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

PROPOUNDING PARTY:     Defendant Christina Chang

RESPONDING PARTY:      Plaintiff Mark Lillge d/b/a Creative Marketing Concepts

SET NO.:               One

Defendant Christina Chang hereby requests that Plaintiff answer under oath in accordance with Federal Rules of Civil Procedure Rule 33(b)(3) the following interrogatories within 30 days of service of the interrogatories. In answering the interrogatories, Plaintiff is required to furnish all information available to him, including information in the possession of his agents, employees and attorneys.

To the extent that a full and complete response to any interrogatory requires the identification of a writing, oral statement or other communication which you contend is privileged, you are nonetheless required to:

(a)     Provide information necessary to identify the writing, oral statement or communication to the extent that this does not require you to reveal privileged information;

(b)     State that you are claiming a privilege against disclosure of the writing, oral statement or communication;

(c)     Describe the basis of your claim of privilege.

### DEFINITIONS

1.     The term "CHANG" shall mean and refer to Defendant Christina Chang.

2.     The term "YOU" and "YOUR" shall mean and refer to Plaintiff Mark Lillge d/b/a Creative Marketing Concepts and include its agents, employees, representatives, attorneys, or any other person or entity acting on its behalf.

3.     The term "DOCUMENT" means and refers to any and all writings (handwritten, printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter of any kind or nature, however produced or reproduced (including photographs, x-rays, files and/or video tapes), sound recordings and all other data compilation from which information can be obtained or translated whether electronic or mechanical, however produced or reproduced, whether draft or final, whether signed or unsigned, whether or not sent or received, private or

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 2 -

1   confidential, wherever located, that is now or was previously in your possession, custody or

2   control, or that comes into your possession, custody or control, up to and including the date of

3   actual production. "DOCUMENT" as defined herein shall be deemed to include file folders or

4   file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing

5   notations or marks not found in the original or other copies and includes, without limitation, all

6   notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test

7   data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts,

8   graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche,

9   forms, diaries, time calendars (including appointment calendars, day calendars, day timers),

10  appointment books, logs, bank records (including monthly or other periodic statements, checks,

11  deposit slips, wire transfer documentation), financial records (including books of account,

12  ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited

13  and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams,

14  telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars,

15  specifications, instructions, notices, comparisons and surveys.

16      4.      The term "IDENTIFY" or when used in reference to a writing means that you shall

17  state:

18          (a)     The identity and position or capacity of the person or persons who prepared it and

19  the person over whose signature it was issued, if other than the preparer;

20          (b)     The identity of each person to whom it was transmitted or distributed;

21          (c)     Its nature and substance and the subject matter with which it deals;

22          (d)     Its date or, if it bears no date, the date when it was first transmitted to an addressee

23  or distributee;

24          (e)     Its present physical location and the identity of its custodian.

25      5.      The term "IDENTIFY" when used in reference to a person means that you shall

26  state:

27          (a)     The full name of the individual or business entity;

28          (b)     The person's last known business and residence addresses and respective telephone

| Case No. | DEFENDANT CHRISTINA CHANG'S FIRST SET OF |
|----------|------------------------------------------|
| C 07-02748 | SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    numbers.

2        6.    The term "TRADE SECRETS IDENTIFICATION" means and refers to

3    "Plaintiff's Identification of Trade Secrets" filed in this action.

4                            **INTERROGATORIES**

5    **INTERROGATORY NO. 1:**

6        State all facts on which YOU base YOUR contention that the "list of CMC customers," as

7    stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

8    **INTERROGATORY NO. 2:**

9        State all facts on which YOU base YOUR contention that defendants misappropriated the

10   "list of CMC customers" that YOU claim is a trade secret.

11   **INTERROGATORY NO. 3:**

12       State all facts on which YOU base YOUR contention that "the pricing that CMC charges

13   each specific customer," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

14   **INTERROGATORY NO. 4:**

15       State all facts on which YOU base YOUR contention that defendants misappropriated

16   "the pricing that CMC charges each specific customer" that YOU claim is a trade secret.

