# Exhibit A
# to Declaration of Seth I. Appel In Support of Opposition to Motion to Dissolve Preliminary Injunction, or, in the Alternative, Increase Bond and for Preliminary Injunction against Plaintiff

```
                                              PAGES 1 - 29

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

               BEFORE THE HONORABLE MARILYN HALL PATEL

MARK LILLGE, DBA CREATIVE      )
MARKETING CONCEPTS,            )
                               )         COPY
            PLAINTIFF,         )
                               )
  VS.                          )   NO. C 07-2748 MHP
                               )
ANDREW VERITY AND CHRISTINA    )
CHANG,                         )
                               )   SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.        )   THURSDAY, MAY 31, 2007
                               )
                               )
```

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFF          HARVEY SISKIND, LLP
                       FOUR EMBARCADERO CENTER, 39TH FLOOR
                       SAN FRANCISCO, CALIFORNIA 94111
                BY:    **IAN K. BOYD, ESQUIRE**
                       **SETH ISAAC APPEL, ESQUIRE**


FOR DEFENDANTS         CHANDLER, WOODS, HARRINGTON & MAFFLY
                       ONE MARITIME PLAZA, FOURTH FLOOR
                       SAN FRANCISCO, CALIFORNIA 94111
                BY:    **RICHARD HARRINGTON, ESQUIRE**


*REPORTED BY:*  JOAN MARIE COLUMBINI, CSR 5435, RPR
                OFFICIAL COURT REPORTER, U.S. DISTRICT COURT

1   CUSTOMERS IS INCORRECT.  IN FACT, I HAVE A DECLARATION WITH ME
2   THAT MR. LILLGE JUST SIGNED TODAY WHERE HE CONTACTED A CUSTOMER
3   FROM CHEVRON AND DID CONFIRM THEY WERE, IN FACT, SOLICITED BY
4   MR. HARRINGTON'S CLIENT, NOT ONLY NOTIFIED CHEVRON OF THE FACT
5   THEY HAD MOVED, BUT MS. CHANG HAD INTIMATE KNOWLEDGE REGARDING
6   THE FACT THAT CHEVRON WAS LOOKING FOR CERTAIN CHILD-THEMED
7   PRODUCTS FOR A SPECIAL CHEVRON PROMOTION AND PITCHED THE
8   CHEVRON CONTACT ON WHAT HER NEW COMPANY COULD DO FOR CHEVRON IN
9   THAT REGARD.
10          WE ARE VERY CONCERNED.  THIS IS JUST ONE EXAMPLE OF
11  THE SOLICITATION THAT HAS ALREADY OCCURRED, AND, THEREFORE, ANY
12  REQUESTS THAT THE DEFENDANTS BE ALLOWED TO ENGAGE IN
13  TRANSACTIONS WITH CUSTOMERS THAT SUBSEQUENTLY CONTACT THEM, WE
14  BELIEVE JUST DOESN'T FLY BECAUSE THE CAT IS ALREADY OUT OF THE
15  BAG.  THEY'VE ALREADY CONTACTED THEM.  WE BELIEVE THEY'VE
16  ALREADY SOLICITED THEM, AND, OF COURSE, WE DO VERY MUCH BELIEVE
17  THERE ARE SUBSTANTIAL TRADE SECRETS HERE AT ISSUE.
18          **THE COURT:**  WHAT ARE THE TRADE SECRETS, TO BE
19  EXPLICIT?
20          **MR. BOYD:**  TO BEGIN WITH IT -- AND IT DOESN'T END
21  THERE.  TO BEGIN WITH, THE CUSTOMER LIST THAT CMC DOES HAVE HAS
22  BEEN DEVELOPED OVER 15 YEARS.  THEY HAVE SPENT SEVERAL HUNDRED
23  THOUSAND DOLLARS, IF NOT OVER A MILLION DOLLARS.  WE BELIEVE
24  UNDER THE *CAMACHO* AND THE OTHER AUTHORITIES CITED IN OUR BRIEFS
25  THAT CONSTITUTES A TRADE SECRET.

```
 1  WHY, ESPECIALLY IN LIGHT OF THE HARM THEY WILL INCUR, THE
 2  INJUNCTIVE RELIEF IS WARRANTED.  THAT'S WHY WE BELIEF IT IS
 3  APPROPRIATE.
 4          THE COURT:  WHAT I'M GOING TO DO, UNLESS YOU CAN
 5  COME TO SOME AGREEMENT, OTHERWISE I'M GOING TO ISSUE A
 6  TEMPORARY RESTRAINING ORDER, AND I WILL ISSUE IT JUST FOR THE
 7  TEN DAYS.  YOU WILL HAVE TO DO THE BRIEFING AND SO FORTH, BUT
 8  THERE IS -- THE THING THAT'S DIFFICULT ABOUT THIS IS THAT I'M
 9  GOING TO ORDER THAT THERE IS TO BE NO TRANSMISSION OF TRADE
10  SECRETS AT ALL OR USE OF THOSE TRADE SECRETS EITHER IN
11  ACQUIRING ANY NEW BUSINESS BY THESE DEFENDANTS -- AND YOU ARE
12  GOING TO HAVE TO -- AND I CAN'T DEFINE RIGHT NOW WHAT ALL THOSE
13  TRADE SECRETS MAY BE, OR IF THERE ARE ANY TRADE SECRETS AT ALL,
14  BUT, YOU KNOW, THAT IF -- MR. HARRINGTON, IF THEY ARE TRADE
15  SECRETS, THEN CERTAINLY AT THIS POINT THE COURT CAN PUT SOME --
16  IMPOSE SOME KIND OF A RESTRAINING ORDER SO WE CAN, IN FACT,
17  MAINTAIN THE STATUS QUO.
18          AND WHEN YOU LOOK AT IT ON A CONTINUUM, THERE ARE
19  SERIOUS QUESTIONS AND A BALANCE OF HARDSHIPS.  ONCE THE CAT IS
20  OUT OF THE BAG, YOU CAN'T GET IT BACK IN.  MAYBE YOU CAN GET A
21  CAT BACK IN THE BAG, BUT YOU CAN'T GET THE TOOTHPASTE BACK IN
22  THE TUBE.  SERIOUSLY, ONCE THE DAMAGE IS DONE, IT'S TOO LATE TO
23  TRY TO RECOUP IT OR DO SOMETHING ABOUT IT AFTER THE FACT.
24          THEY ARE NOT TO SOLICIT DURING THIS PERIOD OF
25  TIME -- AND YOU DON'T HAVE TO SCOWL.  THEY ARE NOT TO SOLICIT
```

