# Exhibit B
# to Declaration of Seth I. Appel In Support of Opposition to Motion to Dissolve Preliminary Injunction, or, in the Alternative, Increase Bond and for Preliminary Injunction against Plaintiff

Pages  1 - 33

COPY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MARILYN HALL PATEL

MARK LILLGE d/b/a CREATIVE            )
MARKETING CONCEPTS,                   )
                                      )
            Plaintiff,                )
                                      )
  VS.                                 )  No. C 07-2748 MHP
                                      )
ANDREW VERITY and CHRISTINA           )
CHANG,                                )
                                      )  San Francisco, California
            Defendants.               )  Monday
                                      )  August 27, 2007
                                      )  2:06 p.m.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:          Harvey Siskind LLP
                        Four Embarcadero Center, 39th Floor
                        San Francisco, California  94111
                  By:   **Ian K. Boyd, Esquire**
                        **Seth I. Appel, Esquire**

For Defendants:         Shartsis Friese LLP
                        One Maritime Plaza, 18th Floor
                        San Francisco, California  94111
                  By:   **Robert Charles Ward, Esquire**

                        Chandler, Woods, Harrington & Maffly
                        One Maritime Plaza, 4th Floor
                        San Francisco, California  94111
                  By:   **Richard Harrington, Esquire**

Also Present:           **Mark Lillge**
                        **Andrew Verity**
                        **Christina Chang**

Reported By:    *Katherine A. Powell, CSR #5812, RPR, CRR*
                *Official Reporter*

*Katherine A. Powell, CSR, RPR, CRR*
*Official Reporter - U.S. District Court*
*(415) 794-6659*

```
 1            THE COURT:  And with respect to the customer list,
 2   what about that list is protected?
 3            MR. BOYD:  The --
 4            THE COURT:  The list itself or the information on the
 5   list?  And what might that information be?
 6            MR. BOYD:  Certainly, Your Honor.
 7            There's a variety of information that we believe is
 8   protected and that we believe qualifies as a trade secret.
 9   Begins with the customer contact information on the list, whom
10   to contact at the customer.
11            But more importantly, it has to do with that
12   customer's sales history with CMC.  It has to do with when
13   these customers are due for renewal orders.  It has to do with
14   what the customer likes and dislikes are.
15            When I deposed Ms. Chang, she talked about how,
16   becoming acquainted with a file, becoming acquainted with the
17   customer, you learn the buyer characteristics.
18            A great example is a point she referenced where she
19   said if you knew to contact a certain customer in June, there
20   would be a $15,000 sale that would be, as she put it, quote, a
21   no-brainer, based upon her knowledge of that customer and its
22   need as a result of her servicing the CMC customer on CMC's
23   behalf, which CMC's customers would not otherwise know.
24            So it's not just the list itself and the contacts on
25   the list, though we do believe in many cases the contact itself
```

```
 1  business, pending trial, that's likely to be very disabling for
 2  their business.
 3              And so what **Aetna, Continental Car-Na-Var**, the flip
 4  side of all the cases where injunctions have been granted, all
 5  say they have a right to use the relationships they've
 6  developed in the industry, the customer contacts that they
 7  know.  That is information that, you're correct, cannot be
 8  unlearned.  They are entitled to walk out the door and use it.
 9              What they are not entitled to use, and what every
10  case in which there has been a finding against the defendants,
11  what they are not allowed to use is the actual list.
12              There is no database here that's been appropriated.
13  There is no asking a secretary to type up a list that they can
14  take with, such as in the **Greenly** case.
15              You asked a very good question, which is:  How is
16  this information about these customers maintained?
17              And what there's been no showing is that we haven't
18  gone out and bought ACT, which is a commonly used contact
19  management software.  There's no ACT database that has been
20  refined with all of this wonderful information about the
21  customers.
22              Had my clients, for example, made photocopies of the
23  files which showed renewal dates and shows past ordering
24  history, well, that would certainly be the type of information
25  that could qualify as a trade secret and which they would be
```

## CERTIFICATE OF REPORTER

I, KATHERINE A. POWELL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 07-2748 MHP, Mark Lillge d/b/a Creative Marketing Concepts v. Andrew Verity and Christina Chang were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_K Powell_

Katherine A. Powell, CSR 5812, RPR, CRR

Friday, September 28, 2007