# Exhibit C
# to Declaration of Seth I. Appel In Support of Opposition to Motion to Dissolve Preliminary Injunction, or, in the Alternative, Increase Bond and for Preliminary Injunction against Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

--oOo--

MARK LILLGE dba CREATIVE MARKETING CONCEPTS,

    Plaintiff,

vs.   No. C07-02748 MHP

ANDREW VERITY and CHRISTINA CHANG,

    Defendants.

VIDEOTAPE DEPOSITION OF

ANDREW VERITY

JULY 17, 2007

CERTIFIED COPY

REPORTED BY: JUDIE NICHOLAS, CSR 12229

NANCY SORENSEN REPORTING SERVICE
41 SUTTER STREET, SUITE 505
San Francisco, California 94104
(415) 986-4624-OFFICE
(415) 986-4627-FAX
califdepo@aol.com

1

| | | |
|---|---|---|
| 1 | 14:47:07 | used any of the purported trade secrets identified |
| 2 | 14:47:09 | in your new business, and my question is, why is |
| 3 | 14:47:13 | that the case? |
| 4 | 14:47:17 | A.  I think they're irrelevant to my business. |
| 5 | 14:47:20 | We didn't -- the customer list we deleted.  We had |
| 6 | 14:47:26 | emails from them, people who I emailed with a |
| 7 | 14:47:31 | neutral email and they emailed back.  We had plenty |
| 8 | 14:47:36 | of contact information.  Some of the trade secrets |
| 9 | 14:47:39 | don't even exist to my knowledge.  I'm kind of |
| 10 | 14:47:42 | confused by what they are.  I think target, target |
| 11 | 14:47:46 | gross profit per customer is one -- was one of the |
| 12 | 14:47:49 | trade secrets.  I mean we never had a target gross |
| 13 | 14:47:53 | profit per customer, so it's a secret that never |
| 14 | 14:47:55 | existed, so I wouldn't be able to use it, but -- we |
| 15 | 14:48:00 | weren't in the business of using any information. |
| 16 | 14:48:02 | We had enough to go on.  Christina is an |
| 17 | 14:48:07 | excellent salesperson.  We had relationships. |
| 18 | 14:48:09 | People followed us because of that relationship. |
| 19 | 14:48:11 | They sent us emails.  We know how to run a |
| 20 | 14:48:14 | business.  I've got good business acumen, so there |
| 21 | 14:48:22 | was no need to.  And also, specifically, I didn't |
| 22 | 14:48:26 | want to get into the situation that we're in right |
| 23 | 14:48:30 | now where Mr. Lillge was pursuing me, because I |
| 24 | 14:48:33 | knew it was very personal to him.  The fact he |
| 25 | 14:48:35 | terminated me, it wasn't for business reasons, it |

ANDREW VERITY

1   STATE OF CALIFORNIA    )
2   COUNTY OF SAN FRANCISCO )
3
4       I, JUDIE A. NICHOLAS, a Certified Shorthand
5   Reporter in and for the State of California, do
6   hereby certify:
7       That said proceedings were taken at the time
8   and place therein stated; that said proceedings
9   were reported by me, a Certified Shorthand Reporter
10  and a disinterested person, and thereafter
11  transcribed into typewriting under my direction.
12      I further certify that I am not in any way
13  interested in the outcome of said cause named in
14  the caption.
15
16                      IN WITNESS WHEREOF, I have
17
18  hereunto set my hand this 23rd
19  day of July, 2007.
20
21
22  _____
23  JUDIE A. NICHOLAS
    Certified Shorthand Reporter
24  State of California
    CSR Number 12229
25

188