HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
sappel@harveysiskind.com
RAFFI V. ZEROUNIAN (State Bar No. 236388)
rzerounian@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile:  (415) 391-7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>            Plaintiff,<br><br>    vs.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>            Defendants. | Case No. C 07-02748 MHP<br><br>**PLAINTIFF'S REPLY BRIEF RE MOTION TO STRIKE THE EXPERT REPORT OF JEFFRY C. MEYER**<br><br>Date: April 7, 2008<br>Time: 2:00 p.m.<br>Court: Hon. Marilyn Hall Patel |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>            Counterclaimants,<br><br>    v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>            Counterdefendants. | |

**INTRODUCTION**

Mr. Meyer's own words say it best: "I am not qualified to render a legal opinion." The Court should strike a portion of the report of Andrew Verity and Christina Chang's expert, Jeffry C. Meyer, which purports to do precisely what even Mr. Meyer admits he is not qualified to do. His report inappropriately makes generalized legal conclusions concerning the existence of trade secrets in Plaintiff's specific company. The report seeks to usurp both the role of the Court in determining the applicable law and the role of the jury in applying the facts to the law.

Defendants' opposition brief focuses on two matters. First, it argues that Mr. Meyer's experience as a successful business owner in the promotional products industry qualifies him to proffer legal conclusions applying the law of trade secrets. Second, it suggests that because the case is "specialized," expert testimony made up of legal conclusions is admissible. Both contentions are untenable.

Mr. Meyer has absolutely no legal basis upon which to opine about the existence of trade secrets in the promotional products industry. Despite his own admission that he is "not qualified to render a legal opinion," he nonetheless speculates on the applicability of trade secret law. Mr. Meyer has no legal training. His opinion should be excluded as unhelpful, unqualified, and irrelevant.

Similarly, even if this concerns a "specialized industry," as Defendants assert, it does not justify Mr. Meyer's usurpation of the role of the Court in determining the applicable law and the role of the jury in applying the facts to the law. The Court should exclude Mr. Meyer's legal conclusions concerning trade secrets and not allow him to speculate under the misplaced label of a legal "expert."

**STATEMENT OF FACTS**

On February 8, 2008, Jeffry C. Meyer submitted an expert witness report ("Meyer Report") on behalf of defendants Andrew Verity and Christina Chang ("Defendants") that attempts to draw legal conclusions on the existence of trade secrets in general in the promotional products industry. On February 25, 2008, plaintiff Creative Marketing Concepts ("Plaintiff") filed a motion to strike the Meyer Report.

Defendants' opposition brief emphasizes Mr. Meyer's credentials in general business management in the promotional products industry. But nowhere does it explain the basis for his

–1–

alleged expertise in trade secret law. The fact that Mr. Meyer has received accolades from his industry's trade association or was voted "one the 50 most powerful people in the Promotional Product Industry" is not a substitute for the legal training required to determine the existence of trade secrets. Similarly, Defendants offer Mr. Meyer's prior experience to justify the legal conclusions he offers. But, Defendants overlook the fact that legal conclusions are usually inadmissible as expert testimony—and certainly when the witness is not a legal expert.

## ARGUMENT

### A. Mr. Meyer Lacks the Specialized Legal Knowledge Required to Assist the Finder of Fact with Trade Secret Law.

Defendants correctly state that the standard for the admissibility of evidence from an expert witness includes that expert's qualifications on a specialized matter. [Defendant's Brief, 4]. Citing *Weinstein's Federal Evidence*, Defendants assert that one such requirement is that "the proposed witness must be qualified to provide the finder of fact" with specialized knowledge. [*Id.*] Yet, nowhere do Defendants state where Mr. Meyer obtained the legal expertise required to speak authoritatively on the existence of trade secrets in the promotional products industry. They merely cite to his prior experience as a successful CEO who participated in the acquisition of rival companies in the promotional products industry. [Defendants' Brief, 2-3]. While he was likely familiar with the value of the businesses he bought and sold, such anecdotal knowledge is hardly the basis for offering an expert opinion concerning trade secret law. Ultimately, Mr. Meyer's own words say it best: "I am not qualified to render a legal opinion." [Meyer Report, 3].

### B. An Expert Witness's Legal Conclusions Are Not "Helpful" to the Finder of Fact and Should be Excluded on that Basis.

The Court has the power to exclude all inadmissible evidence, including testimony of an expert witness that inappropriately advocates legal conclusions. *See, e.g., Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law.").

