RICHARD HARRINGTON (SBN 28099)
CHANDLER WOOD HARRINGTON & MAFFLY LLP
One Maritime Plaza, Fourth Floor
San Francisco, California 94111 3404
Telephone:   415 421 5484
Facsimile:   415 986 4874
Email:       harr@well.com

ROBERT CHARLES WARD (SBN 160824)
SHARTSIS FRIESE LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, California 94111 3404
Telephone:   415 421 6500
Facsimile:   415 421 2922
Email:       rward@sflaw.com

C. ANGELA DE LA HOUSAYE (SBN 144218)
BRENDAN J. DOOLEY (SBN 162880)
KARYNE T. GHANTOUS (SBN 191309)
DE LA HOUSAYE & ASSOCIATES, ALC
1655 N. Main Street, Suite 395
Walnut Creek, California 94596
Telephone:   (925) 944-3300
Facsimile:   (925) 944-3343
Email:       angela@delahousayelaw.com
             brendan@delahousayelaw.com
             karyne@delahousayelaw.com

Attorneys for Defendants
ANDREW VERITY AND CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE D/B/A CREATIVE MARKETING CONCEPTS,<br><br>Plantiff,<br><br>v.<br><br>ANDREW VERITY AND CHRISTINA CHANG,<br><br>Defendants. | Case No: C-07-02748 MHP<br><br>**DECLARATION OF ROBERT CHARLES WARD IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**<br><br>Date:<br>Time:   2:00 p.m.<br>Dept:   Courtroom 15, 18th Floor<br>Judge:  Hon. Marilyn H. Patel<br><br>Complaint Filed: May 25, 2007<br>Trial Date: None Set |

-1-                                                             Case No. C-07-02748 MHP

DECLARATION OF ROBERT CHARLES WARD IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY

I, ROBERT CHARLES WARD, declare as follows:

1. I am a Partner with the Law Firm of Shartsis Friese, LLP, licensed to practice before all the courts in the State of California, and am the attorney of record for Plaintiffs Andrew Verity ("Verity") and Christina Chang ("Chang"). I have personal knowledge of all facts stated herein and if called to testify, could and would competently do so.

2. The Court explicitly stated at the hearing on Plaintiff's motion for preliminary injunction that Plaintiff Lillge had not shown a substantial likelihood of prevailing on the question of whether Plaintiff had the trade secrets that he claims. Attached hereto as Exhibit A is a true and correct copy of the Court's order. Exhibit A, p. 9, lns. 26-28; p. 10, lns. 1-2; p. 10, lns. 21-23. Attached hereto as Exhibit B is a copy of Plaintiff's Identification of Trade Secrets dated June 1, 2007.

3. Since the injunction was granted, Plaintiff has failed to identify with requisite specificity legally cognizable trade secrets, as he is obligated to do under California Code of Civil Procedure section 2019.210. In a series of interrogatories, Defendant Chang asked Lillge to "state all facts" in support of each of the categories of information that Plaintiff contends are trade secrets. Attached hereto as Exhibit B1 is a true and correct copy of Defendants Interrogatories.

4. In response to the interrogatories, Plaintiff restated general contentions about the trade secrets that are little more than copied language from his Complaint. Attached hereto as Exhibit C are true and correct copies of Plaintiff's Responses to Interrogatories. As part of attempting to meet and confer over the inadequate information provided regarding the supposed trade secrets, counsel for Plaintiff agreed only to provide documents and did not agree to provide any further specificity with regard to identifying, describing or elaborating on what Plaintiff contends is and is not a trade secret. Plaintiff has produced thousands of pages of documents, which appear to comprise mostly the customer files for the business. Almost all of these documents have been designated "confidential-attorneys eyes only," despite most of these documents being mundane information that Plaintiff could not possible assert as a trade secret. Furthermore, by designating the documents attorneys eyes only, and failing to provide satisfactory interrogatory responses, Plaintiff is leaving it to counsel for Defendants to wade through tens of thousands of documents to attempt to figure out what Plaintiff contends is a trade secret. Further efforts to meet and confer regarding the issues described above have proved fruitless.

5. Attached hereto as Exhibit D are true and correct copies of relevant parts of the Deposition of Mark Lillge (Volume III) taken on February 12, 2008, in which the Plaintiff refused to testify and/or provide documents related to Defendant Verity's termination. Subsequent efforts to Meet and Confer regarding this topic were to no avail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of March 2008 at San Francisco, California.

*/s/ Robert Charles Ward*
ROBERT CHARLES WARD