# EXHIBIT B

1  HARVEY SISKIND LLP
   IAN K. BOYD (State Bar No. 191434)
2  Email: iboyd@harveysiskind.com
   SETH I. APPEL (State Bar No. 233421)
3  Email: sappel@harveysiskind.com
   Four Embarcadero Center, 39th Floor
4  San Francisco, California 94111
   Telephone: 415.354.0100
5  Facsimile: 415.391.7124

6

7  Attorneys for Plaintiff
   Mark Lillge d/b/a Creative Marketing Concepts

8

9           IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  MARK LILLGE d/b/a CREATIVE            Case No. C 07-02748 MHP
    MARKETING CONCEPTS
14                                        PLAINTIFF'S IDENTIFICATION OF
                                          TRADE SECRETS
15                  Plaintiff,
                                          Hon. Marilyn Hall Patel
16  v.

17  ANDREW VERITY and CHRISTINA
    CHANG
18
                    Defendants.
19

20

21      Mark Lillge d/b/a Creative Marketing Concepts ("CMC") alleges trade secret

22  misappropriation and related claims against Defendants Andrew Verity and Christina Chang. On

23  May 31, 2007, the Court granted CMC's ex parte application for a temporary restraining order and

24  instructed CMC to submit a document identifying the trade secrets at issue in this dispute.

25      Plaintiff hereby identifies the following trade secrets with reasonable particularity, all of

26  which derive independent economic value from not being generally known within Plaintiff's

27  industry, and which are the subject of reasonable measures by CMC to maintain their confidentiality:

28
                              −1−

&. 1

1   1.   The list of CMC customers that Plaintiff has developed over the past fifteen years,
2   through substantial time, effort, and expense.

3   2.   The pricing which CMC charges each specific customer.

4   3.   CMC's actual and desired profit margin for each customer.

5   4.   CMC's strategic plans regarding which customers it wishes to target, and those that it
6   does not wish to target.

7   5.   The purchasing history of CMC's customers.

8   6.   The knowledge of when a customer will be due for renewal orders based upon those
9   customers' prior transactions with CMC.

10  7.   Specific customer requirements, preferences, and limitations, including particular
11  buying habits, needs and dislikes.

12  8.   Negative knowledge regarding goods that certain customers have refused to purchase
13  or no longer wish to purchase.

14  9.   CMC's confidential marketing and financial plans, proposals and projections.

15  Dated: June 1, 2007                      HARVEY SISKIND LLP
16

17                                          By: _____/s/_____
18                                                Ian K. Boyd
19                                          Attorneys for Plaintiff
                                            Mark Lillge d/b/a Creative Marketing Concepts
20

21

22

23

24

25

26

27

28

                                    –2–

# EXHIBIT B1

1  CHANDLER, WOODS, HARRINGTON & MAFFLY
   RICHARD HARRINGTON (Bar #28099)
2  One Maritime Plaza, 4th Floor
   San Francisco, CA 94111
3  Telephone: (415) 421-5484
   Facsimile: (415) 986-4874
4
   SHARTSIS FRIESE LLP
5  ROBERT CHARLES WARD (Bar #160824)
   One Maritime Plaza, Eighteenth Floor
6  San Francisco, CA 94111
   Telephone: (415) 421-6500
7  Facsimile: (415) 421-2922
   Email: rward@sflaw.com
8
   Attorneys for Defendants and Counterclaimants
9  ANDREW VERITY and CHRISTINA CHANG

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14

15 MARK LILLGE d/b/a CREATIVE         Case No.  C 07-02748 MHP
   MARKETING CONCEPTS,
16                                    **DEFENDANT CHRISTINA CHANG'S
              Plaintiff,              FIRST SET OF SPECIALLY PREPARED
17                                    INTERROGATORIES TO PLAINTIFF**
   v.
18
   ANDREW VERITY and CHRISTINA
19 CHANG,

20            Defendants.

21 ANDREW VERITY,

22            Counter-Claimant,

23      v.

