# EXHIBIT B

**EXHIBIT B**

HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
Email: iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
Email: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: 415.354.0100
Facsimile: 415.391.7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**PLAINTIFF'S IDENTIFICATION OF TRADE SECRETS**<br><br>Hon. Marilyn Hall Patel |

Mark Lillge d/b/a Creative Marketing Concepts ("CMC") alleges trade secret misappropriation and related claims against Defendants Andrew Verity and Christina Chang. On May 31, 2007, the Court granted CMC's ex parte application for a temporary restraining order and instructed CMC to submit a document identifying the trade secrets at issue in this dispute.

Plaintiff hereby identifies the following trade secrets with reasonable particularity, all of which derive independent economic value from not being generally known within Plaintiff's industry, and which are the subject of reasonable measures by CMC to maintain their confidentiality:

-1-

PLAINTIFF'S IDENTIFICATION OF TRADE SECRETS                                   CASE NO. C 07-02748 MHP

Ex. 1

1.     The list of CMC customers that Plaintiff has developed over the past fifteen years, through substantial time, effort, and expense.

2.     The pricing which CMC charges each specific customer.

3.     CMC's actual and desired profit margin for each customer.

4.     CMC's strategic plans regarding which customers it wishes to target, and those that it does not wish to target.

5.     The purchasing history of CMC's customers.

6.     The knowledge of when a customer will be due for renewal orders based upon those customers' prior transactions with CMC.

7.     Specific customer requirements, preferences, and limitations, including particular buying habits, needs and dislikes.

