# EXHIBIT C

**EXHIBIT C**

1   HARVEY SISKIND LLP
    IAN K. BOYD (State Bar No. 191434)
2   iboyd@harveysiskind.com
    SETH I. APPEL (State Bar No. 233421)
3   sappel@harveysiskind.com
    Four Embarcadero Center, 39th Floor
4   San Francisco, California 94111
    Telephone: (415) 354-0100
5   Facsimile:  (415) 391-7124

6

7   Attorneys for Plaintiff
    Mark Lillge d/b/a Creative Marketing Concepts

8

9

10            **IN THE UNITED STATES DISTRICT COURT**

11        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12             **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13  MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, | Case No. C 07-02748 MHP |
| 14 | |
| 15        Plaintiff, | **PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS' RESPONSES TO DEFENDANT/COUNTERCLAIMANT CHRISTINA CHANG'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** |
| 16  v. | |
| 17  ANDREW VERITY and CHRISTINA CHANG, | |
| 18 | |
| 19        Defendants. | |
| 20 | |
| 21  ANDREW VERITY and CHRISTINA CHANG, | |
| 22        Counterclaimants, | |
| 23 | |
| 24  v. | |
| 25  MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10, | |
| 26 | |
| 27        Counterdefendants. | |

28

1   **Propounding Party:**   Defendant/Counterclaimant Christina Chang

2   **Responding Party:**   Plaintiff/Counterdefendant Mark Lillge d/b/a Creative Marketing Concepts

3   **Set No.:**         ONE

4        Plaintiff and Counterdefendant Mark Lillge d/b/a Creative Marketing Concepts ("CMC")

5   responds to the first set of specially prepared interrogatories of Defendant and Counterclaimant

6   Christina Chang ("Chang") as follows:

7        CMC, based upon its current knowledge, understanding, and belief of the facts, information

8   and documents available to it, responds as set forth below.  As this action proceeds, CMC may

9   discover further facts, information and documents.  CMC reserves the right to modify or supplement

10  these responses accordingly.  CMC further reserves the right to object on appropriate grounds to the

11  introduction of any information included in these responses.

12       These responses are given without prejudice to using or relying on at trial information omitted

13  from these responses as a result of mistake, error, oversight, or inadvertence.

14       CMC's answers and objections are made without in any way waiving or intending to waive,

15  but on the contrary, preserving and intending to preserve, all objections as to competency, relevancy,

16  materiality, privilege, and admissibility as evidence for any purpose of the answers, or the subject

17  matter thereof, in this or any subsequent proceeding;

18                          **GENERAL OBJECTIONS**

19       CMC objects generally to the following:

20       1.    CMC objects to the interrogatories to the extent that they seek to impose duties or

21  obligations on CMC beyond those imposed by the Federal Rules of Civil Procedure or any applicable

22  Local Rules.

23       2.    CMC objects to the interrogatories insofar as they are vague, ambiguous, indefinite,

24  overbroad, unduly burdensome, duplicative, cumulative, unintelligible or otherwise unclear as to the

25  precise information sought.

26       3.    CMC objects to the interrogatories insofar as they seek information that is neither

27  relevant to the claims or defenses of either party in this action nor reasonably calculated to lead to the

28  discovery of admissible evidence.

−1−

1   4. CMC objects to the interrogatories to the extent that they call for information that is

2 protected from discovery by the attorney-client privilege, the work product doctrine, or any other

3 applicable privilege, doctrine, protection or immunity.

4   5. CMC objects to the interrogatories to the extent they seek information, or the

5 compilation of data, which may be derived or ascertained from business records, where the burden of

6 deriving or ascertaining the answers thereto is substantially the same for Chang as for CMC.

7   6. CMC objects to the interrogatories to the extent that they call for the production of

8 confidential business information, trade secrets, or commercially sensitive information of CMC.  To

9 the extent CMC produces such information, it does so pursuant to the parties' protective order.

10   7. CMC objects to the interrogatories to the extent that they call for information not

11 reasonably available to CMC.

