1  WILLIAM R. HILL, #114954
   rock@donahue.com
2  ANDREW S. MACKAY, #197074
   andrew@donahue.com
3  SARA J. ROMANO, #227467
   sromano@donahue.com
4  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
5  300 Lakeside Drive, Suite 1900
   Oakland, California  94612-3570
6  P.O.  Box 12979
   Oakland, California  94604-2979
7  Telephone:    (510) 451-0544
   Facsimile:    (510) 832-1486
8
   Attorneys for Plaintiff/Counterdefendant
9  MARK LILLGE d/b/a CREATIVE
   MARKETING CONCEPTS
10

11              UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14

15  MARK LILLGE d/b/a CREATIVE          CASE NO.  C 07-02748 MHP
    MARKETING CONCEPTS,
16                                      JOINT PROPOSED JURY INSTRUCTIONS
              Plaintiff,
17                                      Date:      May 6, 2008
         v.                             Time:      8:30 a.m.
18                                      Dept.:     Courtroom 15, 18th Floor
    ANDREW VERITY and CHRISTINA         Judge:     Hon. Marilyn H. Patel
19  CHANG,

20            Defendants.

21  ANDREW VERITY and CHRISTINA
    CHANG,
22
              Counterclaimants,
23
         v.
24
    MARK LILLGE d/b/a CREATIVE
25  MARKETING CONCEPTS, and DOES 1-
    10,
26
              Counterdefendants.
27

28

1        Plaintiff MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS ("CMC") and

2    Defendants ANDREW VERITY and CHRISTINA CHANG ("Defendants") hereby submit the

3    following Joint Proposed Jury Instructions.

4        As of 5:30 p.m. on April 14, 2008, Plaintiff's counsel had not received copies of

5    Defendants' Proposed Jury Instructions.  Therefore, these Joint Proposed Jury Instructions do not

6    include Defendants' Proposed Jury Instructions, which Plaintiff's counsel reserves the right to

7    comment on and/or object to.

8

9    Dated:  April 14, 2008                DONAHUE GALLAGHER WOODS LLP

10

11                    By:_____/s/_____

12                        William R. Hill
                    Attorneys for Plaintiff/Counterdefendant

13                        MARK LILLGE d/b/a CREATIVE MARKETING
                    CONCEPTS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 1**

CMC claims that it is the owner of the following information:

1.      The list of CMC customers that Plaintiff has developed over the past fifteen years, through substantial time, effort, and expense;

2.      The pricing that CMC charges each specific customer;

3.      CMC's actual and desired profit margin for each customer;

4.      CMC's strategic plans regarding which customers it wishes to target, and those that it does not wish to target;

5.      The purchasing history of CMC's customers;

6.      The knowledge of when a customer will be due for renewal orders based upon those customers' prior transactions with CMC;

7.      Specific customer requirements, preferences, and limitations, including particular buying habits, needs and dislikes;

8.      Negative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase; and

9.      CMC's confidential marketing and financial plans, proposals and projections.

CMC claims that this information constitutes trade secrets and that Andrew Verity and Christina Chang "misappropriated" them.   "Misappropriation" means the improper acquisition, use or disclosure of the trade secrets.

CMC also claims that Andrew Verity's misappropriation caused it harm, or Andrew Verity to be unjustly enriched.

Andrew Verity denies that the above-described information constitutes trade secrets or that he misappropriated the information.

CMC also claims that Christina Chang's misappropriation caused it harm, or Christina Chang to be unjustly enriched.

Christina Chang denies that the above-described information constitutes trade secrets or that she misappropriated the information.

//

-2-

1    <u>AUTHORITY</u>:    CACI 4400  (Misappropriation of Trade Secrets—Introduction) (as modified)

2    (2008).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-3-

1

**JURY INSTRUCTION NO. 2**

2          To prove that the information was a trade secret, CMC must prove all of the following:

3          1.          That the information was secret;

4          2.          That the information was actually or potentially valuable, giving CMC a

5    substantial business advantage over its competitors, because it was secret; and

6          3.          That CMC made reasonable efforts to keep the information secret.

7

8    AUTHORITY:  CACI 4402 (Trade Secret Defined) (as modified) (2008).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

26

27

28

1

**JURY INSTRUCTION NO. 3**

2      The secrecy required to prove that something is a trade secret does not have to be absolute

3   in the sense that no one else in the world possesses the information.  It may be disclosed to

4   employees involved in CMC's use of the trade secret as long as they are instructed to keep the

5   confidential information secret.  It may also be disclosed to non-employees if they are obligated

6   to keep the confidential information secret.  However, it must not have been generally known to

7   the public or to people who could obtain value from knowing it.

