WILLIAM R. HILL, #114954
  rock@donahue.com
ANDREW S. MACKAY, #197074
  andrew@donahue.com
SARA J. ROMANO, #227467
  sromano@donahue.com
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California  94612-3570
P.O.  Box 12979
Oakland, California  94604-2979
Telephone:     (510) 451-0544
Facsimile:     (510) 832-1486

Attorneys for Plaintiff/Counterdefendant
MARK LILLGE d/b/a CREATIVE
MARKETING CONCEPTS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants. | CASE NO.  C 07-02748 MHP<br><br>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS<br><br>Date:     May 6, 2008<br>Time:     8:30 a.m.<br>Dept.:    Courtroom 15, 18th Floor<br>Judge:    Hon. Marilyn H. Patel |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>Counterclaimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>Counterdefendants. | |

1    Plaintiff MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS ("CMC") hereby

2  submits the following Proposed Jury Instructions.

3

4  Dated:  April 14, 2008                DONAHUE GALLAGHER WOODS LLP

5

6                                By:_____/s/_____
                                      William R. Hill

7                                      Andrew S. MacKay
                                      Sara J. Romano

8                                      Attorneys for Plaintiff/Counterdefendant
                                      MARK LILLGE d/b/a CREATIVE MARKETING

9                                      CONCEPTS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

**PLAINTIFF'S JURY INSTRUCTION NO. 1**

1

2    CMC claims that Andrew Verity has misappropriated a trade secret. To succeed on this

3    claim, CMC must prove all of the following:

4    1.    That CMC owned any of the following information:

5         a.    The list of CMC customers that Plaintiff has developed over the past

6    fifteen years, through substantial time, effort, and expense;

7              b.    The pricing that CMC charges each specific customer;

8              c.    CMC's actual and desired profit margin for each customer;

9              d.    CMC's strategic plans regarding which customers it wishes to target, and

10    those that it does not wish to target;

11             e.    The purchasing history of CMC's customers;

12             f.    The knowledge of when a customer will be due for renewal orders based

13    upon those customers' prior transactions with CMC;

14             g.    Specific customer requirements, preferences, and limitations, including

15    particular buying habits, needs and dislikes;

16             h.    Negative knowledge regarding goods that certain customers have refused

17    to purchase or no longer wish to purchase; or

18             i.    CMC's confidential marketing and financial plans, proposals and

19    projections.

20    2.    That this information was a trade secret at the time of the misappropriation; (See

21    Plaintiff's Jury Instructions Nos. 4, 5 and 6 for guidance on what constitutes a trade secret.)

22    3.    That Andrew Verity improperly used or disclosed the trade secrets;

23    4.    That CMC was harmed or Andrew Verity was unjustly enriched; and

24    5.    That Andrew Verity's use or disclosure was a substantial factor in causing CMC's

25    harm or Andrew Verity to be unjustly enriched.

26    //

27    //

28    //

1    AUTHORITY CACI 4401 (Misappropriation of Trade Secrets—Essential Factual Elements) (as

2    modified) (2008)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| GIVEN: | |
| --- | --- |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

27

28

-3-

1

**PLAINTIFF'S [ALTERNATE] JURY INSTRUCTION NO. 1**

2      CMC claims that Andrew Verity has misappropriated trade secrets. The Court has already

3  found that CMC's information are trade secrets. Therefore, to succeed on this claim, CMC must

4  prove all of the following:

5      1.      That Andrew Verity improperly used or disclosed CMC's trade secrets;

6      2.      That CMC was harmed or Andrew Verity was unjustly enriched; and

7      3.      That Andrew Verity's use or disclosure was a substantial factor in causing CMC's

8  harm or Andrew Verity to be unjustly enriched.

