RICHARD HARRINGTON (SBN 28099)
CHANDLER WOOD HARRINGTON & MAFFLY LLP
One Maritime Plaza, Fourth Floor
San Francisco, California 94111 3404
Telephone:     415 421 5484
Facsimile:     415 986 4874
Email:         harr@well.com

ROBERT CHARLES WARD (SBN 160824)
SHARTSIS FRIESE LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, California 94111 3404
Telephone:     415 421 6500
Facsimile:     415 421 2922
Email:         rward@sflaw.com

C. ANGELA DE LA HOUSAYE (SBN 144218)
BRENDAN J. DOOLEY (SBN 162880)
KARYNE T. GHANTOUS (SBN 191309)
DE LA HOUSAYE & ASSOCIATES, ALC
1655 N. Main Street, Suite 395
Walnut Creek, California 94596
Telephone:     (925) 944-3300
Facsimile:     (925) 944-3343
Email:         angela@delahousayelaw.com
               brendan@delahousayelaw.com
               karyne@delahousayelaw.com

Attorneys for Defendants
ANDREW VERITY AND CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE D/B/A CREATIVE MARKETING CONCEPTS,<br><br>         Plaintiff,<br><br>     v.<br><br>ANDREW VERITY AND CHRISTINA CHANG,<br><br>         Defendants. | ) Case No: C-07-02748 MHP<br>)<br>) **DEFENDANT'S PROPROSED JURY**<br>) **INSTRUCTIONS**<br>)<br>) Date:   May 6, 2008<br>) Time:   8:30 a.m.<br>) Dept:   15<br>)<br>) Complaint Filed: May 25, 2007<br>) Trial Date: May 6, 2008 |

1    Defendants Andrew Verity and Christina Chang hereby submit the following Proposed

2  Jury Instructions.

3

4  Dated: April 14, 2008                    DE LA HOUSAYE & ASSOCIATES, ALC

5

6                                          By:_____/S/_____

7                                                  BRENDAN J. DOOLEY

8                                          Attorneys for Defendants
                                           ANDREW VERITY AND CHRISTINA CHANG

