1

## 3902. Economic and Noneconomic Damages

2

3  The damages claimed by Andrew Verity and Christina Chang for the harm caused by Mark Lillge d/b/a

4  Creative Marketing Concepts fall into two categories called economic damages and non-economic

5  damages. You will be asked on the verdict form to state the two categories of damages separately.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

22

23

24

25

26

27

28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 3903C. Past and Future Lost Earnings (Economic Damage)

1.                                  Past and future lost earnings.

To recover damages for past lost earnings, Andrew Verity and Christina Chang must prove the amount of income and salary that they have lost to date.

To recover damages for future lost earnings, Andrew Verity and Christina Chang must prove the amount of income they will be reasonably certain to lose in the future as a result of the injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

1

## 3904. Present Cash Value

2

3   If you decide that Andrew Verity's and Christina Chang's harm includes future economic damages for

4   loss of earnings, then the amount of those future damages must be reduced to their present cash value.

5   This is necessary because money received now will, through investment, grow to a larger amount in the

6   future.

7

8   To find present cash value, you must determine the amount of money that, if reasonably invested today,

9   will provide Andrew Verity and Christina Chang with the amount of their future damages.

10  You may consider expert testimony in determining the present cash value of future economic damages.

11

12  You will be provided with a table to help you calculate the present cash value.

13

14

15

16

17

18  | Proposed By | Defendants Andrew Verity & Christina Chang |
    | --- | --- |
19  | | |
20  | Given as Proposed | |
    | Given as Modified | |
21  | Given on Court's Own Motion | |
22  | Refused | |
    | Withdrawn | |

23

24

25

26

27

28

## 3940. Punitive Damages—Individual Defendant—Trial Not Bifurcated

If you decide that Mark Lillge d/b/a Creative Marketing Concepts's conduct caused Andrew Verity and Christina Chang harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Andrew Verity and Christina Chang prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to harm Andrew Verity and Christina Chang.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)     How reprehensible was Mark Lillge d/b/a Creative Marketing Concepts's conduct? In deciding how reprehensible Mark Lillge d/b/a Creative Marketing Concepts's conduct was, you may consider, among other factors:

1.     Whether the conduct caused physical harm;

2.     Whether Mark Lillge d/b/a Creative Marketing Concepts disregarded the health or safety of others;

3.     Whether Andrew Verity and Christina Chang were financially weak or vulnerable and Mark Lillge d/b/a Creative Marketing Concepts knew Andrew Verity and Christina Chang were financially weak or vulnerable and took advantage of them;

4.     Whether Mark Lillge d/b/a Creative Marketing Concepts's conduct involved a pattern or practice; or

5.     Whether Mark Lillge d/b/a Creative Marketing Concepts acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and Andrew Verity's and Christina Chang's harm or between the amount of punitive damages and potential harm to Andrew Verity and Christina Chang that Mark Lillge d/b/a Creative Marketing Concepts knew was likely to occur because of his conduct?

(c)     In view of Mark Lillge d/b/a Creative Marketing Concepts's financial condition, what amount is necessary to punish him and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Mark Lillge d/b/a Creative Marketing Concepts has substantial financial resources.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

**VF-3900. Punitive Damages—Trial Not Bifurcated**

We answer the questions submitted to us as follows:

1.  Did Mark Lillge d/b/a Creative Marketing Concepts engage in the conduct with malice, oppression, or fraud?

    ___ Yes                    ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.  What amount of punitive damages, if any, do you award Christina Chang?

                                                                    $_____

Signed: _____

          Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 200. Obligation to Prove—More Likely True Than Not True

A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## 202. Direct and Indirect Evidence

Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion.

Some evidence proves a fact directly, such as testimony of a witness who saw a jet plane flying across the sky. Some evidence proves a fact indirectly, such as testimony of a witness who saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as "circumstantial evidence." In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

| Proposed By | Defendants Andrew Verity & Christina Chang |
| --- | --- |
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 203. Party Having Power to Produce Better Evidence

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 204. Willful Suppression of Evidence

---

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

| Proposed By | Defendants Andrew Verity & Christina Chang |
| --- | --- |
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 205. Failure to Explain or Deny Evidence

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or deny unfavorable evidence may suggest that the evidence is true.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 206. Evidence Admitted for Limited Purpose

During the trial, I explained to you that certain evidence was admitted for a limited purpose. You may consider that evidence only for the limited purpose that I described, and not for any other purpose.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 207. Evidence Applicable to One Party

During the trial, I explained that certain evidence could be considered as to only one party. You may not consider that evidence as to any other party.

During the trial, I explained that certain evidence could be considered as to one or more parties but not to every party. You may not consider that evidence as to any other party.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

1

## 208. Deposition as Substantive Evidence

2

During the trial, you heard testimony read from a deposition. A deposition is the testimony of a person taken before trial. At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was read to you in the same way as you consider testimony given in court.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

### 209. Use of Interrogatories of a Party

Before trial, each party has the right to ask the other parties to answer written questions. These questions are called interrogatories. The answers are also in writing and are given under oath. You must consider the questions and answers that were read to you the same as if the questions and answers had been given in court.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 210. Requests for Admissions

Before trial, each party has the right to ask another party to admit in writing that certain matters are true. If the other party admits those matters, you must accept them as true. No further evidence is required to prove them.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 212. Statements of a Party Opponent

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1.   Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2.   If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 219. Expert Witness Testimony

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

1.    The expert's training and experience;

2.    The facts the expert relied on; and

3.    The reasons for the expert's opinion.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 220. Experts—Questions Containing Assumed Facts

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 221. Conflicting Expert Testimony

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

# FIRST CAUSE OF ACTION

## 300. Breach of Contract—Introduction

Andrew Verity claims that he and Mark Lillge d/b/a Creative Marketing Concepts entered into a contract agreeing to Verity's partial ownership of Creative Marketing Concepts on certain agreed terms. Those terms were partly written and partly oral.

Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts breached this contract by:

1. not honoring Verity's ownership interest in CMC upon CMC's termination of Verity.

2. failing to pay Verity 35% of CMC's profits which have not yet been paid for the calendar year.

3. CMC is also in breach of not having paid Verity part of his bonus owed for year 2006.

Andrew Verity and Christina Chang also claim that Mark Lillge d/b/a Creative Marketing Concepts's breach of this contract caused harm to Andrew Verity and Christina Chang for which Mark Lillge d/b/a Creative Marketing Concepts should pay.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 302. Contract Formation—Essential Factual Elements

Andrew Verity claims that the parties entered into a contract. To prove that a contract was created, Andrew Verity must prove all of the following:

1.    That the contract terms were clear enough that the parties could understand what each was required to do;

2.    That the parties agreed to give each other something of value. A promise to do something or not to do something may have value; and

3.    That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Andrew Verity did not prove all of the above, then a contract was not created.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**303. Breach of Contract—Essential Factual Elements**

To recover damages from Mark Lillge d/b/a Creative Marketing Concepts for breach of contract, Andrew Verity must prove all of the following:

1.     That Andrew Verity and Mark Lillge d/b/a Creative Marketing Concepts entered into a contract;

2.     That Andrew Verity did all, or substantially all, of the significant things that the contract required them to do;

3.     That Mark Lillge d/b/a Creative Marketing Concepts failed to do something that the contract required him to do; and

3.   That Andrew Verity were harmed by that failure.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

1

## 304. Oral or Written Contract Terms

2

3    Contracts may be partly written and partly oral.

4

5    Oral contracts are just as valid as written contracts.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 305. Implied-in-Fact Contract

---

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |