**306. Unformalized Agreement**

Mark Lillge d/b/a Creative Marketing Concepts contends that the parties did not enter into a contract because the agreement was never written and signed. To overcome this contention, Andrew Verity must prove both of the following:

1.      That the parties understood and agreed to the terms of the agreement; and

2.      That the parties agreed to be bound without a written agreement or before a written agreement was prepared.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 307. Contract Formation—Offer

---

Both an offer and an acceptance are required to create a contract. Mark Lillge d/b/a Creative Marketing Concepts contends that a contract was not created because there was never any offer. To overcome this contention, Andrew Verity must prove all of the following:

1.    That Andrew Verity communicated to Mark Lillge d/b/a Creative Marketing Concepts that they were willing to enter into a contract with Mark Lillge d/b/a Creative Marketing Concepts;

2.    That the communication contained specific terms; and

3.    That, based on the communication, Mark Lillge d/b/a Creative Marketing Concepts could have reasonably concluded that a contract with these terms would result if he accepted the offer.

If Andrew Verity did not prove all of the above, then a contract was not created.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 308. Contract Formation—Revocation of Offer

Both an offer and an acceptance are required to create a contract. Mark Lillge d/b/a Creative Marketing Concepts contends that the offer was withdrawn before it was accepted. To overcome this contention, Andrew Verity must prove one of the following:

1.     That Mark Lillge d/b/a Creative Marketing Concepts did not withdraw the offer; or

2.     That Andrew Verity accepted the offer before Mark Lillge d/b/a Creative Marketing Concepts withdrew it; or

3.     That Mark Lillge d/b/a Creative Marketing Concepts's withdrawal of the offer was never communicated to Andrew Verity.

If Andrew Verity did not prove any of the above, then a contract was not created.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## 309. Contract Formation—Acceptance

---

Both an offer and an acceptance are required to create a contract. Mark Lillge d/b/a Creative Marketing Concepts contends that a contract was not created because the offer was never accepted. To overcome this contention, Andrew Verity must prove both of the following:

1. That Mark Lillge d/b/a Creative Marketing Concepts agreed to be bound by the terms of the offer; and

2. That Mark Lillge d/b/a Creative Marketing Concepts communicated his agreement to Andrew Verity.

If Andrew Verity did not prove both of the above, then a contract was not created.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 312. Substantial Performance

Mark Lillge d/b/a Creative Marketing Concepts contends that Andrew Verity did not perform all of the things that they were required to do under the contract, and therefore Mark Lillge d/b/a Creative Marketing Concepts did not have to perform his obligations under the contract. To overcome this contention, Andrew Verity must prove both of the following:

1.   That Andrew Verity and Christina Chang made a good faith effort to comply with the contract; and

2.   That Mark Lillge d/b/a Creative Marketing Concepts received essentially what the contract called for because Andrew Verity's failures, if any, were so trivial or unimportant that they could have been easily fixed or paid for.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

## 315. Interpretation—Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 316. Interpretation—Meaning of Technical Words

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 317. Interpretation—Construction of Contract as a Whole

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

### 318. Interpretation—Construction by Conduct

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 319. Interpretation—Reasonable Time

If a contract does not state a specific time in which the parties are to meet the requirements of the contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into the contract, and the intentions of the parties at the time they entered the contract.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 320. Interpretation—Construction Against Drafter

In determining the meaning of a term of the contract, you must first consider all of the other instructions that I have given you. If, after considering these instructions, you still cannot agree on the meaning of the term, then you should interpret the contract term against the party that drafted the term.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

### 324. Anticipatory Breach

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that he or she will not or cannot meet the requirements of the contract.

If Andrew Verity and Christina Chang prove that they would have been able to fulfill the terms of the contract and that Mark Lillge d/b/a Creative Marketing Concepts clearly and positively indicated, by words or conduct, that he would not or could not meet the contract requirements, then Mark Lillge d/b/a Creative Marketing Concepts breached the contract.

Plaintiff in its action on a contract must prove (as alleged in the Complaint) that Plaintiff has performed all actions by Plaintiff to be performed under the contract of employment. Defendant is excused from performance if Plaintiff has committed a material breach of the contract, such as Plaintiff Lillge's failure to pay Defendant Verity as provided by their contract for his interest in the CMC business.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**325. Breach of Covenant of Good Faith and Fair Dealing**

**Essential Factual Elements**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Andrew Verity claim that Mark Lillge d/b/a Creative Marketing Concepts violated the duty to act fairly and in good faith. To establish this claim, Andrew Verity must prove all of the following:

1.    That Andrew Verity and Mark Lillge d/b/a Creative Marketing Concepts entered into a contract;

2.    That Andrew Verity did all, or substantially all of the significant things that the contract required them to do ;

3.    That all conditions required for Mark Lillge d/b/a Creative Marketing Concepts's performance had occurred;

4.    That Mark Lillge d/b/a Creative Marketing Concepts unfairly interfered with Andrew Verity's right to receive the benefits of the contract; and

5.    That Andrew Verity were harmed by Mark Lillge d/b/a Creative Marketing Concepts's conduct.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### 350. Introduction to Contract Damages

If you decide that Andrew Verity have proved their claim against Mark Lillge d/b/a Creative Marketing Concepts for breach of contract, you also must decide how much money will reasonably compensate Andrew Verity for the harm. This compensation is called "damages." The purpose of such damages is to put Andrew Verity in as good a position as they would have been if Mark Lillge d/b/a Creative Marketing Concepts had performed as promised.

To recover damages for any harm, Andrew Verity must prove:

> That the harm was likely to arise in the ordinary course of events from the breach of the contract;
>
>    or

> That when the contract was made, both parties could have reasonably foreseen the harm as the
>    probable result of the breach.

Andrew Verity also must prove the amount of their damages according to the following instructions. They do not have to prove the exact amount of damages. You must not speculate or guess in awarding damages. Andrew Verity claim damages for _____.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

## 360. Nominal Damages

---

If you decide that Mark Lillge d/b/a Creative Marketing Concepts breached the contract but also that Andrew Verity was not harmed by the breach, you must still award them nominal damages such as one dollar.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

**VF-300. Breach of Contract**

We answer the questions submitted to us as follows:

1.　　Did Andrew Verity and Mark Lillge d/b/a Creative Marketing Concepts enter into a contract?
　　　　___Yes　　　　　　　　___No

If your answer to question **Error! Reference source not found.** is yes, then answer question **Error! Reference source not found.**. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.　　Did Andrew Verity do all, or substantially all, of the significant things that the contract required Andrew Verity to do?
　　　　___Yes　　　　　　　　___No

If your answer to question **Error! Reference source not found.** is yes, then skip question **Error! Reference source not found.** and answer question **Error! Reference source not found.**. If you answered no, answer question **Error! Reference source not found.**.

3.　　Was Andrew Verity excused from having to do all, or substantially all, of the significant things that the contract required Andrew Verity to do?
　　　　___Yes　　　　　　　　___No

If your answer to question **Error! Reference source not found.** is yes, then answer question **Error! Reference source not found.**. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.　　Did all the conditions occur that were required for Mark Lillge d/b/a Creative Marketing Concepts's performance?
　　　　___Yes　　　　　　　　___No

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

If your answer to question **Error! Reference source not found.** is yes, then answer question **Error! Reference source not found.**. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.  Did Mark Lillge d/b/a Creative Marketing Concepts fail to do something that the contract required him to do?
    ___Yes                    ___No

If your answer to question **Error! Reference source not found.** is yes, then answer question **Error! Reference source not found.**. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.  Was Andrew Verity harmed by that failure?
    ___Yes                    ___No

If your answer to question **Error! Reference source not found.** is yes, then answer question **Error! Reference source not found.**. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What are Andrew Verity's damages?
    a.    Past loss including _____:      $_____
    b.    Future loss including _____:      $_____


                                        TOTAL    $_____

Signed: _____

          Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 3902. Economic and Noneconomic Damages

The damages claimed by Andrew Verity and Christina Chang for the harm caused by Mark Lillge d/b/a Creative Marketing Concepts fall into two categories called economic damages and non-economic damages. You will be asked on the verdict form to state the two categories of damages separately.

.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

Case No. C-07-02748 MHP

## 3903C. Past and Future Lost Earnings (Economic Damage)

1.                                    Past and future lost earnings.

To recover damages for past lost earnings, Andrew Verity and Christina Chang must prove the amount of income and salary that they have lost to date.

To recover damages for future lost earnings, Andrew Verity and Christina Chang must prove the amount of income they will be reasonably certain to lose in the future as a result of the injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 3904. Present Cash Value

---

If you decide that Andrew Verity's and Christina Chang's harm includes future economic damages for loss of earnings, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Andrew Verity and Christina Chang with the amount of their future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

You will be provided with a table to help you calculate the present cash value.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 3940. Punitive Damages—Individual Defendant—Trial Not Bifurcated

If you decide that Mark Lillge d/b/a Creative Marketing Concepts's conduct caused Andrew Verity and Christina Chang harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Andrew Verity and Christina Chang prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to harm Andrew Verity and Christina Chang.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)    How reprehensible was Mark Lillge d/b/a Creative Marketing Concepts's conduct? In deciding how reprehensible Mark Lillge d/b/a Creative Marketing Concepts's conduct was, you may consider, among other factors:

    1.    Whether the conduct caused physical harm;

    2.    Whether Mark Lillge d/b/a Creative Marketing Concepts disregarded the health or safety of others;

    3.    Whether Andrew Verity and Christina Chang were financially weak or vulnerable and Mark Lillge d/b/a Creative Marketing Concepts knew Andrew Verity and Christina Chang were financially weak or vulnerable and took advantage of them;

    4.    Whether Mark Lillge d/b/a Creative Marketing Concepts's conduct involved a pattern or practice; or

    5.    Whether Mark Lillge d/b/a Creative Marketing Concepts acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Andrew Verity's and Christina Chang's harm or between the amount of punitive damages and potential harm to Andrew Verity and Christina Chang that Mark Lillge d/b/a Creative Marketing Concepts knew was likely to occur because of his conduct?

(c)    In view of Mark Lillge d/b/a Creative Marketing Concepts's financial condition, what amount is necessary to punish him and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Mark Lillge d/b/a Creative Marketing Concepts has substantial financial resources.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

## VF-3900. Punitive Damages—Trial Not Bifurcated

---

We answer the questions submitted to us as follows:

      3.    Did Mark Lillge d/b/a Creative Marketing Concepts engage in the conduct with malice, oppression, or fraud?

          ___ Yes              ___ No

          If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

      4.    What amount of punitive damages, if any, do you award Christina Chang?

          $_____

Signed: _____

      Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

    Case No. C-07-02748 MHP

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## SECOND AND THIRD CAUSES OF ACTION – NONPAYMENT OF WAGES AND

## WAITING-TIME PENALTY

### VERITY v. CHANG

### 2700. Nonpayment of Wages—Essential Factual Elements

### (Lab. Code, §§ 201, 202, 218)

Andrew Verity claims that Mark Lillge d/b/a Creative Marketing Concepts owes him unpaid wages. To establish this claim, Andrew Verity must prove all of the following:

1.    That Andrew Verity performed work for Mark Lillge d/b/a Creative Marketing Concepts;

2.    That Mark Lillge d/b/a Creative Marketing Concepts owes Andrew Verity wages under the terms of the employment; and

3.    The amount of unpaid wages.

"Wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |