1    **2704. Damages—Waiting-Time Penalty for Nonpayment of Wages (Lab. Code, §§ 203, 218)**

If you decide that Andrew Verity has proved his claim against Mark Lillge d/b/a Creative Marketing Concepts for Unpaid wages, 1st and 2nd Quarter 2007 bonuses and 5 days accrued vacation time, then Andrew Verity may be entitled to receive an award of a civil penalty based on the number of days Mark Lillge d/b/a Creative Marketing Concepts failed to pay his wages when due.

To recover the civil penalty, Andrew Verity must prove all of the following:

1.    The date on which Andrew Verity's employment ended;

2.    That Mark Lillge d/b/a Creative Marketing Concepts failed to pay all wages due by April 27, 2007;

3.    Andrew Verity's daily wage rate at the time his employment with Mark Lillge d/b/a Creative Marketing Concepts ended; and

4.    That Mark Lillge d/b/a Creative Marketing Concepts willfully failed to pay these wages.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.

The term "willfully" means that the employer intentionally failed or refused to pay the wages.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

**VF-2700. Nonpayment of Wages (Lab. Code, §§ 201, 202, 218)**

_____

We answer the questions submitted to us as follows:

1.      Did Andrew Verity perform work for Mark Lillge d/b/a Creative Marketing Concepts?

___ Yes                    ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Does Mark Lillge d/b/a Creative Marketing Concepts owe Andrew Verity wages under the terms of the employment?

___ Yes                    ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      What is the amount of unpaid wages?

$_____

Signed: _____

        Presiding Juror

Dated: _____

After it has been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

# FOURTH CAUSE OF ACTION

## 2420. Breach of Employment Contract—Specified Term

## Essential Factual Elements

---

Andrew Verity claims that Mark Lillge d/b/a Creative Marketing Concepts breached an employment contract for a specified term. To establish this claim, Andrew Verity must prove all of the following:

1. That Andrew Verity and Mark Lillge d/b/a Creative Marketing Concepts entered into an employment contract that specified a length of time that Andrew Verity would remain employed;

2. That Andrew Verity substantially performed his job duties unless Andrew Verity's performance was excused or prevented;

3. That Mark Lillge d/b/a Creative Marketing Concepts breached the employment contract by discharging Andrew Verity before the end of the term of the contract; and

4. That Andrew Verity was harmed by the discharge.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 2422. Breach of Employment Contract—Specified Term

### Damages

---

If you find that Mark Lillge d/b/a Creative Marketing Concepts discharged Andrew Verity in breach of an employment contract for a specified term, then you must decide the damages, if any, that Andrew Verity has proved he is entitled to recover. To make that decision, you must:

1.    Decide the amount that Andrew Verity would have earned up to today, including any benefits and pay increases;

2.    Add the present cash value of any future wages and benefits that he would have earned up to the end of the term of the contract; and

3.    CMC and Verity, in January 2007, entered into an oral agreement, by which CMC would employ Verity through the end of calendar year 2007, in exchange for Verity's continuing services as a manager for CMC. CMC breached the oral agreement by terminating Verity effective April 27, 2007. Verity has suffered damages equal to his salary for the period from April 27, 2007 - December 31, 2007.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**VF-2402. Breach of Employment Contract—Specified Term**

We answer the questions submitted to us as follows:

1.     Did Andrew Verity and Mark Lillge d/b/a Creative Marketing Concepts enter into an employment contract that specified a length of time for which Andrew Verity would remain employed?

___ Yes                    ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Did Andrew Verity substantially perform his job duties?

___ Yes                    ___ No

If your answer to question 2 is yes, skip question 3 and answer question 4. If you answered no, answer question 3.

3.     Was Andrew Verity's performance excused or prevented?

___ Yes                    ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Did Mark Lillge d/b/a Creative Marketing Concepts breach the employment contract by discharging Andrew Verity before the end of the term of the contract?

___ Yes                    ___ No

-80-                    Case No. C-07-02748 MHP

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.    Was Andrew Verity harmed by the discharge?

___ Yes                    ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.    What are Andrew Verity's damages?

a.    Past economic loss:                    $_____

b.    Future economic loss:                    $_____

TOTAL    $_____

Signed: _____

Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

After it has been signed, deliver this verdict form to the Clerk

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

-81-    Case No. C-07-02748 MHP

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## 3902. Economic and Noneconomic Damages

The damages claimed by Andrew Verity and Christina Chang for the harm caused by Mark Lillge d/b/a Creative Marketing Concepts fall into two categories called economic damages and non-economic damages. You will be asked on the verdict form to state the two categories of damages separately.

.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 3903C. Past and Future Lost Earnings (Economic Damage)

1. Past and future lost earnings.

To recover damages for past lost earnings, Andrew Verity and Christina Chang must prove the amount of income and salary that they have lost to date.

To recover damages for future lost earnings, Andrew Verity and Christina Chang must prove the amount of income they will be reasonably certain to lose in the future as a result of the injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

### 3904. Present Cash Value

If you decide that Andrew Verity's and Christina Chang's harm includes future economic damages for loss of earnings, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Andrew Verity and Christina Chang with the amount of their future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

You will be provided with a table to help you calculate the present cash value.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 3940. Punitive Damages—Individual Defendant—Trial Not Bifurcated

If you decide that Mark Lillge d/b/a Creative Marketing Concepts's conduct caused Andrew Verity and Christina Chang harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Andrew Verity and Christina Chang prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to harm Andrew Verity and Christina Chang.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)     How reprehensible was Mark Lillge d/b/a Creative Marketing Concepts's conduct? In deciding how reprehensible Mark Lillge d/b/a Creative Marketing Concepts's conduct was, you may consider, among other factors:

    1.     Whether the conduct caused physical harm;

    2.     Whether Mark Lillge d/b/a Creative Marketing Concepts disregarded the health or safety of others;

    3.     Whether Andrew Verity and Christina Chang were financially weak or vulnerable and Mark Lillge d/b/a Creative Marketing Concepts knew Andrew Verity and Christina Chang were financially weak or vulnerable and took advantage of hem;

    4.     Whether Mark Lillge d/b/a Creative Marketing Concepts's conduct involved a pattern or practice; or

    5.     Whether Mark Lillge d/b/a Creative Marketing Concepts acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and Andrew Verity's and Christina Chang's harm or between the amount of punitive damages and potential harm to Andrew Verity and Christina Chang that Mark Lillge d/b/a Creative Marketing Concepts knew was likely to occur because of his conduct?

(c)     In view of Mark Lillge d/b/a Creative Marketing Concepts's financial condition, what amount is necessary to punish him and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Mark Lillge d/b/a Creative Marketing Concepts has substantial financial resources.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

### VF-3900. Punitive Damages—Trial Not Bifurcated

We answer the questions submitted to us as follows:

5. Did Mark Lillge d/b/a Creative Marketing Concepts engage in the conduct with malice, oppression, or fraud?

___ Yes          ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What amount of punitive damages, if any, do you award Christina Chang?

$_____

Signed: _____

Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

# FIFTH CAUSE OF ACTION

## Termination in Violation of Public Policy

### Chang v. CMC

---

Court's grant of Plaintiff's request for Partial Summary Judgment is an interlocutory decision – as such, Defendant Christina Chang seeks the court's permission to introduce Jury Instructions regarding this Cause of Action.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## SIXTH AND SEVENTH CAUSES OF ACTION

## NONPAYMENT OF WAGES AND WAITING-TIME PENALTY

## CHANG v. CMC

### 2700. Nonpayment of Wages—Essential Factual Elements

### (Lab. Code, §§ 201, 202, 218)

---

Christina Chang claims that Mark Lillge d/b/a Creative Marketing Concepts owes her unpaid wages. To establish this claim, Christina Chang must prove all of the following:

1.     That Christina Chang performed work for Mark Lillge d/b/a Creative Marketing Concepts;

2.     That Mark Lillge d/b/a Creative Marketing Concepts owes Christina Chang wages under the terms of the employment; and

3.     The amount of unpaid wages.

"Wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.

| Proposed By | Defendants Andrew Verity & Christina Chang |
| --- | --- |
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**2704. Damages—Waiting-Time Penalty for Nonpayment of Wages (Lab. Code, §§ 203, 218)**

---

If you decide that Christina Chang has proved her claim against Mark Lillge d/b/a Creative Marketing Concepts for 5 days accrued vacation, then Christina Chang may be entitled to receive an award of a civil penalty based on the number of days Mark Lillge d/b/a Creative Marketing Concepts failed to pay her wages when due.

To recover the civil penalty, Christina Chang must prove all of the following:

1. The date on which Christina Chang's employment ended;

2. That Mark Lillge d/b/a Creative Marketing Concepts failed to pay all wages due by April 27, 2007;

3. Christina Chang's daily wage rate at the time her employment with Mark Lillge d/b/a Creative Marketing Concepts ended; and

4. That Mark Lillge d/b/a Creative Marketing Concepts willfully failed to pay these wages.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.

The term "willfully" means that the employer intentionally failed or refused to pay the wages.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**VF-2700. Nonpayment of Wages (Lab. Code, §§ 201, 202, 218)**

_____

We answer the questions submitted to us as follows:

4.    Did Christina Chang perform work for Mark Lillge d/b/a Creative Marketing Concepts?

___ Yes                    ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.    Does Mark Lillge d/b/a Creative Marketing Concepts owe Christina Chang wages under the terms of the employment?

___ Yes                    ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.    What is the amount of unpaid wages?

$_____

Signed: _____

          Presiding Juror

Dated: _____

After it has been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**VF-2703. Waiting-Time Penalty for Nonpayment of Wages**

**(Lab. Code, §§ 203, 218)**

---

We answer the questions submitted to us as follows:

1. Did Christina Chang perform work for Mark Lillge d/b/a Creative Marketing Concepts?

    ___ Yes          ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Mark Lillge d/b/a Creative Marketing Concepts discharge Christina Chang?

    ___ Yes          ___ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Mark Lillge d/b/a Creative Marketing Concepts willfully fail to pay the full amount of wages earned by Christina Chang on her last day of employment?

    ___ Yes          ___ No

    If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. For how many calendar days following Christina Chang's last day of employment did Mark Lillge d/b/a Creative Marketing Concepts willfully fail to pay the full amount of Christina Chang's wages?

    _____

    Answer question 5.

5. What was Christina Chang's daily wage rate at the time her employment ended?

    $_____ per day.

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

1

2  Signed: _____

3              Presiding juror

4  Dated: _____

5  After it has been signed, deliver this verdict form to the Clerk.

6

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EIGHTH CAUSE OF ACTION

## Unfair Business Practices (B&P Code §17200)

Court's grant of Plaintiff's request for Partial Summary Judgment is an interlocutory decision – as such, Defendant Christina Chang seeks the court's permission to introduce Jury Instructions regarding this Cause of Action.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

# NINTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

### Andrew Verity and Christina Chang v. Creative Marketing Concepts

### 4100. Fiduciary Duty Explained

---

Creative Marketing Concepts holds in trust certain funds beneficially owned by Verity and Chang as part of a pension plan.  Verity and Chang are entitled to their funds held in the pension plan established by CMC.

A Business Partner owes what is known as a fiduciary duty to his partner. A fiduciary duty imposes on a Business Partner a duty to act with the utmost good faith in the best interests of his partner.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## 4101. Failure to Use Reasonable CareCEssential Factual Elements

Andrew Verity's and Christina Chang's claim that they were harmed by Mark Lillge d/b/a Creative Marketing Concepts breach of the fiduciary duty to use reasonable care. To establish this claim, Andrew Verity's and Christina Chang's must prove all of the following:

1.  That Mark Lillge d/b/a Creative Marketing Concepts were Andrew Verity's and Christina Chang's Business Partner and/or employer;

2.  That Andrew Verity's and Christina Chang's acted on Mark Lillge d/b/a Creative Marketing Concepts's behalf for purposes of operation of the partnership business;

3.  That Mark Lillge d/b/a Creative Marketing Concepts failed to act as a reasonably careful Business Partner and/or employer would have acted under the same or similar circumstances;

4.  That Andrew Verity's and Christina Chang's was harmed; and

5.  That Mark Lillge d/b/a Creative Marketing Concepts's conduct was a substantial factor in causing Andrew Verity's and Christina Chang's harm.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## 4106. Breach of Fiduciary Duty—Essential Factual Elements

Andrew Verity's and Christina Chang's claims that they were harmed because Mark Lillge d/b/a Creative Marketing Concepts breached a duty CMC holds in trust certain funds beneficially owned by Verity and Chang as part of a pension plan. Verity and Chang are entitled to their funds held in the pension plan established by CMC. To establish this claim, Andrew Verity's and Christina Chang's must prove all of the following:

1.    That Mark Lillge d/b/a Creative Marketing Concepts breached the duty [CMC holds in trust certain funds beneficially owned by Verity and Chang as part of a pension plan. Verity and Chang are entitled to their funds held in the pension plan established by CMC];

2.    That Andrew Verity's and Christina Chang's was harmed; and

3.    That Mark Lillge d/b/a Creative Marketing Concepts's conduct was a substantial factor in causing Andrew Verity's and Christina Chang's harm.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

### 3902. Economic and Noneconomic Damages

The damages claimed by Andrew Verity and Christina Chang for the harm caused by Mark Lillge d/b/a Creative Marketing Concepts fall into two categories called economic damages and non-economic damages. You will be asked on the verdict form to state the two categories of damages separately.

.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## 3903C. Past and Future Lost Earnings (Economic Damage)

1.                                             Past and future lost earnings.

To recover damages for past lost earnings, Andrew Verity and Christina Chang must prove the amount of income and salary that they have lost to date.

To recover damages for future lost earnings, Andrew Verity and Christina Chang must prove the amount of income they will be reasonably certain to lose in the future as a result of the injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

Case No. C-07-02748 MHP

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

### 3904. Present Cash Value

If you decide that Andrew Verity's and Christina Chang's harm includes future economic damages for loss of earnings, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Andrew Verity and Christina Chang with the amount of their future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

You will be provided with a table to help you calculate the present cash value.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |