### 3940. Punitive Damages—Individual Defendant—Trial Not Bifurcated

---

If you decide that Mark Lillge d/b/a Creative Marketing Concepts's conduct caused Andrew Verity and Christina Chang harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Andrew Verity and Christina Chang prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to harm Andrew Verity and Christina Chang.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

(a)    How reprehensible was Mark Lillge d/b/a Creative Marketing Concepts's conduct? In deciding how reprehensible Mark Lillge d/b/a Creative Marketing Concepts's conduct was, you may consider, among other factors:

    1.    Whether the conduct caused physical harm;

    2.    Whether Mark Lillge d/b/a Creative Marketing Concepts disregarded the health or safety of others;

    3.    Whether Andrew Verity and Christina Chang were financially weak or vulnerable and Mark Lillge d/b/a Creative Marketing Concepts knew Andrew Verity and Christina Chang were financially weak or vulnerable and took advantage of them;

    4.    Whether Mark Lillge d/b/a Creative Marketing Concepts's conduct involved a pattern or practice; or

    5.    Whether Mark Lillge d/b/a Creative Marketing Concepts acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Andrew Verity's and Christina Chang's harm or between the amount of punitive damages and potential harm to Andrew Verity and Christina Chang that Mark Lillge d/b/a Creative Marketing Concepts knew was likely to occur because of his conduct?

(c)    In view of Mark Lillge d/b/a Creative Marketing Concepts's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Mark Lillge d/b/a Creative Marketing Concepts has substantial financial resources.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

## VF-3900. Punitive Damages—Trial Not Bifurcated

We answer the questions submitted to us as follows:

7.      Did Mark Lillge d/b/a Creative Marketing Concepts engage in the conduct with malice, oppression, or fraud?

_____ Yes                    _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

8.      What amount of punitive damages, if any, do you award Christina Chang?

$_____

Signed: _____

            Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

# TENTH CAUSE OF ACTION

### 1702. Defamation per se—Essential Factual Elements
### (Private Figure—Matter of Public Concern)

---

Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them because CMC has made, and continues to make false and misleading statements to potential suppliers and customers in the promotional products industry.  These false and misleading statements include:

(A) Verity and/or Chang are not legally residents in the United States;

(B) Verity and/or Chang cannot legally do business in the United States;

(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with CMC's suppliers and/or customers.

To succeed on this claim, Andrew Verity and Christina Chang must prove all of the following:

*Liability*

1. That Mark Lillge d/b/a Creative Marketing Concepts made one or more of the statement to persons other than Andrew Verity and Christina Chang;

2. That these people reasonably understood that the statement was about Andrew Verity and Christina Chang;

3. That these people reasonably understood the statement to mean that Verity and/or Chang were in the United States illegally; and thus had committed a crime;

4. That the statement was false; and

5. That Mark Lillge d/b/a Creative Marketing Concepts failed to use reasonable care to determine the truth or falsity of the statement.

*Actual damages*

If Andrew Verity and Christina Chang have proved all of the above, then they are entitled to recover if they prove that Mark Lillge d/b/a Creative Marketing Concepts's wrongful conduct was a substantial factor in causing any of the following actual damages:

a. Harm to Andrew Verity and Christina Chang property, business, trade, profession, or occupation;

b. Expenses Andrew Verity and Christina Chang had to pay as a result of the defamatory statements.

c.      Harm to Andrew Verity and Christina Chang's reputation; or

d.      Shame, mortification, or hurt feelings.

*Nominal damages*

If Andrew Verity and Christina Chang have failed to prove any of the above actual damages but Andrew Verity and Christina Chang prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts knew the statement was false or that they had serious doubts about the truth of the statement, then the law assumes that Andrew Verity and Christina Chang's reputations have been harmed. Without further evidence of damage, Andrew Verity and Christina Chang are entitled to a nominal sum such as one dollar or such greater sum as you believe is proper for the assumed harm to its reputation under the circumstances of this case.

*Punitive damages*

Andrew Verity and Christina Chang may also recover damages to punish Mark Lillge d/b/a Creative Marketing Concepts if they prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts either knew the statement was false or had serious doubts about the truth of the statement, and that they acted with malice, oppression, or fraud:

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that their conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked

1  down on and despised by reasonable people.

2  "Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or

3  concealed a material fact and did so intending to deprive Andrew Verity and Christina Chang of

4  property or of a legal right or otherwise to cause it injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

**1703. Defamation per quod—Essential Factual Elements**

**(Private Figure—Matter of Public Concern)**

---

Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them by making one or more of the following statement: Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them because CMC has made, and continues to make false and misleading statements to potential suppliers and customers in the promotional products industry.  These false and misleading statements include:

(A) Verity and/or Chang are not legally residents in the United States;

(B) Verity and/or Chang cannot legally do business in the United States;

(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with . To succeed on this claim, Andrew Verity and Christina Chang must prove all of the following:

*Liability*

    1.    That Mark Lillge d/b/a Creative Marketing Concepts made one or more of the statement to persons other than Andrew Verity and Christina Chang;

    2.    That these people reasonably understood that the statement was about Andrew Verity and Christina Chang;

    3.    That because of the facts and circumstances known to the listeners of the statement, they tended to injure Andrew Verity and Christina Chang in their occupation or to expose them to hatred, contempt, ridicule, or shame or to discourage others from associating or dealing with them;

    4.    That the statement was false;

    5.    That Mark Lillge d/b/a Creative Marketing Concepts failed to use reasonable care to determine the truth or falsity of the statement;

    6.    That Andrew Verity and Christina Chang suffered harm to their property, business, profession, or occupation including money spent as a result of the statement; and

7.    That the statement was a substantial factor in causing Andrew Verity's and Christina Chang's harm.

In addition, Andrew Verity and Christina Chang must prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts knew the statement was false or had serious doubts about the truth of the statement.

*Actual Damages*

If Andrew Verity and Christina Chang have proved all of the above, then they are entitled to recover if they prove that Mark Lillge d/b/a Creative Marketing Concepts's wrongful conduct was a substantial factor in causing any of the following actual damages:

a.    Harm to Andrew Verity's and Christina Chang's property, business, trade, profession, or occupation;

b.    Expenses Andrew Verity and Christina Chang had to pay as a result of the defamatory statements;

c.    Harm to Andrew Verity's and Christina Chang's reputation; or

d.    Shame, mortification, or hurt feelings.

*Punitive Damages*

Andrew Verity and Christina Chang may also recover damages to punish Mark Lillge d/b/a Creative Marketing Concepts if they prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts acted with malice, oppression, or fraud.

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that his conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and

subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to deprive Andrew Verity and Christina Chang of property or of a legal right or otherwise to cause their injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**1704. Defamation per se—Essential Factual Elements**

**(Private Figure—Matter of Private Concern)**

Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them by making one or more of the following statement: Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them because CMC has made, and continues to make false and misleading statements to potential suppliers and customers in the promotional products industry. These false and misleading statements include:

(A) Verity and/or Chang are not legally residents in the United States;

(B) Verity and/or Chang cannot legally do business in the United States;

(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with . To succeed on this claim, Andrew Verity and Christina Chang must prove all of the following:

*Liability*

1.    That Mark Lillge d/b/a Creative Marketing Concepts made one or more of the statement to persons other than Andrew Verity and Christina Chang;

2.    That these people reasonably understood that the statement was about Andrew Verity and Christina Chang;

3.    That these people reasonably understood the statement to mean that

(A) Verity and/or Chang are not legally residents in the United States; and thus had committed a crime;

(B) Verity and/or Chang cannot legally do business in the United States; and thus had committed a crime;

(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with; and thus, had committed a crime; and thus had committed a crime.

4.    That Mark Lillge d/b/a Creative Marketing Concepts failed to use reasonable care to determine the truth or falsity of the statement.

*Nominal damages*

If Andrew Verity and Christina Chang have proved all of the above, the law assumes that their reputations have been harmed. Without further evidence of damage, Andrew Verity and Christina Chang are entitled to a nominal sum such as one dollar or such greater sum as you believe is proper for the assumed harm to their reputations under the circumstances of this case.

*Actual damages*

Andrew Verity and Christina Chang are also entitled to recover if they prove that Mark Lillge d/b/a Creative Marketing Concepts's wrongful conduct was a substantial factor in causing any of the following actual damages:

a.    Harm to Andrew Verity's and Christina Chang's property, business, trade, profession, or occupation;

b.    Expenses Andrew Verity and Christina Chang had to pay as a result of the defamatory statements;

c.    Harm to Andrew Verity's and Christina Chang's reputation in addition to that assumed by the law; or

d.    Shame, mortification, or hurt feelings.

*Punitive damages*

Andrew Verity and Christina Chang may also recover damages to punish Mark Lillge d/b/a Creative Marketing Concepts if they prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts acted with malice, oppression, or fraud.

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that his conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to deprive Andrew Verity and Christina Chang of property or of a legal right or otherwise to cause them injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**1705. Defamation per quod—Essential Factual Elements**

**(Private Figure—Matter of Private Concern)**

Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed Andrew Verity and Christina Chang by making one or more of the following statement: Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them because CMC has made, and continues to make false and misleading statements to potential suppliers and customers in the promotional products industry. These false and misleading statements include:

(A) Verity and/or Chang are not legally residents in the United States;

(B) Verity and/or Chang cannot legally do business in the United States;

(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with . To succeed on this claim, Andrew Verity and Christina Chang must prove all of the following:

*Liability*

1.    That Mark Lillge d/b/a Creative Marketing Concepts made one or more of the statement to persons other than Andrew Verity and Christina Chang;

2.    That these people reasonably understood that the statement was about Andrew Verity and Christina Chang;

3.    That because of the facts and circumstances known to the listeners of the statement, they tended to injure Andrew Verity and Christina Chang in their occupation or to expose them to hatred, contempt, ridicule, or shame or to discourage others from associating or dealing with them;

4.    That Mark Lillge d/b/a Creative Marketing Concepts failed to use reasonable care to determine the truth or falsity of the statement;

1

2   5.     That Andrew Verity and Christina Chang suffered harm to their property, business,

3   profession, or occupation  including money spent as a result of the statement; and

4

5   6.     That the statement was a substantial factor in causing Andrew Verity's and Christina

6   Chang's harm.

7

8   *Actual Damages*

9

10  If Andrew Verity and Christina Chang have proved all of the above, then Andrew Verity and Christina

11  Chang are entitled to recover if they prove that Mark Lillge d/b/a Creative Marketing Concepts's

12  wrongful conduct was a substantial factor in causing any of the following actual damages:

13

14  a.     Harm to Andrew Verity's and Christina Chang's property, business, trade, profession, or

15  occupation;

16

17  b.     Expenses Andrew Verity and Christina Chang had to pay as a result of the defamatory

18  statements;

19

20  c.     Harm to Andrew Verity's and Christina Chang's reputation; and

21

22  d.     Shame, mortification, or hurt feelings.

23

24  *Punitive Damages*

25

26  Andrew Verity and Christina Chang may also recover damages to punish Mark Lillge d/b/a Creative

27  Marketing Concepts if Andrew Verity and Christina Chang prove by clear and convincing evidence that

28  Mark Lillge d/b/a Creative Marketing Concepts acted with malice, oppression, or fraud:

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to deprive Andrew Verity and Christina Chang of property or of a legal right or otherwise to cause Andrew Verity and Christina Chang injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

1

## 1706. Definition of Statement

2

3    The word "statement" in these instructions refers to any form of communication or representation,

4    including spoken or written words or pictures.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

1

## 1707. Fact Versus Opinion

2

---

3   For Andrew Verity and Christina Chang to recover, Mark Lillge d/b/a Creative Marketing Concepts's

4   statement must have been statements of fact, not opinion.  A statement of fact is a statement that can be

5   proven to be true or false. An opinion may be considered a statement of fact if the opinion suggests that

6   facts exist.

7

8   In deciding this issue, you should consider whether the average listener would conclude from the

9   language of the statement and their context that Mark Lillge d/b/a Creative Marketing Concepts was

10  making statements of fact.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**VF-1702. Defamation per se (Private Figure—Matter of Public Concern)**

---

We answer the questions submitted to us as follows:

1.     Did Mark Lillge d/b/a Creative Marketing Concepts make the following statement to persons other than Andrew Verity?  Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts make them because CMC has made, and continues to make false and misleading statements to potential suppliers and customers in the promotional products industry.  These false and misleading statements include:
(A) Verity and/or Chang are not legally residents in the United States;
(B) Verity and/or Chang cannot legally do business in the United States;
(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with .

          ___ Yes                    ___ No


If your answer to question 1 is yes, then answer question 2. If you answered no, stop

here, answer no further questions, and have the presiding juror sign and date this form.


2.     Did the people to whom the statement was made reasonably understand that the statement was about Andrew Verity?

          ___ Yes                    ___ No


If your answer to question 2 is yes, then answer question 3. If you answered no, stop

here, answer no further questions, and have the presiding juror sign and date this form.


3.     Did these people reasonably understand the statement to mean that
4.     (A) Verity and/or Chang are not legally residents in the United States;
(B) Verity and/or Chang cannot legally do business in the United States;
(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with ?

          ___ Yes                    ___ No

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

1    If your answer to question 3 is yes, then answer question 5. If you answered no, stop

2    here, answer no further questions, and have the presiding juror sign and date this form.

3

4    5.    Was the statement false?

5

6    ___ Yes                    ___ No

7

8    If your answer to question 5 is yes, then answer question 6. If you answered no, stop

9    here, answer no further questions, and have the presiding juror sign and date this form.

10

11    6.    Did Mark Lillge d/b/a Creative Marketing Concepts fail to use reasonable care to
      determine the truth or falsity of the statement?

12

13    ___ Yes                    ___ No

14

15    If your answer to question 6 is yes, then answer question 7. If you answered no, stop

16    here, answer no further questions, and have the presiding juror sign and date this form.

17

18    <u>ACTUAL DAMAGES</u>

19

20    7.    Was Mark Lillge d/b/a Creative Marketing Concepts's conduct a substantial factor in
      causing Andrew Verity actual harm?

21

22    ___ Yes                    ___ No

23

24    If your answer to question 7 is yes, then answer question 8.  If you answered no, skip

25    question 8 and answer question 10.

26

27    8.    What are Andrew Verity's actual damages?                    $_____

28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

If Andrew Verity has not proved any actual damages, answer question 9. If Andrew Verity has proved any actual damages, skip questions 9 and 10 and answer question 11.

## ASSUMED DAMAGES TO REPUTATION

9.      Did Andrew Verity prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts knew the statement was false or had serious doubts about the truth of the statement?

____ Yes                    ____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10.     What are the damages you award Andrew Verity for the assumed harm to his reputation? You must award at least a nominal sum.

$_____

Regardless of your answer to question 10, skip question 11 and answer question 12.

## PUNITIVE DAMAGES

11.     Did Andrew Verity prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts knew the statement was false or had serious doubts about the truth of the statement?

____ Yes                    ____ No

If your answer to question 11 is yes, then answer question 12. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

12.     Did Andrew Verity prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts acted with malice, oppression, or fraud?

___ Yes                    ___ No

If your answer to question 12 is yes, then answer question 13. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

13.     What amount, if any, do you award as punitive damages against Mark Lillge d/b/a Creative Marketing Concepts?

$_____

Signed: _____

Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

DEFENDANT'S PROPROSED JURY INSTRUCTIONS

**VF-1703. Defamation per quod (Private Figure—Matter of Public Concern)**

We answer the questions submitted to us as follows:

1.    Did Mark Lillge d/b/a Creative Marketing Concepts make the following statement to persons other than Andrew Verity? Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them because CMC has made, and continues to make false and misleading statements to potential suppliers and customers in the promotional products industry.  These false and misleading statements include:
(A) Verity and/or Chang are not legally residents in the United States;
(B) Verity and/or Chang cannot legally do business in the United States;
(C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with .
____ Yes                              ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop

here, answer no further questions, and have the presiding juror sign and date this form.

2.    Did the people to whom the statement was made reasonably understand that the statement was about Andrew Verity?
____ Yes                              ____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop

here, answer no further questions, and have the presiding juror sign and date this form.

3.    Was the statement false?
____ Yes                              ____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop

here, answer no further questions, and have the presiding juror sign and date this form.

4.    Did Mark Lillge d/b/a Creative Marketing Concepts fail to use reasonable care to determine the truth or falsity of the statement?
____ Yes                              ____ No

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

1

2    If your answer to question 4 is yes, then answer question 5. If you answered no, stop

3    here, answer no further questions, and have the presiding juror sign and date this form.

4

5    5.    Is the statement, because of facts known to the people who hear or read the statement, the
         kind of statement that would tend to injure Andrew Verity in his occupation?
6                ___ Yes                    ___ No

7

8    If your answer to question 5 is yes, then answer question 6. If you answered no, stop

9    here, answer no further questions, and have the presiding juror sign and date this form.

10

11   6.    Did Andrew Verity suffer harm to his property, business, profession, or occupation
         including money spent as a result of the statement?
12               ___ Yes                    ___ No

13   If your answer to question 6 is yes, then answer question 7. If you answered no, stop

14   here, answer no further questions, and have the presiding juror sign and date this form.

15

16   7.    Was the statement a substantial factor in causing Andrew Verity's harm?
17               ___ Yes                    ___ No

18   If your answer to question 7 is yes, then answer question 8. If you answered no, stop

19   here, answer no further questions, and have the presiding juror sign and date this form.

20

21                              <u>ACTUAL DAMAGES</u>

22

23   8.    What are Andrew Verity's actual damages?
                                                              $_____
24   If Andrew Verity has not proved any actual damages, stop here, answer no further

25   questions, and have the presiding juror sign and date this form. If you awarded actual

26   damages, answer question 9.

27                              <u>PUNITIVE DAMAGES</u>

28

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Case 3:07-cv-02748-MHP    Document 172    Filed 04/14/2008    Page 24 of 25

9.     Did Andrew Verity prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts knew the statement was false or had serious doubts about the truth of the statement?

         ___ Yes                 ___ No

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10.     Has Andrew Verity proved by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts acted with malice, oppression, or fraud?

         ___ Yes                 ___ No

If your answer to question 10 is yes, then answer question 11. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

11.     What amount, if any, do you award as punitive damages against Mark Lillge d/b/a Creative Marketing Concepts?

                                                            $_____

Signed: _____

           Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

-124-    Case No. C-07-02748 MHP
DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**VF-1705. Defamation per quod (Private Figure—Matter of Private Concern)**

We answer the questions submitted to us as follows:

1.  Did Mark Lillge d/b/a Creative Marketing Concepts make the following statement to persons other than Andrew Verity? Andrew Verity and Christina Chang claim that Mark Lillge d/b/a Creative Marketing Concepts harmed them because CMC has made, and continues to make false and misleading statements to potential suppliers and customers in the promotional products industry.  These false and misleading statements include:
    (A) Verity and/or Chang are not legally residents in the United States;
    (B) Verity and/or Chang cannot legally do business in the United States;
    (C) Verity and/or Chang are subject to a Court Order that prevents them from doing business with .
    ___ Yes                    ___ No

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop

    here, answer no further questions, and have the presiding juror sign and date this form.

2.  Did the people to whom the statement was made reasonably understand that the statement was about Andrew Verity?
    ___ Yes                    ___ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop

    here, answer no further questions, and have the presiding juror sign and date this form.

3.  Did Mark Lillge d/b/a Creative Marketing Concepts fail to use reasonable care to determine the truth or falsity of the statement?
    ___ Yes                    ___ No

    If your answer to question 3 is yes, then answer question 4. If you answered no, stop

    here, answer no further questions, and have the presiding juror sign and date this form.

4.  Did the statement tend to injure Andrew Verity in his occupation?
    ___ Yes                    ___ No