If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Did Andrew Verity suffer harm to his property, business, profession, or occupation including money spent as a result of the statement?
___ Yes              ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. Was the statement a substantial factor in causing Andrew Verity's harm?
___ Yes              ___ No

If your answer to question 6 is yes, then answer questions 7 and 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

## ACTUAL DAMAGES

7. What are Andrew Verity's actual damages?

   a. Past economic loss, including harm to Andrew Verity's property, business, trade, profession, or occupation, and expenses Andrew Verity had to pay as a result of the defamatory statement                    $_____

   b. Future economic loss, including harm to Andrew Verity's property, business, trade, profession, or occupation, and expenses Andrew Verity will have to pay as a result of the defamatory statement             $_____

   c. Past noneconomic loss including shame, mortification, or hurt feelings, and harm to Andrew Verity's reputation               $_____

       d.      Future noneconomic loss including shame, mortification, or hurt feelings, and harm to Andrew Verity's reputation   $_____

                                                                 TOTAL $_____

If Andrew Verity has not proved any actual damages, stop here, answer no further questions, and have the presiding juror sign and date this form. If you awarded actual damages, answer question 8.

## PUNITIVE DAMAGES

8.      Has Andrew Verity proved by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts acted with malice, oppression, or fraud?
          \_\_\_ Yes                   \_\_\_ No

If your answer to question 8 is yes, then answer question 9. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

9.      What amount, if any, do you award as punitive damages against Mark Lillge d/b/a Creative Marketing Concepts?
                                                                                         $_____

Signed: _____

       Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| **Proposed By** | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**3902. Economic and Noneconomic Damages**

The damages claimed by Andrew Verity and Christina Chang for the harm caused by Mark Lillge d/b/a Creative Marketing Concepts fall into two categories called economic damages and non-economic damages. You will be asked on the verdict form to state the two categories of damages separately.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**3903C. Past and Future Lost Earnings (Economic Damage)**

1.                          Past and future lost earnings.

To recover damages for past lost earnings, Andrew Verity and Christina Chang must prove the amount of income and salary that they have lost to date.

To recover damages for future lost earnings, Andrew Verity and Christina Chang must prove the amount of income they will be reasonably certain to lose in the future as a result of the injury.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| Given as Proposed | |
| Given as Modified | |
| Given on Court's Own Motion | |
| Refused | |
| Withdrawn | |

# 3904. Present Cash Value

If you decide that Andrew Verity's and Christina Chang's harm includes future economic damages for loss of earnings, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Andrew Verity and Christina Chang with the amount of their future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

You will be provided with a table to help you calculate the present cash value.

| **Proposed By** | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**3940. Punitive Damages—Individual Defendant—Trial Not Bifurcated**

If you decide that Mark Lillge d/b/a Creative Marketing Concepts's conduct caused Andrew Verity and Christina Chang harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Andrew Verity and Christina Chang prove by clear and convincing evidence that Mark Lillge d/b/a Creative Marketing Concepts engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Mark Lillge d/b/a Creative Marketing Concepts acted with intent to cause injury or that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mark Lillge d/b/a Creative Marketing Concepts's conduct was despicable and subjected Andrew Verity and Christina Chang to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mark Lillge d/b/a Creative Marketing Concepts intentionally misrepresented or concealed a material fact and did so intending to harm Andrew Verity and Christina Chang.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

    (a)    How reprehensible was Mark Lillge d/b/a Creative Marketing Concepts's conduct? In deciding how reprehensible Mark Lillge d/b/a Creative Marketing Concepts's conduct was, you may consider, among other factors:

        1.    Whether the conduct caused physical harm;

        2.    Whether Mark Lillge d/b/a Creative Marketing Concepts disregarded the health or safety of others;

        3.    Whether Andrew Verity and Christina Chang were financially weak or vulnerable and Mark Lillge d/b/a Creative Marketing Concepts knew Andrew Verity and Christina Chang were financially weak or vulnerable and took advantage of them;

        4.    Whether Mark Lillge d/b/a Creative Marketing Concepts's conduct involved a pattern or practice; or

        5.    Whether Mark Lillge d/b/a Creative Marketing Concepts acted with trickery or deceit.

    (b)    Is there a reasonable relationship between the amount of punitive damages and Andrew Verity's and Christina Chang's harm or between the amount of punitive damages and potential harm to Andrew Verity and Christina Chang that Mark Lillge d/b/a Creative Marketing Concepts knew was likely to occur because of his conduct?

    (c)    In view of Mark Lillge d/b/a Creative Marketing Concepts's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Mark Lillge d/b/a Creative Marketing Concepts has substantial financial resources.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**VF-3900. Punitive Damages—Trial Not Bifurcated**

We answer the questions submitted to us as follows:

9. Did Mark Lillge d/b/a Creative Marketing Concepts engage in the conduct with malice, oppression, or fraud?

___ Yes        ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10. What amount of punitive damages, if any, do you award Christina Chang?

$_____

Signed: _____

Presiding Juror

Dated: _____

After all verdict forms have been signed, deliver this verdict form to the Clerk.

| **Proposed By** | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

# ELEVENTH CAUSE OF ACTION

## Intentional Interference with Prospective Economic Advantage

## Verity and Chang v. CMC

Court's grant of Plaintiff's request for Partial Summary Judgment is an interlocutory decision – as such, Defendant Christina Chang seeks the court's permission to introduce Jury Instructions regarding this Cause of Action.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

# TRADE SECRETS

A. **"Trade Secret" means:**

1. A "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the pubic or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

   If the principal person who can obtain economic benefit from information is aware of it, there is not trade secret.

B. **"Misappropriation" means:**

1. Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

2. Disclosure or use of a trade secret of another without express or implied consent by a person who:

   a. Used improper means to acquire knowledge of the trade secret; or

   b. At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:

      i. Derived from or through a person who had utilized improper means to acquire it;

      ii. Acquired under circumstances giving rise to a duty to maintain its secrecy or limits its use; or

      iii. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

   c. Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

However, the assertion that a matter is readily ascertainable by proper means remains available as a defense to a claim of misappropriation.

Information is readily ascertainable if it is available in trade journals, reference books, or published materials. Often, the nature of a product lends itself to be readily copies as soon as it is available on the market.

Defendants Verity and Chang are free to use sales techniques and methods that they acquired before employment by Creative Marketing Concepts.

C.  "Person" means:

1.  A natural person, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, government subdivision or agency, or any other legal or commercial entity.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

## 336. Affirmative Defense—Waiver

Mark Lillge d/b/a Creative Marketing Concepts claims that he did not have to perform because Andrew Verity and Christina Chang gave up their right to have Mark Lillge d/b/a Creative Marketing Concepts perform these obligations. This is called a "waiver."

To succeed, Mark Lillge d/b/a Creative Marketing Concepts must prove both of the following, by clear and convincing evidence:

1. That Andrew Verity and Christina Chang knew Mark Lillge d/b/a Creative Marketing Concepts was required to perform; and

2. That Andrew Verity and Christina Chang freely and knowingly gave up their right to have Mark Lillge d/b/a Creative Marketing Concepts perform these obligations.

A waiver may be oral or written or may arise from conduct that shows that Andrew Verity and Christina Chang gave up that right.

If Mark Lillge d/b/a Creative Marketing Concepts proves that Andrew Verity and Christina Chang gave up their right to Mark Lillge d/b/a Creative Marketing Concepts's performance of contractual obligations, then Mark Lillge d/b/a Creative Marketing Concepts was not required to perform these obligations.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

-137-    Case No. C-07-02748 MHP
DEFENDANT'S PROPROSED JURY INSTRUCTIONS

## 4402. Trade Secret Defined

To prove that the unidentified secrets were a trade secret, Andrew Verity and Christina Chang must prove all of the following:

1. That the unidentified secrets were secret;

2. That the unidentified secrets was actually or potentially valuable, giving Andrew Verity and Christina Chang a substantial business advantage over their competitors, because it was secret; and

3. That Andrew Verity and Christina Chang made reasonable efforts to keep the unidentified secrets secret.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

**4420. Affirmative DefenseCInformation Was Readily Ascertainable by Proper Means**

Andrew Verity's and Christina Chang did not misappropriate Mark Lillge d/b/a Creative Marketing Concepts's trade secrets if Andrew Verity's and Christina Chang prove that the unidentified secrets were readily ascertainable by proper means at the time of the alleged acquisition or use.

There is no fixed standard for determining what is Areadily ascertainable by proper means. In general, information is readily ascertainable if it can be obtained, discovered, developed, or compiled without significant difficulty, effort, or expense. For example, information is readily ascertainable if it is available in trade journals, reference books, or published materials. On the other hand, the more difficult information is to obtain, and the more time and resources that must be expended in gathering it, the less likely it is that the information is readily ascertainable by proper means.

| Proposed By | Defendants Andrew Verity & Christina Chang |
|---|---|
| **Given as Proposed** | |
| **Given as Modified** | |
| **Given on Court's Own Motion** | |
| **Refused** | |
| **Withdrawn** | |

# APPENDIX B

## PRESENT VALUE TABLE

The following Table of the Present Value of $1 per year for a Specified Number of Years is offered for use to reduce a constant annual amount for a determined number of years at a determined rate of investment return to its present cash value.

To use this table, (1) determine the constant annual amount, (2) determine the number of years it will continue, (3) determine the rate of investment return, (4) using the number of years and the rate of investment return so determined, ascertain the factor from the table, and (5) multiply the annual amount by the factor so ascertained. The result will be the present amount which, invested at the determined rate of investment return, will pay at the end of each year the determined annual amount for the number of years it is determined that such amount will continue.

This table is designed for use where the annual amount does not vary but is constant from year to year.

1. Present Value of $1 per Year (Payable at End of Each Year) for Specified Number of Years *

## APPENDIX B

(Compound Discount Table)

========================================================

| Years | 3% | 3½% | 4% | 4½% | 5% | 5½% | 6% | 6½% | 7% | 7½% | 8% | 8½% | 9% | 9½% | 10% | Years |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | .97 | .97 | .96 | .96 | .95 | .95 | .94 | .94 | .93 | .93 | .93 | .92 | .92 | .91 | .91 | 1 |
| 2 | 1.91 | 1.90 | 1.89 | 1.87 | 1.86 | 1.85 | 1.83 | 1.82 | 1.81 | 1.80 | 1.78 | 1.77 | 1.76 | 1.75 | 1.74 | 2 |
| 3 | 2.83 | 2.80 | 2.78 | 2.75 | 2.72 | 2.70 | 2.67 | 2.65 | 2.62 | 2.60 | 2.58 | 2.55 | 2.53 | 2.51 | 2.49 | 3 |
| 4 | 3.72 | 3.67 | 3.63 | 3.59 | 3.54 | 3.51 | 3.47 | 3.43 | 3.39 | 3.35 | 3.31 | 3.28 | 3.24 | 3.20 | 3.17 | 4 |
| 5 | 4.58 | 4.52 | 4.45 | 4.39 | 4.33 | 4.27 | 4.21 | 4.16 | 4.10 | 4.05 | 3.99 | 3.94 | 3.89 | 3.84 | 3.79 | 5 |
| 6 | 5.42 | 5.33 | 5.24 | 5.16 | 5.08 | 5.00 | 4.92 | 4.84 | 4.77 | 4.69 | 4.62 | 4.55 | 4.49 | 4.42 | 4.36 | 6 |
| 7 | 6.23 | 6.11 | 6.00 | 5.89 | 5.79 | 5.68 | 5.58 | 5.48 | 5.39 | 5.30 | 5.21 | 5.12 | 5.03 | 4.95 | 4.87 | 7 |
| 8 | 7.02 | 6.87 | 6.73 | 6.60 | 6.46 | 6.33 | 6.21 | 6.09 | 5.97 | 5.86 | 5.75 | 5.64 | 5.53 | 5.43 | 5.33 | 8 |
| 9 | 7.79 | 7.60 | 7.43 | 7.27 | 7.11 | 6.95 | 6.80 | 6.66 | 6.52 | 6.38 | 6.25 | 6.12 | 6.00 | 5.88 | 5.76 | 9 |
| 10 | 8.53 | 8.31 | 8.11 | 7.91 | 7.72 | 7.54 | 7.36 | 7.19 | 7.02 | 6.86 | 6.71 | 6.56 | 6.42 | 6.28 | 6.14 | 10 |
| 11 | 9.25 | 9.00 | 8.76 | 8.53 | 8.31 | 8.09 | 7.89 | 7.69 | 7.50 | 7.32 | 7.14 | 6.97 | 6.81 | 6.45 | 6.50 | 11 |
| 12 | 9.95 | 9.66 | 9.39 | 9.12 | 8.86 | 8.62 | 8.38 | 8.16 | 7.94 | 7.74 | 7.54 | 7.34 | 7.16 | 6.98 | 6.81 | 12 |
| 13 | 10.63 | 10.30 | 9.99 | 9.68 | 9.39 | 9.12 | 8.85 | 8.60 | 8.36 | 8.13 | 7.90 | 7.69 | 7.49 | 7.29 | 7.10 | 13 |
| 14 | 11.30 | 10.92 | 10.56 | 10.22 | 9.90 | 9.59 | 9.29 | 9.01 | 8.75 | 8.49 | 8.24 | 8.01 | 7.79 | 7.57 | 7.37 | 14 |
| 15 | 11.94 | 11.52 | 11.12 | 10.74 | 10.38 | 10.04 | 9.71 | 9.40 | 9.11 | 8.83 | 8.56 | 8.30 | 8.06 | 7.83 | 7.61 | 15 |
| 16 | 12.56 | 12.09 | 11.65 | 11.23 | 10.84 | 10.46 | 10.11 | 9.77 | 9.45 | 9.14 | 8.85 | 8.58 | 8.31 | 8.06 | 7.82 | 16 |
| 17 | 13.17 | 12.65 | 12.17 | 11.71 | 11.27 | 10.86 | 10.48 | 10.11 | 9.76 | 9.43 | 9.12 | 8.83 | 8.54 | 8.28 | 8.02 | 17 |
| 18 | 13.75 | 13.19 | 12.66 | 12.16 | 11.69 | 11.25 | 10.83 | 10.43 | 10.06 | 9.71 | 9.37 | 9.06 | 8.76 | 8.47 | 8.20 | 18 |
| 19 | 14.32 | 13.71 | 13.13 | 12.59 | 12.09 | 11.61 | 11.16 | 10.73 | 10.34 | 9.96 | 9.60 | 9.27 | 8.95 | 8.65 | 8.36 | 19 |
| 20 | 14.88 | 14.21 | 13.59 | 13.01 | 12.46 | 11.95 | 11.47 | 11.02 | 10.59 | 10.19 | 9.82 | 9.46 | 9.13 | 8.81 | 8.51 | 20 |
| 21 | 15.42 | 14.70 | 14.03 | 13.40 | 12.82 | 12.28 | 11.76 | 11.28 | 10.84 | 10.41 | 10.02 | 9.64 | 9.29 | 8.96 | 8.65 | 21 |
| 22 | 15.94 | 15.17 | 14.45 | 13.78 | 13.16 | 12.58 | 12.04 | 11.54 | 11.06 | 10.62 | 10.20 | 9.81 | 9.44 | 9.10 | 8.77 | 22 |
| 23 | 16.44 | 15.62 | 14.87 | 14.15 | 13.49 | 12.87 | 12.30 | 11.77 | 11.27 | 10.81 | 10.37 | 9.96 | 9.58 | 9.22 | 8.88 | 23 |
| 24 | 16.94 | 16.06 | 15.25 | 14.50 | 13.80 | 13.15 | 12.55 | 11.99 | 11.47 | 10.98 | 10.53 | 10.10 | 9.71 | 9.33 | 8.98 | 24 |
| 25 | 17.41 | 16.48 | 15.62 | 14.83 | 14.09 | 13.41 | 12.78 | 12.20 | 11.65 | 11.15 | 10.67 | 10.23 | 9.82 | 9.44 | 9.08 | 25 |
| 26 | 17.88 | 16.89 | 15.98 | 15.15 | 14.38 | 13.66 | 13.00 | 12.39 | 11.83 | 11.30 | 10.81 | 10.35 | 9.93 | 9.53 | 9.16 | 26 |
| 27 | 18.33 | 17.29 | 16.33 | 15.45 | 14.64 | 13.90 | 13.21 | 12.57 | 11.99 | 11.44 | 10.94 | 10.46 | 10.03 | 9.62 | 9.24 | 27 |
| 28 | 18.76 | 17.67 | 16.66 | 15.74 | 14.90 | 14.12 | 13.41 | 12.75 | 12.14 | 11.57 | 11.05 | 10.57 | 10.12 | 9.70 | 9.31 | 28 |
| 29 | 19.19 | 18.04 | 16.98 | 16.02 | 15.14 | 14.33 | 13.59 | 12.91 | 12.28 | 11.70 | 11.16 | 10.66 | 10.20 | 9.77 | 9.37 | 29 |
| 30 | 19.60 | 18.39 | 17.29 | 16.29 | 15.37 | 14.53 | 13.76 | 13.06 | 12.41 | 11.81 | 11.26 | 10.75 | 10.27 | 9.83 | 9.43 | 30 |
| 31 | 20.00 | 18.74 | 17.59 | 16.54 | 15.59 | 14.72 | 13.93 | 13.20 | 12.53 | 11.92 | 11.35 | 10.83 | 10.34 | 9.89 | 9.48 | 31 |
| 32 | 20.39 | 19.07 | 17.87 | 16.79 | 15.80 | 14.90 | 14.08 | 13.33 | 12.65 | 12.02 | 11.43 | 10.90 | 10.41 | 9.95 | 9.53 | 32 |
| 33 | 20.77 | 19.39 | 18.15 | 17.02 | 16.00 | 15.08 | 14.23 | 13.50 | 12.75 | 12.11 | 11.51 | 10.97 | 10.46 | 10.00 | 9.57 | 33 |
| 34 | 21.13 | 19.70 | 18.41 | 17.25 | 16.19 | 15.24 | 14.37 | 13.58 | 12.85 | 12.19 | 11.59 | 11.03 | 10.52 | 10.05 | 9.61 | 34 |
| 35 | 21.49 | 20.00 | 18.66 | 17.46 | 16.37 | 15.39 | 14.50 | 13.69 | 12.95 | 12.27 | 11.65 | 11.09 | 10.57 | 10.09 | 9.64 | 35 |
| 36 | 21.83 | 20.29 | 18.91 | 17.67 | 16.55 | 15.54 | 14.62 | 13.79 | 13.04 | 12.35 | 11.72 | 11.14 | 10.61 | 10.13 | 9.68 | 36 |
| 37 | 22.17 | 20.57 | 19.14 | 17.86 | 16.71 | 15.67 | 14.74 | 13.89 | 13.12 | 12.42 | 11.78 | 11.19 | 10.65 | 10.16 | 9.71 | 37 |
| 38 | 22.49 | 20.84 | 19.37 | 18.05 | 16.87 | 15.80 | 14.85 | 13.98 | 13.19 | 12.48 | 11.83 | 11.23 | 10.69 | 10.19 | 9.73 | 38 |
| 39 | 22.81 | 21.10 | 19.58 | 18.23 | 17.02 | 15.93 | 14.95 | 14.06 | 13.26 | 12.54 | 11.88 | 11.28 | 10.73 | 10.22 | 9.76 | 39 |
| 40 | 23.11 | 21.36 | 19.79 | 18.40 | 17.16 | 16.05 | 15.05 | 14.15 | 13.33 | 12.59 | 11.92 | 11.31 | 10.76 | 10.25 | 9.78 | 40 |
| 41 | 23.41 | 21.60 | 19.99 | 18.57 | 17.29 | 16.16 | 15.14 | 14.22 | 13.39 | 12.65 | 11.97 | 11.35 | 10.79 | 10.27 | 9.80 | 41 |
| 42 | 23.70 | 21.83 | 20.19 | 18.72 | 17.42 | 16.26 | 15.22 | 14.29 | 13.45 | 12.69 | 12.01 | 11.38 | 10.81 | 10.29 | 9.82 | 42 |
| 43 | 23.98 | 22.06 | 20.37 | 18.87 | 17.55 | 16.36 | 15.31 | 14.36 | 13.51 | 12.74 | 12.04 | 11.41 | 10.84 | 10.31 | 9.83 | 43 |
| 44 | 24.25 | 22.28 | 20.55 | 19.02 | 17.66 | 16.46 | 15.38 | 14.42 | 13.56 | 12.78 | 12.08 | 11.44 | 10.86 | 10.33 | 9.85 | 44 |
| 45 | 24.52 | 22.50 | 20.72 | 19.16 | 17.77 | 16.55 | 15.46 | 14.48 | 13.61 | 12.82 | 12.11 | 11.47 | 10.88 | 10.35 | 9.86 | 45 |
| 46 | 24.78 | 22.70 | 20.88 | 19.29 | 17.88 | 16.63 | 15.52 | 14.54 | 13.65 | 12.85 | 12.14 | 11.49 | 10.90 | 10.36 | 9.88 | 46 |
| 47 | 25.02 | 22.90 | 21.04 | 19.41 | 17.98 | 16.71 | 15.60 | 14.59 | 13.69 | 12.89 | 12.16 | 11.51 | 10.92 | 10.38 | 9.89 | 47 |
| 48 | 25.27 | 23.09 | 21.20 | 19.54 | 18.08 | 16.79 | 15.65 | 14.64 | 13.73 | 12.92 | 12.19 | 11.53 | 10.93 | 10.39 | 9.90 | 48 |
| 49 | 25.50 | 23.28 | 21.34 | 19.65 | 18.17 | 16.86 | 15.71 | 14.68 | 13.77 | 12.95 | 12.21 | 11.55 | 10.95 | 10.40 | 9.91 | 49 |
| 50 | 25.73 | 23.46 | 21.48 | 19.76 | 18.26 | 16.93 | 15.76 | 14.72 | 13.80 | 12.97 | 12.23 | 11.57 | 10.96 | 10.41 | 9.91 | 50 |
| 51 | 25.95 | 23.63 | 21.62 | 19.87 | 18.34 | 17.00 | 15.81 | 14.76 | 13.83 | 13.00 | 12.25 | 11.58 | 10.97 | 10.42 | 9.92 | 51 |
| 52 | 26.17 | 23.80 | 21.75 | 19.97 | 18.42 | 17.06 | 15.87 | 14.80 | 13.86 | 13.02 | 12.27 | 11.60 | 10.99 | 10.43 | 9.93 | 52 |
| 53 | 26.37 | 23.96 | 21.87 | 20.07 | 18.49 | 17.12 | 15.91 | 14.84 | 13.89 | 13.04 | 12.29 | 11.61 | 11.00 | 10.44 | 9.94 | 53 |
| 54 | 26.58 | 24.11 | 21.99 | 20.16 | 18.57 | 17.17 | 15.95 | 14.87 | 13.92 | 13.06 | 12.30 | 11.62 | 11.01 | 10.45 | 9.94 | 54 |
| 55 | 26.77 | 24.26 | 22.11 | 20.25 | 18.63 | 17.23 | 15.99 | 14.90 | 13.94 | 13.08 | 12.32 | 11.63 | 11.01 | 10.45 | 9.95 | 55 |
| 56 | 26.97 | 24.41 | 22.22 | 20.33 | 18.70 | 17.28 | 16.03 | 14.93 | 13.96 | 13.10 | 12.33 | 11.64 | 11.02 | 10.46 | 9.95 | 56 |
| 57 | 27.15 | 24.55 | 22.33 | 20.41 | 18.76 | 17.32 | 16.06 | 14.96 | 13.98 | 13.12 | 12.34 | 11.65 | 11.03 | 10.47 | 9.96 | 57 |
| 58 | 27.33 | 24.69 | 22.43 | 20.49 | 18.82 | 17.37 | 16.10 | 14.99 | 14.00 | 13.13 | 12.36 | 11.66 | 11.04 | 10.47 | 9.96 | 58 |
| 59 | 27.51 | 24.82 | 22.53 | 20.57 | 18.88 | 17.41 | 16.13 | 15.01 | 14.02 | 13.15 | 12.37 | 11.67 | 11.04 | 10.48 | 9.96 | 59 |
| 60 | 27.68 | 24.94 | 22.62 | 20.64 | 18.93 | 17.45 | 16.16 | 15.03 | 14.04 | 13.16 | 12.38 | 11.68 | 11.05 | 10.48 | 9.97 | 60 |

1289

PLF EXH BB
MEYER
DATE 4-8-2008
L. RALLS, CSR 10070