1  CHANDLER, WOOD, HARRINGTON & MAFFLY
   RICHARD HARRINGTON (Bar #28099)
2  One Maritime Plaza, 4th Floor
   San Francisco, CA 94111
3  Telephone: (415) 421-5484
   Facsimile: (415) 986-4874
4
   SHARTSIS FRIESE LLP
5  ROBERT CHARLES WARD (Bar #160824)
   One Maritime Plaza, Eighteenth Floor
6  San Francisco, CA 94111
   Telephone: (415) 421-6500
7  Facsimile: (415) 421-2922
   Email: rward@sflaw.com
8
   DE LA HOUSAYE & ASSOCIATES
9  C. ANGELA DE LA HOUSAYE (Bar #144218)
   BRENDAN J. DOOLEY (Bar #162880)
10 1655 N. Main Street, Suite 395
   Walnut Creek, CA 94596
11 Facsimile: (925) 944-3343
   Phone: (925) 944-3300
12 Email: angela@delahousayelaw.com

13 Attorneys for Defendants and Counterclaimants
   ANDREW VERITY and CHRISTINA CHANG
14

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18

19 | MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, | Case No. C 07-02748 MHP |
|---|---|
| Plaintiff, | **DEFENDANTS' ANDREW VERITY AND CHRISTINA CHANGE'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF EVIDENCE REGARDING TRADE SECRETS NOT SPECIFICALLY IDENTIFIED** |
| v. | |
| ANDREW VERITY and CHRISTINA CHANG, | |
| Defendants. | Date: May 6, 2008<br>Time: 8:30 a.m.<br>Dept: 15, Hon. Marilyn Hall Patel |
| AND RELATED COUNTERCLAIMS. | |

- 1 -

Case No. C 07-02748      DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE

## INTRODUCTION

Defendants Andrew Verity and Christina Chang filed a Motion in Limine to exclude evidence of trade secrets that Plaintiff had not previously identified with reasonable particularity. Pursuant to the Court's Minute Order after the hearing of other motions on April 14, 2008, the Court gave Plaintiff until April 15 to provide any supplemental identification of trade secrets in order to satisfy the requirement of reasonable particularity. The Court's order gave Defendants until April 17 to file a responsive pleading.

Plaintiff's Amended Identification Of Trade Secrets does not resolve the problem addressed in Defendants' Motion in Limine and in fact creates a new problem. Previously, Plaintiff had identified nine general categories of trade secrets. Exhibit A. In Plaintiffs' Amended Identification Of Trade Secrets, rather than fleshing out the nine categories of previously identified trade secrets with reasonable particularity, Plaintiffs dropped a couple of categories of trade secrets and <u>added two new categories of trade secrets never previously identified</u>. Exhibit B. It is far too late, on the eve of trial and after Plaintiff has obtained substantial deposition and documentary discovery from Defendants and third parties, for Plaintiff to be <u>adding</u> trade secrets. Rather, the grace period granted by the Court on April 14 should only have been to identify with reasonable particularity trade secrets within the nine categories previously identified by the Plaintiff. Plaintiff, even with the generous grant of leave to provide reasonable particularity essentially on the eve of trial, has failed to satisfy California Code of Civil Procedure section 2019.210.[1]

**I. PLAINTIFF CANNOT ADD NEW CATEGORIES OF TRADE SECRETS AT THIS LATE JUNCTURE.**

Two new categories of alleged trade secrets appeared for the first time on the April 15, 2008 Amended Identification Of Trade Secrets. The Amended Identification was submitted three weeks before trial and nearly a year after this lawsuit commenced. These two new categories are also disclosed for the first time after months of discovery, including several depositions and extensive document productions by third parties. The two new categories of trade secrets are:

---

[1] Referred to simply as "Section 2019.210" throughout the rest of this brief.

7. From which suppliers CMC has obtained products for its customers, and the details of such an order, including artwork specifications. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC purchase orders to suppliers and emails to suppliers regarding customer orders.

8. CMC's confidential operating procedures. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC's Standard Operations Procedures.

Exhibit B.

First, the new category of trade secrets regarding suppliers, No. 7 quoted above, has appeared nowhere on any previous identification of trade secrets. This is not alleged as a trade secret in the Complaint. There is no reference to suppliers anywhere in the nine categories of trade secrets identified at the outset of this case as required under Section 2019.210. Exhibit A. Nor did the initial disclosure contain any identification suggesting with reasonable particularity that "artwork specifications" were trade secrets claimed by the Plaintiff. Exhibit A. In short, Plaintiff is attempting to do exactly what is forbidden by Section 2019.210: Pursue discovery, rummage through documents and testimony, and then tell the Court what are the trade secrets allegedly misappropriated. Section 2019.210 requires a trade secrets plaintiff to identify its trade secrets first to prevent exactly this from occurring.

Similarly, CMC's attempt to identify "confidential operating procedures" as found in a "Standard Operating Procedures" manual is improper at this time. Both the Standard Operating Procedures manual, as well as the supplier list or artwork specifications, easily could have been identified at the outset of this case as trade secrets before any discovery was obtained. It is too late to be adding new categories. Extensive discovery has been taken and trial is imminent. Defendants have, for example, no opportunity at this point to propound interrogatories on these new categories of trade secrets or ask about them in depositions of Plaintiff's witnesses.

Section 2019.210 is a critically important limitation on a plaintiff pursuing trade secrets claims. Contrary to the normally broad scope of discovery permitted under Federal and California law, a trade secrets plaintiff is not allowed to file suit and then fish for misappropriated secrets through discovery. To prevent the inherent unfairness of forcing a defendant or third

parties to turn over information in discovery before knowing what was allegedly misappropriated, a trade secrets plaintiff must identify the secrets at issue with reasonable particularity before discovery occurs. Once the plaintiff has identified trade secrets and obtained discovery, plaintiff cannot add to its list of alleged trade secrets.

In *Pixion, Inc. v. Placeware, Inc.*, 421 F.Supp.2d 1233 (N.D.Cal. 2005), a plaintiff in a trade secret case tried essentially the same thing plaintiff is attempting here. The defendant brought a motion for summary judgment on a trade secrets claim. To survive summary judgment, the plaintiff argued that it was not limited to the description of trade secrets in its identification and that Section 2019(d) allowed a plaintiff to subsequently provide further "details" of the alleged trade secrets. Judge Illston held that the plaintiff was bound by and limited to the descriptions of trade secrets found in the Section 1019(d) identification and could not add "details" to the identification late in the case. *Id.* at 1242. The court observed:

> [T]he disclosure rule for trade secrets serves four purposes: (1) to "provide [ ] well-investigated claims and dissuade [ ] the filing of meritless trade secret complaints"; (2) to "prevent [ ] plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets"; (3) to "assist [ ] the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope"; and (4) to "enable [ ] defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation."

*Id.* (quoting *Computer Economics, Inc. v. Gartner Groups, Inc.*, 50 F.Supp.2d 980 (S.D.Cal. 1999); emphasis added).

Therefore, Defendants ask the Court to bar any evidence attempting to prove trade secrets that might fall within category Nos. 7 and 8 of the Amended Identification of Trade Secrets belatedly filed on April 15, 2008.

## II. PLAINTIFF CONTINUES TO FAIL TO IDENTIFY TRADE SECRETS WITH REASONABLE PARTICULARITY.

As to the six categories of trade secrets addressed in the Amended Identification of Trade Secrets which correlate to categories of trade secrets previously identified in the original Identification of Trade Secrets of June 1, 2007, Plaintiff has continued to fail to meet the standard

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  of Section 2019.210 and the case law applying that important limitation on discovery in trade
2  secrets litigation.

3        A fundamental problem with Plaintiff's Identification - - and a fundamental problem with
4  the entire trade secrets claim - - is that Plaintiff has failed to identify the alleged secrets in a way
5  that judge or jury could distinguish between (1) what belongs to Defendants - - their customer
6  relationships built through years of working in the industry which California law clearly provides
7  Verity and Chang are free to use to compete with their former employer[2] - - (2) what belongs to
8  Plaintiff - - confidential information not known to those in the industry from which Plaintiff
9  derives independent economic value - - and (3) what belongs to no one because the information is
10 known in the industry.  Cal. Civ. Code § 3426.1(d).

11       For example, Plaintiff's alleged trade secret No. 6 is identified as:

> Specific customer requirements, preferences, and limitations,
> including particular buying habits, needs and dislikes.  This
> information was known by Plaintiff and Defendants and can be
> found at least in part, on CMC contracts with customers, invoices to
> customer, call in or intake sheets for customer calls, and CMC
> purchase orders to suppliers.  The CMC contracts with customers
> and invoices to customers are also located on CMC's MYOB for
> 2006.

17 Exhibit B.  To the extent that the words "at least in part" could be removed and Plaintiff identified
18 its contracts, invoices, intake sheets, et al., as the trade secrets, this portion of the Identification
19 could be adequate pursuant to Section 2019.210.  Defendants could easily prepare to defend
20 themselves at trial by proving such documents are not trade secrets and, even if they were,
21 Defendants did not misappropriate them.

22       However a serious problem lies with the identification stating that the supposedly secret
23 information was "known by Plaintiffs and Defendants" and is identified only "in part" with
24 reference to the enumerated documents.  For alleged trade secrets that do not exist in any tangible
25 verifiable form - - in other words, information preserved only in the minds of people - - a more
26 specific identification of the secrets is warranted.  Defendants cannot be forced to guess what or
27 what they know is and is not a trade secret.  What "buying habits, needs and dislikes" are the

---

[2]   *See, e.g., Moss, Adams & Co. v. Shilling*, 179 Cal.App.3d 124, 128 (1986).

- 5 -

| Case No. C 07-02748 | DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE |
|---|---|

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

trade secrets? Is it a trade secret that one "habit" of Bingham McCutchen is the preference for the color orange, when the general public can look on Bingham's website and at business cards and marketing materials to see that Bingham uses that color heavily in its branding? Obviously, such a "habit" would not be a trade secret, so what particular "habits" are the trade secrets? California law requires the trade secret identification to be of "sufficient particularity to separate [the secret] from matters of general knowledge in the trade or of special knowledge of those person who are skilled in the trade . . ." *Diodes, Inc. v. Franzen*, 260 Cal.App.2d 244, 253 (1968). With regard to "buying habits, needs and dislikes," Plaintiff's Identification fails to draw the line of demarcation between trade secret and non-secret required under California law.

A further problem with an identification of trade secrets such as No. 6 quoted above is that the identification fails to distinguish between trade secrets and information that employees may use to "do business with a former employer's customers with whom one became personally acquainted and developed a business relationship while formerly employed." *Moss, Adams & Co. v. Shilling*, 179 Cal.App.3d 124, 128 (1986). Just as every "buying habit" of a customer cannot be a trade secret - - because many such buying habits would be matters of general knowledge to the public or within the industry - - other buying habits would be part of the salesman-customer relationship built by Verity or Chang with their best customers over the years. As presently framed, it would appear that Plaintiff claims that everything about its relationships with its customers is a trade secret and that Verity and Chang are prevented from using <u>any information</u> that they may know about their customers to compete in the industry. Certainly, this is contrary to California law and not what judge or jury can find to be trade secrets.

Similar problems recur with the other identified trade secrets. Nos. 1, 2, 4 and 5 contain the same "at least in part" qualification. No. 3 fails to identify any tangible information, instead asserting that the "information was known and discussed." What information? When and where was it discussed.

This is not a new issue and new problem for the Plaintiff and the Court. Defendants have been protesting the adequacy of Plaintiff's Identification of Trade Secrets from the outset, as far back as the briefing for the preliminary injunction. Plaintiff has repeatedly asserted that its

- 6 -

Case No.
C 07-02748

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION IN LIMINE

identification is adequate, a factor which further weighs in favor of allowing Plaintiff to change the identification at this late date. Pixion, 421 F. Supp. 2d at 1242. Defendants sought discovery from Plaintiff, propounding a detailed set of interrogatories asking for all evidence of the existence of the nine categories of alleged trade secrets in the Identification. Plaintiff did not provide a substantive response to the interrogatories and instead produced 20+ boxes of documents. Plaintiff's Amended Identification does not identify any documents from those 20+ boxes, at least not in a manner that would allow Defendants to find the supposed trade secrets and distinguish between what in those 20+ boxes is or is not a trade secret. Defendants remain in the dark as to what, out of thousands of pages of documents, and out of countless bits of information that lie within their own memories, are considered to be Plaintiff's trade secrets.

At this point, the Court should grant Defendants' motion in limine. The only alternative ruling that would be fair and consistent with California law would be to limit Plaintiff only to information specifically identified in Nos. 1-6 of the Amended Identification.

## CONCLUSION

At this point, it is too late to fix the problem created by Plaintiff's deliberate refusal to identify trade secrets with reasonable particularity. There are obvious reasons why Plaintiff failed throughout this case to identify trade secrets with reasonable particularity: (1) Plaintiff does not really have any and (2) Plaintiff was hoping to find something in discovery that might look like a misappropriated trade secret. The latter is wholly improper and barred as a matter of California law. Plaintiff ignored the requirements of Section 2019.210 at his own peril. In looking as Plaintiff's Amended Identification Of Trade Secrets, Plaintiff should be limited at trial to proving only specific trade secrets that the Court can identify - - and distinguish from what is not a trade secret.

DATED: April 17, 2008                               SHARTSIS FRIESE LLP

By: */s/ Robert Charles Ward*
    ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY and CHRISTINA CHANG

7475\001\RWARD\1505368.1

- 7 -

| Case No. C 07-02748 | DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE |
|---|---|