EXHIBIT A

HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434)
Email: iboyd@harveysiskind.com
SETH I. APPEL (State Bar No. 233421)
Email: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: 415.354.0100
Facsimile: 415.391.7124

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG<br><br>Defendants. | Case No. C 07-02748 MHP<br><br>**PLAINTIFF'S IDENTIFICATION OF TRADE SECRETS**<br><br>Hon. Marilyn Hall Patel |

Mark Lillge d/b/a Creative Marketing Concepts ("CMC") alleges trade secret misappropriation and related claims against Defendants Andrew Verity and Christina Chang. On May 31, 2007, the Court granted CMC's ex parte application for a temporary restraining order and instructed CMC to submit a document identifying the trade secrets at issue in this dispute.

Plaintiff hereby identifies the following trade secrets with reasonable particularity, all of which derive independent economic value from not being generally known within Plaintiff's industry, and which are the subject of reasonable measures by CMC to maintain their confidentiality:

1. The list of CMC customers that Plaintiff has developed over the past fifteen years, through substantial time, effort, and expense.

2. The pricing which CMC charges each specific customer.

3. CMC's actual and desired profit margin for each customer.

4. CMC's strategic plans regarding which customers it wishes to target, and those that it does not wish to target.

5. The purchasing history of CMC's customers.

6. The knowledge of when a customer will be due for renewal orders based upon those customers' prior transactions with CMC.

7. Specific customer requirements, preferences, and limitations, including particular buying habits, needs and dislikes.

8. Negative knowledge regarding goods that certain customers have refused to purchase or no longer wish to purchase.

9. CMC's confidential marketing and financial plans, proposals and projections.

Dated: June 1, 2007

HARVEY SISKIND LLP

By: _____/s/_____
Ian K. Boyd

Attorneys for Plaintiff
Mark Lillge d/b/a Creative Marketing Concepts

**EXHIBIT B**

1  WILLIAM R. HILL, #114954
     rock@donahue.com
2  ANDREW S. MACKAY, #197074
     andrew@donahue.com
3  SARA J. ROMANO, #227467
     sromano@donahue.com
4  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
5  300 Lakeside Drive, Suite 1900
   Oakland, California 94612-3570
6  P.O. Box 12979
   Oakland, California 94604-2979
7  Telephone:   (510) 451-0544
   Facsimile:   (510) 832-1486
8
   Attorneys for Plaintiff/Counterdefendant
9  MARK LILLGE d/b/a CREATIVE
   MARKETING CONCEPTS
10

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>  Defendants. | CASE NO. C 07-02748 MHP<br><br>PLAINTIFF'S AMENDED IDENTIFICATION OF TRADE SECRETS<br><br>Date:  May 6, 2008<br>Time:  8:30 a.m.<br>Dept.: Courtroom 15, 18th Floor<br>Judge: Hon. Marilyn H. Patel |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>  Counterclaimants,<br><br>  v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>  Counterdefendants. | |

---

PLAINTIFF'S AMENDED IDENTIFICATION OF TRADE SECRETS     CASE NO. C 07-02748 MHP

1	Mark Lillge d/b/a Creative Marketing Concepts ("CMC") alleges trade secret misappropriation and related claims against Defendants Andrew Verity and Christina Chang. On May 31, 2007, the Court granted CMC's ex parte application for a temporary restraining order and instructed CMC to submit a document identifying the trade secrets at issue in this dispute. Accordingly, on June 1, 2007, CMC filed Plaintiff's Identification of Trade Secrets ("Original Identification").

On April 14, 2008, in response to Defendants' objection that the Original Identification did not comply with California Code of Civil Procedure Section 2019.210, the Court instructed Plaintiff to file a designation of trade secrets by Tuesday, April 15, 2008 at 4 p.m. The Court did not make any finding with respect to the sufficiency of the Original Identification.

A designation of trade secrets pursuant to CCP Section 2019(d) (now 2019.210) may center on "sufficiently particular categories including clients and pricing strategies." *Systems America, Inc. v. Softline, Inc.*, 1996 U.S. Dist. LEXIS 22415 (N.D. Cal. 1996). However, "catch-all" provisions citing such information as "relevant business activities" is not permitted. *Id.*[1]

With the above guidelines in mind, Plaintiff hereby identifies the following trade secrets with reasonable particularity, all of which derive independent economic value from not being generally known within Plaintiff's industry, and which are the subject of reasonable measures by CMC to maintain their confidentiality:

1.	The list of CMC customers that Plaintiff has developed over the past fifteen years, through substantial time, effort, and expense, including key managerial customer contacts. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC contracts with customers, invoices to customers, call in or intake sheets for customer calls, and CMC purchase orders to suppliers. The CMC contracts with customers and invoices to customers, along with customer mailing lists, are also located on CMC's MYOB for 2006.

---

[1] The *Softline* decision arose from a Motion for More Specific Identification of Trade Secrets, which is the proper action when a defendant does not believe that a plaintiff has complied with Section 2019.210. Plaintiff in the instant action filed its Original Designation over ten months ago, on June 1, 2007. At no point since that time have Defendants filed a Motion for Specific Identification of Trade Secrets, further confirming that Defendants' latest objections are not genuine, but rather a "delay of game" tactic on the eve of trial.

1

2. The pricing which CMC has charged each specific customer for their purchases. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC contracts with customers and invoices to customers, both of which are also located on CMC's MYOB for 2006.

3. CMC's strategic plans regarding which customers it wishes to target, and those that it does not wish to target. This information was known and discussed by Plaintiff and Defendants.

4. The purchasing history of CMC's customers, including the actual products purchased, and when such products were purchased. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC contracts with customers, invoices to customers, call in or intake sheets for customer calls, and CMC purchase orders to suppliers. The CMC contracts with customers and invoices to customers are also located on CMC's MYOB for 2006.

5. The knowledge of when a customer will likely be due for renewal orders based upon those customers' prior transactions with CMC. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC contracts with customers, invoices to customers, call in or intake sheets for customer calls, and CMC purchase orders to suppliers. The CMC contracts with customers and invoices to customers are also located on CMC's MYOB for 2006.

6. Specific customer requirements, preferences, and limitations, including particular buying habits, needs and dislikes. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC contracts with customers, invoices to customers, call in or intake sheets for customer calls, and CMC purchase orders to suppliers. The CMC contracts with customers and invoices to customers are also located on CMC's MYOB for 2006.

7. From which suppliers CMC has obtained products for its customers, and the details of such an order, including artwork specifications. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC purchase orders to suppliers and e-mails to suppliers regarding customer orders.

8. CMC's confidential operating procedures. This information was known by Plaintiff and Defendants and can be found, at least in part, on CMC's Standard Operating Procedures.

The hard copy of each customer file contains CMC contracts with that customer, the invoice to that customer, call in or intake sheets for that customer, and CMC purchase orders to suppliers for those customer orders. All such applicable files have been produced to Defendants.

Dated: April 15, 2008                    DONAHUE GALLAGHER WOODS LLP


                                         By: _____/s/_____
                                         Andrew S. MacKay
                                         Attorneys for Plaintiff/Counterdefendant
                                         MARK LILLGE d/b/a CREATIVE MARKETING
                                         CONCEPTS