WILLIAM R. HILL, #114954
  rock@donahue.com
ANDREW S. MACKAY, #197074
  andrew@donahue.com
SARA J. ROMANO, #227467
  sjromano@donahue.com
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California 94612-3570
Mail:  P.O. Box 12979
       Oakland, California 94604-2979
Telephone:   (510) 451-0544
Facsimile:   (510) 832-1486

Attorneys for Plaintiff and Counterdefendant
MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>    Defendants. | CASE NO. C 07-02748 MHP<br><br>**OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TRADE SECRETS NOT SPECIFICALLY IDENTIFIED**<br><br>Trial Date:    May 6, 2008<br>Pretrial Conf:  April 23, 2008<br>Department:  Courtroom 15, 18th Floor<br>Judge:    Hon. Marilyn Hall Patel |
| ANDREW VERITY and CHRISTINA CHANG,<br><br>    Counterclaimants,<br><br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1-10,<br><br>    Counterdefendants. | |

Plaintiff and counterdefendant Mark Lillge d/b/a Creative Marketing Concepts ("CMC") submits the following memorandum in opposition to the motion in limine of defendants and counterclaimants ANDREW VERITY and CHRISTINA CHANG ("Defendants"), to exclude evidence of trade secrets:

## INTRODUCTION

Defendants seek to exclude trade secrets that were "not specifically identified." Taking defendants literally at their word, CMC has no argument. CMC agrees that as a legal principle, it should not be permitted to introduce evidence of any trade secrets that CMC has not specifically identified. CMC takes this position with confidence, because CMC has met its burden of identifying trade secrets with reasonable particularity.[1]

### I. CMC HAS IDENTIFIED ITS TRADE SECRETS WITH REASONABLE PARTICULARITY

Cal. Civ. Proc. Code § 2019.210 (West 2007) requires that a party identify trade secrets with "reasonable particularity." Reasonable particularity does not mean, as defendants seem to argue, that CMC "has to define every minute detail of its claimed trade secret." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005). Rather, CMC need only make some showing that is "reasonable, i.e., fair, proper, just and rational", and that will allow the trial court to control the scope of discovery and allow the parties a fair opportunity to prepare and present their best case or defense at a trial on the merits. *Id.* at 836.

---

[1] Defendants' motion and supplemental brief also raise irrelevant issues, accusing CMC of "attempting to have Verity and Chang deported" and suggesting that CMC's trade secrets somehow became the property of Verity and Chang because they were the product of salesman-customer relationships. These assertions are not relevant to whether CMC's designation meets the statutory standard of reasonable particularity, and should be ignored. Moreover, the arguments are factually unsupported and legally incorrect. There is no evidence that Lillge "attempted to have Verity and Chang deported." Lillge did notify US Citizenship & Immigration Services, the agency that had approved CMC's petitions for Verity and Chang, that their employment had been terminated, but Lillge was required by law to do so. 8 C.F.R. § 214.2(h)(11)(i)(A) (2008). Also, trade secret information collected or compiled by Verity and Chang in the course of their relationships with CMC customers while employed by CMC did not thereby become the property of Verity and Chang. To the contrary, like all other things of value acquired by virtue of employment, Verity and Chang's knowledge of customer preferences gained through their employment with CMC became the property of CMC, not the property of Verity and Chang. Cal. Lab. Code § 2860 (West 2003); *Alex Foods, Inc. v. Metcalfe*, 137 Cal. App. 2d 415, 427 (1955).

CMC's designations meet this standard. Each designation describes a specific type of information contended to be a trade secret. Defendants may disagree whether the designated matters are trade secrets, but that disagreement does not render the designation ineffective. Indeed, the fact that defendants spend four pages of their April 17 supplemental brief arguing whether item no. 6 (specific customer preferences including buying habits, likes and dislikes) is or is not a trade secret proves that the item has been described with sufficient particularity for defendants to argue that the matters identified are not trade secrets, and that the statutory standard has therefore been met. *See Advanced Modular Sputtering*, 132 Cal. App. 4th at 836 (fact that parties' experts understood designation sufficiently to argue about whether designated matter was a trade secret rendered designation adequately specific).

## II. CMC WAS NOT REQUIRED TO IDENTIFY SPECIFIC DOCUMENTS AS TRADE SECRETS

Defendants suggest in their supplemental brief that CMC has not adequately identified its trade secrets because it has not identified specific documents as trade secrets.[2] The statute does not so require. To the contrary, what is required is not "absolute precision", but "reasonable particularity." *Advanced Modular Sputtering*, 132 Cal. App. 4th at 836.

### CONCLUSION

For the foregoing reasons, CMC respectfully submits that defendants' motion in limine should be denied.

Respectfully submitted,

Dated: April 21, 2008          DONAHUE GALLAGHER WOODS LLP

By:*/s/ Andrew S.MacKay*
Andrew S. MacKay
Attorneys for Plaintiff and Counterdefendant
MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS

---

[2] CMC's Amended Identification filed April 15, 2008 makes clear that the documents described, such as contracts, invoices, call in and intake sheets, and purchase orders, are not themselves contended to be trade secrets but rather are documents on which CMC's trade secret information, such as customer purchasing history and specific customer requirements, preferences, likes and dislikes, appears.