CHANDLER, WOOD, HARRINGTON & MAFFLY
RICHARD HARRINGTON (Bar #28099)
One Maritime Plaza, 4th Floor
San Francisco, CA 94111
Telephone: (415) 421-5484
Facsimile: (415) 986-4874

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: rward@sflaw.com

DE LA HOUSAYE & ASSOCIATES
C. ANGELA DE LA HOUSAYE (Bar #144218)
BRENDAN J. DOOLEY (Bar #162880)
1655 N. Main Street, Suite 395
Walnut Creek, CA 94596
Facsimile: (925) 944-3343
Phone: (925) 944-3300
Email: angela@delahousayelaw.com

Attorneys for Defendants and Counterclaimants
ANDREW VERITY and CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VERITY and CHRISTINA CHANG,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C 07-02748 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 (EXCLUDE EVIDENCE OF ISSUES ALREADY DETERMINED)**<br><br>Pretrial Conf: April 23, 2008<br>Time: 3:00 p.m.<br>Trial Date: May 6, 2008<br>Time: 8:30 a.m.<br>Dept: 15, Hon. Marilyn Hall Patel |

## I. INTRODUCTION

While Defendants may not agree with the Court's rulings, Defendants Verity and Chang are eager to proceed to trial, and to submit all triable issues of facts to the jury. Defendants in principle therefore do not oppose Plaintiff's Motion in Limine No. 1 as to items 1-4 listed in the Introduction to the motion. Defendants oppose the motion to the extent that it attempts to prevent Defendants from introducing evidence on matters that remain at issue and relevant.

Plaintiff's motion is aggressive and duplicitous as to the 5th item which Plaintiff claims is no longer at issue and therefore not relevant. Item 5 -- the issue of whether Plaintiff owes Defendant Christina Chang for uncompensated overtime -- was <u>not</u> adjudicated by the Court and remains at issue. Plaintiff claims that this issue has been "mooted" by the "full tender of payment." There is only one problem with that argument -- Plaintiff did not tender the payment. All Plaintiff Lillge did was admit liability, and offer to tender an amount that Chang agreed to accept. Until Plaintiff has actually paid, the claim remains as an uncollected debt to which Chang is entitled to seek judgment.

## II. PARTIAL SUMMARY JUDGMENT ON SOME OF THE CLAIMS DOES NOT BAR EVIDENCE THAT IS RELEVANT TO OTHER CLAIMS.

### A. Chang's Termination

The Court dismissed Chang's counterclaim for wrongful discharge based on a finding that Plaintiff possessed some trade secrets and that therefore he was entitled to demand that Change sign a non-competition agreement that was lawful under California Business & Professions Code section 16600. The Court's rulings on partial summary judgment are not final rulings and may be revised at any time prior to final judgment. FRCP 45(b). Given that the question of whether trade secrets exist is a factual determination, and that evidence on summary judgment should be viewed in the light most favorable to the party opposing summary judgment, Chang respectfully suggests that the Court's ruling on her wrongful discharge was premature. The Court should first allow the jury to resolve the question of whether the claimed trade secrets exist and, if so, whether the non-competition agreement was narrowly tailored to protect those trade secrets.

> The issue of whether information constitutes a trade secret is a question of fact. [Citation omitted.] Whether the identity of

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

> appellant's customers is confidential has not yet been proved or disproved. . . . Labeling information as a trade secret or as confidential information does not conclusively establish that the information fits this description. *Morlife, Inc. v. Perry*, 56 Cal.App.4th 1514, 1522 (1997).

*Thompson v. Impaxx, Inc.*, 113 Cal.App.4th 1425, 1430-31 (2003) (judgment on pleadings for plaintiff in trade secrets case reversed because trial judge should have allowed question of enforceability of a non-solicitation provision to proceed to trial). Based on Business & Professions Code section 16600, the Court must start with the presumption that any contract by which one is "restrained from engaging in a lawful profession, trade or business" is void. For restrictive covenants to be enforceable against departed employees for the purpose of protecting trade secrets, the covenant must be "narrowly tailored" to the limited purpose of protecting the trade secrets.

The Court at this time has not made findings of fact by which the Court has determined the existence of all of Plaintiff's trade secrets. The Court has only found that Plaintiff indeed has <u>some</u> trade secrets, without making findings as to what all of them might be. Without having made such findings, the Court could not logically and fairly evaluate whether the non-competition agreement as issue is indeed narrowly tailored to protect CMC's trade secrets. Therefore, Chang requests that her counterclaim for wrongful discharge proceed to the jury. If the jury should agree with Plaintiff and find that all of Plaintiff's claimed trade secrets exists, the Court can take the issue of wrongful discharge away from the jury and enter judgment consistent with its ruling on partial summary judgment. However, if the jury should conclude that Plaintiff's claimed trade secrets are not in fact trade secrets, the Court will have taken away an issue from the jury through partial summary judgment based on a finding that is inconsistent with the jury - - specifically, that such trade secrets exist (and therefore justify the non-competition clause).

If the Court would prefer to stand on its ruling on partial summary judgment, leaving this issue for appeal and possibly a second trial, much of the evidence relevant to Chang's wrongful discharge claim is also relevant to other claims and defenses that remain in this action.

The fact that Chang was fired, and the reason that she was fired, are relevant in this case. Chang was fired because she would not sign a non-competition agreement that she thought was

- 3 -

both unenforceable and could prevent her from earning a living and supporting her family if Lillge later fired her. The Court has staked out new ground under California law in holding that the non-competition provision at issue is valid and enforceable, and Chang at this point cannot argue that her termination was in violation of public policy, based on the Court's partial summary judgment ruling. However, Chang remains free to explain why she would not sign the agreement. If Plaintiff does not open the door by suggesting that Chang's refusal to sign was somehow nefarious, then this issue may not need ever to arise. But Chang has the right to defend herself against such implications with the jury and explain her good faith reasons for not signing the non-compete.

Second, the timing of the demand that Chang sign the non-competition agreement is highly relevant. She was never asked to sign such an agreement until after her husband, Defendant Verity, had been fired by Lillge. The evidence at trial is going to suggest strongly that Lillge only asked for such "protection" for his non-existent trade secrets as part of gaining leverage to avoid paying Verity and Chang from what they were owed and to keep his two most productive employees from competing with him after he fired them. Chang is entitled to attempt to prove that the trade secrets claims are not asserted in good faith and the circumstances under which she was asked to sign a non-compete are relevant.

Finally, while Plaintiff sought and obtained partial summary judgment for Chang's counterclaim, Plaintiff did not seek partial summary judgment as to Defendants' affirmative defense stated in paragraph 57 of their answer, which asserts that Plaintiff's claims against Chang and Verity are barred by California Business & Professions Code section 16600, which forbids in restraint of competition. Chang should be allowed to attempt to prove that Lillge's motives in demanding the non-compete was to restrain competition rather than to protect trade secrets.

### B. Lillge's Defamatory Statements

The Court on partial summary judgment ruled only that two specific documents were not defamatory. The Court explicitly ruled that the defamation claim would go to the jury on other statements of Lillge, such as his statements to customers that suggested that Chang was or had been deported. Defendants agree not to introduce or attempt to prove defamation on the two

specific documents that the Court ruled were not defamatory. Verity and Chang should otherwise be free to prove this counterclaim.

### C. B&P Code Section 17200 and Intentional Interference Claims

The Court ruled against Counterclaimants on the causes of action for violation of California Business & Professions Code section 17200 and for intentional interference with prospective economic advantage. As such, Verity and Chang have no intention of offering evidence that would be relevant only to these counterclaims. However, Plaintiff goes too far in attempting to exclude Defendants from offering any evidence whatsoever on whether Plaintiff's actions caused Defendants "economic harm." Lillge refused to pay what he has admitted he owed to Verity and to Chang, and only concocted the trade secrets issues when he could not get Verity to accept less that what he was owed. Lillge tried to get Verity and Chang deported and has tried to put them out of business. The fact that Lillge has -- by design and with malice -- asserted his claims for these purposes is evidence that is relevant on many grounds other than the two counterclaims that were the subject of partial summary judgment. At minimum, there is overlapping evidence that remains relevant to Defendants' unclean hands affirmative defense which was not subject to motion for partial summary judgment and remains for trial.

### III. WHILE LILLGE HAS ADMITTED LIABILITY TO CHANG FOR A CERTAIN AMOUNT OF UNPAID OVERTIME, LILLGE HAS NOT TENDERED PAYMENT AND CHANG IS ENTITLED TO OBTAIN A JUDGMENT.

One consistent pattern of action that Verity and Chang will easily prove to the jury at trial is that Mark Lillge did not pay them what he promised and owed. To entice Verity to move to the Bay Area and build his business, Lillge promised Verity substantial deferred compensation tied to the value of the business that Verity was instrumental in growing. Lillge has admitted owing Verity the money yet has not paid it. Through his counterclaims, Verity seeks to recover what Lillge has admitted owing to him. The situation with Chang is different only as to the type of compensation that Lillge has admitted to owing.

One of Chang's Counterclaims is for unpaid overtime. On March 31, 2008, counsel for Lillge wrote a letter purporting to tender $159,771.59 to compensate Chang for her unpaid

- 5 -

Case No. C 07-02748 — DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1

overtime. The next day, counsel for Chang confirmed the purported "tender" and provided wire instructions for Lillge to tender the actual payment. <u>Lillge has not paid</u>. A tender is not a tender without the money. Pursuant to California Civil Code section 1500, an obligation to pay money is only extinguished by a tender of payment in which "the amount is immediately deposited in the name of the creditor . . ." Absent payment, all Lillge has done is admit liability.

Chang is entitled to obtain judgment against Lillge for her unpaid overtime. Lillge can stipulate to the entry of judgment if he so desires. Or proof to the jury can be limited to presenting the March 31, 2008 letter in which Lillge admitted owing Chang the money. Either way, an important fact remains to be shown to the jury: Lillge is an employer does not pay his employees what he owes them. The jury should be free to conclude that Lillge cooked up his trade secrets claims in bad faith to avoid paying two employees what they are owed.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, Defendants agree that matters already determined by the Court should not be presented to the jury. However, Defendants should be allowed to present overlapping evidence relevant to other claims and defenses that remain in this case.

DATED: April 21, 2008                                SHARTSIS FRIESE LLP

By: */s/ Robert Charles Ward*
　　　ROBERT CHARLES WARD

Attorneys for Defendants
ANDREW VERITY and CHRISTINA CHANG

7475\001\RWARD\1505920.1

- 6 -
Case No. C 07-02748     DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1