1 | RICHARD HARRINGTON (SBN 28099)
CHANDLER WOOD HARRINGTON & MAFFLY LLP
2 | One Maritime Plaza, Fourth Floor
San Francisco, California  94111  3404
3 | Telephone:      415 421 5484
Facsimile:       415 986 4874
4 | Email:             harr@well.com

5 | ROBERT CHARLES WARD (SBN 160824)
SHARTSIS FRIESE LLP
6 | One Maritime Plaza, Eighteenth Floor
San Francisco, California  94111  3404
7 | Telephone:      415 421 6500
Facsimile:       415 421 2922
8 | Email:             rward@sflaw.com

9 | C. ANGELA DE LA HOUSAYE (SBN 144218)
BRENDAN J. DOOLEY (SBN 162880)
10 | KARYNE T. GHANTOUS (SBN 191309)
DE LA HOUSAYE & ASSOCIATES, ALC
11 | 1655 N. Main Street, Suite 395
Walnut Creek, California  94596
12 | Telephone:      (925) 944-3300
Facsimile:       (925) 944-3343
13 | Email:             angela@delahousayelaw.com
                       brendan@delahousayelaw.com
14 |                    karyne@delahousayelaw.com
Attorneys for Defendants and Counterclaimants,
15 | ANDREW VERITY AND CHRISTINA CHANG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK LILLGE D/B/A CREATIVE MARKETING CONCEPTS, | Case No: C-07-02748 MHP |
| Plaintiffs, | **DEFENDANTS ANDREW VERITY AND CHRISTINA CHANG'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 SEEKING TO EXCLUDE EXPERT MILES LOCKER'S TESTIMONY** |
| v. | |
| ANDREW VERITY AND CHRISTINA CHANG, | |
| Defendants. | Date:                       May 6, 2008
Time:                       8:30 a.m. |
| ANDREW VERITY and CHRISTINA CHANG, | Pretrial Conference:   April 23, 2008
Time:                       3:00 p.m. |
| Counterclaimants, | Dept:                        15, 18th Floor
Judge:                      Hon. Marilyn H. Patel |
| v. | |
| MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 – 10, | Complaint Filed:  May 25, 2007 |
| Counterdefendants | |

-1-    Case No. C-07-02748 MHP

## I. INTRODUCTION

The parties to this action appear to have resolved the majority of that portion of this dispute that expert witness Miles Locker's testimony and report were intended to address. As such, Mr. Locker has not been identified as a witness for Cross-Claimant's Andrew Verity and Christina Chang's case in chief.

Plaintiff's motion is aggressive and duplicitous as the issue of whether Plaintiff owes Defendant Christina Chang for uncompensated overtime the issue that expert witness Miles Locker's testimony was intended to address was <u>not</u> adjudicated by the Court and remains at issue. Plaintiff claims that this issue has been "mooted" by the "full tender of payment". There is only one problem with that argument -- Plaintiff did not tender the payment. All Plaintiff Lillge did was admit liability, and offer to tender an amount that Chang agreed to accept. Until Plaintiff has actually paid, the claim remains as an uncollected debt to which Chang is entitled to seek judgment.

## II. WHILE LILLGE HAS ADMITTED LIABILITY TO CHANG FOR A CERTAIN AMOUNT OF UNPAID OVERTIME, LILLGE HAS NOT TENDERED PAYMENT AND CHANG IS ENTITLED TO OBTAIN A JUDGMENT.

One consistent pattern of action that Verity and Chang will easily prove to the jury at trial is that Mark Lillge did not pay them what he promised and owed. To entice Verity to move to the Bay Area and build his business, Lillge promised Verity substantial deferred compensation tied to the value of the business that Verity was instrumental in growing. Lillge has admitted owing Verity the money yet has not paid it. Through his counterclaims, Verity seeks to recover what Lillge has admitted owing to him. The situation with Chang is different only as to the type of compensation that Lillge has admitted to owing.

One of Chang's Counterclaims is for unpaid overtime. On March 31, 2008, counsel for Lillge wrote a letter purporting to tender $159,771.59 to compensate Chang for her unpaid overtime. The next day, counsel for Chang confirmed the purported "tender" and provided wire instructions for Lillge to tender the actual payment. <u>Lillge has not paid</u>. A tender is not a tender without the money. Pursuant to

-2-     Case No. C-07-02748 MHP

DEFENDANTS ANDREW VERITY AND CHRISTINA CHANG'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 SEEKING TO EXCLUDE EXPERT MILES LOCKER'S TESTIMONY

California Civil Code section 1500, an obligation to pay money is only extinguished by a tender of payment in which "the amount is immediately deposited in the name of the creditor . . ." Absent payment, all Lillge has done is admit liability. While this admission appears to render a substantial portion of Mr. Locker's proposed testimony moot, until the amount proposed by Lillge has been paid, Mr. Locker should be permitted to introduce his testimony on those items that remain at issue.

Chang is entitled to obtain judgment against Lillge for her unpaid overtime. Lillge can stipulate to the entry of judgment if he so desires. Or proof to the jury can be limited to presenting the March 31, 2008 letter in which Lillge admitted owing Chang the money. Either way, an important fact remains to be shown to the jury: Lillge is an employer does not pay his employees what he owes them. The jury should be free to conclude that Lillge cooked up his trade secrets claims in bad faith to avoid paying two employees what they are owed.

Given the scenario presented herein, Chang would also seek to introduce Mr. Locker's testimony regarding attorney fees and costs to the Court post-trial on the subject of what amounts she would be entitled to following a Judgment in her favor by the Jury.

### III. CONCLUSION

Defendant Chang should be allowed to present evidence to the Court by Mr. Locker post-trial that remain relevant to other claims and defenses that remain in this case.

As such, Chang urges that this Court permit expert Locker to testify in post trial proceedings as to unresolved issues such as attorney fees and costs. Particularly, since no prejudice would ensue under FRE Rule 403 as evidence would be presented to the Court following trial, not to the Jury in Chang's case in chief.

Dated: April 22, 2008                     DE LA HOUSAYE & ASSOCIATES, ALC

                                          By:_____/ S /_____
                                                 BRENDAN J. DOOLEY

                                          Attorneys for Defendants
                                          ANDREW VERITY AND CHRISTINA CHANG