RICHARD HARRINGTON (SBN 28099)
CHANDLER WOOD HARRINGTON & MAFFLY LLP
One Maritime Plaza, Fourth Floor
San Francisco, California  94111  3404
Telephone:     415 421 5484
Facsimile:      415 986 4874
Email:           harr@well.com

ROBERT CHARLES WARD (SBN 160824)
SHARTSIS FRIESE LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, California  94111  3404
Telephone:     415 421 6500
Facsimile:      415 421 2922
Email:           rward@sflaw.com

C. ANGELA DE LA HOUSAYE (SBN 144218)
BRENDAN J. DOOLEY (SBN 162880)
KARYNE T. GHANTOUS (SBN 191309)
DE LA HOUSAYE & ASSOCIATES, ALC
1655 N. Main Street, Suite 395
Walnut Creek, California  94596
Telephone:     (925) 944-3300
Facsimile:      (925) 944-3343
Email:           angela@delahousayelaw.com
                 brendan@delahousayelaw.com
                 karyne@delahousayelaw.com
Attorneys for Defendants and Counterclaimants,
ANDREW VERITY AND CHRISTINA CHANG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE D/B/A CREATIVE MARKETING CONCEPTS,<br><br>    Plaintiffs,<br>v.<br><br>ANDREW VERITY AND CHRISTINA CHANG,<br><br>    Defendants.<br>_____<br>ANDREW VERITY and CHRISTINA CHANG,<br><br>    Counterclaimants,<br>v.<br><br>MARK LILLGE d/b/a CREATIVE MARKETING CONCEPTS, and DOES 1 – 10,<br><br>    Counterdefendants | Case No: C-07-02748 MHP<br><br>**DEFENDANTS ANDREW VERITY AND CHRISTINA CHANG'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S SON**<br><br>Date:                        May 6, 2008<br>Time:                        8:30 a.m.<br>Pretrial Conference:  April 23, 2008<br>Time:                        3:00 p.m.<br>Dept:                         15, 18th Floor<br>Judge:                      Hon. Marilyn H. Patel<br><br>Complaint Filed:  May 25, 2007 |

-1-                                            Case No. C-07-02748 MHP

## I. INTRODUCTION

Plaintiff seeks to exclude testimony for Defendants Andrew Verity's and Christina Chang's two year old son, Charles ("Charlie") Verity, a native born citizen of the United States, from testifying at trial. To address the absurd, Charlie is not listed as a witness on Defendant's Witness List, and it is hard to fathom an instance where Charlie's testimony might be relevant or helpful to the Jury. Thus, this portion of Plaintiff's Motion is not only moot, but slightly bizarre.

The other portion of Plaintiff's Motion in Limine, to exclude even the slightest mention of Charlie's existence to the Jury is equally bizarre, but for different reasons, and as explained herein, should be denied by the Court.

## I. LEGAL ARGUMENT

### A. Plaintiff Lillge Intended To Defame Defendants In Such A Manner That It Would Also Affect The Life And Opportunities Of Charles Verity, And As Such The Intentional Effect of Lillge's Statements On Charles Verity Establishes The "Despicable" Element In Cross Claimant's Defamation Cause of Action

The Jury is entitled to learn that Plaintiff Lillge's defamatory and slanderous comments were directed at a family unit that included Charlie, with the intent that the family as a whole would be deported from the Country, thereby establishing the despicable element of Defendant's defamatory cause of action.

References to Defendants Verity and Chang's son Charlie are relevant to the damages caused by Plaintiff Lillge's defamatory statements that Chang had been deported or otherwise excluded from the U.S. on immigration grounds. Charlie is a citizen of the U.S. because he was born here. Plaintiff Lillge's attempt to have the Verity family deported should be actionable as attempted extortion. Furthermore, CMC employee Bruce Molloy told potential customer, Brenda Jones, that Chang had left to spend more time with her family. Plaintiff Lillge has also mentioned Charlie to CMC clients on the phone. Lillge's actions were also calculated to keep Verity and Chang from competing and earning a living in the industry that they knew best and were most likely to succeed -- the promotional products

1  industry. The fact that Lillge's actions had the intended effect of diminishing the ability of Verity and
2  Chang to support their family, including their son, further adds to the despicable nature of his conduct.

3  By alleging that Defendants are not legally in the United States, Plaintiff intended to have the
4  Verity family deported, since a two-year old child would necessarily accompany his parents were the
5  parents forced to depart the country. Since Plaintiff's defamatory statements were intended to
6  discourage potential customers from doing business with Defendants, and thereby damaging
7  Defendants' ability to provide support for themselves and their child, they would be forced to depart the
8  country. Defendant's will argue that this conduct was intentional, and because these statements were
9  made with the intent to force the Verity family out of the country, including U.S. Citizen, Charles
10 Verity, that this conduct was despicable.

11 Furthermore, the fact that the Verity family has a young son who was born in the U.S. is very
12 relevant to why they went into competition in the same industry rather than accepting getting deported
13 back to Canada. Verity and Chang's best hope of maintaining their immigration status after Lillge had
14 fired them both was to found a successful business in the United States. Their best hope for doing do --
15 and remaining in the U.S. with their son -- was through founding a promotional products business. In
16 addition, opening Branding Boulevard so that they could remain in the United States and raise Charlie in
17 the Unite States rebuts Lillge's claim for punitive damages: it certainly is not "despicable" to attempt to
18 raise Charlie, a United States citizen, in the United States, where the Verity family also owns the home
19 in Berkeley from which they operate their business, Branding Boulevard.

20   **B.**   **Charles Verity Was A Factor In The Incident That Plaintiff Contends Justified**
21     **Andrew Verity's Termination, And Thus, Mention Of His Existence Is Required**
22     **For The Jury To Understand The Factual Context Of The Court**

23 Because Plaintiff contends that Defendant Verity failed to perform his job duties, and this claim
24 relates, atleast in part, to a January 8, 2008 meeting in which Charles was at CMC's offices and his
25 presence there had an impact on the claims of whether Mr. Verity satisfactorily preformed his work (Mr.
26 Verity sent CMC employee, Paola Lari out of an office meeting in which Charlie Verity was also
27 present, because Ms. Lari was unable to focus on the work tasks at hand due to Charles's presence).
28 This was the reason for Plaintiff Lillge getting angry and initially terminating Andrew Verity in January

-3-  Case No. C-07-02748 MHP

DEFENDANTS ANDREW VERITY AND CHRISTINA CHANG'S OPPOSITION TO PLAINTIFF'S MOTION IN
LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S SON

2007.

## II. CONCLUSION

Based on the above, Defendants should not be prohibited from the mention of their son's existence since any such mentions will be brief and directed solely to this task of establishing the required "despicable" aspect of their defamatory cause of action, or relevant to a rebuttal of Plaintiff's claims regarding Andrew Verity's job performance.

Dated: April 22, 2008                    DE LA HOUSAYE & ASSOCIATES, ALC

By:_____/S/_____
         BRENDAN J. DOOLEY

Attorneys for Defendants
ANDREW VERITY AND CHRISTINA CHANG