1  RICHARD HARRINGTON (SBN 28099)
   CHANDLER WOOD HARRINGTON & MAFFLY LLP
2  One Maritime Plaza, Fourth Floor
   San Francisco, California  94111  3404
3  Telephone:     415 421 5484
   Facsimile:     415 986 4874
4  Email:         harr@well.com

5  ROBERT CHARLES WARD (SBN 160824)
   SHARTSIS FRIESE LLP
6  One Maritime Plaza, Eighteenth Floor
   San Francisco, California  94111  3404
7  Telephone:     415 421 6500
   Facsimile:     415 421 2922
8  Email:         rward@sflaw.com

9  C. ANGELA DE LA HOUSAYE (SBN 144218)
   BRENDAN J. DOOLEY (SBN 162880)
10 KARYNE T. GHANTOUS (SBN 191309)
   DE LA HOUSAYE & ASSOCIATES, ALC
11 1655 N. Main Street, Suite 395
   Walnut Creek, California  94596
12 Telephone:     (925) 944-3300
   Facsimile:     (925) 944-3343
13 Email:         angela@delahousayelaw.com
                  brendan@delahousayelaw.com
14                karyne@delahousayelaw.com

15 Attorneys for Defendants and Counter-Claimants
   ANDREW VERITY AND CHRISTINA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK LILLGE D/B/A CREATIVE MARKETING CONCEPTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW VERITY AND CHRISTINA CHANG,<br><br>　　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No: C-07-02748 MHP<br><br>**DEFENDANTS ANDREW VERITY AND CHRISTINA CHANG'S SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO INCREASE THE AMOUNT OF THE BOND**<br><br>Date:　April 23, 2008<br>Time:　3:00 p.m.<br>Dept:　15<br>Judge:　Hon. Marilyn H. Patel<br><br>Complaint Filed:  May 25, 2007<br>Trial Date:  May 6, 2008. |

## I. INTRODUCTION

As permitted by the Court during the April 14, 2008 hearing, Defendants Andrew Verity and Christina Chang move for an increase bond related to the preliminary injunction currently in force. Despite claims to the contrary, the rapid approach of trial in this matter make it all the more important for the Court to revisit and dissolve or modify the Preliminary Injunction. The existing $100,000.00 bond amount should be raised before trial begins, as time has now revealed the true nature of the damages Defendants have suffered as a result of the wrongfully obtained injunction and which can only be remedied if the required bond is increased now.

### A. Lillge Cannot Compensate Defendants If His Injunction Was Wrongfully Obtained

Lillge has admitted that he lacks the financial wherewithal to satisfy any obligation in excess of the bond. Ward Decl., ¶8, Ex. E; Lillge Depo. at 317:15 – 318:13. His claim in his opposition to the contrary, that he possesses more than enough funds to satisfy any judgment against him( Opposition P17, fn 21) begs the question, was Lillge lying at his deposition or in his Opposition here.  Based on the sales figures achieved by Verity and Chang while working for CMC, and what they have been able to achieve with Branding Boulevard, there is compelling evidence that the damages for a wrongfully obtained injunction are going to be substantially higher than $500,000, if it is determined the Injunction was wrongfully obtained. Verity Declaration ¶¶ 2 -10.

### B. The Court Should Increase The Bond And Enjoin Lillge From Engaging In The Same Conduct That Lillge Has Sought To Enjoin

If the Court will not dissolve or modify the injunction, the Court should at least increase the bond and enjoin Lillge from abusing the Court's order. Fed. R. Civ. Proc. 65(c) provides that a bond must be posted before a Federal Court may issue an interlocutory injunction and that the enjoined defendant may recover on the bond if a court later determines that it was "wrongfully enjoined",  this provides the plaintiff with notice of the maximum extent of its potential liability, <u>since the amount of the bond is the limit of the damages the defendant can obtain for a wrongful injunction</u>, . . . provided the plaintiff was acting in good faith." <u>The Continuum Company, Inc. v. Incept, Inc.</u>, 873 F.2d 801 (5th Cir. 1989) [emphasis added].

In setting the amount of security for a Preliminary Injunction for the payment of such costs and

damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained, the trial court should err on the high side.  An error on the low side may produce irreparable injury, because damages for an erroneous Preliminary Injunction may not exceed the amount of the bond.  The Supreme Court declared in <u>W.R. Grace & Co. v. Local Union 759</u> that "a party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond."  <u>W.R. Grace & Co. v. Local Union 759</u>, 461 U.S. 757, 770 n. 14, 103 S. Ct. 2177, 2185 n. 14, 76 L. Ed. 2d 298 (1983).

### 1. The Amount Of The Bond Should Be Increased

Branding Boulevard's lost gross profits as a result of the TRO and Injunction will in all likelihood be over $500,000, by the time of trial.  Verity Decl ¶¶ 2 – 10. When the Court first set the bond amount in June 2007, neither Defendants, nor the Court, knew if the fledgling company would survive, or if they turned a profit, how much?  This information now exists. Another factor weighing in favor of increasing the bond is Lillge's admission that he would lack the financial wherewithal to pay damages for a wrongfully obtained injunction.  Ward Decl., ¶9, Ex. E, Lillge Depo. at 317:15 – 318:13.  While Plaintiff now claims the wherewithal to pay any judgment related to a wrongfully obtained Injunction (Opp p.17, fn 21), he does not offer to stipulate to pay the amount of actual damages.  The amount of the bond must be increased before trial since failure to do so now would result in a improper cap on the damages that defendants would be entitled to, that was calculated without any practical information as to potential damages given defendants' business' fledgling status.  Unless the bond is increased, Lillge effectively would be given a free shot at Verity and Chang's new business, would not be required to satisfy the actual damages that Verity and Chang have suffered if the injunction is found to have been wrongfully obtained.  Since Defendants still would have had to prove their loss, converting the "soft" numbers to hard ones, there could be no prejudice to increasing the bond, but severe consequences if the bond remains at its present level.

## II. CONCLUSION

Based on the foregoing, Defendants pray that this Court modify its preliminary injunction so that the Plaintiff be required to put up a security bond that reflects the potential damages that Defendants have and will continue to incur if it is found that Plaintiff has wrongfully enjoined Defendant's right to

1 | unfettered access to the market and the customer relationship they have nurtured.

Dated: April 23, 2008                    DE LA HOUSAYE & ASSOCIATES, ALC

By: _____/ S /_____
          BRENDAN J DOOLEY

Attorneys for Defendants and
Counter-Claimants
ANDREW VERITY AND CHRISTINA CHANG