17   **INTERROGATORY NO. 5:**

18       State all facts on which YOU base YOUR contention that "CMC's actual and desired

19   profit margin for each customer," as stated in the TRADE SECRETS IDENTIFICATION, is a

20   trade secret.

21   **INTERROGATORY NO. 6:**

22       State all facts on which YOU base YOUR contention that defendants misappropriated

23   "CMC's actual and desired profit margin for each customer," which YOU claim is a trade secret.

24   **INTERROGATORY NO. 7:**

25       State all facts on which YOU base YOUR contention that "CMC's strategic plans," as

26   stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

27   **INTERROGATORY NO. 8:**

28       State all facts on which YOU base YOUR contention that defendants misappropriated

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

1   "CMC's strategic plans," which YOU claim are trade secrets.

2   **INTERROGATORY NO. 9:**

3       State all facts on which YOU base YOUR contention that the "purchasing history of

4   CMC's customers," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

5   **INTERROGATORY NO. 10:**

6       State all facts on which YOU base YOUR contention that defendants misappropriated the

7   "purchasing history of CMC's customers," which YOU claim is a trade secret.

8   **INTERROGATORY NO. 11:**

9       State all facts on which YOU base YOUR contention that the "knowledge of when a

10  customer will be due for renewal orders," as stated in the TRADE SECRETS

11  IDENTIFICATION, is a trade secret.

12  **INTERROGATORY NO. 12:**

13      State all facts on which YOU base YOUR contention that defendants misappropriated the

14  "knowledge of when a customer will be due for renewal orders," which YOU claim is a trade

15  secret.

16  **INTERROGATORY NO. 13:**

17      State all facts on which YOU base YOUR contention that "[s]pecific customer

18  requirements, preferences, and limitations, including particular buying habits, needs and dislikes,"

19  as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

20  **INTERROGATORY NO. 14:**

21      State all facts on which YOU base YOUR contention that defendants misappropriated

22  "specific customer requirements, preferences, and limitations, including particular buying habits,

23  needs and dislikes," which YOU claim is a trade secret.

24  **INTERROGATORY NO. 15:**

25      State all facts on which YOU based YOUR contention that "[n]egative knowledge

26  regarding goods that certain customers have refused to purchase or no longer wish to purchase,"

27  as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -

**INTERROGATORY NO. 16:**

State all facts on which YOU base YOUR contention that defendants misappropriated "negative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase," which YOU claim is a trade secret.

**INTERROGATORY NO. 17:**

State all facts on which YOU base YOUR contention that "CMC's confidential marketing and financial plans, proposals and projections," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 18:**

State all facts on which YOU base YOUR contention that defendants misappropriated "CMC's confidential marketing and financial plans, proposals and projections," which YOU claim are trade secrets.

**INTERROGATORY NO. 19:**

IDENTIFY each person who has knowledge that supports the existence of any of the trade secrets stated in the TRADE SECRETS IDENTIFICATION.

**INTERROGATORY NO. 20:**

IDENTIFY each DOCUMENT that supports the existence of any of the trade secrets stated in the TRADE SECRETS IDENTIFICATION.

**INTERROGATORY NO. 21:**

IDENTIFY each person with whom YOU have communicated with regard to Branding Boulevard.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 6 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    **INTERROGATORY NO. 22:**

2         IDENTIFY each person with whom YOU have communicated with regard to CHANG

3    since CHANG's termination of employment with Creative Marking Concepts.

4

5    DATED:        October 3 , 2007              SHARTSIS FRIESE LLP

6

7    By: _____
                                              ROBERT CHARLES WARD

8                                             Attorneys for Defendants
                                              ANDREW VERITY and CHRISTINA
9                                             CHANG

10

11   7475\001\RWARD\1445336.3

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

| Case No.<br>C 07-02748 | DEFENDANT CHRISTINA CHANG'S FIRST SET OF<br>SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**PROOF OF SERVICE**

I, Janis L. Ing, declare:

1.    I am employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, 18th Floor, San Francisco, California 94111.

2.    I am over the age of eighteen years and am not a party to the within cause.

3.    I am readily familiar with Shartsis Friese LLP's practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing.

4.    On October 3, 2007, at Shartsis Friese LLP located at the above-referenced address, I served the attached **DEFENDANT CHRISTINA CHANG'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** on the interested parties in said cause by

___  personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

___  placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below:

___  facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

_x_  consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

___  electronically delivering the document(s) listed above pursuant to federal and local rules of the court on this date from electronic address sflaw.com, and which transmission was reported as complete and without error, to electronic mail address(es) set forth below:

Ian K. Boyd, Esq.
Seth I. Appel, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

-1-

SHARTSIS FRIESE LLP
EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

1       I declare under penalty of perjury that the foregoing is true and correct.

2       Executed on October 3, 2007 in San Francisco, California.

3

_____
Janis L. Ing

4

5   7475\001\JING\1462659.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

-2-
PROOF OF SERVICE

Case No.
C 07-02748 MHP

# EXHIBIT C

**EXHIBIT C**

14 /5-1
xtra
LRow

1   HARVEY SISKIND LLP
    IAN K. BOYD (State Bar No. 191434)
2   iboyd@harveysiskind.com
    SETH I. APPEL (State Bar No. 233421)
3   sappel@harveysiskind.com
4   Four Embarcadero Center, 39th Floor
    San Francisco, California  94111
5   Telephone:  (415) 354-0100
    Facsimile:   (415) 391-7124
6
7   Attorneys for Plaintiff
    Mark Lillge d/b/a Creative Marketing Concepts
8

9                  IN THE UNITED STATES DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13  MARK LILLGE d/b/a CREATIVE               Case No.  C 07-02748 MHP
    MARKETING CONCEPTS,
14                                           PLAINTIFF/COUNTERDEFENDANT
15                Plaintiff,                  CREATIVE MARKETING CONCEPTS'
                                             RESPONSES TO
16        v.                                 DEFENDANT/COUNTERCLAIMANT
                                             ANDREW VERITY'S FIRST SET OF
17  ANDREW VERITY and CHRISTINA              SPECIALLY PREPARED
    CHANG,                                   INTERROGATORIES TO PLAINTIFF
18
19                Defendants.

20
    ANDREW VERITY and CHRISTINA
21  CHANG,

22                Counterclaimants,

23        v.

24
    MARK LILLGE d/b/a CREATIVE
25  MARKETING CONCEPTS, and DOES 1-10,

26                Counterdefendants.

27                                           **DOCKET**

28                                           NOV 1 4 2007

1 | **Propounding Party:**   Defendant/Counterclaimant Andrew Verity

2 | **Responding Party:**    Plaintiff/Counterdefendant Mark Lillge d/b/a Creative Marketing Concepts

3 | **Set No.:**                   ONE

4        Plaintiff and Counterdefendant Mark Lillge d/b/a Creative Marketing Concepts ("CMC")

5 responds to the first set of specially prepared interrogatories of Defendant and Counterclaimant

6 Andrew Verity ("Verity") as follows:

7        CMC, based upon its current knowledge, understanding, and belief of the facts, information

8 and documents available to it, responds as set forth below.  As this action proceeds, CMC may

9 discover further facts, information and documents.  CMC reserves the right to modify or supplement

10 these responses accordingly.  CMC further reserves the right to object on appropriate grounds to the

11 introduction of any information included in these responses.

12        These responses are given without prejudice to using or relying on at trial information omitted

13 from these responses as a result of mistake, error, oversight, or inadvertence.

14        CMC's answers and objections are made without in any way waiving or intending to waive,

15 but on the contrary, preserving and intending to preserve, all objections as to competency, relevancy,

16 materiality, privilege, and admissibility as evidence for any purpose of the answers, or the subject

17 matter thereof, in this or any subsequent proceeding;

18                                      **GENERAL OBJECTIONS**

19        CMC objects generally to the following:

20        1.     CMC objects to the interrogatories to the extent that they seek to impose duties or

21 obligations on CMC beyond those imposed by the Federal Rules of Civil Procedure or any applicable

22 Local Rules.

23        2.     CMC objects to the interrogatories insofar as they are vague, ambiguous, indefinite,

24 overbroad, unduly burdensome, duplicative, cumulative, unintelligible or otherwise unclear as to the

25 precise information sought.

26        3.     CMC objects to the interrogatories insofar as they seek information that is neither

27 relevant to the claims or defenses of either party in this action nor reasonably calculated to lead to the

28 discovery of admissible evidence.

-1-

PLAINTIFF'S RESPONSES TO VERITY'S FIRST                                     Case No. C 07-02748 MHP
SPECIALLY PREPARED INTERROGATORIES

1        4.    CMC objects to the interrogatories to the extent that they call for information that is

2    protected from discovery by the attorney-client privilege, the work product doctrine, or any other

3    applicable privilege, doctrine, protection or immunity.

4        5.    CMC objects to the interrogatories to the extent they seek information, or the

5    compilation of data, which may be derived or ascertained from business records, where the burden of

6    deriving or ascertaining the answers thereto is substantially the same for Verity as for CMC.

7        6.    CMC objects to the interrogatories to the extent that they call for the production of

8    confidential business information, trade secrets, or commercially sensitive information of CMC.  To

9    the extent CMC produces such information, it does so pursuant to the parties' protective order.

10       7.    CMC objects to the interrogatories to the extent that they call for information not

11   reasonably available to CMC.

12   **RESPONSES TO INTERROGATORIES**

13   **Interrogatory No. 1:**  IDENTIFY each person with whom YOU have communicated with

14   regard to VERITY since VERITY's termination of employment with Creative Marketing Concepts.

15   **Response to Interrogatory No. 1:**  See General Objections.  In addition, CMC objects on the

16   ground that this request states that CMC "terminated" Verity.  CMC further objects to this

17   interrogatory on the grounds that the term "with regard to VERITY" is impermissibly overbroad,

18   because it pertains to any communication "with regard to VERITY" regardless of whether such

19   communication is relevant to the claim or defense of either party.  CMC further objects to this

20   interrogatory as overbroad because as defined by Defendants, "YOU" refers to not only Mark Lillge,

21   but also all of CMC's agents, employees, representatives, attorneys or any person acting on its behalf

22   who had any communication whatsoever "with regard to VERITY," for any reason whatsoever, such

23   as, for example, the transfer of Mr. Verity's telephone extension to another party after he left CMC.

24   **Interrogatory No. 2:**  IDENTIFY all customers (including contact information and location)

25   whose identity and contact information YOU contend are trade secrets.

26   **Response to Interrogatory No. 2:**  See General Objections.  Without waving the foregoing

27   objections, CMC responds as follows:

28

-2-

PLAINTIFF'S RESPONSES TO VERITY'S FIRST        Case No. C 07-02748 MHP
SPECIALLY PREPARED INTERROGATORIES

1    See CMC's customer list, which CMC has agreed to produce in response to Verity's Document

2    Request No. 3. CMC will identify those customers and contact information that CMC contends are trade

3    secrets of CMC, although such information is merely responsive to this interrogatory and does not

4    constitute the entirety of information pertaining to these customers that CMC claims are trade secrets.

5    **Interrogatory No. 3:**  For each customer identified in response to Interrogatory No. 2, specify

6    with particularity how Creative Marketing Concepts first came into contract with that customer,

7    including but not limited to the individuals that participated in that first communication, the method

8    of communication, and what was communicated by each party.

9    **Response to Interrogatory No. 3:**  See General Objections. In particular, CMC objects on the

10   ground that this interrogatory is overbroad with respect to CMC's customers which are not at issue in

11   this action, unduly burdensome, and accordingly seeks information that is neither relevant to the

12   claims or defenses of either party in this action.

13   **Interrogatory No. 4:**  For each customer identified in response to Interrogatory No. 2, state the

14   most recent date on which YOU sold merchandise to that customer.

15   **Response to Interrogatory No. 4:**   See General Objections.  Without waiving the foregoing

16   objections, CMC responds as follows:

17   CMC will produce documentation demonstrating the most recent date on which it has sold

18   merchandise to its customers that, to the best of CMC's knowledge, Defendants have contacted and/or

19   solicited.

20   **Interrogatory No. 5:**  For each customer identified in response to Interrogatory No. 2, state the

21   total gross dollar value of sales to that customer.

22   **Response to Interrogatory No. 5:**  See General Objections. In particular, CMC objects on the

23   ground that this interrogatory is overbroad, unduly burdensome, and seeks information that is neither

24   relevant to the claims or defenses of either party in this action.  In addition, CMC objects to this

25   interrogatory on the grounds that it is vague as to time frame. Without waiving the foregoing objections,

26   CMC responds as follows:

27   CMC will produce documentation demonstrating gross dollar sales for the customers it believes

28   defendants have improperly solicited, covering a reasonable period of time.

-3-

1  **Interrogatory No. 6:** State all with particularity all damages, including by category and
2  dollar amount, that YOU contend YOU are entitled to as a result of your allegations in the Complaint.
3  **Response to Interrogatory No. 6:**  See General Objections.  CMC further objects to this
4  interrogatory because its damages are in part contingent upon information which is only in the
5  possession of Defendants and which Defendants have refused to produce to date.  Accordingly, CMC
6  will supplement this interrogatory response as discovery continues.  Without waving the foregoing
7  objections, CMC responds as follows:
8  Compensatory damages.  The amount necessary to compensate CMC for the loss caused by
9  Defendants' misconduct, which CMC estimates to be both the gross sales revenue accruing to
10 Defendants as a result of their improper contact and solicitation of CMC's customers, and any additional
11 sales which CMC did not realize as a result of Defendants' improper interference with CMC's
12 customers.  CMC also seeks exemplary damages pursuant to California Civil Code Section 3426.3(c)
13 in an amount to be determined by the Court, as a result of Defendants' willful and blatant violations
14 of the Court's Order.  CMC also seeks punitive damages in an amount to be determined by the Court,
15 and recovery of its attorneys' fees per CUTSA.
16 DATED:  November 13, 2007                    HARVEY SISKIND LLP
17
18                                     By: _____
19                                            Seth I. Appel
20                                     Attorneys for Plaintiff/Counterdefendant
                                      Mark Lillge d/b/a/ Creative Marketing Concepts
21
22
23
24
25
26
27
28

—4—

**VERIFICATION TO FOLLOW**

## PROOF OF SERVICE

1

2     The undersigned declares: I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party

3 to the within action; my business address is 4 Embarcadero Center, 39th Floor, San Francisco, CA 94111.

4     On the date stated below, I served the following documents:

5 • **PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS'**
**RESPONSES TO DEFENDANT/COUNTERCLAIMANT ANDREW VERITY'S**
6 **FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF**

7 by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

8

9 Robert C. Ward, Esq.      Richard Harrington, Esq.
Shartsis Friese LLP      Chandler, Wood, Harrington & Maffly, LLP
10 One Maritime Plaza, 18th Floor      One Maritime Plaza, Suite 400
San Francisco, CA 94111      San Francisco, CA 94111

11

12   **X**   **MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am
13 readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary
14 course of business.

15   ____   **FEDERAL EXPRESS – OVERNIGHT DELIVERY:** I caused such envelope to be
16 deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the
17 addressee designated.

18   ____   **HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.
19

20   ____   **VIA FAX:** The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of
21 Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.
22

23   **X**   **(FEDERAL):** I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

24   ____   **(STATE):** I declare under penalty of perjury under the laws of the State of California
25 that the foregoing is true and correct.

26 Executed on November 13, 2007 at San Francisco, California.

27

_____
Cynthia Lee