22

1  REQUESTED, WHICH IS ADMITTEDLY A BIT MORE EXPANSIVE THAN THE
2  COURT IS GRANTING TODAY, WE HAD PROPOSED A HUNDRED THOUSAND
3  DOLLARS AS THE AMOUNT OF THE BOND.
4          THE COURT: WHAT ABOUT THAT?
5          MR. HARRINGTON: WELL, I THINK MR. BOYD'S CLIENTS
6  SHOULD PUT UP A LOT MORE THAN THAT, IF HE'S GOING TO DESTROY
7  OUR BUSINESS, ON A TRO. I'M NOT SURE. DOES HE WANT ME TO PUT
8  UP A BOND OR HIM TO PUT UP A BOND?
9          THE COURT: YOU DON'T HAVE TO PUT UP A BOND.
10         MR. HARRINGTON: I DON'T THINK -- I THINK HE SHOULD
11 GIVE ME A MILLION BUCKS.
12         THE COURT: DON'T PUSH IT, OKAY.
13         MR. HARRINGTON: WELL, A HUNDRED THOUSAND.
14         THE COURT: A HUNDRED THOUSAND, OKAY.
15         MR. HARRINGTON: I DON'T UNDERSTAND THE COURT ORDER,
16 I'M SORRY, YOUR HONOR. WELL, I'M GOING TO ASK HIM. HE DOES.
17 OKAY. HE'LL SUBMIT IT, AND I WILL INTERLINEATE IT AND MAKE
18 WHATEVER CHANGES.
19         THANK YOU, YOUR HONOR.
20         THE COURT: YOU ARE GETTING IN YOUR RESPONSE. YOU
21 ARE GOING TO FILE WHAT YOU HAVE HERE NOW TODAY, OR ARE YOU
22 GOING TO SUPPLEMENT IT?
23         MR. HARRINGTON: I WAS GOING TO TRY TO FIX IT.
24         THE COURT: BY WHEN?
25         MR. HARRINGTON: WHENEVER YOUR HONOR WANTS, BUT I

```
 1  MEAN NEXT WEEK, TEN DAYS.
 2          THE COURT:  WELL, IF WE ARE GOING TO HAVE A HEARING
 3  IN TEN DAYS, YOU ARE GOING TO HAVE TO --
 4          MR. HARRINGTON:  IT SEEMS TO ME --
 5          THE COURT:  THEN HE WILL HAVE TO GET HIS RESPONSE IN
 6  EARLIER.
 7          MR. HARRINGTON:  I DON'T KNOW THAT YOU CAN HAVE THE
 8  HEARING IN -- I WILL FILE IT WHENEVER YOUR HONOR SAYS.  I'M
 9  JUST SAYING IT SEEMS TO ME IT WOULD BE BETTER IF I HAD A LITTLE
10  MORE TIME.
11          THE COURT:  YOU WANT TEN DAYS?
12          MR. HARRINGTON:  YES, YOUR HONOR.
13          THE COURT:  THEN YOU'LL AGREE TO THIS TRO BEING
14  EXTENDED UNTIL THE HEARING DATE?
15          MR. HARRINGTON:  THAT'S FINE.
16          THE COURT:  OKAY.  TEN DAYS TO RESPOND.
17          HOW MUCH TIME TO RESPOND TO WHAT HE HAS FILED?
18          MR. BOYD:  I WOULD SAY, OUT OF AN ABUNDANCE OF
19  CAUTION, FIVE DAYS, YOUR HONOR.  IT CAN BE LESS IF THE COURT
20  REQUESTS.
21          THE COURT:  OKAY.  FIVE DAYS.  THAT'S PROBABLY
22  REASONABLE IF HE HAS TEN DAYS.
23          WHAT WOULD THAT BRING US OUT TO?
24          THE CLERK:  JUNE 15TH.
25          THE COURT:  AND THEN SET A HEARING DATE.
```

CERTIFICATE OF REPORTER

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 07-2748 MHP, MARK LILLGE V. ANDREW VERITY AND CHRISTINA CHANG, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

_____
JOAN MARIE COLUMBINI, CSR 5435, RPR
WEDNESDAY, JULY 25, 2007