–2–

1       Defendants, again citing only *Weinstein's Federal Evidence*, state that the proper standard for the admissibility of expert testimony includes whether it would "assist the finder of fact in any way determining the factual issues before it." [Defendants' Brief, 4]. While generally true, there are a number of caveats to that rule. One significant exception is when an expert inappropriately attempts to advocate legal conclusions through the guise of his or her "expert" status. *Weinstein's Federal Evidence* is quick to point out that "[a] troublesome issue arises when opinion testimony on an ultimate fact is couched in terms of a legal standard or legal conclusion. In general, testimony about a legal conclusion or the legal implications of evidence is inadmissible under Rule 704." *Weinstein's Federal Evidence §704.04[1]*. The treatise similarly notes that "[t]he most common reason for excluding opinion testimony that gives a legal conclusion is lack of helpfulness … [t]he testimony supplies the jury with no information other than the witness's view of how the verdict should read." *Weinstein's Federal Evidence §704.04[2][a]*.

      This rule is well-established in the Ninth Circuit. *See*, *e.g.*, *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 (9th Cir. 2002) ("[A]n expert witness cannot give an opinion as to her *legal conclusion, i.e.*, an opinion on an ultimate issue of law"). As the Advisory Committee's notes to Federal Rule of Evidence 704 state, "under Rule 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances *against the admission of opinions which would merely tell the jury what result to reach*, somewhat in the manner of the oath-helpers of an earlier day." *Fed. R. Evid. 704 Advisory Committee's notes* (emphasis added). Mr. Meyer's blanket opinion that there are not any promotional products companies that have any information whatsoever qualifying as trade secrets under the California Uniform Trade Secrets Act (Cal. Civ. Code §3426.1, *et seq.*) attempts to supplant the role of the Court as the sole source of law for the jury and therefore cannot be "helpful" as required.

### C. The Meyer Report Offers Little More Than Legal Conclusions.

      The Meyer Report's section entitled "Trade Secrets" is made up of three brief paragraphs that nonetheless make sweeping statements about trade secret law. [Meyer Report, 3]. In it, Mr. Meyer draws three legal conclusions on the existence of trade secrets in the promotional products industry.

Specifically, he argues that (1) the personal factors that successful promotional products salespeople exhibit "are not trade secrets," (2) "[n]othing about a distributor's operation is a trade secret," and (3), "there are no trade secrets within a promotional product distributor."[1] *Id.* These legal conclusions, however, are totally unsubstantiated by any statutory references, case law, or other legal authority. Indeed, all of Mr. Meyer's legal conclusions are uncluttered by outside authority, meaningful analysis, or even much discussion. The United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), held that Rule 702 imposes upon the trial court the duty to ensure that expert testimony is relevant and has a reliable basis in the knowledge and experience of the relevant discipline. Contrary to the command of *Daubert*, Mr. Meyer's basis for explaining the state of trade secret law in the promotional products industry is purely anecdotal.

At best, the legal conclusions proffered by Mr. Meyer are unhelpful; most are also inappropriate. The Court should completely strike the section of the Meyer Report entitled "Trade Secrets."

## CONCLUSION

Mr. Meyer does not provide any "scientific, technical, or other specialized knowledge" concerning the existence of Plaintiff's trade secrets that will assist the trier of fact in understanding evidence or determining facts. He has no legal training that could be the basis for his legal conclusions, and moreover, such legal conclusions cannot be cloaked in the guise of an "expert report." Defendants mischaracterize his testimony as "helpful" when, in fact, Mr. Meyer seeks to usurp the Court and jury's important roles by applying the facts to his conception of the law.

///

///

///

///

---

[1] Mr. Meyer would have undoubtedly been surprised to hear Defendants' own counsel argue at the March 3, 2008 Summary Judgment hearing that Defendants were in the process of developing their own trade secrets in the promotional products industry.

-4-

PLAINTIFF'S REPLY BRIEF RE MOTION  
TO STRIKE THE EXPERT REPORT OF JEFFRY C. MEYER.    C 07-02748 MHP

As Plaintiff's original motion to strike noted: "Each courtroom comes equipped with a 'legal expert,' called a judge.'" *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F. 3d 1207, 1213 (D.C. Cir. 1997). The Court should completely strike the Meyer Report's section entitled "Trade Secrets."

DATED: March 17, 2008                    Respectfully submitted,

HARVEY SISKIND LLP

By: _____/s/_____
      Ian K. Boyd

Attorneys for Plaintiff and Counterdefendant
Mark Lillge d/b/a/ Creative Marketing Concepts