24 MARK LILLGE d/b/a CREATIVE
   MARKETING CONCEPTS, and DOES 1 -
25 10,

26            Counter-Defendants.

27

28

DOCKET

OCT - 4 2007

- 1 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

PROPOUNDING PARTY:    Defendant Christina Chang

RESPONDING PARTY:    Plaintiff Mark Lillge d/b/a Creative Marketing Concepts

SET NO.:    One

Defendant Christina Chang hereby requests that Plaintiff answer under oath in accordance with Federal Rules of Civil Procedure Rule 33(b)(3) the following interrogatories within 30 days of service of the interrogatories. In answering the interrogatories, Plaintiff is required to furnish all information available to him, including information in the possession of his agents, employees and attorneys.

To the extent that a full and complete response to any interrogatory requires the identification of a writing, oral statement or other communication which you contend is privileged, you are nonetheless required to:

(a)    Provide information necessary to identify the writing, oral statement or communication to the extent that this does not require you to reveal privileged information;

(b)    State that you are claiming a privilege against disclosure of the writing, oral statement or communication;

(c)    Describe the basis of your claim of privilege.

**DEFINITIONS**

1.    The term "CHANG" shall mean and refer to Defendant Christina Chang.

2.    The term "YOU" and "YOUR" shall mean and refer to Plaintiff Mark Lillge d/b/a Creative Marketing Concepts and include its agents, employees, representatives, attorneys, or any other person or entity acting on its behalf.

3.    The term "DOCUMENT" means and refers to any and all writings (handwritten, printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter of any kind or nature, however produced or reproduced (including photographs, x-rays, files and/or video tapes), sound recordings and all other data compilation from which information can be obtained or translated whether electronic or mechanical, however produced or reproduced, whether draft or final, whether signed or unsigned, whether or not sent or received, private or

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 2 -

DEFENDANT CHRISTINA CHANG'S FIRST SET OF
SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF

1    confidential, wherever located, that is now or was previously in your possession, custody or

2    control, or that comes into your possession, custody or control, up to and including the date of

3    actual production. "DOCUMENT" as defined herein shall be deemed to include file folders or

4    file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing

5    notations or marks not found in the original or other copies and includes, without limitation, all

6    notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test

7    data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts,

8    graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche,

9    forms, diaries, time calendars (including appointment calendars, day calendars, day timers),

10   appointment books, logs, bank records (including monthly or other periodic statements, checks,

11   deposit slips, wire transfer documentation), financial records (including books of account,

12   ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited

13   and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams,

14   telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars,

15   specifications, instructions, notices, comparisons and surveys.

16          4.      The term "IDENTIFY" or when used in reference to a writing means that you shall

17   state:

18          (a)     The identity and position or capacity of the person or persons who prepared it and

19   the person over whose signature it was issued, if other than the preparer;

20          (b)     The identity of each person to whom it was transmitted or distributed;

21          (c)     Its nature and substance and the subject matter with which it deals;

22          (d)     Its date or, if it bears no date, the date when it was first transmitted to an addressee

23   or distributee;

24          (e)     Its present physical location and the identity of its custodian.

25          5.      The term "IDENTIFY" when used in reference to a person means that you shall

26   state:

27          (a)     The full name of the individual or business entity;

28          (b)     The person's last known business and residence addresses and respective telephone

- 3 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1 numbers.

2      6.      The term "TRADE SECRETS IDENTIFICATION" means and refers to

3 "Plaintiff's Identification of Trade Secrets" filed in this action.

4                              **INTERROGATORIES**

5 **INTERROGATORY NO. 1:**

6      State all facts on which YOU base YOUR contention that the "list of CMC customers," as

7 stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

8 **INTERROGATORY NO. 2:**

9      State all facts on which YOU base YOUR contention that defendants misappropriated the

10 "list of CMC customers" that YOU claim is a trade secret.

11 **INTERROGATORY NO. 3:**

12      State all facts on which YOU base YOUR contention that "the pricing that CMC charges

13 each specific customer," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

14 **INTERROGATORY NO. 4:**

15      State all facts on which YOU base YOUR contention that defendants misappropriated

16 "the pricing that CMC charges each specific customer" that YOU claim is a trade secret.

17 **INTERROGATORY NO. 5:**

18      State all facts on which YOU base YOUR contention that "CMC's actual and desired

19 profit margin for each customer," as stated in the TRADE SECRETS IDENTIFICATION, is a

20 trade secret.

21 **INTERROGATORY NO. 6:**

22      State all facts on which YOU base YOUR contention that defendants misappropriated

23 "CMC's actual and desired profit margin for each customer," which YOU claim is a trade secret.

24 **INTERROGATORY NO. 7:**

25      State all facts on which YOU base YOUR contention that "CMC's strategic plans," as

26 stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

27 **INTERROGATORY NO. 8:**

28      State all facts on which YOU base YOUR contention that defendants misappropriated

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

1    "CMC's strategic plans," which YOU claim are trade secrets.

2    **INTERROGATORY NO. 9:**

3         State all facts on which YOU base YOUR contention that the "purchasing history of

4    CMC's customers," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

5    **INTERROGATORY NO. 10:**

6         State all facts on which YOU base YOUR contention that defendants misappropriated the

7    "purchasing history of CMC's customers," which YOU claim is a trade secret.

8    **INTERROGATORY NO. 11:**

9         State all facts on which YOU base YOUR contention that the "knowledge of when a

10    customer will be due for renewal orders," as stated in the TRADE SECRETS

11    IDENTIFICATION, is a trade secret.

12    **INTERROGATORY NO. 12:**

13         State all facts on which YOU base YOUR contention that defendants misappropriated the

14    "knowledge of when a customer will be due for renewal orders," which YOU claim is a trade

15    secret.

16    **INTERROGATORY NO. 13:**

17         State all facts on which YOU base YOUR contention that "[s]pecific customer

18    requirements, preferences, and limitations, including particular buying habits, needs and dislikes,"

19    as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

20    **INTERROGATORY NO. 14:**

21         State all facts on which YOU base YOUR contention that defendants misappropriated

22    "specific customer requirements, preferences, and limitations, including particular buying habits,

23    needs and dislikes," which YOU claim is a trade secret.

24    **INTERROGATORY NO. 15:**

25         State all facts on which YOU based YOUR contention that "[n]egative knowledge

26    regarding goods that certain customers have refused to purchase or no longer wish to purchase,"

27    as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

- 5 -

1  **INTERROGATORY NO. 16:**

2       State all facts on which YOU base YOUR contention that defendants misappropriated

3  "negative knowledge regarding goods that certain customers have refused to purchase or no

4  longer wish to purchase," which YOU claim is a trade secret.

5  **INTERROGATORY NO. 17:**

6       State all facts on which YOU base YOUR contention that "CMC's confidential marketing

7  and financial plans, proposals and projections," as stated in the TRADE SECRETS

8  IDENTIFICATION, is a trade secret.

9  **INTERROGATORY NO. 18:**

10       State all facts on which YOU base YOUR contention that defendants misappropriated

11  "CMC's confidential marketing and financial plans, proposals and projections," which YOU

12  claim are trade secrets.

13  **INTERROGATORY NO. 19:**

14       IDENTIFY each person who has knowledge that supports the existence of any of the trade

15  secrets stated in the TRADE SECRETS IDENTIFICATION.

16  **INTERROGATORY NO. 20:**

17       IDENTIFY each DOCUMENT that supports the existence of any of the trade secrets

18  stated in the TRADE SECRETS IDENTIFICATION.

19  **INTERROGATORY NO. 21:**

20       IDENTIFY each person with whom YOU have communicated with regard to Branding

21  Boulevard.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 6 -

Case No.
C 07-02748

DEFENDANT CHRISTINA CHANG'S FIRST SET OF
SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF

1   **INTERROGATORY NO. 22:**

2        IDENTIFY each person with whom YOU have communicated with regard to CHANG

3   since CHANG's termination of employment with Creative Marking Concepts.

4   DATED:        October 3, 2007                    SHARTSIS FRIESE LLP

5

6

7                                                   By: _____
                                                        ROBERT CHARLES WARD

8                                                   Attorneys for Defendants
                                                    ANDREW VERITY and CHRISTINA
9                                                   CHANG

10

11  7475\001\RWARD\1445336.3

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 7 -

**PROOF OF SERVICE**

I, Janis L. Ing, declare:

1.    I am employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, 18th Floor, San Francisco, California 94111.

2.    I am over the age of eighteen years and am not a party to the within cause.

3.    I am readily familiar with Shartsis Friese LLP's practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing.

4.    On October 3, 2007, at Shartsis Friese LLP located at the above-referenced address, I served the attached **DEFENDANT CHRISTINA CHANG'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** on the interested parties in said cause by

\_\_\_    personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

\_\_\_    placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below:

\_\_\_    facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

_x_    consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

\_\_\_    electronically delivering the document(s) listed above pursuant to federal and local rules of the court on this date from electronic address sflaw.com, and which transmission was reported as complete and without error, to electronic mail address(es) set forth below:

Ian K. Boyd, Esq.
Seth I. Appel, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

SHARTSIS FRIESE LLP
EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

-1-
PROOF OF SERVICE

Case No.
C 07-02748 MHP

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on October 3, 2007 in San Francisco, California.

3                                                    _____
                                                              Janis L. Ing
4

5    7475\001\JING\1462659.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

-2-
PROOF OF SERVICE
Case No.
C 07-02748 MHP



1   CHANDLER, WOOD, HARRINGTON & MAFFLY
    RICHARD HARRINGTON (Bar #28099)
2   One Maritime Plaza, 4th Floor
    San Francisco, CA 94111
3   Telephone: (415) 421-5484
    Facsimile: (415) 986-4874
4
    SHARTSIS FRIESE LLP
5   ROBERT CHARLES WARD (Bar #160824)
    One Maritime Plaza, Eighteenth Floor
6   San Francisco, CA 94111
    Telephone: (415) 421-6500
7   Facsimile: (415) 421-2922
    Email: rward@sflaw.com
8
    Attorneys for Defendants and Counterclaimants
9   ANDREW VERITY and CHRISTINA CHANG

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13

14
    MARK LILLGE d/b/a CREATIVE              Case No.  C 07-02748 MHP
15  MARKETING CONCEPTS,
                                            **DEFENDANT ANDREW VERITY'S FIRST
16              Plaintiff,                   SET OF SPECIALLY PREPARED
                                             INTERROGATORIES TO PLAINTIFF**
17  v.

18  ANDREW VERITY and CHRISTINA
    CHANG,
19
                Defendants.
20

21  ANDREW VERITY,

22              Counter-Claimant,

23       v.

24  MARK LILLGE d/b/a CREATIVE
    MARKETING CONCEPTS, and DOES 1 -
25  10,

26              Counter-Defendants.

27

28
                                   - 1 -
    Case No.          DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY
    C 07-02748        PREPARED INTERROGATORIES TO PLAINTIFF

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

DOCKET
OCT - 4 2007

PROPOUNDING PARTY:     Defendant Andrew Verity

RESPONDING PARTY:      Plaintiff Mark Lillge d/b/a Creative Marketing Concepts

SET NO.:               One

    Defendant Andrew Verity hereby requests that Plaintiff answer under oath in accordance with Federal Rules of Civil Procedure Rule 33(b)(3) the following interrogatories within 30 days of service of the interrogatories. In answering the interrogatories, Plaintiff is required to furnish all information available to him, including information in the possession of his agents, employees and attorneys.

    To the extent that a full and complete response to any interrogatory requires the identification of a writing, oral statement or other communication which you contend is privileged, you are nonetheless required to:

    (a)    Provide information necessary to identify the writing, oral statement or communication to the extent that this does not require you to reveal privileged information;

    (b)    State that you are claiming a privilege against disclosure of the writing, oral statement or communication;

    (c)    Describe the basis of your claim of privilege.

### DEFINITIONS

    1.    The term "VERITY" shall mean and refer to Defendant Andrew Verity.

    2.    The term "YOU" and "YOUR" shall mean and refer to Plaintiff Mark Lillge d/b/a Creative Marketing Concepts and include its agents, employees, representatives, attorneys, or any other person or entity acting on its behalf.

    3.    The term "DOCUMENT" means and refers to any and all writings (handwritten, printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter of any kind or nature, however produced or reproduced (including photographs, x-rays, files and/or video tapes), sound recordings and all other data compilation from which information can be obtained or translated whether electronic or mechanical, however produced or reproduced, whether draft or final, whether signed or unsigned, whether or not sent or received, private or

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1   confidential, wherever located, that is now or was previously in your possession, custody or

2   control, or that comes into your possession, custody or control, up to and including the date of

3   actual production. "DOCUMENT" as defined herein shall be deemed to include file folders or

4   file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing

5   notations or marks not found in the original or other copies and includes, without limitation, all

6   notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test

7   data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts,

8   graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche,

9   forms, diaries, time calendars (including appointment calendars, day calendars, day timers),

10  appointment books, logs, bank records (including monthly or other periodic statements, checks,

11  deposit slips, wire transfer documentation), financial records (including books of account,

12  ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited

13  and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams,

14  telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars,

15  specifications, instructions, notices, comparisons and surveys.

16         4.     The term "IDENTIFY" when used in reference to a writing means that you shall

17  state:

18         (a)    The identity and position or capacity of the person or persons who prepared it and

19  the person over whose signature it was issued, if other than the preparer;

20         (b)    The identity of each person to whom it was transmitted or distributed;

21         (c)    Its nature and substance and the subject matter with which it deals;

22         (d)    Its date or, if it bears no date, the date when it was first transmitted to an addressee

23  or distributee;

24         (e)    Its present physical location and the identity of its custodian.

25         5.     The term "IDENTIFY" or when used in reference to a person means that you shall

26  state:

27         (a)    The full name of the individual or business entity;

28         (b)    *The person's last known business and residence addresses and respective telephone*

- 3 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1 numbers.

2 **INTERROGATORIES**

3 **INTERROGATORY NO. 1:**

4     IDENTIFY each person with whom YOU have communicated with regard to VERITY

5 since VERITY's termination of employment with Creative Marketing Concepts.

6 **INTERROGATORY NO. 2:**

7     IDENTIFY all customers (including contact information and location) whose identity and

8 contact information YOU contend are trade secrets.

9 **INTERROGATORY NO. 3:**

10     For each customer identified in response to Interrogatory No. 2, specify with particularity

11 how Creative Marketing Concepts first came into contract with that customer, including but not

12 limited to the individuals that participated in that first communication, the method of

13 communication, and what was communicated by each party.

14 **INTERROGATORY NO. 4:**

15     For each customer identified in response to Interrogatory No. 2, state the most recent date

16 on which YOU sold merchandise to that customer.

17 **INTERROGATORY NO. 5:**

18     For each customer identified in response to Interrogatory No. 2, state the total gross dollar

19 value of sales to that customer.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

- 4 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C 07-02748

DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY
PREPARED INTERROGATORIES TO PLAINTIFF

1    **INTERROGATORY NO. 6:**

2       State all with particularity all damages, including by category and dollar amount, that

3    YOU contend YOU are entitled to as a result of your allegations in the Complaint.

4

5    DATED:      October 3, 2007          SHARTSIS FRIESE LLP

6

7    By: _____
                ROBERT CHARLES WARD

8
     Attorneys for Defendants
9    ANDREW VERITY and CHRISTINA
     CHANG

10

7475\001\RWARD\1445085.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY
C 07-02748              PREPARED INTERROGATORIES TO PLAINTIFF

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on October 3, 2007 in San Francisco, California.

3

4                                                    Janis L. Ing

5    7475\001\JING\1462659.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

Case No.
C 07-02748 MHP

-2-
PROOF OF SERVICE

**PROOF OF SERVICE**

I, Janis L. Ing, declare:

1.      I am employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, 18th Floor, San Francisco, California 94111.

2.      I am over the age of eighteen years and am not a party to the within cause.

3.      I am readily familiar with Shartsis Friese LLP's practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing.

4.      On October 3, 2007, at Shartsis Friese LLP located at the above-referenced address, I served the attached **DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** on the interested parties in said cause by

___ personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

___ placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below:

___ facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

_x_ consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

___ electronically delivering the document(s) listed above pursuant to federal and local rules of the court on this date from electronic address sflaw.com, and which transmission was reported as complete and without error, to electronic mail address(es) set forth below:

Ian K. Boyd, Esq.
Seth I. Appel, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

SHARTSIS FRIESE LLP
EIGHTEENTH FLOOR
ONE MARITIME PLAZA
SAN FRANCISCO, CALIFORNIA 94111

-1-