8.     Negative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase.

9.     CMC's confidential marketing and financial plans, proposals and projections.

Dated: June 1, 2007          HARVEY SISKIND LLP

By: _____/s/_____
      Ian K. Boyd

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

# EXHIBIT B1

**EXHIBIT B1**

```
 1  CHANDLER, WOODS, HARRINGTON & MAFFLY
    RICHARD HARRINGTON (Bar #28099)
 2  One Maritime Plaza, 4th Floor
    San Francisco, CA 94111
 3  Telephone: (415) 421-5484
    Facsimile: (415) 986-4874
 4
    SHARTSIS FRIESE LLP
 5  ROBERT CHARLES WARD (Bar #160824)
    One Maritime Plaza, Eighteenth Floor
 6  San Francisco, CA 94111
    Telephone: (415) 421-6500
 7  Facsimile: (415) 421-2922
    Email: rward@sflaw.com
 8
    Attorneys for Defendants and Counterclaimants
 9  ANDREW VERITY and CHRISTINA CHANG
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>            Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>            Defendants.<br><br>ANDREW VERITY,<br><br>            Counter-Claimant,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10,<br><br>            Counter-Defendants. | Case No. C 07-02748 MHP<br><br>**DEFENDANT CHRISTINA CHANG'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** |

DOCKET

OCT - 4 2007

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant Christina Chang |
| RESPONDING PARTY: | Plaintiff Mark Lillge d/b/a Creative Marketing Concepts |
| SET NO.: | One |

Defendant Christina Chang hereby requests that Plaintiff answer under oath in accordance with Federal Rules of Civil Procedure Rule 33(b)(3) the following interrogatories within 30 days of service of the interrogatories. In answering the interrogatories, Plaintiff is required to furnish all information available to him, including information in the possession of his agents, employees and attorneys.

To the extent that a full and complete response to any interrogatory requires the identification of a writing, oral statement or other communication which you contend is privileged, you are nonetheless required to:

(a) Provide information necessary to identify the writing, oral statement or communication to the extent that this does not require you to reveal privileged information;

(b) State that you are claiming a privilege against disclosure of the writing, oral statement or communication;

(c) Describe the basis of your claim of privilege.

### DEFINITIONS

1. The term "CHANG" shall mean and refer to Defendant Christina Chang.

2. The term "YOU" and "YOUR" shall mean and refer to Plaintiff Mark Lillge d/b/a Creative Marketing Concepts and include its agents, employees, representatives, attorneys, or any other person or entity acting on its behalf.

3. The term "DOCUMENT" means and refers to any and all writings (handwritten, printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter of any kind or nature, however produced or reproduced (including photographs, x-rays, files and/or video tapes), sound recordings and all other data compilation from which information can be obtained or translated whether electronic or mechanical, however produced or reproduced, whether draft or final, whether signed or unsigned, whether or not sent or received, private or

1  confidential, wherever located, that is now or was previously in your possession, custody or
2  control, or that comes into your possession, custody or control, up to and including the date of
3  actual production. "DOCUMENT" as defined herein shall be deemed to include file folders or
4  file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing
5  notations or marks not found in the original or other copies and includes, without limitation, all
6  notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test
7  data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts,
8  graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche,
9  forms, diaries, time calendars (including appointment calendars, day calendars, day timers),
10 appointment books, logs, bank records (including monthly or other periodic statements, checks,
11 deposit slips, wire transfer documentation), financial records (including books of account,
12 ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited
13 and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams,
14 telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars,
15 specifications, instructions, notices, comparisons and surveys.

16      4.      The term "IDENTIFY" or when used in reference to a writing means that you shall
17 state:
18      (a)     The identity and position or capacity of the person or persons who prepared it and
19 the person over whose signature it was issued, if other than the preparer;
20      (b)     The identity of each person to whom it was transmitted or distributed;
21      (c)     Its nature and substance and the subject matter with which it deals;
22      (d)     Its date or, if it bears no date, the date when it was first transmitted to an addressee
23 or distributee;
24      (e)     Its present physical location and the identity of its custodian.
25      5.      The term "IDENTIFY" when used in reference to a person means that you shall
26 state:
27      (a)     The full name of the individual or business entity;
28      (b)     The person's last known business and residence addresses and respective telephone

Shartsis Friese LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111

numbers.

6. The term "TRADE SECRETS IDENTIFICATION" means and refers to "Plaintiff's Identification of Trade Secrets" filed in this action.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State all facts on which YOU base YOUR contention that the "list of CMC customers," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 2:**

State all facts on which YOU base YOUR contention that defendants misappropriated the "list of CMC customers" that YOU claim is a trade secret.

**INTERROGATORY NO. 3:**

State all facts on which YOU base YOUR contention that "the pricing that CMC charges each specific customer," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 4:**

State all facts on which YOU base YOUR contention that defendants misappropriated "the pricing that CMC charges each specific customer" that YOU claim is a trade secret.

**INTERROGATORY NO. 5:**

State all facts on which YOU base YOUR contention that "CMC's actual and desired profit margin for each customer," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 6:**

State all facts on which YOU base YOUR contention that defendants misappropriated "CMC's actual and desired profit margin for each customer," which YOU claim is a trade secret.

**INTERROGATORY NO. 7:**

State all facts on which YOU base YOUR contention that "CMC's strategic plans," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 8:**

State all facts on which YOU base YOUR contention that defendants misappropriated

- 4 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  "CMC's strategic plans," which YOU claim are trade secrets.

**INTERROGATORY NO. 9:**

State all facts on which YOU base YOUR contention that the "purchasing history of CMC's customers," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 10:**

State all facts on which YOU base YOUR contention that defendants misappropriated the "purchasing history of CMC's customers," which YOU claim is a trade secret.

**INTERROGATORY NO. 11:**

State all facts on which YOU base YOUR contention that the "knowledge of when a customer will be due for renewal orders," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 12:**

State all facts on which YOU base YOUR contention that defendants misappropriated the "knowledge of when a customer will be due for renewal orders," which YOU claim is a trade secret.

**INTERROGATORY NO. 13:**

State all facts on which YOU base YOUR contention that "[s]pecific customer requirements, preferences, and limitations, including particular buying habits, needs and dislikes," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 14:**

State all facts on which YOU base YOUR contention that defendants misappropriated "specific customer requirements, preferences, and limitations, including particular buying habits, needs and dislikes," which YOU claim is a trade secret.

**INTERROGATORY NO. 15:**

State all facts on which YOU based YOUR contention that "[n]egative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -

Case No. C 07-02748

DEFENDANT CHRISTINA CHANG'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF

**INTERROGATORY NO. 16:**

State all facts on which YOU base YOUR contention that defendants misappropriated "negative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase," which YOU claim is a trade secret.

**INTERROGATORY NO. 17:**

State all facts on which YOU base YOUR contention that "CMC's confidential marketing and financial plans, proposals and projections," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

**INTERROGATORY NO. 18:**

State all facts on which YOU base YOUR contention that defendants misappropriated "CMC's confidential marketing and financial plans, proposals and projections," which YOU claim are trade secrets.

**INTERROGATORY NO. 19:**

IDENTIFY each person who has knowledge that supports the existence of any of the trade secrets stated in the TRADE SECRETS IDENTIFICATION.

**INTERROGATORY NO. 20:**

IDENTIFY each DOCUMENT that supports the existence of any of the trade secrets stated in the TRADE SECRETS IDENTIFICATION.

**INTERROGATORY NO. 21:**

IDENTIFY each person with whom YOU have communicated with regard to Branding Boulevard.

///
///
///
///
///
///
///

**INTERROGATORY NO. 22:**

IDENTIFY each person with whom YOU have communicated with regard to CHANG since CHANG's termination of employment with Creative Marking Concepts.

DATED: October 3, 2007            SHARTSIS FRIESE LLP

By: /s/ Robert C. Ward
ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY and CHRISTINA CHANG

7475\001\RWARD\1445336.3

**PROOF OF SERVICE**

I, Janis L. Ing, declare:

1. I am employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, 18th Floor, San Francisco, California 94111.

2. I am over the age of eighteen years and am not a party to the within cause.

3. I am readily familiar with Shartsis Friese LLP's practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing.

4. On October 3, 2007, at Shartsis Friese LLP located at the above-referenced address, I served the attached **DEFENDANT CHRISTINA CHANG'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** on the interested parties in said cause by

__ personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

__ placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below:

__ facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

_x_ consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

__ electronically delivering the document(s) listed above pursuant to federal and local rules of the court on this date from electronic address sflaw.com, and which transmission was reported as complete and without error, to electronic mail address(es) set forth below:

Ian K. Boyd, Esq.
Seth I. Appel, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

-1-
Case No.    PROOF OF SERVICE
C 07-02748 MHP

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on October 3, 2007 in San Francisco, California.

3  _____
   Janis L. Ing

4  7475\001\JING\1462659.1

-2-
PROOF OF SERVICE

Case No.
C 07-02748 MHP

```
 1  CHANDLER, WOOD, HARRINGTON & MAFFLY
    RICHARD HARRINGTON (Bar #28099)
 2  One Maritime Plaza, 4th Floor
    San Francisco, CA 94111
 3  Telephone: (415) 421-5484
    Facsimile: (415) 986-4874
 4
    SHARTSIS FRIESE LLP
 5  ROBERT CHARLES WARD (Bar #160824)
    One Maritime Plaza, Eighteenth Floor
 6  San Francisco, CA 94111
    Telephone: (415) 421-6500
 7  Facsimile: (415) 421-2922
    Email: rward@sflaw.com
 8
    Attorneys for Defendants and Counterclaimants
 9  ANDREW VERITY and CHRISTINA CHANG
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** |
| ANDREW VERITY,<br><br>Counter-Claimant,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 - 10,<br><br>Counter-Defendants. | |

DOCKET
OCT - 4 2007

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Defendant Andrew Verity |
| 2 | RESPONDING PARTY: | Plaintiff Mark Lillge d/b/a Creative Marketing Concepts |
| 3 | SET NO.: | One |

Defendant Andrew Verity hereby requests that Plaintiff answer under oath in accordance with Federal Rules of Civil Procedure Rule 33(b)(3) the following interrogatories within 30 days of service of the interrogatories. In answering the interrogatories, Plaintiff is required to furnish all information available to him, including information in the possession of his agents, employees and attorneys.

To the extent that a full and complete response to any interrogatory requires the identification of a writing, oral statement or other communication which you contend is privileged, you are nonetheless required to:

(a)   Provide information necessary to identify the writing, oral statement or communication to the extent that this does not require you to reveal privileged information;

(b)   State that you are claiming a privilege against disclosure of the writing, oral statement or communication;

(c)   Describe the basis of your claim of privilege.

**DEFINITIONS**

1.   The term "VERITY" shall mean and refer to Defendant Andrew Verity.

2.   The term "YOU" and "YOUR" shall mean and refer to Plaintiff Mark Lillge d/b/a Creative Marketing Concepts and include its agents, employees, representatives, attorneys, or any other person or entity acting on its behalf.

3.   The term "DOCUMENT" means and refers to any and all writings (handwritten, printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter of any kind or nature, however produced or reproduced (including photographs, x-rays, files and/or video tapes), sound recordings and all other data compilation from which information can be obtained or translated whether electronic or mechanical, however produced or reproduced, whether draft or final, whether signed or unsigned, whether or not sent or received, private or

confidential, wherever located, that is now or was previously in your possession, custody or control, or that comes into your possession, custody or control, up to and including the date of actual production. "DOCUMENT" as defined herein shall be deemed to include file folders or file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing notations or marks not found in the original or other copies and includes, without limitation, all notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (including appointment calendars, day calendars, day timers), appointment books, logs, bank records (including monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (including books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

    4.    The term "IDENTIFY" when used in reference to a writing means that you shall state:

    (a)    The identity and position or capacity of the person or persons who prepared it and the person over whose signature it was issued, if other than the preparer;

    (b)    The identity of each person to whom it was transmitted or distributed;

    (c)    Its nature and substance and the subject matter with which it deals;

    (d)    Its date or, if it bears no date, the date when it was first transmitted to an addressee or distributee;

    (e)    Its present physical location and the identity of its custodian.

    5.    The term "IDENTIFY" or when used in reference to a person means that you shall state:

    (a)    The full name of the individual or business entity;

    (b)    The person's last known business and residence addresses and respective telephone

numbers.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY each person with whom YOU have communicated with regard to VERITY since VERITY's termination of employment with Creative Marketing Concepts.

**INTERROGATORY NO. 2:**

IDENTIFY all customers (including contact information and location) whose identity and contact information YOU contend are trade secrets.

**INTERROGATORY NO. 3:**

For each customer identified in response to Interrogatory No. 2, specify with particularity how Creative Marketing Concepts first came into contract with that customer, including but not limited to the individuals that participated in that first communication, the method of communication, and what was communicated by each party.

**INTERROGATORY NO. 4:**

For each customer identified in response to Interrogatory No. 2, state the most recent date on which YOU sold merchandise to that customer.

**INTERROGATORY NO. 5:**

For each customer identified in response to Interrogatory No. 2, state the total gross dollar value of sales to that customer.

///
///
///
///
///
///
///
///
///

**INTERROGATORY NO. 6:**

State all with particularity all damages, including by category and dollar amount, that YOU contend YOU are entitled to as a result of your allegations in the Complaint.

DATED:   October 3, 2007          SHARTSIS FRIESE LLP

By: /s/ Robert C. Ward
ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY and CHRISTINA CHANG

7475\001\RWARD\1445085.2

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on October 3, 2007 in San Francisco, California.

_____
Janis L. Ing

7475\001\JING\1462659.1

Case No.
C 07-02748 MHP

-2-
PROOF OF SERVICE

# PROOF OF SERVICE

I, Janis L. Ing, declare:

1. I am employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, 18th Floor, San Francisco, California 94111.

2. I am over the age of eighteen years and am not a party to the within cause.

3. I am readily familiar with Shartsis Friese LLP's practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing.

4. On October 3, 2007, at Shartsis Friese LLP located at the above-referenced address, I served the attached **DEFENDANT ANDREW VERITY'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** on the interested parties in said cause by

__ personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

__ placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below:

__ facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

_x_ consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

__ electronically delivering the document(s) listed above pursuant to federal and local rules of the court on this date from electronic address sflaw.com, and which transmission was reported as complete and without error, to electronic mail address(es) set forth below:

Ian K. Boyd, Esq.
Seth I. Appel, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

-1-
PROOF OF SERVICE

Case No.
C 07-02748 MHP