12     **<u>RESPONSES TO INTERROGATORIES</u>**

13  **Interrogatory No. 1:**  State all facts on which YOU base YOUR contention that the "list of

14 CMC customers," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

15  **Response to Interrogatory No. 1:**  See General Objections.  Without waving the foregoing

16 objections, CMC responds as follows:

17  CMC's customer list has been developed over the past fifteen years, through substantial time,

18 effort, and expense.  Information included in CMC's customer list derives independent economic

19 value from not being known by CMC's competitors and other entities in the promotional products

20 industry.  Defendants have admitted this fact in their Answer:  "There are many details regarding

21 CMC's relationships with its customers which are not generally known to the public or CMC's

22 competitors, and CMC derives independent economic value from this information which it has

23 developed through substantial time, effort and expense." Answer, ¶9. CMC takes reasonable efforts

24 to maintain the secrecy of its customer list and the information included therein through its various

25 business practices, as evidenced, by example, Ms. Chang's e-mail confirming such practices as

26 destroying artwork and shredding sensitive customer information.

27  **Interrogatory No. 2:**  State all facts on which YOU base YOUR contention that defendants

28 misappropriated the "list of CMC customers" that YOU claim is a trade secret.

–2–

1    **Response to Interrogatory No. 2**: See General Objections. Without waving the foregoing

2    objections, CMC responds as follows:

3        Defendants obtained CMC's customers list under circumstances giving rise to a duty to maintain

4    its secrecy and to limit its use. Upon information and belief, Defendants have used, and continue to use,

5    CMC's customer list, and information included therein, in order to solicit the business of CMC's

6    customers for Defendants' new company. Among other things, CMC is informed and believes that

7    Defendants destroyed nondisclosure agreements signed by other employees in an attempt to distract

8    from the fact that they had not signed the agreements, they disconnected Mr. Verity's computer off of the

9    backup in order to download and access information without leaving any evidence of such activity, and

10   they continue to improperly solicit and contact CMC's customers in violation of the Court's Order, as

11   evidenced by CMC's lost sale to Chevron.

12   **Interrogatory No. 3**: State all facts on which YOU base YOUR contention that "the pricing that

13   that CMC charges each specific customer," as stated in the TRADE SECRETS IDENTIFICATION, is

14   a trade secret.

15   **Response to Interrogatory No. 3**: See General Objections. Without waving the foregoing

16   objections, CMC responds as follows:

17       The pricing that CMC charges its customers in many instances is not generally known to its

18   competitors, nor is the actual product which it sells its customers. This pricing information derives

19   independent economic value from not being known by CMC's competitors and other entities in the

20   promotional products industry, as admitted by Defendants in their Answer. CMC takes reasonable

21   efforts to maintain the secrecy of its pricing information and the actual product sold to its customers.

22   **Interrogatory No. 4**: State all facts on which YOU base YOUR contention that defendants

23   misappropriated "the pricing that CMC charges each specific customer" that YOU claim is a trade

24   secret.

25   **Response to Interrogatory No. 4**: See General Objections. Without waving the foregoing

26   objections, CMC responds as follows:

27       Defendants obtained CMC's pricing information under circumstances giving rise to a duty to

28   maintain its secrecy and to limit its use, for the reasons noted in the above interrogatory. Upon

-3-

1    information and belief, Defendants have used, and continue to use, CMC's pricing information in order

2    to further their efforts to improperly persuade CMC's customers to do business with Defendants' new

3    company. Defendants' knowledge of the actual products and pricing received by CMC's customers

4    permits them to unfairly compete with CMC.

5      **Interrogatory No. 5:** State all facts on which YOU base YOUR contention that "CMC's

6    actual and desired profit margin for each customer," as stated in the TRADE SECRETS

7    IDENTIFICATION, is a trade secret.

8      **Response to Interrogatory No. 5:** See General Objections. Without waving the foregoing

9    objections, CMC responds as follows:

10      CMC's actual profit margin for its customers takes into account a variety of customer-specific

11    information acquired over the course of CMC's relationship with each customer, and is often tied into the

12    actual confidential pricing and products its customers receive. CMC's desired profit margin for its

13    customers is determined based on analysis of each particular consumer's business, buying history,

14    preferences, and habits. CMC's actual and desired profit margin for each of its customers derives

15    independent economic value from not being known by CMC's competitors and other entities in the

16    promotional products industry, as admitted by Defendants in their Answer. CMC takes reasonable

17    efforts to maintain the secrecy of this information.

18      **Interrogatory No. 6:** State all facts on which YOU base YOUR contention that defendants

19    misappropriated "CMC's actual and desired profit margin for each customer," which YOU claim is a

20    trade secret.

21      **Response to Interrogatory No. 6:** See General Objections. Without waving the foregoing

22    objections, CMC responds as follows:

23      Defendants obtained CMC's actual and desired profit margin for each of its customers under

24    circumstances giving rise to a duty to maintain its secrecy and to limit its use. Upon information and

25    belief, Defendants have used, and continue to use, information concerning CMC's actual and desired

26    profit margin for each of its customers in order to further their efforts to persuade CMC's customers to

27    do business with Defendants' new company.

28

-4-

1    **Interrogatory No. 7:** State all facts on which YOU base YOUR contention that "CMC's
2    strategic plans," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

3    **Response to Interrogatory No. 7:** See General Objections. Without waving the foregoing
4    objections, CMC responds as follows:

5        CMC's strategic plans are the result of years of experience in the promotional products industry,
6    as well as training, research, and hard work. These plans derive independent economic value from not
7    being known by CMC's competitors and other entities in the promotional products industry, as
8    admitted by Defendants in their Answer. CMC takes reasonable efforts to maintain the secrecy of its
9    strategic plans. For example, if CMC's competitors know that CMC is focusing certain resources on
10    selling to rural healthcare providers, it would provide an unfair advantage to CMC's customers.

11    **Interrogatory No. 8:** State all facts on which YOU base YOUR contention that defendants
12    misappropriated "CMC's strategic plans," which YOU claim are trade secrets.

13    **Response to Interrogatory No. 8:** See General Objections. Without waving the foregoing
14    objections, CMC responds as follows:

15        Defendants obtained CMC's strategic plans under circumstances giving rise to a duty to maintain
16    their secrecy and to limit their use. Upon information and belief, Defendants have used, and continue to
17    use, CMC's strategic plans in order to further their efforts to persuade CMC's customers to do business
18    with Defendants' new company.

19    **Interrogatory No. 9:** State all facts on which YOU base YOUR contention that the
20    "purchasing history of CMC's customers," as stated in the TRADE SECRETS IDENTIFICATION, is a
21    trade secret.

22    **Response to Interrogatory No. 9:** See General Objections. Without waving the foregoing
23    objections, CMC responds as follows:

24        The purchasing history of CMC's customers has been accumulated, scrutinized, and organized
25    over the past 15 years. CMC's customers' purchasing history derives independent economic value
26    from not being known by CMC's competitors and other entities in the promotional products industry,
27    as admitted by Defendants in Paragraph 9 of their Answer. CMC takes reasonable efforts to maintain

28

PLAINTIFF'S RESPONSES TO CHANG'S FIRST                                    Case No. C 07-02748 MHP
SPECIALLY PREPARED INTERROGATORIES

1   the secrecy of its customers' purchasing history, because a competitor could otherwise unfairly compete

2   with CMC should it learn the purchasing history/cycle of one of CMC's customers.

3   **Interrogatory No. 10:** State all facts on which YOU base YOUR contention that defendants

4   misappropriated the "purchasing history of CMC's customers," which YOU claim is a trade secret.

5   **Response to Interrogatory No. 10:** See General Objections. Without waving the foregoing

6   objections, CMC responds as follows:

7   Defendants learned CMC's customers' purchasing history under circumstances giving rise to a

8   duty to maintain its secrecy and to limit its use. Upon information and belief, Defendants have used, and

9   continue to use, CMC's customers' purchasing history plans in order to further their efforts to persuade

10   CMC's customers to do business with Defendants' new company. By way of example, Defendants were

11   aware of the need of Chevron Federal Credit Union for child-themed products only due to their

12   employment with CMC, and subsequently used this proprietary information to improperly preclude

13   CMC from completing the sale.

14   **Interrogatory No. 11:** State all facts on which YOU base YOUR contention that the

15   "knowledge of when a customer will be due for renewal orders," as stated in the TRADE SECRETS

16   IDENTIFICATION, is a trade secret.

17   **Response to Interrogatory No. 11:** See General Objections. Without waving the foregoing

18   objections, CMC responds as follows:

19   Information concerning renewal dates is uniquely within CMC's knowledge. This information

20   derives independent economic value from not being known by CMC's competitors and other entities

21   in the promotional products industry, as admitted by Defendants in their Answer. CMC takes

22   reasonable efforts to maintain the secrecy of information concerning when its customer will be due

23   for renewal orders.

24   **Interrogatory No. 12:** State all facts on which YOU base YOUR contention that defendants

25   misappropriated the "knowledge of when a customer will be due for renewal orders," which YOU

26   claim is a trade secret.

27   **Response to Interrogatory No. 12:** See General Objections. Without waving the foregoing

28   objections, CMC responds as follows:

PLAINTIFF'S RESPONSES TO CHANG'S FIRST
SPECIALLY PREPARED INTERROGATORIES
                                               Case No. C 07-02748 MHP

1   Defendants learned when CMC's customers will be due for renewal orders under circumstances
2   giving rise to a duty to maintain the secrecy of this information and to limit its use. Upon information
3   and belief, Defendants have used, and continue to use, their knowledge of when CMC's customers will
4   be due for renewal orders in order to further their efforts to persuade CMC's customers to do business
5   with Defendants' new company.

6   **Interrogatory No. 13:** State all facts on which YOU base YOUR contention that "[s]pecific
7   customer requirements, preferences, and limitations, including particular buying habits, needs and
8   dislikes," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

9   **Response to Interrogatory No. 13:** See General Objections. Without waving the foregoing
10  objections, CMC responds as follows:

11  This information is uniquely within CMC's knowledge and is the result of its business dealings
12  with its customers over the past number of years. This information derives independent economic
13  value from not being known by CMC's competitors and other entities in the promotional products
14  industry, as admitted by Defendants in their Answer. CMC takes reasonable efforts to maintain the
15  secrecy of this information.

16  **Interrogatory No. 14:** State all facts on which YOU base YOUR contention that defendants
17  misappropriated "specific customer requirements, preferences, and limitations, including particular
18  buying habits, needs and dislikes," which YOU claim is a trade secret.

19  **Response to Interrogatory No. 14:** See General Objections. Without waving the foregoing
20  objections, CMC responds as follows:

21  Defendants learned the specific requirements, preferences, and limitations if CMC's customers,
22  including their particular buying habits, needs and dislikes, under circumstances giving rise to a duty to
23  maintain the secrecy of this information and to limit its use. Upon information and belief, Defendants
24  have used, and continue to use, this information in order to further their efforts to persuade CMC's
25  customers to do business with Defendants' new company.

26  **Interrogatory No. 15:** State all facts on which YOU based YOUR contention that "[n]egative
27  knowledge regarding goods that certain customers have refused to purchase or no longer wish to
28  purchase," as stated in the TRADE SECRETS IDENTIFICATION, is a trade secret.

–7–

1    **Response to Interrogatory No. 15**: See General Objections. Without waving the foregoing

2  objections, CMC responds as follows:

3       This information is uniquely within CMC's knowledge and is the result of its business dealings

4  with its customers over the past number of years. This information derives independent economic

5  value from not being known by CMC's competitors and other entities in the promotional products

6  industry, as admitted by Defendants in their Answer. CMC takes reasonable efforts to maintain the

7  secrecy of this information.

8    **Interrogatory No. 16**: State all facts on which YOU base YOUR contention that defendants

9  misappropriated "negative knowledge regarding goods that certain customers have refused to

10  purchase or no longer wish to purchase," which YOU claim is a trade secret.

11    **Response to Interrogatory No. 16**: See General Objections. Without waving the foregoing

12  objections, CMC responds as follows:

13       Defendants learned about the goods that certain customers have refused to purchase or no longer

14  wish to purchase under circumstances giving rise to a duty to maintain the secrecy of this information

15  and to limit its use. Upon information and belief, Defendants have used, and continue to use, this

16  information in order to further their efforts to persuade CMC's customers to do business with

17  Defendants' new company.

18    **Interrogatory No. 17**: State all facts on which YOU base YOUR contention that "CMC's

19  confidential marketing and financial plans, proposals and projections," as stated in the TRADE

20  SECRETS IDENTIFICATION, is a trade secret.

21    **Response to Interrogatory No. 17**: See General Objections. Without waving the foregoing

22  objections, CMC responds as follows:

23       CMC's marketing and financial plans, proposals and projections are the result of years of

24  experience in the promotional products industry, as well as training, research, and hard work. These

25  plans, proposals and projections derive independent economic value from not being known by CMC's

26  competitors and other entities in the promotional products industry, as admitted by Defendants in their

27  Answer. CMC takes reasonable efforts to maintain the secrecy of its marketing and financial plans,

28  proposals and projections.

–8–

1    **Interrogatory No. 18**: State all facts on which YOU base YOUR contention that defendants

2    misappropriated "CMC's confidential marketing and financial plans, proposals and projections,"

3    which YOU claim are trade secrets.

4    **Response to Interrogatory No. 18**: See General Objections. Without waving the foregoing

5    objections, CMC responds as follows:

6    Defendants obtained CMC's marketing and financial plans, proposals and projections under

7    circumstances giving rise to a duty to maintain their secrecy and to limit their use. Upon information

8    and belief, Defendants have used, and continue to use, these plans, proposals and projections in order to

9    further their efforts to persuade CMC's customers to do business with Defendants' new company.

10    **Interrogatory No. 19**: IDENTIFY each person who has knowledge that supports the existence

11    of any of the trade secrets stated in the TRADE SECRETS IDENTIFICATION.

12    **Response to Interrogatory No. 19**: See General Objections. In particular, CMC objects on the

13    ground that this interrogatory is overbroad and unduly burdensome. Every individual who works for

14    CMC, as well as its competitors and other entities in the promotional products industry, has

15    knowledge that directly or indirectly supports the trade secret nature of this information. CMC

16    cannot reasonably reply to this interrogatory.

17    **Interrogatory No. 20**: IDENTIFY each DOCUMENT that supports the existence of any of the

18    trade secrets stated in the TRADE SECRETS IDENTIFICATION.

19    **Response to Interrogatory No. 20**: See General Objections. In particular, CMC objects to

20    this request on the ground that it is overbroad and unduly burdensome. Every document that refers or

21    relates to every one of CMC's customers and every one of CMC's actual or considered transactions,

22    as well as every document that refers or relates to the training and professional efforts of CMC

23    personnel, directly or indirectly refers or relates to "the existence of" one or more of the categories of

24    trade secrets identified by CMC. CMC cannot reasonably reply to this interrogatory, although the

25    documents it shall produce will support Plaintiff's contention that the subject material qualifies as a

26    trade secret.

27    **Interrogatory No. 21**: IDENTIFY each person with whom YOU have communicated with

28    regard to Branding Boulevard.

–9–

1   **Response to Interrogatory No. 21**: See General Objections. CMC further objects to this
2   interrogatory on the grounds that the term "with regard to Branding Boulevard" is impermissibly
3   overbroad, because it pertains to any communication "with regard to Branding Boulevard," including
4   any communication directly or indirectly "with regard to" Christina Chang or Andrew Verity,
5   regardless of whether such communication is relevant to the claim or defense of either party. CMC
6   further objects to this interrogatory as overbroad because as defined by Defendants, "YOU" refers to
7   not only Mark Lillge, but also all of CMC's agents, employees, representatives, attorneys or any
8   person acting on its behalf who had any communication whatsoever "with regard to Branding
9   Boulevard," for any reason whatsoever.

10  **Interrogatory No. 22**: IDENTIFY each person with whom YOU have communicated with
11  regard to CHANG since CHANG's termination of employment with Creative Marking Concepts.

12  **Response to Interrogatory No. 22**: See General Objections. CMC further objects to this
13  interrogatory on the grounds that the term "with regard to CHANG" is impermissibly overbroad,
14  because it pertains to any communication "with regard to CHANG" regardless of whether such
15  communication is relevant to the claim or defense of either party. CMC further objects to this
16  interrogatory as overbroad because as defined by Defendants, "YOU" refers to not only Mark Lillge,
17  but also all of CMC's agents, employees, representatives, attorneys or any person acting on its behalf
18  who had any communication whatsoever "with regard to CHANG," for any reason whatsoever, such
19  as, for example, the transfer of Ms. Chang's telephone extension to another party after she left CMC.

20

21  DATED: November 13, 2007                    HARVEY SISKIND LLP

22

23                                              By: _____
                                                    Seth I. Appel
24

25                                              Attorneys for Plaintiff/Counterdefendant
                                                Mark Lillge d/b/a/ Creative Marketing Concepts
26

27

28

**VERIFICATION TO FOLLOW**

## PROOF OF SERVICE

The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 4 Embarcadero Center, 39th Floor, San Francisco, CA 94111.

On the date stated below, I served the following documents:

- **PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS'
  RESPONSES TO DEFENDANT/COUNTERCLAIMANT CHRISTINA CHANG'S
  FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Robert C. Ward, Esq.                    Richard Harrington, Esq.
Shartsis Friese LLP                     Chandler, Wood, Harrington & Maffly, LLP
One Maritime Plaza, 18th Floor          One Maritime Plaza, Suite 400
San Francisco, CA 94111                 San Francisco, CA 94111

__X__    **MAIL:**  I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated.  I am readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

_____    **FEDERAL EXPRESS – OVERNIGHT DELIVERY:**  I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

_____    **HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

_____    **VIA FAX:**  The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

__X__    **(FEDERAL):**  I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

_____    **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 13, 2007 at San Francisco, California.

_____
Cynthia Lee

14 15-1
xtra
LRCW

HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California  94111
Telephone:  (415) 354-0100
Facsimile:   (415) 391-7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>            Plaintiff,<br><br>    v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>            Defendants. | Case No.  C 07-02748 MHP<br><br>**PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS' RESPONSES TO DEFENDANT/COUNTERCLAIMANT ANDREW VERITY'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>            Counterclaimants,<br><br>    v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>            Counterdefendants. | |

**DOCKET**

NOV 1 4 2007

1 | **Propounding Party:**  Defendant/Counterclaimant Andrew Verity

2 | **Responding Party:**  Plaintiff/Counterdefendant Mark Lillge d/b/a Creative Marketing Concepts

3 | **Set No.:**        ONE

4 |        Plaintiff and Counterdefendant Mark Lillge d/b/a Creative Marketing Concepts ("CMC")

5 | responds to the first set of specially prepared interrogatories of Defendant and Counterclaimant

6 | Andrew Verity ("Verity") as follows:

7 |        CMC, based upon its current knowledge, understanding, and belief of the facts, information

8 | and documents available to it, responds as set forth below.  As this action proceeds, CMC may

9 | discover further facts, information and documents.  CMC reserves the right to modify or supplement

10 | these responses accordingly.  CMC further reserves the right to object on appropriate grounds to the

11 | introduction of any information included in these responses.

12 |        These responses are given without prejudice to using or relying on at trial information omitted

13 | from these responses as a result of mistake, error, oversight, or inadvertence.

14 |        CMC's answers and objections are made without in any way waiving or intending to waive,

15 | but on the contrary, preserving and intending to preserve, all objections as to competency, relevancy,

16 | materiality, privilege, and admissibility as evidence for any purpose of the answers, or the subject

17 | matter thereof, in this or any subsequent proceeding;

18 |                                  **GENERAL OBJECTIONS**

19 |        CMC objects generally to the following:

20 |        1.      CMC objects to the interrogatories to the extent that they seek to impose duties or

21 | obligations on CMC beyond those imposed by the Federal Rules of Civil Procedure or any applicable

22 | Local Rules.

23 |        2.      CMC objects to the interrogatories insofar as they are vague, ambiguous, indefinite,

24 | overbroad, unduly burdensome, duplicative, cumulative, unintelligible or otherwise unclear as to the

25 | precise information sought.

26 |        3.      CMC objects to the interrogatories insofar as they seek information that is neither

27 | relevant to the claims or defenses of either party in this action nor reasonably calculated to lead to the

28 | discovery of admissible evidence.

–1–

1    4.    CMC objects to the interrogatories to the extent that they call for information that is

2    protected from discovery by the attorney-client privilege, the work product doctrine, or any other

3    applicable privilege, doctrine, protection or immunity.

4    5.    CMC objects to the interrogatories to the extent they seek information, or the

5    compilation of data, which may be derived or ascertained from business records, where the burden of

6    deriving or ascertaining the answers thereto is substantially the same for Verity as for CMC.

7    6.    CMC objects to the interrogatories to the extent that they call for the production of

8    confidential business information, trade secrets, or commercially sensitive information of CMC.  To

9    the extent CMC produces such information, it does so pursuant to the parties' protective order.

10    7.    CMC objects to the interrogatories to the extent that they call for information not

11    reasonably available to CMC.

12    <u>**RESPONSES TO INTERROGATORIES**</u>

13    **Interrogatory No. 1:** IDENTIFY each person with whom YOU have communicated with

14    regard to VERITY since VERITY's termination of employment with Creative Marketing Concepts.

15    **Response to Interrogatory No. 1:** See General Objections.  In addition, CMC objects on the

16    ground that this request states that CMC "terminated" Verity.  CMC further objects to this

17    interrogatory on the grounds that the term "with regard to VERITY" is impermissibly overbroad,

18    because it pertains to any communication "with regard to VERITY" regardless of whether such

19    communication is relevant to the claim or defense of either party.  CMC further objects to this

20    interrogatory as overbroad because as defined by Defendants, "YOU" refers to not only Mark Lillge,

21    but also all of CMC's agents, employees, representatives, attorneys or any person acting on its behalf

22    who had any communication whatsoever "with regard to VERITY," for any reason whatsoever, such

23    as, for example, the transfer of Mr. Verity's telephone extension to another party after he left CMC.

24    **Interrogatory No. 2:** IDENTIFY all customers (including contact information and location)

25    whose identity and contact information YOU contend are trade secrets.

26    **Response to Interrogatory No. 2:** See General Objections.  Without waving the foregoing

27    objections, CMC responds as follows:

28

–2–

1    See CMC's customer list, which CMC has agreed to produce in response to Verity's Document
2    Request No. 3. CMC will identify those customers and contact information that CMC contends are trade
3    secrets of CMC, although such information is merely responsive to this interrogatory and does not
4    constitute the entirety of information pertaining to these customers that CMC claims are trade secrets.

5    **Interrogatory No. 3:**  For each customer identified in response to Interrogatory No. 2, specify
6    with particularity how Creative Marketing Concepts first came into contract with that customer,
7    including but not limited to the individuals that participated in that first communication, the method
8    of communication, and what was communicated by each party.

9    **Response to Interrogatory No. 3:**  See General Objections. In particular, CMC objects on the
10   ground that this interrogatory is overbroad with respect to CMC's customers which are not at issue in
11   this action, unduly burdensome, and accordingly seeks information that is neither relevant to the
12   claims or defenses of either party in this action.

13   **Interrogatory No. 4:**  For each customer identified in response to Interrogatory No. 2, state the
14   most recent date on which YOU sold merchandise to that customer.

15   **Response to Interrogatory No. 4:**   See General Objections.  Without waiving the foregoing
16   objections, CMC responds as follows:

17   CMC will produce documentation demonstrating the most recent date on which it has sold
18   merchandise to its customers that, to the best of CMC's knowledge, Defendants have contacted and/or
19   solicited.

20   **Interrogatory No. 5:**  For each customer identified in response to Interrogatory No. 2, state the
21   total gross dollar value of sales to that customer.

22   **Response to Interrogatory No. 5:**  See General Objections.  In particular, CMC objects on the
23   ground that this interrogatory is overbroad, unduly burdensome, and seeks information that is neither
24   relevant to the claims or defenses of either party in this action.  In addition, CMC objects to this
25   interrogatory on the grounds that it is vague as to time frame. Without waiving the foregoing objections,
26   CMC responds as follows:

27   CMC will produce documentation demonstrating gross dollar sales for the customers it believes
28   defendants have improperly solicited, covering a reasonable period of time.

-3-

1    **Interrogatory No. 6:** State all with particularity all damages, including by category and

2    dollar amount, that YOU contend YOU are entitled to as a result of your allegations in the Complaint.

3    **Response to Interrogatory No. 6:**  See General Objections.  CMC further objects to this

4    interrogatory because its damages are in part contingent upon information which is only in the

5    possession of Defendants and which Defendants have refused to produce to date.  Accordingly, CMC

6    will supplement this interrogatory response as discovery continues.  Without waving the foregoing

7    objections, CMC responds as follows:

8    Compensatory damages.  The amount necessary to compensate CMC for the loss caused by

9    Defendants' misconduct, which CMC estimates to be both the gross sales revenue accruing to

10   Defendants as a result of their improper contact and solicitation of CMC's customers, and any additional

11   sales which CMC did not realize as a result of Defendants' improper interference with CMC's

12   customers.  CMC also seeks exemplary damages pursuant to California Civil Code Section 3426.3(c)

13   in an amount to be determined by the Court, as a result of Defendants' willful and blatant violations

14   of the Court's Order.  CMC also seeks punitive damages in an amount to be determined by the Court,

15   and recovery of its attorneys' fees per CUTSA.

16   DATED:  November 13, 2007                    HARVEY SISKIND LLP

17

18                                           By: _____

19                                                Seth I. Appel

20                                           Attorneys for Plaintiff/Counterdefendant
                                                Mark Lillge d/b/a/ Creative Marketing Concepts

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSES TO VERITY'S FIRST          Case No. C 07-02748 MHP
SPECIALLY PREPARED INTERROGATORIES

**VERIFICATION TO FOLLOW**

## PROOF OF SERVICE

The undersigned declares: I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 4 Embarcadero Center, 39th Floor, San Francisco, CA 94111.

On the date stated below, I served the following documents:

* **PLAINTIFF/COUNTERDEFENDANT CREATIVE MARKETING CONCEPTS'
RESPONSES TO DEFENDANT/COUNTERCLAIMANT ANDREW VERITY'S
FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Robert C. Ward, Esq.                          Richard Harrington, Esq.
Shartsis Friese LLP                           Chandler, Wood, Harrington & Maffly, LLP
One Maritime Plaza, 18th Floor                One Maritime Plaza, Suite 400
San Francisco, CA 94111                       San Francisco, CA 94111

__X__   **MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

_____   **FEDERAL EXPRESS – OVERNIGHT DELIVERY:** I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

_____   **HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

_____   **VIA FAX:** The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

__X__   **(FEDERAL):** I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

_____   **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 13, 2007 at San Francisco, California.

_____
Cynthia Lee