8

9   AUTHORITY:  CACI 4403 (Secrecy Requirement) (as modified) (2008).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

27

28

**JURY INSTRUCTION NO. 4**

To establish that the information is a trade secret, CMC must prove that it made reasonable efforts under the circumstances to keep it secret.  "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as CMC, exercising due care to protect important information of the same kind.  This requirement applies separately to each item that CMC claims to be a trade secret.

In determining whether or not CMC made reasonable efforts to keep the information secret, you should consider all of the facts and circumstances.  Among the factors you may consider are the following:

1.    Whether documents or computer files containing the information were marked with confidentiality warnings;

2.    Whether CMC instructed its employees to treat the information as confidential information;

3.    Whether CMC restricted access to the information to persons who had a business reason to know the information;

4.    Whether CMC kept the information in a restricted or secured area;

5.    Whether CMC required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

6.    Whether CMC took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

7.    The extent to which any general measures taken by CMC would prevent the unauthorized disclosure of the information;

8.    Whether there were other reasonable measures available to CMC that it did not take;

9.    The presence or absence of any one or more of these factors is not necessarily determinative.

//

//

1    AUTHORITY:  CACI 4404 (Reasonable Efforts to Protect Secrecy) (2008).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-7-

**JURY INSTRUCTION NO. 5**

Andrew Verity misappropriated CMC's trade secrets by disclosure if Andrew Verity

1.       Disclosed them without CMC's consent; and

2.       At the time of disclosure, knew or had reason to know that his knowledge of CMC's trade secrets was acquired during his employment with CMC, which created a duty to keep the information secret.

AUTHORITY:  CACI 4406 (Misappropriation by Disclosure) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-8-

1

**JURY INSTRUCTION NO. 6**

2

Christina Chang misappropriated CMC's trade secrets by disclosure if Christina Chang

3

1.      Disclosed them without CMC's consent; and

4

2.      At the time of disclosure, knew or had reason to know that her knowledge of

5

CMC's trade secrets was acquired during her employment with CMC, which created a duty to

6

keep the information secret.

7

8

AUTHORITY:  CACI 4406 (Misappropriation by Disclosure) (2008).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| GIVEN: | |
| --- | --- |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

27

28

-9-

1

**JURY INSTRUCTION NO. 7**

2
      Andrew Verity misappropriated CMC's trade secrets by use if Andrew Verity

3
      1.      Used them without CMC's consent; and

4
      2.      At the time of use, knew or had reason to know that his knowledge of CMC's trade

5
secrets was acquired under circumstances creating a legal obligation to limit use of the

6
information.

7

8
AUTHORITY:  CACI 4407 (Misappropriation by Use) (2008).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

1

**JURY INSTRUCTION NO. 8**

2          Christina Chang misappropriated CMC's trade secrets by use if Christina Chang

3          1.          Used them without CMC's consent; and

4          2.          At the time of use, knew or had reason to know that her knowledge of CMC's trade

5   information.

6

7   AUTHORITY:  CACI 4407 (Misappropriation by Use) (2008).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| GIVEN: | |
| --- | --- |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

26

27

28

**JURY INSTRUCTION NO. 9**

CMC claims that Andrew Verity intentionally interfered with an economic relationship(s) between it and its customer or customers that probably would have resulted in an economic benefit to CMC. To establish this claim, CMC must prove all of the following:

    1.    That CMC and its customer or customers were in an economic relationship(s) that probably would have resulted in an economic benefit to CMC;

    2.    That Andrew Verity knew of the relationship(s);

    3.    That Andrew Verity intended to disrupt the relationship(s);

    4.    That Andrew Verity engaged in wrongful conduct through:

        a.    Breaching his duty of loyalty to CMC;

        b.    Breaching his duty of confidentiality to CMC;

        c.    Conspiring with Christina Chang to commit trade secret misappropriation; or

        d.    Conspiring with Christina Chang to intentionally interfere with CMC's prospective economic relations with its customer(s);

    5.    That the relationship(s) were disrupted;

    6.    That CMC was harmed; and

    7.    That Andrew Verity's wrongful conduct was a substantial factor in causing CMC's harm.

<u>AUTHORITY</u>: CACI 2202 (Intentional Interference with Prospective Economic Relations) (2008).

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-12-

**JURY INSTRUCTION NO. 10**

CMC claims that Christina Chang intentionally interfered with an economic relationship(s) between it and its customer or customers that probably would have resulted in an economic benefit to CMC. To establish this claim, CMC must prove all of the following:

1.     That CMC and its customer or customers were in an economic relationship(s) that probably would have resulted in an economic benefit to CMC;

2.     That Christina Chang knew of the relationship(s);

3.     That Christina Chang intended to disrupt the relationship(s);

4.     That Christina Chang engaged in wrongful conduct through:

      a.     Breaching her duty of loyalty to CMC;

      b.     Breaching her duty of confidentiality to CMC;

      c.     Conspiring with Andrew Verity to commit trade secret misappropriation;

      or

      d.     Conspiring with Andrew Verity to intentionally interfere with CMC's prospective economic relations with its customer(s);

5.     That the relationship(s) were disrupted;

6.     That CMC was harmed; and

7.     That Christina Chang's wrongful conduct was a substantial factor in causing CMC's harm.


AUTHORITY:   CACI 2202   (Intentional Interference with Prospective Economic Relations) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-13-

1

**JURY INSTRUCTION NO. 11**

2     In deciding whether Andrew Verity acted intentionally, you may consider whether he

3 knew that a disruption was substantially certain to result from his conduct.

4

5 AUTHORITY:  CACI 2203 (Intent) (2008).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| GIVEN: | |
|--------|--|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-14-

1

**JURY INSTRUCTION NO. 12**

2      In deciding whether Christina Chang acted intentionally, you may consider whether she

3  knew that a disruption was substantially certain to result from her conduct.

4

5  AUTHORITY:  CACI 2203 (Intent) (2008).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-15-

**JURY INSTRUCTION NO. 13**

If you decide that CMC has proved its claim of intentional interference with prospective economic relations against Andrew Verity, you also must decide how much money will reasonably compensate CMC for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Andrew Verity's wrongful conduct, even if the particular harm could not have been anticipated.

CMC does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages. The following are the specific items of damages claimed by CMC:

Economic damages; and

Punitive damages.

AUTHORITY: CACI 3900 (Introduction to Tort Damages—Liability Contested) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

1

**JURY INSTRUCTION NO. 14**

2       If you decide that CMC has proved its claim of intentional interference with prospective

3   economic relations against Christina Chang, you also must decide how much money will

4   reasonably compensate CMC for the harm.  This compensation is called "damages."

5       The amount of damages must include an award for each item of harm that was caused by

6   Christina Chang's wrongful conduct, even if the particular harm could not have been anticipated.

7       CMC does not have to prove the exact amount of damages that will provide reasonable

8   compensation for the harm.  However, you must not speculate or guess in awarding damages.

9   The following are the specific items of damages claimed by CMC:

10          Economic damages; and

11          Punitive damages.

12

13   AUTHORITY:  CACI 3900 (Introduction to Tort Damages—Liability Contested) (2008).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-17-

1

**JURY INSTRUCTION NO. 15**

2        The following are the specific items of economic damages claimed by CMC:

3        1.        Lost profits.

4

5    AUTHORITY:  CACI 3903 (Items of Economic Damage) (2008).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

26

27

28

-18-

1          **JURY INSTRUCTION NO. 16**

2          1.      Lost profits.

3          To recover damages for lost profits, CMC must prove it is reasonably certain it would

4    have earned profits but for Andrew Verity's conduct.

5          To decide the amount of damages for lost profits, you must determine the gross amount

6    CMC would have received but for Andrew Verity's conduct and then subtract from that amount

7    the expenses CMC would have had if Andrew Verity's conduct had not occurred.

8          The amount of the lost profits need not be calculated with mathematical precision, but

9    there must be a reasonable basis for computing the loss.

10

11   AUTHORITY:  CACI 3903N (Lost Profits (Economic Damage)) (2008).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   | **GIVEN:** | |
     |---|---|
     | **REFUSED:** | |
27   | **MODIFIED:** | |
28   | **WITHDRAWN:** | |

-19-

**JURY INSTRUCTION NO. 17**

1.      Lost profits.

To recover damages for lost profits, CMC must prove it is reasonably certain it would have earned profits but for Christina Chang's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount CMC would have received but for Christina Chang's conduct and then subtract from that amount the expenses CMC would have had if Christina Chang's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.


AUTHORITY:  CACI 3903N (Lost Profits (Economic Damage)) (2008).

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-20-

**JURY INSTRUCTION NO. 18**

If you decide that Andrew Verity's misappropriation caused CMC harm, you must decide whether that conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed CMC and to discourage similar conduct in the future.

In order to recover punitive damages, CMC must prove by clear and convincing evidence that Andrew Verity acted willfully and maliciously. You must determine whether Andrew Verity acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that Andrew Verity acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Andrew Verity acted with an intent to cause injury, or that Andrew Verity's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

"Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people.  Andrew Verity acted with knowing disregard if he was aware of the probable consequences of his conduct and deliberately failed to avoid those consequences.

AUTHORITY: CACI 4411 (Punitive Damages for Willful and Malicious Misappropriation) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

JOINT PROPOSED JURY INSTRUCTIONS          CASE NO.  C 07-02748 MHP

**JURY INSTRUCTION NO. 19**

If you decide that Christina Chang's misappropriation caused CMC harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed CMC and to discourage similar conduct in the future.

In order to recover punitive damages, CMC must prove by clear and convincing evidence that Christina Chang acted willfully and maliciously. You must determine whether Christina Chang acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that Christina Chang acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Christina Chang acted with an intent to cause injury, or that Christina Chang's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

"Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people. Christina Chang acted with knowing disregard if she was aware of the probable consequences of her conduct and deliberately failed to avoid those consequences.


AUTHORITY: CACI 4411 (Punitive Damages for Willful and Malicious Misappropriation) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-22-

**JURY INSTRUCTION NO. 20**

If you decide that Andrew Verity's intentional interference with prospective economic relations caused CMC harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if CMC proves by clear and convincing evidence that Andrew Verity engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Andrew Verity acted with intent to cause injury or that Andrew Verity's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Andrew Verity's conduct was despicable and subjected CMC to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Andrew Verity intentionally misrepresented or concealed a material fact and did so intending to harm CMC.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)     How reprehensible was Andrew Verity's conduct? In deciding how reprehensible Andrew Verity's conduct was, you may consider, among other factors:

　　　　1.     Whether CMC was financially weak or vulnerable and Andrew Verity knew CMC was financially weak or vulnerable and took advantage of it;

　　　　2.     Whether Andrew Verity's conduct involved a pattern or practice; and

　　　　3.     Whether Andrew Verity acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and

-23-

CMC's harm or between the amount of punitive damages and potential harm to CMC that Andrew Verity knew was likely to occur because of his conduct?

(c)    In view of Andrew Verity's financial condition, what amount is necessary to punish his and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Andrew Verity has substantial financial resources.

AUTHORITY: 3940 (Punitive Damages—Individual Defendant—Trial Not Bifurcated) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-24-

**JURY INSTRUCTION NO. 21**

If you decide that Christina Chang's intentional interference with prospective economic relations caused CMC harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if CMC proves by clear and convincing evidence that Christina Chang engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Christina Chang acted with intent to cause injury or that Christina Chang's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Christina Chang's conduct was despicable and subjected CMC to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Christina Chang intentionally misrepresented or concealed a material fact and did so intending to harm CMC.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)     How reprehensible was Christina Chang's conduct? In deciding how reprehensible Christina Chang's conduct was, you may consider, among other factors:

1.     Whether CMC was financially weak or vulnerable and Christina Chang knew CMC was financially weak or vulnerable and took advantage of it;

2.     Whether Christina Chang's conduct involved a pattern or practice; and

3.     Whether Christina Chang acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and

-25-

CMC's harm or between the amount of punitive damages and potential harm to CMC that Christina Chang knew was likely to occur because of her conduct?

(c)    In view of Christina Chang's financial condition, what amount is necessary to punish her and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Christina Chang has substantial financial resources.

AUTHORITY: 3940 (Punitive Damages—Individual Defendant—Trial Not Bifurcated) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-26-

1

**JURY INSTRUCTION NO. 22**

2      Any amount of damages you find CMC has proven Andrew Verity owes it should be

3  subtracted from any award of damages to Andrew Verity.

4

5  AUTHORITY:  Cal. Civ. Proc. Code § 431.70 (Set Off).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| **GIVEN:** | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

26

27

28

-27-

1

## JURY INSTRUCTION NO. 23

2      You must not consider, or include as part of any award, attorney fees or expenses that the

3   parties incurred in bringing or defending this lawsuit.

4

5   AUTHORITY: CACI 3964 (Jurors Not to Consider Attorney Fees and Court Costs) (2008).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| GIVEN: | |
| --- | --- |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

26

27

28