9

10  AUTHORITY CACI 4401 (Misappropriation of Trade Secrets—Essential Factual Elements) (as

11  modified) (2008)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| **GIVEN:** | |
| --- | --- |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

26

27

28

**PLAINTIFF'S JURY INSTRUCTION NO. 2**

CMC claims that Christina Chang has misappropriated a trade secret. To succeed on this claim, CMC must prove all of the following:

1.      That CMC owned any of the following information:

      a.      The list of CMC customers that Plaintiff has developed over the past fifteen years, through substantial time, effort, and expense;

      b.      The pricing that CMC charges each specific customer;

      c.      CMC's actual and desired profit margin for each customer;

      d.      CMC's strategic plans regarding which customers it wishes to target, and those that it does not wish to target;

      e.      The purchasing history of CMC's customers;

      f.      The knowledge of when a customer will be due for renewal orders based upon those customers' prior transactions with CMC;

      g.      Specific customer requirements, preferences, and limitations, including particular buying habits, needs and dislikes;

      h.      Negative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase; or

      i.      CMC's confidential marketing and financial plans, proposals and projections.

2.      That this information was a trade secret at the time of the misappropriation; (See Plaintiff's Jury Instructions Nos. 4, 5 and 6 for guidance on what constitutes a trade secret.)

3.      That Christina Chang improperly used or disclosed the trade secrets;

4.      That CMC was harmed or Christina Chang was unjustly enriched; and

5.      That Christina Chang's use or disclosure was a substantial factor in causing CMC's harm or Christina Chang to be unjustly enriched.

//

//

//

1    AUTHORITY CACI 4401 (Misappropriation of Trade Secrets—Essential Factual Elements) (as

2    modified) (2008)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    | **GIVEN:** | |
     | **REFUSED:** | |
26   | **MODIFIED:** | |
27   | **WITHDRAWN:** | |

28

1    **PLAINTIFF'S [ALTERNATE] JURY INSTRUCTION NO. 2**

2    CMC claims that Christina Chang has misappropriated trade secrets. The Court has

3    already found that CMC's information are trade secrets. Therefore, to succeed on this claim,

4    CMC must prove all of the following:

5    1.    That Christina Chang improperly used or disclosed the trade secrets;

6    2.    That CMC was harmed or Christina Chang was unjustly enriched; and

7    3.    That Christina Chang's use or disclosure was a substantial factor in causing

8    CMC's harm or Christina Chang to be unjustly enriched.

9

10   AUTHORITY CACI 4401 (Misappropriation of Trade Secrets—Essential Factual Elements) (as

11   modified) (2008)

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-7-

**PLAINTIFF'S JURY INSTRUCTION NO. 3**

CMC claims that it was harmed by Andrew Verity and Christina Chang's misappropriation of its trade secrets and intentional interference with prospective economic relations, and that Andrew Verity is responsible for the harm because he was part of a conspiracy to commit trade secret misappropriation and intentional interference with prospective economic relations.  A conspiracy is an agreement by two or more persons to commit a wrongful act.  Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Christina Chang committed trade secret misappropriation or intentional interference with prospective economic relations that harmed CMC, then you must determine whether Andrew Verity is also responsible for the harm.  Andrew Verity is responsible if CMC proves both of the following:

1.     That Andrew Verity was aware that Christina Chang planned to misappropriate CMC's trade secrets or intentionally interfere with CMC's prospective economic relations; and

2.     That Andrew Verity agreed with Christina Chang and intended that the trade secret misappropriation or intentional interference with CMC's prospective economic relations be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make Andrew Verity responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators.  CMC is not required to prove that Andrew Verity personally committed a wrongful act or that he knew all the details of the agreement or the identities of all the other participants.

AUTHORITY:  CACI 3600  (Conspiracy—Essential Factual Elements) (2008).

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

**PLAINTIFF'S JURY INSTRUCTION NO. 4**

CMC claims that it was harmed by Christina Chang and Andrew Verity's misappropriation of its trade secrets and intentional interference with prospective economic relations, and that Christina Chang is responsible for the harm because she was part of a conspiracy to commit trade secret misappropriation and intentional interference with prospective economic relations.  A conspiracy is an agreement by two or more persons to commit a wrongful act.  Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Andrew Verity committed trade secret misappropriation or intentional interference with prospective economic relations that harmed CMC, then you must determine whether Christina Chang is also responsible for the harm.  Christina Chang is responsible if CMC proves both of the following:

1.    That Christina Chang was aware that Andrew Verity planned to misappropriate CMC's trade secrets or intentionally interfere with CMC's prospective economic relations; and

2.    That Christina Chang agreed with Andrew Verity and intended that the trade secret misappropriation or intentional interference with CMC's prospective economic relations be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make Christina Chang responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators.  CMC is not required to prove that Christina Chang personally committed a wrongful act or that she knew all the details of the agreement or the identities of all the other participants.

 <u>AUTHORITY</u>:  CACI 3600  (Conspiracy—Essential Factual Elements) (2008).

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

**PLAINTIFF'S JURY INSTRUCTION NO. 5**

If you decide that Andrew Verity joined the conspiracy to commit trade secret misappropriation or intentional interference with prospective economic relations, then he is responsible for all acts done as part of the conspiracy, whether the acts occurred before or after he joined the conspiracy.

<u>AUTHORITY</u>:  CACI 3601 (Ongoing Conspiracy) (2008).

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-10-

1

**PLAINTIFF'S JURY INSTRUCTION NO. 6**

2      If you decide that Christina Chang joined the conspiracy to commit trade secret

3  misappropriation or intentional interference with prospective economic relations, then she is

4  responsible for all acts done as part of the conspiracy, whether the acts occurred before or after

5  she joined the conspiracy.

6

7    <u>AUTHORITY</u>:  CACI 3601  (Ongoing Conspiracy) (2008).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| **GIVEN:** | |
| --- | --- |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

27

28

-11-

**PLAINTIFF'S JURY INSTRUCTION NO. 7**

CMC claims that it was harmed by Andrew Verity's breach of the fiduciary duty of loyalty.  An employee owes his employer undivided loyalty.  Even after termination of the employer-employee relationship, the employee remains under a duty not to take advantage of a still subsisting confidential relationship created during the employment.  To establish this claim, CMC must prove all of the following:

1.    That Andrew Verity was CMC's employee;

2.    That Andrew Verity knowingly used confidential information belonging to CMC for his own benefit;

3.    That CMC did not give informed consent to Andrew Verity's conduct;

4.    That CMC was harmed; and

5.    That Andrew Verity's conduct was a substantial factor in causing CMC's harm.

AUTHORITY:   CACI 4102   (Duty of Undivided Loyalty—Essential Factual Elements) (as modified) (2008); 3 Witkin, *Summary of California Law* (10th ed.  2005) Agency, § 100.

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-12-

1

**PLAINTIFF'S JURY INSTRUCTION NO. 8**

2   CMC claims that it was harmed by Christina Chang's breach of the fiduciary duty of

3   loyalty.   An employee owes her employer undivided loyalty.   Even after termination of the

4   employer-employee relationship, the employee remains under a duty not to take advantage of a

5   still subsisting confidential relationship created during the employment.

6   To establish this claim, CMC must prove all of the following:

7   1.     That Christina Chang was CMC's employee;

8   2.     That Christina Chang knowingly used confidential information belonging to CMC

9   for her own benefit;

10   3.     That CMC did not give informed consent to Christina Chang's conduct;

11   4.     That CMC was harmed; and

12   5.     That Christina Chang's conduct was a substantial factor in causing CMC's harm.

13

14   <u>AUTHORITY</u>:   CACI 4102   (Duty of Undivided Loyalty—Essential Factual Elements) (as

15   modified) (2008); 3 Witkin, *Summary of California Law* (10th ed.  2005) Agency, § 100.

16

17

18

19

20

21

22

23

24

25

26

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

27

28

-13-

1

**PLAINTIFF'S JURY INSTRUCTION NO. 9**

CMC claims that it was harmed by Andrew Verity's breach of the fiduciary duty of confidentiality.  To establish this claim, CMC must prove all of the following:

1.     That Andrew Verity was CMC's employee;

2.     That Andrew Verity had information relating to CMC that he knew or should have known was confidential;

3.     That Andrew Verity used CMC's confidential information for his own benefit;

4.     That CMC did not give informed consent to Andrew Verity's conduct;

5.     That the confidential information was not a matter of general knowledge;

6.     That CMC was harmed; and

7.     That Andrew Verity's conduct was a substantial factor in causing CMC's harm.


AUTHORITY:   CACI 4103 (Duty of Confidentiality – Essential Factual Elements) (2008); 3 Witkin, *Summary of California Law* (10th ed.  2005) Agency, § 100.

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-14-

**PLAINTIFF'S JURY INSTRUCTION NO. 10**

CMC claims that it was harmed by Christina Chang's breach of the fiduciary duty of confidentiality.  To establish this claim, CMC must prove all of the following:

1.    That Christina Chang was CMC's employee;

2.    That Christina Chang had information relating to CMC that she knew or should have known was confidential;

3.    That Christina Chang used CMC's confidential information for her own benefit;

4.    That CMC did not give informed consent to Christina Chang's conduct;

5.    That the confidential information was not a matter of general knowledge;

6.    That CMC was harmed; and

7.    That Christina Chang's conduct was a substantial factor in causing CMC's harm.

AUTHORITY:   CACI 4103 (Duty of Confidentiality – Essential Factual Elements) (2008); 3 Witkin, *Summary of California Law* (10th ed.  2005) Agency, § 100.

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-15-

1

**PLAINTIFF'S JURY INSTRUCTION NO. 11**

2      For Andrew Verity to recover for defamation, CMC's statements must have been

3 statements of fact, not opinion.  A statement of fact is a statement that can be proved to be true or

4 false.  An opinion may be considered a statement of fact if the opinion suggests that facts exist.

5 In deciding this issue, you should consider whether the average listener would conclude from the

6 language of the statement and its context that CMC was making a statement of fact.

7

8 AUTHORITY:  CACI 1707 (Fact Versus Opinion) (as modified) (2008).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| GIVEN: | |
|--------|--|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

27

28

-16-

1

**PLAINTIFF'S JURY INSTRUCTION NO. 12**

2         For Christina Chang to recover for defamation, CMC's statements must have been

3    statements of fact, not opinion.  A statement of fact is a statement that can be proved to be true or

4    false.  An opinion may be considered a statement of fact if the opinion suggests that facts exist.

5    In deciding this issue, you should consider whether the average listener would conclude from the

6    language of the statement and its context that CMC was making a statement of fact.

7

8    AUTHORITY:  CACI 1707 (Fact Versus Opinion) (as modified) (2008).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
|---|---|
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

1

**PLAINTIFF'S JURY INSTRUCTION NO. 13**

2      CMC is not responsible for Andrew Verity's harm, if any, if it proves that its statements

3  about Andrew Verity were true.  CMC does not have to prove that the statements were true in

4  every detail, so long as the statements were substantially true.

5

6  AUTHORITY:  CACI 1720 (Defense of the Truth) (2008).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| GIVEN: | |
| --- | --- |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

27

28

1

## PLAINTIFF'S JURY INSTRUCTION NO. 14

2      CMC is not responsible for Christina Chang's harm, if any, if it proves that its statements

3    about Christina Chang were true.  CMC does not have to prove that the statements were true in

4    every detail, so long as the statements were substantially true.

5

6    AUTHORITY:  CACI 1720 (Defense of the Truth) (2008).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| GIVEN: | |
| --- | --- |
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

27

28

1

**PLAINTIFF'S JURY INSTRUCTION NO. 15**

2    CMC contends that the offer to enter into a contract terminated because Andrew Verity

3  rejected it.  To overcome this contention, Andrew Verity must prove both of the following:

4        1.    That Andrew Verity did not reject CMC's offer; and

5        2.    That Andrew Verity did not make any additions or changes to terms of CMC's

6  offer.

7        If Andrew Verity did not prove both of the above, then a contract was not created.

8

9  <u>AUTHORITY</u>:  CACI 311 (Contract Formation – Rejection of Offer) (2008).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-20-

**PLAINTIFF'S JURY INSTRUCTION NO. 16**

CMC contends that Andrew Verity did not perform all of the things that he was required to do under the contract, and therefore CMC did not have to perform its obligations under the contract. To overcome this contention, Andrew Verity must prove both of the following:

1.    That Andrew Verity made a good faith effort to comply with the contract; and

2.    That CMC received essentially what the contract called for because Andrew Verity's failures, if any, were so trivial or unimportant that they could have been easily fixed or paid for.


AUTHORITY: CACI 312 (Substantial Performance) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-21-

**PLAINTIFF'S JURY INSTRUCTION NO. 17**

If CMC proves that Andrew Verity misappropriated its trade secrets, then CMC is entitled to recover damages if the misappropriation caused CMC to suffer an actual loss or Andrew Verity to be unjustly enriched.

If Andrew Verity's misappropriation did not cause CMC to suffer an actual loss or Andrew Verity to be unjustly enriched, CMC may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited. However, I will calculate the amount of any royalty.

AUTHORITY: CACI 4409 (Remedies for Misappropriation of Trade Secret) (2008)

| | |
|---|---|
| **GIVEN:** | |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

1    **PLAINTIFF'S JURY INSTRUCTION NO. 18**

2        If CMC proves that Christina Chang misappropriated its trade secrets, then CMC is

3    entitled to recover damages if the misappropriation caused CMC to suffer an actual loss or

4    Christina Chang to be unjustly enriched.

5        If Christina Chang's misappropriation did not cause CMC to suffer an actual loss or

6    Christina Chang to be unjustly enriched, CMC may still be entitled to a reasonable royalty for no

7    longer than the period of time the use could have been prohibited.  However, I will calculate the

8    amount of any royalty.

9

10    AUTHORITY: CACI 4409 (Remedies for Misappropriation of Trade Secret) (2008)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| GIVEN: | |
| --- | --- |
| **REFUSED:** | |
| **MODIFIED:** | |
| **WITHDRAWN:** | |

-23-

**PLAINTIFF'S JURY INSTRUCTION NO. 19**

Andrew Verity was unjustly enriched if his misappropriation of CMC's trade secrets caused Andrew Verity to receive a benefit that he otherwise would not have achieved.  To decide the amount of any unjust enrichment, first determine the value of Andrew Verity's benefit that would not have been achieved except for his misappropriation. Then subtract from that amount Andrew Verity's reasonable expenses.

In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for CMC's actual loss.

AUTHORITY: CACI 4410 (Unjust Enrichment) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-24-

1

**PLAINTIFF'S JURY INSTRUCTION NO. 20**

2      Christina Chang was unjustly enriched if his misappropriation of CMC's trade secrets

3   caused Christina Chang to receive a benefit that she otherwise would not have achieved.  To

4   decide the amount of any unjust enrichment, first determine the value of Christina Chang's

5   benefit that would not have been achieved except for her misappropriation. Then subtract from

6   that amount Christina Chang's reasonable expenses.

7      In calculating the amount of any unjust enrichment, do not take into account any amount

8   that you included in determining any amount of damages for CMC's actual loss.

9

10    AUTHORITY: CACI 4410 (Unjust Enrichment) (2008).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

-25-

**PLAINTIFF'S JURY INSTRUCTION NO. 21**

If you decide that CMC has proved its claim of trade secret misappropriation against Andrew Verity, you also must decide how much money will reasonably compensate CMC for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Andrew Verity's wrongful conduct, even if the particular harm could not have been anticipated.

CMC does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages. The following are the specific items of damages claimed by CMC:

Economic damages; and

Punitive damages.


AUTHORITY:  CACI 3900 (Introduction to Tort Damages—Liability Contested) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |

**PLAINTIFF'S JURY INSTRUCTION NO. 22**

If you decide that CMC has proved its claim of trade secret misappropriation against Christina Chang, you also must decide how much money will reasonably compensate CMC for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Christina Chang's wrongful conduct, even if the particular harm could not have been anticipated.

CMC does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages. The following are the specific items of damages claimed by CMC:

Economic damages; and

Punitive damages.

AUTHORITY: CACI 3900 (Introduction to Tort Damages—Liability Contested) (2008).

| GIVEN: | |
|---|---|
| REFUSED: | |
| MODIFIED: | |
| WITHDRAWN: | |