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **TABLE OF CONTENTS**

3

4

**CACI Inst. #    Instruction Title**

### **PRETRIAL INSTRUCTIONS SERIES**

100        Preliminary Admonitions

101        Overview of Trial

102        Taking Notes During the Trial

103        Multiple Parties

106        Evidence

107        Witnesses


### **9th CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**
### **PRELIMINARY INSTRUCTIONS**

2.11        Expert Opinion

5.01        Burden of Proof – Preponderance of the Evidence

5.06        Elements of Proof – Claim and Counterclaim

7.01        Damages – Proof

7.02        Measures of Types of Damages

7.03        Damages – Mitigation

7.04        Damages Arising in the Future – Discount to Present Cash Value

7.05        Punitive Damages


**CACI Inst. #    Instruction Title**

### **EVIDENCE SERIES**

200        Obligation to Prove—More Likely True than Not True

202        Direct and Indirect Evidence

203        Party Having Power to Produce Better Evidence

204        Willful Suppression of Evidence

205        Failure to Explain or Deny Evidence

206        Evidence Admitted for Limited Purpose

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

1
207    Evidence Applicable to One Party

2
208    Deposition as Substantive Evidence

3
209    Use of Interrogatories of a Party

4
210    Requests for Admissions

5
212    Statements of a Party Opponent

6
219    Expert Witness Testimony

7
220    Experts—Questions Containing Assumed Facts

8
221    Conflicting Expert Testimony

9
**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

10
300    Breach of Contract—Introduction

11
302    Contract Formation--Essential Factual Elements

12
303    Breach of Contract--Essential Factual Elements

13
304    Oral or Written Contract Terms

14
305    Implied-in-Fact Contract

15
306    Unformalized Agreement

16
307    Contract Formation—Offer

17
308    Contract Formation—Revocation of Offer

18
309    Contract Formation—Acceptance

19
312    Substantial Performance

20
315    Interpretation—Meaning of Ordinary Words

21
316    Interpretation—Meaning of Technical Words

22
317    Interpretation—Construction of Contract as a Whole

23
318    Interpretation—Construction by Conduct

24
319    Interpretation—Reasonable Time

25
320    Interpretation—Construction Against Drafter

26
324    Anticipatory Breach

27
325    Breach of Covenant of Good Faith and Fair Dealing -- Essential

28
       Factual Elements

350    Introduction to Contract Damages

351    Special Damages

| | |
|---|---|
| 358 | Mitigation of Damages |
| 360 | Nominal Damages |
| 3902 | Economic and Noneconomic Damages |
| 3903 | Items of Economic Damage |
| 3903C | Past and Future Lost Earnings (Economic Damage) |
| 3904 | Present Cash Value |
| 3940 | Punitive Damages – Individual Defendant  - Trial Not Bifurcated |
| VF-3900 | Punitive Damages – Trial Not Bifurcated |
| VF-300 | Breach of Contract |

## SECOND AND THIRD CAUSES OF ACTION – NONPAYMENT OF WAGES AND WAITING-TIME PENALTY

### VERITY v. CMC

| | |
|---|---|
| 2700 | Nonpayment of Wages—Essential Factual Elements (Lab. Code, §§ 201, 202, 218) |
| 2702 | Nonpayment of Overtime Compensation—Essential Factual Elements (Lab. Code, § 1194) |
| 2703 | Nonpayment of Overtime Compensation—Proof of Overtime Hours Worked |
| 2704 | Damages—Waiting-Time Penalty for Nonpayment of Wages |
| VF-2700 | Nonpayment of Wages (Lab. Code, §§ 201, 202, 218) |
| VF-2702 | Nonpayment of Overtime Compensation (Lab. Code, § 1194) |
| VF-2703 | Waiting-Time Penalty for Nonpayment of Wages (Lab. Code, §§ 203, 218) |

## FOURTH CAUSE OF ACTION - WRONGFUL TERMINATION SERIES

### VERITY v. CMC

| | |
|---|---|
| 2420 | Breach of Employment Contract—Specified Term—Essential Factual Elements |
| 2422 | Breach of Employment Contract—Specified Term—Damages |
| VF-2402 | Breach of Employment Contract—Specified Term |

| 3902 | Economic and Noneconomic Damages |
| 3903 | Items of Economic Damages |
| 3903C | Past and Future Lost Earnings (Economic Damages) |
| 3904 | Present Cash Value |

## FIFTH CAUSE OF ACTION – TERMINATION IN VIOLATION OF PUBLIC POLICY

### CHANG v. CMC

Pending

## SIXTH AND SEVENTH CAUSE OF ACTION - NONPAYMENT OF WAGES AND WAITING-TIME PENALTY

### CHANG v. CMC

| 2700 | Nonpayment of Wages—Essential Factual Elements (Lab. Code, §§ 201, 202, 218) |
| 2702 | Nonpayment of Overtime Compensation—Essential Factual Elements (Lab. Code, § 1194) |
| 2703 | Nonpayment of Overtime Compensation—Proof of Overtime Hours Worked |
| 2704 | Damages—Waiting-Time Penalty for Nonpayment of Wages |
| VF-2700 | Nonpayment of Wages (Lab. Code, §§ 201, 202, 218) |
| VF-2702 | Nonpayment of Overtime Compensation (Lab. Code, § 1194) |
| VF-2703 | Waiting-Time Penalty for Nonpayment of Wages (Lab. Code, §§ 203, 218) |

## EIGTH CAUSE OF ACTION – UNFAIR BUSINESS PRACTICES (B&P CODE §17200)

Pending

## NINTH CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY SERIES

| 4100 | "Fiduciary Duty" Explained |
| 4101 | Failure to Use Reasonable Care—Essential Factual Elements |

-6-    Case No. C-07-02748 MHP

1    4106    Breach of Fiduciary Duty—Essential Factual Elements

2

3    **TENTH CAUSE OF ACTION - DEFAMATION & SLANDER**

4    **Verity and Chang v. Creative Marketing Concepts**

5    1702    Defamation per se—Essential Factual Elements (Private Figure—
        Matter of Public Concern)

6

7    1703    Defamation per quod—Essential Factual Elements (Private
        Figure—Matter of Public Concern)

8    1704    Defamation per se—Essential Factual Elements (Private Figure—
9        Matter of Private Concern)

10    1705    Defamation per quod—Essential Factual Elements  (Private
11        Figure—Matter of Private Concern)

12    1706    Definition of Statement

13    1707    Fact Versus Opinion

14    VF-1702    Defamation per se (Private Figure—Matter of Public Concern)

15    VF-1703    Defamation per quod (Private Figure—Matter of Public Concern)

    VF-1705    Defamation per quod (Private Figure—Matter of Private Concern)
16
    3902    Economic and Noneconomic Damages
17
    3903    Items of Economic Damage
18
    3903C    Past and Future Lost Earnings (Economic Damage)
19
    3904    Present Cash Value
20
    3940    Punitive Damages--Individual Defendant--Trial Not Bifurcated
21
    VF-3900    Punitive Damages—Trial Not Bifurcated
22

23    **ELEVENTH CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH PROSPECTIVE**

24    **ECONOMIC ADVANTAGE**

25    **VERITY AND CHANG v. CMC**

    Pending
26

27

28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**DAMAGES SERIES**

3902    Economic and Noneconomic Damages

3903    Items of Economic Damage

3903C    Past and Future Lost Earnings (Economic Damage)

3904    Present Cash Value

3940    Punitive Damages--Individual Defendant--Trial Not Bifurcated

VF-3900    Punitive Damages—Trial Not Bifurcated

**TRADE SECRETS SERIES**

336    Affirmative Defense—Waiver

4402    Trade Secret Defined

4420    Affirmative DefenseCInformation Was Readily Ascertainable by
Proper Means

**APPENDIX B – PRESENT VALUE TABLE**

1

## DAMAGES SERIES

2      3902      Economic and Noneconomic Damages

3      3903      Items of Economic Damage

4      3903C     Past and Future Lost Earnings (Economic Damage)

5      3904      Present Cash Value

6      3940      Punitive Damages--Individual Defendant--Trial Not Bifurcated

7      VF-3900   Punitive Damages—Trial Not Bifurcated

8

## TRADE SECRETS SERIES

9      336       Affirmative Defense—Waiver

10     4402      Trade Secret Defined

11     4420      Affirmative DefenseCInformation Was Readily Ascertainable by

12               Proper Means

13

14

## APPENDIX B – PRESENT VALUE TABLE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 100. Preliminary Admonitions

You have now been sworn as jurors in this case. I want to impress on you the seriousness and importance of serving on a jury. Trial by jury is a fundamental right in California. The parties have a right to a jury that is selected fairly, that comes to the case without bias, and that will attempt to reach a verdict based on the evidence presented. Before we begin, I need to explain how you must conduct yourselves during the trial.

Do not allow anything that happens outside this courtroom to affect your decision. During the trial do not talk about this case or the people involved in it with anyone, including family and persons living in your household, friends and coworkers, spiritual leaders, advisors, or therapists. Do not post any information about the trial or your jury service on the Internet in any form. Do not send or accept any messages, including e-mail or text messages, to or from anyone concerning the trial or your service. You may say you are on a jury and how long the trial may take, but that is all. You must not even talk about the case with the other jurors until after I tell you that it is time for you to decide the case.

During the trial you must not listen to anyone else talk about the case or the people involved in the case. You must avoid any contact with the parties, the lawyers, the witnesses, and anyone else who may have a connection to the case. If anyone tries to talk to you about this case, tell that person that you cannot discuss it because you are a juror. If he or she keeps talking to you, simply walk away and report the incident to the court bailiff as soon as you can.

After the trial is over and I have released you from jury duty, you may discuss the case with anyone, but you are not required to do so.

During the trial, do not read, listen to, or watch any news reports about this case. I have no information that there will be news reports concerning this case. You must decide this case based only on the evidence presented in this trial and the instructions of law that I will provide. Nothing that you see, hear, or learn outside this courtroom is evidence unless I specifically tell you it is. If you receive any information about this case from any source outside of the courtroom, promptly report it to the court bailiff.

Do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. If you do need to view the scene during the trial, you will be taken there as a group under proper supervision.

It is important that you keep an open mind throughout this trial. Evidence can only be presented a piece at a time. Do not form or express an opinion about this case while the trial is going on. You must not decide on a verdict until after you have heard all the evidence and have discussed it thoroughly with your fellow jurors in your deliberations.

Do not concern yourselves with the reasons for the rulings I will make during the course of the trial. Do not guess what I may think your verdict should be from anything I might say or do.

When you begin your deliberations, you may discuss the case only in the jury room and only when all the jurors are present.

You must decide what the facts are in this case. And, I repeat, your verdict must be based only on the evidence that you hear or see in this courtroom. Do not let bias, sympathy, prejudice, or public opinion influence your verdict.

At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you, even if you do not agree with the law.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 101. Overview of Trial

To assist you in your tasks as jurors, I will now explain how the trial will proceed. Mark Lillge d/b/a Creative Marketing Concepts filed this lawsuit. He is called a plaintiff. He seeks damages or other relief from Andrew Verity and Christina Chang, who are called the defendants. Each plaintiff and each defendant is called a party to the case. Andrew Verity and Christina Chang have filed a cross claim against Mark Lillge

First, each side may make an opening statement, but neither side is required to do so. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. Also, because it is often difficult to give you the evidence in the order we would prefer, the opening statement allows you to keep an overview of the case in mind during the presentation of the evidence. You cannot use it to make any decisions in this case.

Next, the jury will hear the evidence. Mark Lillge d/b/a Creative Marketing Concepts will present its evidence first. When Mark Lillge d/b/a Creative Marketing Concepts is finished, Andrew Verity and Christina Chang will have an opportunity to present their evidence.

Each witness will first be questioned by the side that asked the witness to testify. This is called direct examination. Then the other side is permitted to question the witness. This is called cross-examination.

Documents or objects referred to during the trial are called exhibits. Exhibits are given a letter and marked so they may be clearly identified. Exhibits are not evidence until I admit them into evidence. During your deliberations, you will be able to look at all exhibits admitted into evidence.

There are many rules that govern whether something will be considered evidence in the trial. As one side presents evidence, the other side has the right to object and to ask me to decide if the evidence is permitted by the rules. Usually, I will decide immediately, but sometimes I may have to hear arguments outside of your presence.

After all the evidence has been presented, I will instruct you on the law that applies to the case and the

1  attorneys will make closing arguments. What the parties say in closing argument is not evidence. The
2  arguments are offered to help you understand the evidence and how the law applies to it.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 102. Taking Notes During the Trial

You have been given notebooks and may take notes during the trial. Do not take the notebooks out of the courtroom or jury room at any time during the trial. You may take your notes into the jury room during deliberations.

You should use your notes only to remind yourself of what happened during the trial. Do not let your note-taking interfere with your ability to listen carefully to all the testimony and to watch the witnesses as they testify. Nor should you allow your impression of a witness or other evidence to be influenced by whether or not other jurors are taking notes. Your independent recollection of the evidence should govern your verdict, and you should not allow yourself to be influenced by the notes of other jurors if those notes differ from what you remember.

The court reporter is making a record of everything that is said. If during deliberations you have a question about what the witness said, you should ask that the court reporter's records be read to you. You must accept the court reporter's record as accurate.

At the end of the trial, your notes will be collected and destroyed.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

1

## 103. Multiple Parties

2

3   There are two defendants and a cross-defendant in this trial. You should decide the case against each

4   defendant and cross-defendant separately as if it were a separate lawsuit. Each defendant and cross-

5   defendant is entitled to separate consideration of his or her own defenses. Unless I tell you otherwise, all

6   instructions apply to each defendant and cross-defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

24

25

26

27

28

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## 106. Evidence

Sworn testimony, documents, or anything else may be admitted into evidence. You must decide what the facts are in this case from the evidence you see or hear during the trial. You may not consider anything that you see or hear when court is not in session, even something done or said by one of the parties, attorneys, or witnesses.

What the attorneys say during the trial is not evidence. In their opening statements and closing arguments, the attorneys will talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence.

The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggests that it is true. However, the attorneys for both sides can agree that certain facts are true. This agreement is called a "stipulation." No other proof is needed and you must accept those facts as true in this trial.

Each side has the right to object to evidence offered by the other side. If I do not agree with the objection, I will say it is overruled. If I overrule an objection, the witness will answer and you may consider the evidence. If I agree with the objection, I will say it is sustained. If I sustain an objection, you must ignore the question. If the witness did not answer, you must not guess what he or she might have said or why I sustained the objection. If the witness has already answered, you must ignore the answer.

There will be times when I need to talk to the attorneys privately. Do not be concerned about our discussions or try to guess what is being said.

An attorney may make a motion to strike testimony that you have heard. If I grant the motion, you must totally disregard that testimony. You must treat it as though it did not exist.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

## 107. Witnesses

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

    (a)    How well did the witness see, hear, or otherwise sense what he or she described in court?

    (b)    How well did the witness remember and describe what happened?

    (c)    How did the witness look, act, and speak while testifying?

    (d)    Did the witness have any reason to say something that was not true? Did the witness show any bias or prejudice? Did the witness have a personal relationship with any of the parties involved in the case? Does the witness have a personal stake in how this case is decided?

    (e)    What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think

is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

1

2

**9th CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**

**PRELIMINARY INSTRUCTIONS**

**2.11 Expert Opinion**

---

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

1

## 5.01 Burden of Proof – Preponderance of the Evidence

2

3    When a party has the burden of proof on any claim [or affirmative defense] by a preponderance

4    of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense]

5    is more probably true than not true.

6    You should base your decision on all of the evidence, regardless of which party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

28

1

## 5.06 Elements of Proof – Claim and Counterclaim

2

_____

3      In this case, there is a claim by the Plaintiff and a Counterclaim by the Defendant. On each, you

4    may find for against either party.

5      The Plaintiff has the burden of proving each of the following by a preponderance of the

     evidence:

6

1. That he possesses actual specific trade secrets as I will define them.

7

2. That the Defendants misappropriated Plaintiff's trades secrets if any.

8

3. That Plaintiff suffered actual damages as a result of Defendants _____, if any.

9      The Defendants (Cross-Claimants) have the burden of proving each of the following by a

10   preponderance of the evidence:

11   1. That Plaintiff (Cross-Defendant) breached his contractual obligation to Defendants.

12   2. That Plaintiff (Cross-Defendant) defamed the Defendants.

13

14      You may reach one of four results (or partial combinations thereof):

15    1.  You may find for the Plaintiff on Plaintiff's claim and against the Defendant on Defendant's

         counterclaim; or

16

17    2.  You may find for the Defendant on defendant's counterclaim and against the Plaintiff on

         Plaintiff's claim; or

18

19    3.  You may find for the Plaintiff on Plaintiff's claim and for the Defendant on Defendant's

         counterclaim;  or

20

21    4.  You may find against the Plaintiff on Plaintiff's claim and against the Defendant on Defendant's

         counterclaim.

22

23

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

24

25

26

27

28

1

**7.01 – Damages - Proof**

2

3   If you find for the Party on its claim, you must determine the Party's damages.  The Party

4   asserting the claim has the burden of proving damages by a preponderance of the evidence.  Damages

5   means the amount of money which will reasonably and fairly compensate the Party for any injury and/or

6   property damage you find was proximately caused by the conduct of the Party against whom the claim is

    asserted.  You should consider the following:

7

    1.  The reasonable value of wages, earnings, earning capacity, salaries, employment business

8           opportunities, employment opportunities lost to the present time; and

9       2.  The reasonable value of wages, earnings, earning capacity, salaries, employment, business

10          opportunities, employment opportunities which with reasonable probability will be lost in the

11          future.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

-22-    Case No. C-07-02748 MHP

**7.03 Damages – Mitigation**

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of evidence:

1. that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**7.04 Damages Arising in the Future – Discount to Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be in the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be cased by future inflation.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### 7.05 Punitive Damages

_____

If you find for Cross-Claimant, and if you award compensatory or nominal damages, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Cross-Defendant and to deter a Cross-Defendant and others from committing similar acts in the future.

Cross-Complainant has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may aware punitive damages only if you find that Cross-Defendant's conduct was malicious, or in reckless disregard of Cross-Complainant's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of Cross-Complainant's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.

Punitive damages may be awarded even if you award Cross-Complainant only nominal, and not compensatory, damages.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |